

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
**CLERK**

**OFFICE OF THE CLERK**
(312) 435-5691

April 2, 2008    '08 CV 0640 JAH BLM

USDC-Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900



RE:  Michael Hand vs. Liberty Mutual
Case No.: 07 cv 1422

Enclosed is the certified record which is being transferred to your court pursuant to an order entered on **3/31/08**, by the **Honorable Judge Milton I. Shadur**. Enclosed is a certified copy of the transfer order and docket sheet, and transmittal letter.

As of January 18, 2005 for civil and criminal cases, our court uses electronic case filing. You may access our electronic case file and print copies of electronically filed documents by following the procedures on the attached Instruction Sheet. You will need Adobe Acrobat reader loaded on your computer in order to view the documents. If you are an electronic court, you may upload the documents. All documents filed prior to electronic filing are included in this transfer package.   (January 18, 2005 for civil and criminal cases)

Please **DO NOT MAKE THE ENCLOSED INSTRUCTION SHEET AS PART OF THE OFFICIAL RECORD** as it contains your login and password to our system. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely yours,

Michael W. Dobbins, Clerk

By  M. Cowan
Deputy Clerk

Enclosures

New Case No. _____    Date _____



Order Form (01/2005)

*MHN*

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1422 | **DATE** | 3/31/2008 |
| **CASE TITLE** | Michael Hand vs. Liberty Life Assurance Co. | | |

## DOCKET ENTRY TEXT

Enter Memorandum Opinion and Order. Hand's motion to strike and dismiss the Olson-Coffman "cross-claim and counter-claim" is granted. (74-1) Hand's motion for additional response time is denied. (76-1) One issue posed by the pleadings is out of the case: Olson and Coffman cannot recover from Hand the family expenses that they advanced for Barrett. As for the Section 1404(a) motion to transfer this action to the District Court for the Southern District of California, it is granted and shall be implemented forthwith. (78-1) The Clerk is directed to the deposited funds to the Clerk of that California District Court.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: *Marla J Con*
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: 4/2/08

| | Courtroom Deputy Initials: | SN |
|---|---|---|

*M HN*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HAND,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  07 C 1422
                                 )
LIBERTY LIFE ASSURANCE COMPANY   )
OF BOSTON, et al.,               )
                                 )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

This Court has been tendered three notices of motion, each

scheduled for presentment on April 2, 2008:

        1.  On March 26 counsel for plaintiff Michael Hand

    ("Hand") delivered to chambers a Motion To Strike and

    Dismiss, targeting the "cross-claim/counter-claim" filed

    against him by defendants Floyd Olson ("Olson") and Barbara

    Coffman ("Coffman").[1]

        2.  On March 28 counsel for Hand delivered to chambers

    a Motion To Enlarge the Time, requesting a four-week

    extension for his required response to the pending 28 U.S.C.

    §1404(a)("Section 1404(a)") motion that Olson and Coffman

    had filed last June and then renewed on February 25.

        3.  Also on March 28, counsel for Olson and Coffman

    filed their Motion To Request Ruling on Defendants' Motion

---

[1]  That delivery was the first notice this Court had of the
Olson-Coffman filing, no copy of which had been delivered to this
Court's chambers (as the local rule requires) to the knowledge of
this Court and of its minute clerk.

for Transfer of Venue Prior to Briefing of Hand's Motion To

Strike and Dismiss Counterclaim.

There is no real need to await the April 2 presentment date,

because each of those three motions can be dispatched now.

As for the first and third motions, counsel for Olson and

Coffman has forgotten--or is perhaps unaware of--the principle

that was established by <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964)

over four decades ago (and that is still good law): After the

transfer of a diversity case under Section 1404(a), the

transferee court remains obligated to apply the choice-of-law

rules of the original forum. Because here the question of the

ability or lack of ability of Olson and Coffman to seek

reimbursement of money they advanced for the family expenses of

Hand's late wife Cassie Barrett ("Barrett") is a matter of

Illinois substantive law (Hand's and Barrett's marriage was

Illinois-based), there is no need to defer to a California

district judge on that score if the case is shipped to

California.

In that respect the Illinois Rights of Married Persons Act

has a specific provision addressing family expenses incurred by

either spouse--here is 750 ILCS 65/15(a)(1):

> The expenses of the family and of the education of the
> children shall be chargeable upon the property of both
> husband and wife, or of either of them, in favor of
> creditors therefor, and in relation thereto they may be
> sued jointly or separately.

2

For purposes of that statute Olson and Coffman were not "creditors" of Barrett, nor are they "creditors" of Hand, by reason of their having made payment to parties who were creditors of Barrett (see, e.g., In re Estate of McGloon, 191 Ill.App.3d 968, 972, 548 N.E.2d 438, 441 (1st Dist. 1989)). Accordingly Hand's motion to strike and dismiss the Olson-Coffman "cross-claim and counter-claim" is granted.

But as for Hand's motion for any additional response time (let alone four weeks of added time), this Court sees no conceivable justification. That motion has been on the books for fully nine months (it was originally filed, before the February 2008 amendment, on June 28, 2007)--and Hand has proffered no showing that even hints at a reason for the case's retention in this judicial district. To that end, this opinion goes on to review the bidding.

This action began as a straightforward lawsuit by Hand for payment of the proceeds of insurance on the life of his late wife Barrett under the group insurance coverage provided by Liberty Life Assurance Company of Boston ("Liberty") for its employees such as Barrett. But the case has evolved dramatically as the result of a claim by Barrett's grandfather Olson and her mother Coffman, based (1) on a power of attorney that Barrett had executed in Olson's favor before her death and (2) on Olson's transmittal to Liberty of a change-of-beneficiary form in favor

3

of Coffman--indeed, Liberty has deposited the policy proceeds with the Clerk of this District Court and is out of the case entirely, leaving the opposing claimants to do battle over the funds.

That area of battle led Olson and Coffman to seek a Section 1404(a) transfer of the action to the United States District Court for the Southern District of California. Both of them reside in that district, just as Barrett did during several years before her death. Their Section 1404(a) motion brings into play the familiar balancing process as to the statutorily defined criteria of the "convenience of parties and witnesses, in the interest of justice." And in this instance that balance weighs heavily in favor of transfer, rather than keeping the case here.

Normally a plaintiff's choice of forum is given a degree of preference of some strength. But here no question exists as to the legitimacy of Barrett's original designation of Hand as the policy beneficiary, so that no proof in that respect--or indeed as to any other Illinois-based facts--will be needed. Instead all of the evidence at trial will go to the validity of the later beneficiary change--such matters as whether Barrett was competent at the time and whether she was subjected to undue influence by Olson and Coffman (as Hand claims). As stated earlier, Barrett had been living in California and not Illinois for quite some time when the operative events took place. All of the relevant

4

witnesses are in California, not Illinois--and remember that in most Section 1404(a) cases the convenience of witnesses is _the_ (rather than _a_) critical factor.

As for the standoff that is usually posed by the "convenience of parties" element, which is most frequently a matter of each litigant wanting to do battle on his, her or its own turf, even that tilts toward California.  Olson is an elderly gentleman and is represented as having serious health problems, making travel to this judicial district difficult for him, and there is no countervailing difficulty on Hand's part.

Finally, this Court has considered the congeries of factors embraced in the catch-all "interest of justice" criterion--factors that are derived in principal part from the forum non conveniens canon as set out in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947)--and having done so, this Court finds that they too point strongly in the same direction.  In that respect, though, one caveat should be sounded:  Counsel for Olson and Coffman urge that California substantive law will control, but this Court makes no finding on that score--that is a decision for the transferee judge to make, applying Illinois (and not California) choice-of-law principles under <u>Van Dusen v. Barrack</u>.

### Conclusion

One issue posed by the pleadings is out of the case:  Olson and Coffman cannot recover from Hand the family expenses that

5

they advanced for Barrett.  As for the Section 1404(a) motion to transfer this action to the District Court for the Southern District of California, it is granted and shall be implemented forthwith.  In conjunction with the transfer, the Clerk is also ordered to transmit the deposited funds to the Clerk of that California District Court.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 31, 2008

6

AO 450(Rev. 5/85)Judgment in a Civil Case

*H HN*

# United States District Court
## Northern District of Illinois
### Eastern Division

Michael Hand

     v.

Liberty Life Assurance Co.

**JUDGMENT IN A CIVIL CASE**

Case Number: 07 C 1422

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that final judgment is entered transferring this action to the United States District Court for the Southern District of California.

Michael W. Dobbins, Clerk of Court

Date: 3/31/2008

/s/ Sandy Newland, Deputy Clerk

NOLAN, TERMED, TRANSFER

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07-cv-01422
#### Internal Use Only

Hand v. Liberty Mutual
Assigned to: Honorable Milton I. Shadur
Case in other court: Cr Ct of DuPage Co., 07MR000209
Cause: 28:1441 Petition for Removal

Date Filed: 03/13/2007
Date Terminated: 03/31/2008
Jury Demand: Plaintiff
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

**Michael Hand**

represented by **Edward J Sedlacek**
Huck, Bouma, Martin, Jones &
Bradshaw, P.C.
1755 South Naperville Road
Suite 200
Wheaton, IL 60187-8132
(630) 221-1755
Email: esedlacek@huckbouma.com
*ATTORNEY TO BE NOTICED*

**Kathleen R Ryding**
Huck, Bouma, Martin, Jones &
Bradshaw, P.C.
1755 South Naperville Road
Suite 200
Wheaton, IL 60187-8132
(630) 221-1755
Email: kryding@huckbouma.com

**Lawrence A. Stein**
Huck Bouma PC
1755 South Naperville Road
Wheaton, IL 60187-8132
(630) 221-1755
Fax: (630) 221-1756
Email: lstein@huckbouma.com
*ATTORNEY TO BE NOTICED*

**Mark S. Bishop**
Huck, Bouma, Martin, Jones &

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 4/2/08

Bradshaw, P.C.
1755 South Naperville Road
Suite 200
Wheaton, IL 60187-8132
(630) 221-1755
Email: mbishop@huckbouma.com
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Liberty Mutual**                    represented by **Ashley B Abel**
                                                      Jackson Lewis, LLP
                                                      2100 Landmark Building
                                                      301 North Main Street
                                                      Greenville, SC 29601
                                                      864/232-700
                                                      Email: abela@jacksonlewis.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sara Amy Weinberg**
                                                      Jackson Lewis LLP
                                                      320 West Ohio Street
                                                      Suite 500
                                                      Chicago, IL 60610
                                                      (312) 787-4949
                                                      Email: weinbers@jacksonlewis.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara E. Coffman**                represented by **Matthew Robert Wildermuth**
                                                      Sugar Friedberg & Felsenthal LLP
                                                      30 N. LaSalle Street
                                                      Suite 3000
                                                      Chicago, IL 60602
                                                      (312) 704 2192
                                                      Fax: 312 372-7951
                                                      Email: mwildermuth@sff-law.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paula K. Jacobi**
                                                      Sugar, Friedberg & Felsenthal LLP
                                                      30 North LaSalle Street
                                                      Suite 3000
                                                      Chicago, IL 60602
                                                      (312) 704-9400
                                                      Fax: (312) 372-7951

Email: pjacobi@sff-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Floyd Olson**                       represented by  **Matthew Robert Wildermuth**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paula K. Jacobi**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**James Potter**

**Cross Defendant**

**Barbara E. Coffman**                represented by  **Matthew Robert Wildermuth**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paula K. Jacobi**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Floyd Olson**                       represented by  **Matthew Robert Wildermuth**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paula K. Jacobi**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**James Potter**

**Cross Claimant**

**Liberty Mutual**                    represented by  **Ashley B Abel**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sara Amy Weinberg**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

## Cross Defendant

**Michael Hand**                           represented by   **Michael Hand**
                                                            207 N. Watersedge
                                                            Unit 302
                                                            Glendale Heights, IL 60139
                                                            *PRO SE*

                                                            **Edward J Sedlacek**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Mark S. Bishop**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

## Counter Claimant

**Liberty Mutual**                         represented by   **Ashley B Abel**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Sara Amy Weinberg**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

## Counter Defendant

**Michael Hand**                           represented by   **Michael Hand**
                                                            (See above for address)
                                                            *PRO SE*

                                                            **Edward J Sedlacek**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Mark S. Bishop**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

## Cross Claimant

**Liberty Mutual**                         represented by   **Ashley B Abel**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Sara Amy Weinberg**
                                                            (See above for address)

*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Barbara E. Coffman**                    represented by  **Matthew Robert Wildermuth**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paula K. Jacobi**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Floyd Olson**                           represented by  **Matthew Robert Wildermuth**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paula K. Jacobi**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**James Potter**

**Cross Claimant**

**Michael Hand**                          represented by  **Edward J Sedlacek**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kathleen R Ryding**
                                                          (See above for address)

                                                          **Lawrence A. Stein**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mark S. Bishop**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Barbara E. Coffman**                    represented by  **Matthew Robert Wildermuth**
                                                          (See above for address)

*ATTORNEY TO BE NOTICED*

**Paula K. Jacobi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Floyd Olson**                    represented by  **Matthew Robert Wildermuth**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Paula K. Jacobi**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Barbara E. Coffman**             represented by  **Matthew Robert Wildermuth**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Paula K. Jacobi**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Floyd Olson**                    represented by  **Matthew Robert Wildermuth**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Paula K. Jacobi**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**V.**

**Cross Defendant**

**Michael Hand**                   represented by  **Edward J Sedlacek**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Kathleen R Ryding**
                                    (See above for address)

                                    **Lawrence A. Stein**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

Mark S. Bishop
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/13/2007 | 1 | NOTICE of Removal from Cr Ct of Dupage Co., case number (07MR000209) filed by Liberty Mutual; (Exhibits). (mjc, ) (Entered: 03/15/2007) |
| 03/13/2007 | 2 | CIVIL Cover Sheet. (mjc, ) (Entered: 03/15/2007) |
| 03/13/2007 | 3 | (Court only) RECEIPT regarding payment of filing fee paid on 3/13/2007 in the amount of $350.00, receipt number 10338405. (mjc, ) (Entered: 03/15/2007) |
| 03/15/2007 | | MAILED 77d letter regarding filing of petition for removal to counsel of record. (mjc, ) (Entered: 03/15/2007) |
| 03/15/2007 | 4 | Corporate Disclosure Statement by Liberty Mutual (Weinberg, Sara) (Entered: 03/15/2007) |
| 03/15/2007 | 5 | ATTORNEY Appearance for Defendant Liberty Mutual by Ashley B Abel (Abel, Ashley) (Entered: 03/15/2007) |
| 03/16/2007 | 6 | MINUTE entry before Judge Milton I. Shadur : A status hearing is set for 4/12/07 at 9:00 a.m. (mjc, ) (Entered: 03/19/2007) |
| 03/22/2007 | 7 | ANSWER to Complaint, CROSSCLAIM by Liberty Mutual against Michael Hand *and Floyd Olson, Barbara Coffman and James Potter.*, COUNTERCLAIM filed by Liberty Mutual against Michael Hand *and Floyd Olson, Barbara Coffman and James Potter.* by Liberty Mutual (Attachments: # 1 Exhibit A - the Policy)(Weinberg, Sara) (Entered: 03/22/2007) |
| 03/27/2007 | 8 | ATTORNEY Appearance for Plaintiff Michael Hand by Lawrence A. Stein (Stein, Lawrence) (Entered: 03/27/2007) |
| 04/11/2007 | 9 | ATTORNEY Appearance for Plaintiff Michael Hand by Kathleen R Ryding (Ryding, Kathleen) (Entered: 04/11/2007) |
| 04/11/2007 | 10 | ATTORNEY Appearance for Plaintiff Michael Hand by Kathleen R Ryding *Corrected* (Ryding, Kathleen) (Entered: 04/11/2007) |
| 04/12/2007 | 11 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 4/12/2007.Status hearing set for 6/14/2007 at 09:00 AM.In court notice (srn, ) (Entered: 04/12/2007) |
| 04/13/2007 | 12 | MOTION by Defendant Liberty Mutual for joinder *and Interpleader of Necessary Parties, and to Deposit the Funds with the Court* (Weinberg, Sara) (Entered: 04/13/2007) |

| 04/13/2007 | 13 | NOTICE of Motion by Sara Amy Weinberg for presentment of motion for joinder 12 before Honorable Milton I. Shadur on 4/20/2007 at 09:15 AM. (Weinberg, Sara) (Entered: 04/13/2007) |
|---|---|---|
| 04/13/2007 | 14 | MEMORANDUM by Liberty Mutual in support of motion for joinder 12 *and Interpleader of Necessary Parties, and to Deposit the Funds with the Court* (Attachments: # 1 Exhibit A - Affidavit of Francine Aubin# 2 Exhibit A(1) - Policy# 3 Exhibit B - Tingler v. Unum (Caselaw))(Weinberg, Sara) (Entered: 04/13/2007) |
| 04/13/2007 | 15 | *Re-* NOTICE of Motion by Sara Amy Weinberg for presentment of motion for joinder 12 before Honorable Milton I. Shadur on 5/4/2007 at 09:15 AM. (Weinberg, Sara) (Entered: 04/13/2007) |
| 05/03/2007 | 16 | INCORRECT LINK(Sedlacek, Edward) Modified on 5/4/2007 (gcy, ). (Entered: 05/03/2007) |
| 05/03/2007 | 17 | ATTORNEY Appearance for Cross Defendant Michael Hand, Counter Defendant Michael Hand, Plaintiff Michael Hand by Edward J Sedlacek (Sedlacek, Edward) (Entered: 05/03/2007) |
| 05/04/2007 | 18 | MINUTE entry before Judge Milton I. Shadur :Motion for joinder 12 is granted; Response to interpleader is to be filed on or before May 25, 2007. Motion hearing held on 5/4/2007 regarding motion for joinder 12 Mailed notice (srn, ) (Entered: 05/04/2007) |
| 05/23/2007 | 19 | SUMMONS Issued as to Cross-defendants Barbara E. Coffman, Floyd Olson, James Potter. (mjc, ) (Entered: 05/24/2007) |
| 05/24/2007 | 20 | CROSSCLAIM by Liberty Mutual against Barbara E. Coffman, Floyd Olson, James Potter. (Attachments: # 1 Exhibit A - Policy)(Weinberg, Sara) (Entered: 05/24/2007) |
| 05/24/2007 | 21 | NOTICE by Liberty Mutual re crossclaim 20 (Weinberg, Sara) (Entered: 05/24/2007) |
| 05/25/2007 | 22 | COMPLAINT *Claim to Interpled Funds* filed by Michael Hand; (Stein, Lawrence) (Entered: 05/25/2007) |
| 05/31/2007 | 23 | SUMMONS Returned Executed by Liberty Mutual as to James Potter on 5/25/2007, answer due 6/14/2007. (Weinberg, Sara) (Entered: 05/31/2007) |
| 06/11/2007 | 24 | SUMMONS Returned Executed by Liberty Mutual as to Floyd Olson on 5/27/2007, answer due 6/18/2007. (Weinberg, Sara) (Entered: 06/11/2007) |
| 06/11/2007 | 25 | SUMMONS Returned Executed by Liberty Mutual as to Barbara E. Coffman on 6/7/2007, answer due 6/27/2007. (Weinberg, Sara) (Entered: 06/11/2007) |
| 06/14/2007 | 26 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 6/14/2007, Status hearing set for 7/6/2007 at 01:00 PM. Responsive pleading by any intervenor claimant is to be filed on or before June 29, 2007. In court notice (srn, ) (Entered: 06/15/2007) |

| 06/28/2007 | 28 | NOTICE of Motion by pro se Floyd Olson for presentment of motion for transfer of venue before Honorable Milton I. Shadur on 7/2/2007 at 09:15 AM. (mjc, ) (Entered: 06/29/2007) |
|---|---|---|
| 06/28/2007 | 31 | MEMORANDUM by defendants Barbara E. Coffman and Floyd Olson of points and authorities in support of motion for transfer of venue. (mjc, ) (Entered: 07/02/2007) |
| 06/28/2007 | 32 | DECLARATION of Floyd Olson in support of motion to transfer venue 28 . (mjc, ) (Entered: 07/02/2007) |
| 06/29/2007 | 27 | ATTORNEY Appearance for Cross Defendants Barbara E. Coffman, Floyd Olson, Barbara E. Coffman, Floyd Olson, Defendants Barbara E. Coffman, Floyd Olson by Paula K. Jacobi (Jacobi, Paula) (Entered: 06/29/2007) |
| 06/29/2007 | 29 | ATTORNEY Appearance for Cross Defendants Barbara E. Coffman, Floyd Olson, Barbara E. Coffman, Floyd Olson, Defendants Barbara E. Coffman, Floyd Olson by Paula K. Jacobi (Jacobi, Paula) (Entered: 06/29/2007) |
| 06/29/2007 | 30 | ATTORNEY Appearance for Cross Defendants Barbara E. Coffman, Barbara E. Coffman, Floyd Olson, Floyd Olson, Defendants Barbara E. Coffman, Floyd Olson by Matthew Robert Wildermuth (Wildermuth, Matthew) (Entered: 06/29/2007) |
| 07/02/2007 | 33 | MINUTE entry before Judge Milton I. Shadur :Motion hearing held on 7/2/2007 regarding motion for joinder 12 . Motion entered and continued to August 9, 2007 at 9:00 a.m. Status hearing set for 8/9/2007 at 09:00 AM. Rule 26 disclosures are to be completed by July 16, 2007. Defendants Olson and Coffman are to a file an answer and claim to the proceeds on or before July 13, 2007. The July 6 status is vacated.In court notice (srn, ) (Entered: 07/02/2007) |
| 07/13/2007 | 34 | *Defendants'* ANSWER to Complaint, *Cross Defendants'* ANSWER to Crossclaim by Barbara E. Coffman, Floyd Olson(Wildermuth, Matthew) (Entered: 07/13/2007) |
| 07/13/2007 | 35 | NOTICE by Barbara E. Coffman, Floyd Olson re answer to complaint, answer to crossclaim 34 *& Certificate of Service* (Wildermuth, Matthew) (Entered: 07/13/2007) |
| 08/09/2007 | 36 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 8/9/2007, Status hearing set for 8/27/2007 at 09:00 AM.In court notice (srn, ) (Entered: 08/09/2007) |
| 08/27/2007 | 37 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 8/27/2007, Status hearing set for 9/27/2007 at 09:00 AM.Mailed notice (srn, ) (Entered: 08/27/2007) |
| 09/27/2007 | 38 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 9/27/2007Status hearing set for 10/25/2007 at 09:00 AM. (srn, ) (Entered: |

| | | 09/27/2007) |
|---|---|---|
| 10/25/2007 | ●39 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 10/25/2007.Status hearing set for 11/26/2007 at 09:00 AM.Mailed notice (srn, ) (Entered: 10/25/2007) |
| 11/26/2007 | ●40 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 11/26/2007.Status hearing set for 12/14/2007 at 09:00 AM.Mailed notice (srn, ) (Entered: 11/26/2007) |
| 12/14/2007 | ●41 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 12/14/2007. Defendants Coffman and Olson are to file a claim on or before December 28, 2007. A response will be due 14 days after receipt. Status hearing set for 2/14/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 12/14/2007) |
| 12/20/2007 | ●42 | MOTION by Defendant Liberty Mutual to deposit funds (Weinberg, Sara) (Entered: 12/20/2007) |
| 12/20/2007 | ●43 | MEMORANDUM by Liberty Mutual in support of motion to deposit funds 42 (Weinberg, Sara) (Entered: 12/20/2007) |
| 12/20/2007 | ●44 | NOTICE of Motion by Sara Amy Weinberg for presentment of motion to deposit funds 42 before Honorable Milton I. Shadur on 1/3/2008 at 09:15 AM. (Weinberg, Sara) (Entered: 12/20/2007) |
| 12/28/2007 | ●45 | RESPONSE by Cross Defendants Barbara E. Coffman, Floyd Olson to complaint 22 *Michael Hand's Claim to Interpled Funds* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Jacobi, Paula) (Entered: 12/28/2007) |
| 12/28/2007 | ●46 | NOTICE by Barbara E. Coffman, Floyd Olson re Response 45 (Jacobi, Paula) (Entered: 12/28/2007) |
| 12/28/2007 | ●47 | CLAIM by Barbara E. Coffman, Floyd Olson regarding *Floyd Olson and Barbara E. Coffman's Claim to Interpled Funds* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Jacobi, Paula) (Entered: 12/28/2007) |
| 12/28/2007 | ●48 | NOTICE by Barbara E. Coffman, Floyd Olson re claim 47 *Floyd Olson and Barbara E. Coffman's Claim to Interpled Funds* (Jacobi, Paula) (Entered: 12/28/2007) |
| 01/02/2008 | ●49 | ATTORNEY Appearance for Cross Defendant Michael Hand, Counter Defendant Michael Hand, Plaintiff Michael Hand by Mark S. Bishop (Bishop, Mark) (Entered: 01/02/2008) |
| 01/03/2008 | ●50 | MINUTE entry before Judge Milton I. Shadur :Motion to deposit funds 42 is granted; Motion hearing held on 1/3/2008 regarding motion to deposit funds 42 Counsel is to submit an order for signature.Mailed notice (srn, ) (Entered: 01/03/2008) |
| 01/11/2008 | ●51 | ANSWER to Complaint with Jury Demand, CROSSCLAIM by Michael Hand against Barbara E. Coffman, Floyd Olson. by Michael Hand(Stein, Lawrence) (Entered: 01/11/2008) |

| 01/11/2008 | ⊕52 | JURY Demand by Michael Hand (Stein, Lawrence) (Entered: 01/11/2008) |
| 01/17/2008 | ⊕53 | MOTION by Plaintiff Michael Hand to alter judgment (Stein, Lawrence) (Entered: 01/17/2008) |
| 01/17/2008 | ⊕54 | NOTICE of Motion by Lawrence A. Stein for presentment of motion to alter judgment 53 before Honorable Milton I. Shadur on 2/14/2008 at 09:00 AM. (Stein, Lawrence) (Entered: 01/17/2008) |
| 01/31/2008 | ⊕55 | MOTION by Defendants Barbara E. Coffman, Floyd Olson to strike jury demand 52 (Jacobi, Paula) (Entered: 01/31/2008) |
| 01/31/2008 | ⊕56 | NOTICE of Motion by Paula K. Jacobi for presentment of motion to strike, motion for relief 55 before Honorable Milton I. Shadur on 2/14/2008 at 09:15 AM. (Jacobi, Paula) (Entered: 01/31/2008) |
| 01/31/2008 | ⊕57 | MOTION by Defendants Barbara E. Coffman, Floyd Olson to strike answer to complaint, crossclaim 51 (Jacobi, Paula) (Entered: 01/31/2008) |
| 01/31/2008 | ⊕58 | NOTICE of Motion by Paula K. Jacobi for presentment of motion to strike, motion for relief, 57 before Honorable Milton I. Shadur on 2/14/2008 at 09:15 AM. (Jacobi, Paula) (Entered: 01/31/2008) |
| 02/14/2008 | ⊕59 | MINUTE entry before Judge Milton I. Shadur :Motion to alter judgment 53 is withdrawn. Individual defendants' motion to strike and dismis portion of plaintiff's answer to claim to interpleaded funds captioned "Cross-Claim" is denied as a substantive matter, because the purported cross-claim simply reflects one aspect of the legal position on plaintiff's part. 57 Status hearing held on 2/14/2008.Status hearing set for 2/25/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/15/2008) |
| 02/19/2008 | ⊕60 | MINUTE entry before Judge Milton I. Shadur : Enter Memorandum Order. Motion to strike Hand's jury demand 55 is denied.Mailed notice (srn, ) (Entered: 02/19/2008) |
| 02/19/2008 | ⊕61 | MEMORANDUM Order Signed by Judge Milton I. Shadur on 2/19/2008:Mailed notice(srn, ) (Entered: 02/19/2008) |
| 02/20/2008 | ⊕62 | MINUTE entry before Judge Milton I. Shadur : Enter order. The motion for leave to deposit funds is granted. Liberty Life shall deposit the sum of $74,077.32, which includes applicable accrued interest through 1/16/08 at the rate of 3.5% into the court. The funds shall be deposited in an interest-bearing account. Entered nunc pro tunc 1/3/08.Mailed notice (mjc, ) (Entered: 02/22/2008) |
| 02/20/2008 | ⊕63 | ORDER Signed by Judge Milton I. Shadur on 2/20/2008.(mjc, ) (Entered: 02/22/2008) |
| 02/22/2008 | ⊟ ⊕64 | MOTION by Defendants Barbara E. Coffman, Floyd Olson to change venue *to Encompass Newly Filed Counter-Claim Filed by Michael Hand and Motion for 14 Days to File Supplemental Affidavits and Supplemental Legal Memorandum in Support Thereof and Set the Motion for Change of Venue for Hearing After Supplemental Submission are Made* (Jacobi, |

| | | Paula) (Entered: 02/22/2008) |
|---|---|---|
| 02/22/2008 | ❷65 | NOTICE of Motion by Paula K. Jacobi for presentment of motion to change venue, 64 before Honorable Milton I. Shadur on 2/27/2008 at 09:15 AM. (Jacobi, Paula) (Entered: 02/22/2008) |
| 02/25/2008 | ❷66 | MINUTE entry before Judge Milton I. Shadur :Motion for change of venue 64 is entered and continued to 4/2/08 at 9:00 a.m. Plaintiff's response is due on or before March 31, 2008. Status hearing held on 2/25/2008Status hearing set for 4/2/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/25/2008) |
| 02/26/2008 | ❷67 | MOTION by Defendants Barbara E. Coffman, Floyd Olson for extension of time *in Which Defendants Olson and Coffman are Required to Respond to Hand's Counterclaim* (Jacobi, Paula) (Entered: 02/26/2008) |
| 02/26/2008 | ❷68 | NOTICE of Motion by Paula K. Jacobi for presentment of extension of time 67 before Honorable Milton I. Shadur on 2/28/2008 at 09:15 AM. (Jacobi, Paula) (Entered: 02/26/2008) |
| 02/28/2008 | ❷69 | MINUTE entry before Judge Milton I. Shadur :Motion for extension of time 67 is denied. Motion hearing held on 2/28/2008 regarding extension of time 67 Mailed notice (srn, ) (Entered: 02/28/2008) |
| 03/06/2008 | ❷70 | ANSWER to Crossclaim / *Counter-Claim Filed by Michael Hand*, CROSSCLAIM by Barbara E. Coffman, Floyd Olson against Michael Hand. by Barbara E. Coffman, Floyd Olson(Jacobi, Paula) (Entered: 03/06/2008) |
| 03/06/2008 | ❷71 | NOTICE by Barbara E. Coffman, Floyd Olson re answer to crossclaim, 70 (Jacobi, Paula) (Entered: 03/06/2008) |
| 03/10/2008 | ❷72 | SUPPLEMENT by Barbara E. Coffman, Floyd Olson to memorandum 31 (Attachments: # 1 Exhibit A)(Jacobi, Paula) (Entered: 03/10/2008) |
| 03/10/2008 | ❷73 | NOTICE by Barbara E. Coffman, Floyd Olson re supplement 72 (Jacobi, Paula) (Entered: 03/10/2008) |
| 03/26/2008 | ❷74 | MOTION by Plaintiff Michael Hand to strike *and dismiss* (Stein, Lawrence) (Entered: 03/26/2008) |
| 03/26/2008 | ❷75 | NOTICE of Motion by Lawrence A. Stein for presentment of motion to strike 74 before Honorable Milton I. Shadur on 4/2/2008 at 09:15 AM. (Stein, Lawrence) (Entered: 03/26/2008) |
| 03/28/2008 | ❷76 | MOTION by Plaintiff Michael Hand for extension of time (Stein, Lawrence) (Entered: 03/28/2008) |
| 03/28/2008 | ❷77 | NOTICE of Motion by Lawrence A. Stein for presentment of extension of time 76 before Honorable Milton I. Shadur on 4/2/2008 at 09:00 AM. (Stein, Lawrence) (Entered: 03/28/2008) |
| 03/28/2008 | ❷78 | MOTION by Defendants Barbara E. Coffman, Floyd Olson for order *on Defendants' Motion for Transfer of Venue Prior to Briefing of Hand's* |

| | | *Motion to Strike and Dismiss Counterclaim* (Jacobi, Paula) (Entered: 03/28/2008) |
|---|---|---|
| 03/28/2008 | ○79 | NOTICE of Motion by Paula K. Jacobi for presentment of motion for order 78 before Honorable Milton I. Shadur on 4/2/2008 at 09:00 AM. (Jacobi, Paula) (Entered: 03/28/2008) |
| 03/31/2008 | ○80 | MINUTE entry before Judge Honorable Milton I. Shadur: Enter memorandum opinion and order. Hand's motion to strike and dismiss the Olson-Coffman "cross-claim and counter-claim" is granted. (74-1) Hand's motion for additional response time is denied. (76-1) One issue posed by the pleadings is out of the case: Olson and Coffman cannot recover from Hand the family expenses that they advanced for Barrett. As for the Section 1404(a) motion to transfer this action to the District Court for the Southern District of California, it is granted and shall be implemented forthwith. (78-1) The Clerk is directed to the deposited funds to the Clerk of that California District Court.Civil case terminated. Mailed notice (mjc, ) (Entered: 04/02/2008) |
| 03/31/2008 | ○81 | MEMORANDUM Opinion and Order Signed by Judge Honorable Milton I. Shadur on 3/31/2008.(mjc, ) (Entered: 04/02/2008) |
| 03/31/2008 | ○82 | ENTERED JUDGMENT. (mjc, ) (Entered: 04/02/2008) |
| 04/02/2008 | ○83 | TRANSFERRED to the Southern District of California the certified copy of the transfer order, and docket sheet via certified mail number 7006 0100 0001 7312 1368. (mjc, ) (Entered: 04/02/2008) |

JH    **FILED**    NH

MAR 1 3 2007
*MAR. 13, 2007*
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS MICHAEL W. DOBBINS
EASTERN DIVISION    CLERK, U.S. DISTRICT COURT

MICHAEL HAND,                           )
                                        )
                    PLAINTIFF,          )
                                        )    **07CV1422**
        v.                              )    **JUDGE SHADUR**
                                        )    **MAGISTRATE JUDGE NOLAN**
LIBERTY MUTUAL,                         )
                                        )
                    DEFENDANT.          )
_____)

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Liberty Life Assurance Company of Boston, incorrectly identified in the caption as "Liberty Mutual" (hereafter, "Liberty Life"), hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441, and states the following grounds for removal:

1.    This action was instituted by Plaintiff Michael Hand ("Plaintiff) on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County (hereinafter referred to as the "State Action"), Docket No. 2007 MR000209, against Defendant Liberty Life.    A true and correct copy of the Summons and Complaint is attached as Exhibit A and is incorporated herein by reference.

2.    Liberty Life was served with a copy of the State Action Summons and Complaint on or about March 5, 2007.

3.    Based upon the allegations in the Complaint, Plaintiff is a citizen and resident of the Village of Glendale Heights in DuPage County, Illinois. (Complaint, ¶ 1).

4.    Defendant Liberty Life is a foreign corporation incorporated under the laws of Massachusetts and maintains its principal place of business in Boston, Massachusetts.

5.    Defendant has not served any answer or responsive pleading to the

Complaint, nor made any appearance or argument before the State Court.

6.    This action is removed to this Court on the ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States. Specifically, Plaintiff asserts claims for benefits allegedly due under a group life disability income policy ("Policy") issued by Liberty Life to Liberty Mutual. (Complaint, ¶ 3). Liberty Life issued the Policy pursuant to the Liberty Mutual group life insurance plan ("Plan"), which provides benefits to employees of Liberty Mutual and associated companies.  A copy of the Policy is attached as Exhibit A to the State Court Complaint.  Thus, the Plan is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

7.    ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "A state law relates to a benefit plan, in the formal sense of the phrase, if it has a connection with or reference to such a plan." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985).

8.    While the Complaint does not specify a cause of action, it appears to rely upon state law breach of contract and/or insurance bad faith claims. Any such claims are preempted by ERISA because they relate to an employee benefit plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S.C. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

9.    This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) because the state law claims involve federal remedies available to participants and beneficiaries under ERISA plans pursuant to 29 U.S.C. § 1132(a). Aetna Health Inc. v. Davila, 542 U.S. 200 (2004); Metropolitan Life Ins. Co. v. Taylor, supra.

10.    This Notice is filed with this Court within thirty (30) days of Defendant's

receipt of copies of the Summons and Complaint in the State Action.

      11.    Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

      12.    The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

      13.    This Notice of Removal will be filed promptly with the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County, as required by 28 U.S.C. § 1446(d).

      14.    By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

      WHEREFORE, Defendant gives notice that the referenced action pending in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County has been removed to this Court.

Date: March 13, 2007

Respectfully submitted,

Sara A. Weinberg
Attorney for Defendant
**JACKSON LEWIS LLP**
320 W. Ohio Street, Suite 500
Chicago, Illinois 60610
Tel.: (312) 787-4949
Fax: (312) 787-4995
E-mail: Weinbers@jacksonlewis.com

AND

Ashley B. Abel (Pro Hac Vice Petition Pending)
Robert Wood (Pro Hac Vice Petition Pending)
**JACKSON LEWIS LLP**

-3-

Attorneys for Defendant
One Liberty Plaza
55 Beattie Place, Suite 800
Greenville, SC  29601
Tel.: (864)232 7000
Fax: (864)235 1381
E-mail:  Abela@jacksonlewis.com
        Woodr@jacksonlewis.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing NOTICE OF REMOVAL

TO FEDERAL COURT was served this day on Plaintiff via Federal Express, overnight delivery,

postage prepaid and addressed to:

        Michael Hand
        207 N. WatersEdge, Unit 302
        Glendale Heights, IL  60130
        Tel. 630-532-1249

This 13th day of March, 2007

Exhibit A

CIRCUIT COURT SUMMONS                                    #76067                    3101 (Rev.01/05)

| | |
|---|---|
| **STATE OF ILLINOIS** | **UNITED STATES OF AMERICA**<br>**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT** | **COUNTY OF DU PAGE** |

MICHAEL HAND                                    CASE NUMBER
                              Plaintiff(s)
          -vs-                                  07 MR 209
LIBERTY Mutual
Attn! ~~Jennifer Caron~~ Legal                  **RECEIVED**
Dept
175 Berkley St.                                 MAR - 5 2007
Boston, MA 02117
                              Defendant(s)       H.O. LEGAL DEPT.

                                                File Stamp Here

                         **SUMMONS**

**To each defendant:**

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

*A True Copy Attest*
*Charles V. Grillo, Jr.*
*Constable*
*City of Boston*

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                    WITNESS:    **CHRIS KACHIROUBAS**, Clerk of the
                                Eighteenth Judicial Circuit Court, and the seal
                                thereof, at Wheaton, Illinois.

                                            FEB 20 2007

                                $12
                                3V         DEPUTY CLERK

                                Clerk of the Eighteenth Judicial Circuit

Name: _MICHAEL HAND_____
          (Plaintiff or Attorney for Plaintiff)

DuPage Attorney Number: _____

Address: _207 W. WATERSEdge Unit 302___

City/State/Zip: _Glendale Heights, IL 60139__

Telephone: _630-532-1249_____

                    NOTICE: The filing of an appearance or answer with the
                    Circuit Court Clerk requires a statutory filing fee, payable
                    at the time of filing.

                    Date of Service: _____
                    (To be inserted by officer on copy left with Defendant or other person.)

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©**
**WHEATON ILLINOIS 60189-0707**

A True Copy Attest
Charles V. Grillo, Jr.
Constable
City of Boston

STATE OF ILLINOIS )
                ) SS
COUNTY OF DUPAGE )

### IN THE CIRCUIT COURT OF THE EIGHTEEN JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL HAND | ) | **2007MR000209** |
|           *Plaintiff,* | ) | |
| | ) | Status Date: 02/19/07 |
| | ) | Assigned To: 2008 |
|       vs. | ) | NO. |
| | ) | |
| LIBERTY MUTUAL | ) | |
|           *Defendant.* | ) | |

**FILED**
Feb 20 2007 – 10:15 AM

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, **MICHAEL HAND**, hereinafter referred to as "Plaintiff", Pro Se, and for his Complaint against the Defendant, **LIBERTY MUTUAL**, hereinafter referred to as "Defendant", states as follows:

1.     The Plaintiffs at all times relevant to this Complaint resided in the Village of Glendale heights, DuPage County, Illinois.

2.     The Defendant at all times relevant to this Complaint was a Corporation authorized to do business in the State of Illinois and in particular was in the business of providing term life insurance policies to Illinois residences.

3.     On or about January 1, 2004 Plaintiffs spouse, **CASSIE E. BARRETT** received a term life insurance policy from the Defendant as a part of her benefits package as an employee of the Defendant A copy of said Policy is attached as Exhibit 'A".

4.     That on October 21, 2006 **CASSIE E. BARRETT** passed away. A copy of her

death certificate is attached as Exhibit B.

5.    That shortly after her death the Plaintiff, named beneficiary of exhibit A. made a claim

for the proceeds under the terms of the policy.

6.    That on or about January 24, 2007 the defendant tendered the plaintiff the proceeds

check. A copy of the check is attached as Exhibit C

7.    That on January 26, 2007 the defendant notified the plaintiff that it had conflicting

claims and stopped payment on said check. A copy of the notification of the stop payment is Exhibit

D

8.    That claim of the parents of **CASSIE E. BARRETT** has no merit as the plaintiff is the

only named beneficiary of said policy.

WHEREFORE the Plaintiffs pray for judgment declaring the proceeds of said

policy to be that Plaintiffs.

**MICHAEL HAND**

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this Complaint, are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that they verily believes the same to be true.

MICHAEL HAND

Michael Hand
Pro Se
207 N. Watersedge #302
Glendale Heights, IL 60137
630-532-1249

JAN 30 2007 03:31 FR LIBERTY MUTUAL INS   7 654 3371 TO 919473814713   P.01


**Liberty Mutual.**

Liberty Mutual
175 Berkley Street
Boston, MA 02117
Tel:  (617) 654-4111
Fax  (617) 654-3371

To: Michael Beirut                    From: Benefits

Fax:  847-391-4003          Date: 1/30/07

Phone:                                    Pages:

Re:

**PRIVILEGED & CONFIDENTIAL.** This fax and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution or copying of this fax, and any attachments thereto, is strictly prohibited. If you have received this fax in error, please notify Liberty Mutual Benefits Department via telephone at (617) 654-4111, and permanently destroy the original and any copy of any fax thereof.

JAN 30 2007 03:32 FR LIBERTY MUTUAL INS.  7 654 3371 TO 918473814713     P.02

## TABLE OF CONTENTS

| SECTION 1 | SCHEDULE OF BENEFITS |
| SECTION 2 | DEFINITIONS |
| SECTION 3 | ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS |
| SECTION 4 | GENERAL PROVISIONS |
| SECTION 5 | INSURANCE BENEFITS |
| SECTION 6 | PREMIUMS AND COPY OF APPLICATION |

Form OP3-TOC-0001

[3]

JAN 30 2007 09:32 FR LIBERTY MUTUAL INS   7 854 9371 TO 81947981471?     P.09.

## SECTION 1 - SCHEDULE OF BENEFITS

The following schedule will be used to determine the amounts of coverage for each covered person.

### Classification of Covered Employees

| | |
|---|---|
| Class 1 | All Active, Full-Time, Part-Time and Temporary Employees. |
| Class 2 | All Retirees who retired prior to 1/1/93. |
| Class 3 | All Other Retirees with 10 or more years of service. |
| Class 4 | All Employees of CUMIS General Insurance Company |

### Employee Life Insurance

An Employee may elect one of the six Life Insurance Plans. The plan elected is on file with the sponsor and may only be changed once per year during the Open Enrollment Period or when an employee experiences a Qualified Family Status Change.

| Class | Amount of Insurance |
|---|---|
| Class 1 | **OPTION 1** |
| | $  5,000 |
| | **OPTION 2** |
| | An amount equal to 1 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |
| | **OPTION 3** |
| | An amount equal to 2 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |
| | **OPTION 4** |
| | An amount equal to 3 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |
| | **OPTION 5** |
| | An amount equal to 4 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |

Form OP3-SCH-0001

SAS-800-000001-01 R (1)
Effective July 1, 1996

[4]

JAN 08 2007 03:50 FR LIBERTY MUTUAL INS   7 854 9971 TO 918473814719      P.04

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Employee Life Insurance** (continued)

| Class | Amount of Insurance |
|-------|---------------------|
| Class 1 | **OPTION 6** |
| | An amount equal to 5 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |

* Any amount of Life Insurance in excess of one level above the current benefit level is subject to proof of insurability to be furnished at the covered employee's expense. Subject to the provisions of this policy titled "Effective Date of Personal Coverage", each excess amount will take effect on the first of the month following the date Liberty accepts such proof as satisfactory.

**Accidental Death and Dismemberment Insurance**

| Class | Full Amount |
|-------|-------------|
| Class 1 | **OPTION 1** |
| | $   5,000 |
| | **OPTION 2** |
| | An amount equal to 1 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |
| | **OPTION 3** |
| | An amount equal to 2 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |
| | **OPTION 4** |
| | An amount equal to 3 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |
| | **OPTION 5** |
| | An amount equal to 4 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. * |

OPS-SCH-0002

SA3-800-000001-01 R (1)
Effective July 1, 1998

[9]

JAN 30 2007 03:05 FR LIBERTY MUTUAL INS   7 654 3371 TO 918473814713   P.05

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

### Accidental Death and Dismemberment Insurance (continued)

| Class | Full Amount |
|---|---|
| | **OPTION 6** |
| Class 1 | An amount equal to 5 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. • |

- If a covered employee becomes covered for an amount of Life Insurance in excess of one level above the current benefit level in accordance with the above proof of insurability provision, he will become covered for an equal amount of Accidental Death and Dismemberment Insurance. He will become covered for this equal amount on the date his additional Life Insurance amount becomes effective.

| Class 4 | **Voluntary Amount** |
|---|---|
| | An amount elected by the covered employee in increments of $10,000. If amount is over $250,000, it may not exceed 10 times salary. This amount may not exceed a maximum of $500,000 and a minimum of $10,000. |

### Retiree Life Insurance

| Class | Amount of Insurance |
|---|---|
| Class 2 | Amount on file with the Sponsor. |
| Class 3 | **OPTION 1** |
| | $  5,000 |
| Class 3 | **OPTION 2** |
| | An amount equal to 1, 2, 3, 4, or 5 times the covered employee's annual earnings just prior to retirement. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. The maximum amount may not exceed $250,000. |

### Open Enrollment Period - Applicable to Employee Coverage (Applicable to Class 1)

This policy has an Open Enrollment Period each year during the month of October. An eligible employee who has previously not enrolled for coverage may elect to be covered during this period and not have to submit proof of insurability, unless such employee has previously been denied coverage or is electing an increase greater than one level above the current benefit level. An eligible employee who has previously enrolled for coverage may elect to increase coverage and not have to submit proof of insurability, unless such employee is electing an increase greater than one level above the current benefit level. Proof of insurability will continue to be required for employees who enroll outside of the Open Enrollment Period or more than thirty one days following their eligibility date, as provided in Section 3 - "Eligibility, Effective Date and Terminations Section - Effective Date of Personal Coverage".

OPS-SCH-0003

SA3-800-000001-01 R (1)
Effective July 1, 1998

[8]

JAN 30 2007 03:36 FR LIBERTY MUTUAL INS   7 654 3371 TO 918473814713       P.06

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

### Open Enrollment Period - Applicable to Employee Coverage (Applicable to Class 4)

This policy has an Open Enrollment Period each year during the month of October. An eligible employee who has previously not enrolled for coverage may elect to be covered during this period and not have to submit proof of insurability. An eligible employee who has previously enrolled for coverage may elect to increase coverage and not have to submit proof of insurability.

### Reduction Formula (Applicable to Retirees Only)

The amount of Life Insurance applicable to the covered employee's class of benefits will reduce at age 71 or older as follows:

ages 71 - 74:   to 50%
ages 75 & up:   to 60%

Note:   Retirees who retire prior to age 65, the Sponsor paid portion of retirement coverage reduces by 15% per year for five consecutive years beginning on the first anniversary of the retirement date.

### Reduction Formula (Applicable to employees hired in 1992)

The amount of Life Insurance will reduce for covered, active, full-time employees age 65 or older as follows:

| OPTION 3 | | OPTION 4 | |
|---|---|---|---|
| AGES 65 TO 69  - | 100% OF 1 X PAY<br>+ 63% OF 1 X PAY | AGES 65 TO 69  - | 100% OF 1 X PAY<br>+ 65% OF 2 X PAY |
| AGES 70 TO 74  - | 100 % OF 1 X PAY<br>+ 43% OF 1 X PAY | AGES 70 TO 74  - | 100 % OF 1 X PAY<br>+ 43% OF 2 X PAY |
| AGES 75 TO 79  - | 100 % OF 1 X PAY<br>+ 32% OF 1 X PAY | AGES 75 TO 79  - | 100 % OF 1 X PAY<br>+ 32% OF 2 X PAY |
| AGES 80 & UP  - | 100 % OF 1 X PAY<br>+ 19% OF 1 X PAY | AGES 80 & UP  - | 100 % OF 1 X PAY<br>+ 19% OF 2 X PAY |

[7]

JAN 08 2007 03:38 FR LIBERTY MUTUAL INS   7 654 3371 TO 918473814713   P.07

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Reduction Formula (Applicable to employees hired in 1993) (continued)**

| OPTION 2 | | | OPTION 5 | | |
|---|---|---|---|---|---|
| AGES 65 TO 69 | - | 100% OF 1 X PAY<br>+ 65% OF 3 X PAY | AGES 65 TO 69 | - | 100% OF 1 X PAY<br>+ 65% OF 4 X PAY |
| AGES 70 TO 74 | - | 100 % OF 1 X PAY<br>+ 43% OF 3 X PAY | AGES 70 TO 74 | - | 100 % OF 1 X PAY<br>+ 43% OF 4 X PAY |
| AGES 75 TO 79 | - | 100 % OF 1 X PAY<br>+ 32% OF 3 X PAY | AGES 75 TO 79 | - | 100 % OF 1 X PAY<br>+ 32% OF 4 X PAY |
| AGES 80 & UP | - | 100 % OF 1 X PAY<br>+ 19% OF 3 X PAY | AGES 80 & UP | - | 100 % OF 1 X PAY<br>+ 19% OF 4 X PAY |

The reduced amount of Life Insurance will be rounded to the nearest $1,000.

**Dependent Life Insurance - (Applicable to Class 1)**

An Employee may elect one of the three Dependent Life Insurance Plans. The plan elected is on file with the sponsor and may only be changed once per year during the Open Enrollment Period or when an employee experiences a Qualified Family Status Change.

| Classification of Covered Dependents | Amount of Insurance |
|---|---|
| | **OPTION 1** |
| Spouse | $ 5,000 |
| Children - Age at Death | |
| Under 8 days<br>At least 8 days but under 19 years<br>(25 if a full-time student) | $ 0<br>$ 2,000 |
| | **OPTION 2** |
| Spouse | $ 25,000 |
| Children - Age at Death | |
| Under 8 days<br>At least 8 days but under 19 years<br>(25 if a full-time student) | $ 0<br>$ 8,000 |

Form OP3-SCH-0005

SA3-800-000001-01 R (2)
Effective July 1, 1998

[8]

JAN 30 2007 03:39 FR LIBERTY MUTUAL INS    7 854 3371 TO 918473814712    P.08

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

<u>Dependent Life Insurance</u> - (Applicable to Class 1) (continued)

| Classification of Covered Dependents | Amount of Insurance |
|---|---|
| | **OPTION 2** |
| Spouse | $ 75,000 |
| Children - Age at Death | |
| Under 8 days | $ 0 |
| At least 8 days but under 19 years (25 if a full-time student) | $ 10,000 |

Note:    The amount of Life Insurance for a dependent may not exceed 50% of the amount of Life Insurance in force on the covered employee insuring the dependent.

<u>Dependent Accidental Death and Dismemberment Insurance</u> (Applicable to Class 4 )

An employee may elect Dependent Accidental Death and Dismemberment Insurance only if the employee has elected Voluntary Accidental Death and Dismemberment Insurance. An Employee may elect one of the three Dependent Accidental Death and Dismemberment Insurance Plans - Spouse only, Child(ren) only and Spouse and Child(ren). The plan elected is on file with the sponsor and may only be changed once per year during the Open Enrollment Period.

| Classification of Covered Dependents | Amount of Insurance |
|---|---|
| Spouse only | 60% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |
| Child(ren) only | The lesser of (a) $50,000 or (b) 20% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |
| **Spouse and Child(ren)** | |
| Spouse | 50% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |
| Child(ren) | The lesser of (a) $50,000 or (b) 10% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |

Form OP3-5CH-0006

SA3-800-000007-01 R (1)
Effective July 1, 1998

[9]

JAN 30 2007 09:40 FR LIBERTY MUTUAL INS    7 694 3371 TO 918473814713    P.09

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

### Open Enrollment Period - Applicable to Dependent Coverage (Applicable to Class 1)

This policy has an Open Enrollment Period each year during the month of October. An eligible employee who has previously not enrolled for dependent coverage may elect to cover his dependents during this period and not have to submit proof of his dependent's insurability, unless such dependent has previously been denied coverage or is electing an increase greater than one level above the current benefit level. An eligible employee who has previously enrolled for dependent coverage may elect to increase dependent coverage and not have to submit proof of his dependent's insurability, unless such employee is electing an increase greater than one level above the current benefit level. Proof of insurability will continue to be required for employees who enroll their dependents outside of the Open Enrollment Period or more than thirty one days following their dependents' eligibility date, as provided in Section 3 - "Eligibility, Effective Date and Terminations Provisions - Effective Date of Dependent Coverage".

### Open Enrollment Period - Applicable to Dependent Coverage (Applicable to Class 4)

This policy has an Open Enrollment Period each year during the month of October. An eligible employee who has previously not enrolled for dependent coverage may elect to cover his dependents during this period and not have to submit proof of his dependent's insurability. . An eligible employee who has previously enrolled for dependent coverage may elect to increase dependent coverage and not have to submit proof of his dependent's insurability.

**Employee Contributions Required:**

Applicable to All Active, Full-Time and Temporary Employees, except CUMIS General Insurance Company Employees:

    Life Insurance:    Option 1: No    Option 2: No        All Other Options:  Yes
    Accidental Death and Dismemberment Insurance: Yes
    Dependent Life Insurance:  Yes

Applicable to All Active, Part-Time Employees, except CUMIS General Insurance Company Employees:

    Life Insurance:    Option 1: No    All Other Options:  Yes
    Accidental Death and Dismemberment Insurance: Yes
    Dependent Life Insurance:  Yes

Applicable to All CUMIS General Insurance Company Employees:

    Voluntary Accidental Death and Dismemberment Insurance:     Yes
    Dependent Accidental Death and Dismemberment Insurance:     Yes

**Increases and Decreases in Amounts of Coverage**

Any increase in or addition to the benefits will take effect on the date of the change. Any such change applies only to loss of life or accidental injury that occurs on or after the effective date of the change. If an active employee is not at work on the date the increase or addition is to take effect, it will take effect when he returns to active work. If a covered dependent is confined in a hospital, skilled nursing facility or rehabilitation facility on the date the increase or addition is to take effect, it will take effect when the confinement ends. If a retired employee is confined in a hospital, skilled nursing facility or rehabilitation facility on the date the increase or addition is to take effect, it will take effect when the confinement ends. Any decrease in or deletion of benefits will take effect on the date of the change. Any such change applies to loss of life or accidental injury that occurs on or after the effective date of the change.

Form OP3-SCH-0007

SA3-600-000001-01
Effective July 1, 1998

[10]

JAN 30 2007 03:42 FR LIBERTY MUTUAL INS    7 654 3371 TO 918473814713    P.10

## SECTION 2 - DEFINITIONS

A masculine personal pronoun includes the feminine where the context requires.

"Employee" means an employee of the Sponsor who is eligible for coverage.

"Active employee" means an employee of the Sponsor who works: (a) regularly throughout the Sponsor's entire work week; and (b) at least 37.5 hours per week or for part-time employees at least 20 hours per week. The employee may work at any of the Sponsor's business locations. He may also work at any other location where the Sponsor's business requires him to travel. His main source of earned income must be his earnings received from the Sponsor.

"Retired employee" means one who is so classified by the Sponsor.

"Covered employee" means an active employee or a retired employee whose coverage is in effect. It does not include an employee whose coverage has ended.

"Personal coverage" means coverage of a covered employee with respect to himself.

"Dependent" means: (a) an employee's spouse; and (b) an employee's unmarried child (including any stepchild or legally adopted child from the date of the filing of a petition to adopt the child) under age 19. If an unmarried child age 19 or over is a full-time student as defined by the school being attended, he is a dependent until he reaches age 25. "Dependent" does not include a person who is: (a) an eligible employee, or (b) a member of the armed forces.

"Eligible dependent" means a dependent of an employee who is eligible for coverage.

"Covered dependent" means a dependent whose coverage is in effect. It does not include a dependent whose coverage has ended.

"Dependent coverage" means coverage of a covered employee with respect to his dependents.

"Covered person" means a covered employee or a covered dependent.

"Accidental injury", or "injury" means bodily injury not caused by sickness. This includes related conditions and recurrent symptoms of such injury.

"Sickness" means disease or illness including related conditions and recurrent symptoms of the sickness. Sickness also includes pregnancy.

Applicable to Part-Time Employees "Earnings" means annual rate of salary which shall equal the hourly rate of pay times 20 hours times 52 weeks. It does not include overtime or any other form of additional compensation. *

Applicable to All Other Employees "Earnings" means annual rate of salary and bonuses within the last 12 months. It does not include overtime or any other form of additional compensation. *

* Earnings shall be the rate that is in effect on the date of hire or the prior August 31st, whichever is most recent.

"Total disability" or "totally disabled", with respect to an active employee, means the complete inability to work at any job because of accidental injury or sickness.

"Total disability" or "totally disabled", with respect to a covered dependent and retired employee, means the complete inability to do the normal activities of a person of the same age and sex in good health.

Form OP3-DEF-0001.04

(11)

JAN 30 2007 03:44 FR LIBERTY MUTUAL INS   7 654 0371 TO 918473814713     P.11

**SECTION 3 - ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS**

**ELIGIBILITY**

**Personal Coverage**

The following classes will be eligible for coverage:

All Active Employees - Waiting Period = None.

If a person is an active employee of the Sponsor in an eligible class on the effective date of the policy, and he has completed the waiting period, he is eligible for coverage on that date.

If an active employee of the Sponsor in an eligible class has not completed the waiting period on the effective date of the policy, he will be eligible for coverage on the date he completes such waiting period.

If a person becomes an active employee of the Sponsor in an eligible class after the effective date of the policy, he will be eligible for coverage on the date he completes the waiting period.

If a person is a retired employee of the Sponsor on the effective date of the policy, he is eligible for Life Insurance on that date.

If an active employee of the Sponsor (as shown above) becomes a retired employee after the effective date of the policy, he will continue to be eligible for Life Insurance.

If a person's employment ends and he is rehired, he must complete any required waiting period unless he is rehired within 12 months.

**Dependent Coverage**

Each employee eligible for personal coverage is eligible for dependent coverage on the later of:

(a)   the date eligible for personal coverage if on that date he has dependents; or

(b)   the date he acquires a dependent if on that date he is eligible for personal coverage.

If both parents are eligible for personal coverage, only one is eligible for dependent coverage for their dependent children.

Form OP3-ELC-0001

[12]

JAN 30 2007 03:46 FR LIBERTY MUTUAL INS   7 654 3371 TO 818473814713    P.12

## SECTION 3 - ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS

### ASSOCIATED COMPANIES

Companies, corporations, firms or individuals that are subsidiary to or affiliated with the Sponsor and listed below will be called associated companies. Employees of associated companies will be employees of the Sponsor for purposes of this policy.

As they relate to this policy, all actions, agreements and notices between Liberty and the Sponsor will be binding on the associated companies.

If an associated company ceases to be an associated company for any reason, its employees will be deemed to have transferred to a class of employees not eligible for coverage under this policy.

Associated companies are:

Liberty Mutual Fire Insurance Company
175 Berkley Street
Boston, MA 02117

Liberty Life Assurance Company of Boston
175 Berkley Street
Boston, MA 02117

Liberty International Insurance Agency, Inc.
175 Berkley Street
Boston, MA 02117

Helmsman Management Services, Inc.
175 Berkley Street
Boston, MA 02117

Liberty International Insurance Operations
175 Berkley Street
Boston, MA 02117

CUMIS General Insurance Company
5910 Mineral Point Road, P.O. Box 391
Madison Wisconsin 33701-0391

Form OP3-ELG-0002

SA3-800-000001-01 R (1)
Effective July 1, 1996

[13]

JAN 30 2007 03:47 FR LIBERTY MUTUAL INS   7 654 3371 TO 918473814713    P.13

## SECTION 3 – ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS

### EFFECTIVE DATE OF PERSONAL COVERAGE

**Applicable to Class 4:**

**Contributions Not Required**

If an employee does not have to pay for the cost of personal coverage, he becomes covered on the date he is eligible.

**Contributions Required**

If an employee must pay part of the cost of personal coverage, he must enroll for such coverage. To enroll, he must complete a payroll deduction authorization.

If he enrolls:

(a)  on or before the date he is eligible, his coverage takes effect on the date he becomes eligible; or

(b)  within 31 days after the date he becomes eligible, his coverage takes effect on the date he enrolls.

**Delayed Effective Date**

If an active employee is not at work on the last scheduled work day coincident with or preceding the date he is to become covered, he will become covered on the date he returns to active work. If a retired employee is confined in a hospital, skilled nursing facility or rehabilitation facility on the date he would otherwise become covered, he will become covered on the date the confinement ends.

[14]

JAN 30 2007 03:48 FR LIBERTY MUTUAL INS    7 654 3371 TO 918473814713    P.14

## SECTION 3 - ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS

### EFFECTIVE DATE OF PERSONAL COVERAGE

**Applicable to All Other Classes:**

**Contributions Not Required**

If an employee does not have to pay for the cost of personal coverage, he becomes covered on the date he is eligible.

**Contributions Required**

If an employee must pay part of the cost of personal coverage, he must enroll for such coverage. To enroll, he must complete a payroll deduction authorization.

If he enrolls:

(a)    on or before the date he is eligible, his coverage takes effect on the date he becomes eligible;

(b)    within 31 days after the date he becomes eligible, his coverage takes effect on the date he enrolls;

(c)    after 31 days following the date he becomes eligible, he must submit proof of insurability. Such person's coverage will take effect on the first of the month following the date Liberty accepts such proof as satisfactory. Proof of insurability must be furnished at his own expense.

**Delayed Effective Date**

If an active employee is not at work on the last scheduled work day coincident with or preceding the date he is to become covered, he will become covered on the date he returns to active work. If a retired employee is confined in a hospital, skilled nursing facility or rehabilitation facility on the date he would otherwise become covered, he will become covered on the date the confinement ends.

Form OPS-ELG-0003

SA3-800-000001-01 R (1)
Effective July 1, 1998

[15]

JAN 30 2007 03:49 FR LIBERTY MUTUAL INS   7 654 3371 TO 818473814713      P.15

### SECTION 3 - ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS

### EFFECTIVE DATE OF DEPENDENT COVERAGE

**Applicable to Class 1:**

**Contributions Not Required**

If an employee does not have to pay for the cost of dependent coverage, he becomes covered with respect to his dependents on the date he becomes eligible for dependent coverage.

**Contributions Required**

If an employee must pay part of the cost of dependent coverage, he must enroll for such coverage. To enroll, he must complete a payroll deduction authorization.

If he enrolls:

(a)   on or before the date he is eligible for dependent coverage, he becomes covered with respect to them on such date;

(b)   within 31 days after the date he is eligible for dependent coverage, he becomes covered with respect to them on the date he enrolls them;

(c)   after 31 days following the date he is eligible for dependent coverage, he must submit proof of each dependent's insurability. He will become covered with respect to them on the first of the month following the date Liberty accepts such proof as satisfactory. Proof of insurability must be furnished at his own expense.

**Additional Dependents**

If, while covered for dependent coverage, an employee acquires another dependent, he will become covered for such dependent on the date he is eligible for coverage for the dependent.

**Delayed Effective Date**

If a dependent is confined in a hospital, skilled nursing facility or rehabilitation facility on the date he would otherwise become covered, he will become covered on the date the confinement ends. This does not apply to a newborn child.

An employee's dependent coverage will not take effect before the date his personal coverage takes effect.

Form OF3-ELG-0004

SA3-800-000001-01 R (1)
Effective July 1, 1998.

[16]

JAN 30 2007 03:50 FR LIBERTY MUTUAL INS   7 654 3371 TO 918473014713    P.16

## SECTION 3 - ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS

### EFFECTIVE DATE OF DEPENDENT COVERAGE

**Applicable to Class 4:**

**Contributions Not Required**

If an employee does not have to pay for the cost of dependent coverage, he becomes covered with respect to his dependents on the date he becomes eligible for dependent coverage.

**Contributions Required**

If an employee must pay part of the cost of dependent coverage, he must enroll for such coverage. To enroll, he must complete a payroll deduction authorization.

If he enrolls:

(a) on or before the date he is eligible for dependent coverage, he becomes covered with respect to them on such date; or

(b) within 31 days after the date he is eligible for dependent coverage, he becomes covered with respect to them on the date he enrolls them.

**Additional Dependents**

If, while covered for dependent coverage, an employee acquires another dependent, he will become covered for such dependent on the date he is eligible for coverage for the dependent.

**Delayed Effective Date**

If a dependent is confined in a hospital, skilled nursing facility or rehabilitation facility on the date he would otherwise become covered, he will become covered on the date the confinement ends. This does not apply to a newborn child.

An employee's dependent coverage will not take effect before the date his personal coverage takes effect.

SA3-800-000001-01
Effective July 1, 1998

[17]

JAN 30 2007 03:52 FR LIBERTY MUTUAL INS   7 854 3371 TO 918473814713     P.17
DOCUMENT MISFEED

**STATE OF CALIFORNIA**
**CERTIFICATION OF VITAL RECORD**

# COUNTY OF SAN DIEGO
### GREGORY J. SMITH
### ASSESSOR/RECORDER/COUNTY CLERK



This is a true and exact reproduction of the document officially registered and placed on file in the office of the San Diego County Recorder/Clerk.



December 29, 2006

Gregory J. Smith
Assessor/Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying date, seal and signature of the Recorder/County Clerk.

*001917508*





Liberty Mutual Group

Benefits Department
175 Berkeley St.
Mail Stop 01F
Boston, MA 02117
617-357-9500
617-574-5527 FAX

January 24, 2007

Michael Hand
207 N. Waters Edge
Unit 302
Glendale Heights, IL 60139

RE:  Employee Life Insurance Proceeds—Cassie Barrett

Dear Mr. Hand:

Enclosed please find a check in the amount of $71,612.74, which represents full settlement of the Employee Life Insurance proceeds for Cassie Barrett.  This amount includes $612.74 in interest earned between the date of death to the date of this payment at a rate of 3.5%

If you have any questions, please do not hesitate to call me at (617) 357-9500, extension 42012.

Very truly yours,

Jennifer Caron
Senior Benefits Specialist

Enclosure

Helping People Live Safer, More Secure Lives.



**Liberty Mutual**

| CHECK NUMBER | CHECK DATE |
|---|---|
| 60544702 | 01/19/07 |

| CHECK AMOUNT | BLOCK NUMBER |
|---|---|
| $**71612.74 | 000007 |

NON-NEGOTIABLE

ADDRESS INQUIRIES TO:

LIBERTY MUTUAL

DOVER ACCOUNTS PAYABLE

P.O. BOX 1525

DOVER, NH 03821-1525

(603) 749-2600 EXT. 31199

PAYEE NAME AND ADDRESS:

MICHAEL HAND

UNIT 302

207 N WATERS EDGE

GLENDALE HEIGHTS       IL 60139

LOC CODE:        845

VENDOR#:        0309424

TAX ID#:

CLAIM NUMBER 131276
CASSIE E BARRETT
GROUP MARKETS DEATH BENEFITS
0800131276  07019-0892  011907  01197        71,612.74

CAREFULLY DETACH CHECK BEFORE DEPOSITING   - RETAIN STATEMENT FOR YOUR RECORDS

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.    CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

000007
P.O. BOX 1525
DOVER, NH 03821-1525
ATTN: ACCOUNTS PAYABLE

**Liberty Mutual**

FLEET BANK, HARTFORD, CT.        54-240/119

| CHECK NUMBER | CHECK DATE | | |
|---|---|---|---|
| 60544702 | 01/19/07 | PAY | $71612.74***** |

*********************************SEVENTY-ONE THOUSAND, SIX HUNDRED TWELVE AND 74/100

VOID IF NOT PRESENTED WITHIN
6 MONTHS OF DATE OF CHECK

PAY TO THE
ORDER OF

MICHAEL HAND
UNIT 302
207 N WATERS EDGE
GLENDALE HEIGHTS       IL 60139

TWO SIGNATURES NECESSARY
IF AMOUNT EXCEEDS $150,000

| 0309424 | 096 | 118 |
|---|---|---|

⑈60544702⑈ ⑆011900445⑉        68219⑈

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK

 **Liberty Mutual** ᵀᴹ

Liberty Life Assurance Company of Boston

Group Life Claims
P.O. Box 1525
Dover, NH 03821-1525
1-800-210-0268

January 29, 2007

Michael Hand
207 N. Waters Edge, Unit 302
Glendale Heights, IL  60139

<u>**CORRECTION LETTER**</u>

RE:    Death Benefits
Employee: Cassie E. Barrett
Policyholder: Liberty Mutual
Claim Number: 131276

Dear Mr. Olson,

**This letter will replace our original letter dated January 26, 2007.**

On January 17, 2007, Liberty Life Assurance Company of Boston (Liberty) received notification of Cassie E. Barrett's death. Since that date Liberty has received conflicting claims as to how the above-mentioned proceeds should be distributed. Our procedure is to interplead this claim if the parties involved cannot reach an agreement. Please advise, in writing, within the next 30 days whether you wish Liberty to proceed with this interplead action or if you have been able to reach an agreement with the other parties.

The other party making a claim to these proceeds is:

Floyd Olson
9171 Grossmont Blvd.
La Mesa, CA  91941-4141

If you have any questions about this request, please feel free to contact me at 800-210-0268, extension 32217.

Sincerely,

*Lori Lapiana*

Lori Lapiana
Life Specialist - Group Life Claims

CC:    Liberty Mutual
       Attn: Jennifer Caron
       175 Berkeley Street
       Boston, MA  02117

 ③

*JH*

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
MICHAEL HAND

**DEFENDANTS**
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**(b)** County of Residence of First Listed Plaintiff  DuPage County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael Hand
207 N. WatersEdge, Unit 302
Glendale Heights, IL  60130

**FILED**
MAR. 13, 2007
MAR 13 2007 ● NF

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Attorneys (If Known)
Sara A. Weinberg, Jackson Lewis LLP
320 West Ohio, Suite 500
Chicago, Illinois 60610

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State |  |  |  |  |  |
| Citizen or Subject of a Foreign Country |  |  |  |  |  |

**07CV1422**
**JUDGE SHADUR**
**MAGISTRATE JUDGE NOLAN**

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PE | | |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 410 Antitrust |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 430 Banks and Banking |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Med. Malpractice | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 480 Consumer Credit |
| [ ] 152 Recovery of Defaulted Student Loans (excl. vet.) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 490 Cable/Satellite TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Security/Commodity/Exch. |
| [ ] 190 Other Contract | [ ] 360 Other Personal Inj. | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 ADA —Employment | [ ] 540 Mandamus & Other | [X] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS— Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 446 ADA — Other | [ ] 550 Civil Rights | | | |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## IX. This case
[ ] is not a refiling of a previously dismissed action.
[ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE  3/13/07

SIGNATURE OF ATTORNEY OF RECORD  *Sara A. W*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### SEVENTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | |
| PLAINTIFF, | ) | C.A. No. 07-cv-01422 |
| | ) | |
| v. | ) | **DEFENDANT'S DISCLOSURES** |
| | ) | **PURSUANT TO RULE 7.1(a),** |
| LIBERTY MUTUAL, | ) | **FED.R.CIV.P** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), incorrectly identified in the caption as "Liberty Mutual,: provides the following disclosures pursuant to Rule 7.1(a), F.R.Civ.P.:

### RULE 7.1(A)

**A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.**

#### Response

The parent corporations of Liberty Life are the following: Liberty Mutual Holding Company Inc., LMHC Massachusetts Holdings Inc., Liberty Mutual Group Inc., Liberty Mutual Insurance Company, and Liberty Mutual Fire Insurance Company. No publicly held corporation owns 10% or more of Liberty Life's stock.

Respectfully submitted,

s/ Sara A. Weinberg
Sara A. Weinberg
Attorney for Defendant
**JACKSON LEWIS LLP**
320 W. Ohio Street, Suite 500
Chicago, Illinois 60610
Tel.: (312) 787-4949
Fax: (312) 787-4995
E-mail: Weinbers@jacksonlewis.com

AND

Ashley B. Abel
Robert Wood (Pro Hac Vice Petition Pending)
**JACKSON LEWIS LLP**
Attorneys for Defendant
One Liberty Plaza
55 Beattie Place, Suite 800
Greenville, SC  29601
Tel.: (864)232 7000
Fax:  (864)235 1381
E-mail:  Abela@jacksonlewis.com
           Woodr@jacksonlewis.com

This the 15th day of March, 2007

## CERTIFICATE OF SERVICE

I, Sara A. Weinberg, an attorney, certify that on the 15th day of March, 2007, I caused

true and correct copies of the foregoing Corporate Disclosure Statement to be electronically filed

pursuant to the Court's ECF/CM protocols.  Notice of this filing will be sent to all parties

registered to receive electronic notification and will be delivered via regular mail to the plaintiff:

Michael Hand
207 N. WatersEdge, Unit 302
Glendale Heights, IL  60130
Tel. 630-532-1249

/s/ Sara A. Weinberg
One of Defendant's Attorneys

-2-

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                           Case Number:  07-cv-01422
**Michael Hand**

                         v.

**Liberty Mutual**

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

**Liberty Mutual**

| | |
|---|---|
| NAME (Type or print)   **Ashley B. Abel** | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br><br>    s/**Ashley B. Abel** | |
| FIRM<br>    **JACKSON LEWIS LLP** | |
| STREET ADDRESS<br>    **ONE LIBERTY SQUARE**<br>    **55 BEATTIE PLACE, SUITE 800** | |
| CITY/STATE/ZIP<br>    **GREENVILLE, SC   29601-2122** | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER<br>    **864/232-7000** |
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE?          YES ☐   NO ☒ | |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE?       YES ☐   NO ☒ | |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR?          YES ☐   NO ☒ | |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY?   YES ☐      NO ☒ | |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐          APPOINTED COUNSEL ☐

## CERTIFICATE OF SERVICE

I, Ashley Abel, an attorney, certify that on the 15th day of March, 2007, I caused true and

correct copies of the foregoing Appearances of Ashley B. Abel to be electronically filed pursuant

to the Court's ECF/CM protocols.  Notice of these filings will be sent to all parties registered to

receive electronic notification and will be delivered via regular mail to the plaintiff:

Michael Hand
207 N. WatersEdge, Unit 302
Glendale Heights, IL  60130
Tel. 630-532-1249

/s/ Ashley Abel
One of Defendant's Attorneys

2

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1422 | **DATE** | 3/16/2007 |
| **CASE TITLE** | Michael Hand vs. Liberty Mutual | | |

**DOCKET ENTRY TEXT**

A status hearing is set for April 12, 2007 at 9:00 a.m.

■[ For further details see text below.]                    Notices mailed by Judicial staff.



| STATEMENT |
|---|
| (Reserved for use by the Court) |

### ORDER

   This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

   There will be a status hearing--a "scheduling conference", as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b), at 9:00 a.m. on April 12, 2007 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date to comply with the provisions of attached Rule 26(f) and this District Court's LR 26.1, (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared to attend the scheduled Status Hearing prepared to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

   If any party is unrepresented by counsel, that party must comply with this order personally.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1422 | **DATE** | 3/16/2007 |
| **CASE TITLE** | Michael Hand vs. Liberty Mutual | | |

**DOCKET ENTRY TEXT**

A status hearing is set for April 12, 2007 at 9:00 a.m.

■[ For further details see text below.]          Notices mailed by Judicial staff.



| STATEMENT |
|---|
| (Reserved for use by the Court) |

## ORDER

    This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

    There will be a status hearing--a "scheduling conference", as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b), at 9:00 a.m. on April 12, 2007 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date to comply with the provisions of attached Rule 26(f) and this District Court's LR 26.1, (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared to attend the scheduled Status Hearing prepared to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

    If any party is unrepresented by counsel, that party must comply with this order personally.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | C.A. No. 1:07-cv-01422 |
| | ) | |
| v. | ) | |
| | ) | Judge Milton I. Shadur |
| LIBERTY MUTUAL, | ) | |
| | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AND PROPOSED CROSS-CLAIMS AGAINST PARTIES TO BE JOINED PURSUANT TO RULE 19

Defendant Liberty Life Assurance Company of Boston, incorrectly identified in the caption as "Liberty Mutual" (hereafter, "Liberty Life"), through its undersigned counsel, answers the Complaint and alleges as follows:

### FOR A FIRST DEFENSE

1.      Liberty Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, but avers, on information and belief, that the allegations are correct.

2.      Regarding the allegations of Paragraph 2 of the Complaint, Liberty Life admits only that it is a lawfully incorporated insurance company and that it lawfully does business through its life insurance products in the State of Illinois.

3.      Regarding the allegations of Paragraph 3 of the Complaint, Liberty Life admits only that Cassie E. Barrett ("Decedent") was employed by Liberty Mutual or an

associated company ("Liberty Mutual"), and that, due to such employment, Decedent was

eligible for coverage under the Liberty Mutual group life benefit plan for its employees, which

was insured by a group disability income policy ("Policy") issued by Liberty Life to Liberty

Mutual pursuant to the Plan. Liberty Life further admits that the Policy attached as Exhibit A to

the Complaint is part of a version of the Policy issued to Liberty Mutual, which Policy has been

amended from time to time.  Liberty Life is without knowledge or information sufficient to form

a belief as to the truth of the allegations of Paragraph 3 regarding when Decedent allegedly

received the document attached as Exhibit A to the Complaint, and accordingly denies the same.

       4.      Liberty Life admits the allegations of Paragraph 4 of the Complaint, upon

information and belief.

       5.      Regarding the allegations of Paragraph 5 of the Complaint, Liberty Life

admits only that Liberty Life received information from Decedent's employer that Plaintiff was

the named beneficiary on record with Decedent's employer at the time of Decedent's death, and

that Plaintiff made a claim for said benefits (hereafter, "Proceeds").

       6.      Liberty Life admits the allegations of Paragraph 6 of the Complaint.

       7.      Liberty Life admits the allegations of Paragraph 7 of the Complaint.

       8.      Regarding the allegations of Paragraph 8 of the Complaint, Liberty Life

admits only that Plaintiff, upon information and belief, was the named beneficiary on record with

Decedent's employer at the time of her death. Liberty Life is without knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 8 regarding the nature

and validity, under law, of the adverse claimants' claims to the Proceeds, and accordingly denies

the same.

-2-

9.     With regard to the "WHEREFORE" paragraph of the Complaint, Liberty Life, which otherwise claims no interest in the Proceeds, denies that any relief whatsoever is appropriate to Plaintiff, unless and until any and all adverse claimants to the Proceeds are joined as Parties, the Proceeds are interpleaded into the Court, and the claims of all the adverse claimants are fully heard and adjudicated on the merits.

10.     Unless specifically admitted herein, Liberty Life denies each and every allegation of the Complaint.

## FOR A SECOND DEFENSE

11.     The Complaint is deficient for failure to include the adverse claimants as necessary party defendants. As such, the Court should suspend further proceedings, order joinder of all adverse claimants to the Proceeds as Parties under Rule 19, Fed.R.Civ.P., permit Liberty Life, which claims no interest in the Proceeds, to interplead the Proceeds into the Court, and dismiss and discharge Liberty Life from the action and from any and all liability relating to the Proceeds and the Policy.

## FOR A THIRD DEFENSE

12.     Liberty Life's decision to stop payment on Plaintiff's claim upon receiving notice of the adverse claims was reasonable, was made in good faith, and was not arbitrary and capricious or an abuse of discretion.

## FOR A FOURTH DEFENSE

13.     Plaintiff's claim in the Complaint, to the extent it is based upon state law, is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.,

## FOR A FIFTH DEFENSE

14.     The Complaint, to the extent the other adverse claimants are not joined,

-3-

should be dismissed for failure to exhaust administrative remedies under ERISA.

### FOR A SIXTH DEFENSE

15.     To the extent all adverse claimants are not joined, based on the lack of any improper conduct by Defendant, Liberty Life requests that the Court order its attorneys' fees and costs.

### DEFENDANT'S COUNTERCLAIMS AND PROPOSED CROSS-CLAIMS AGAINST PARTIES TO BE JOINED PURSUANT TO RULE 19

For its counterclaims and proposed cross-claims in this matter, Defendant Liberty Life, through its undersigned counsel, alleges as follows:

1.     Liberty Life seeks interpleader, pursuant to 28 U.S.C. § 1335 and Rule 22, Fed.R.Civ.P., to determine entitlement to $71,000.00, plus accrued interest, in life insurance proceeds ("Proceeds") payable by reason of the death of Decedent, an employee insured under a group life insurance policy issued by Liberty Life to Decedent's employer, which Proceeds Liberty Life stands ready to pay into the Court's registry when directed by the Court.

### THE PARTIES

2.     Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

3.     Plaintiff Michael Hand ("Plaintiff") is a resident of DuPage County, Illinois. Upon information and belief, Plaintiff was Decedent's husband at the time of her death.

4.     Floyd Olson ("Olson"), who is not currently a named party, is a resident of the State of California.  Upon information and belief, Olson is Decedent's maternal grandfather.

5.     Barbara E. Coffman ("Coffman"), who is not currently a named party, is a resident of the State of California.  Upon information and belief, Coffman is Decedent's maternal grandmother.

6.    James Potter ("Potter"), who is not currently a named party, is a resident of Barrington, Illinois.  Upon information and belier, Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff's asserted claim to the Proceeds.

### JURISDICTION AND VENUE

7.    This court has original jurisdiction of Plaintiff's Complaint as it involves claims that relate to the laws of the United States.  Specifically, Plaintiff asserts a claim for benefits allegedly due under the Policy, which was issued by Liberty Life to Liberty Mutual.  Liberty Life issued the Policy pursuant to the Plan, which provides life insurance benefits to employees of Liberty Mutual and associated companies.  Thus, the Policy is part of an employee welfare benefits plan as defined by ERISA.   A copy of the Policy is attached as Exhibit A.

8.    This court has original jurisdiction of Liberty Life's counterclaims and proposed cross-claims pursuant to 28 U.S.C. § 1335 because Liberty Life has received competing claims for life insurance benefits in excess of $500.00 by minimally diverse claimants.

9.    This court also has original federal-question jurisdiction of both Plaintiff's Complaint and Liberty Life's counterclaims and proposed cross-claims pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), because the Proceeds at issue in this matter are life insurances benefits provided through an employee welfare benefit plan subject to ERISA.  Plaintiff, Olson, Coffman, and Potter (collectively, "adverse claimants") have asserted conflicting claims to the Proceeds at issue herein.  In the Complaint, Plaintiff seeks a declaratory judgment that he is entitled to the Proceeds.  As such, the Complaint seeks relief cognizable under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and ERISA's civil enforcement provisions, namely 29 U.S.C. § 1132(a)(1)(B) (claim for benefits due) and 29 U.S.C. §

1132(a)(3) (claim for equitable relief for violation of ERISA or an ERISA plan).  Liberty Life's counter-claims and proposed cross-claims are similarly cognizable pursuant to the same provisions, because Plaintiff and each of the non-party adverse claimants could bring an action for benefits due pursuant to 29 U.S.C. § 1132(a)(1)(B).

10.     This Court has personal jurisdiction over Plaintiff, and is entitled to assert personal jurisdiction over Potter, in that each is a citizen and resident of the State of Illinois.

11.     This Court is entitled to assert personal jurisdiction over Olson and Coffman, in that each has, or claims to have, an interest in the life insurance proceeds payable by reason of the death of an employee insured under a policy issued and maintained pursuant to an ERISA welfare benefit plan for employees of Liberty Mutual, including, but not limited to, employees in the State of Illinois.  Accordingly, both Olson and Coffman are subject to the Court's personal jurisdiction through the nationwide service of process provisions of 29 U.S.C. § 1132(e)(2) and Rule 4(k)(1)(D), Fed.R.Civ.P.

12.     Venue is appropriate pursuant to 28 U.S.C. §§ 1391 and 1397 in that Plaintiff resides in this District.

## FACTS

13.     Liberty Life issued the Policy to Liberty Mutual on or about January 1, 1997.  The Policy attached hereto as Exhibit A formed part of the Liberty Mutual ERISA-governed life insurance plan for its employees.

14.     Decedent had $71,000.00 in basic group life insurance coverage under the Policy.  Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00.

15.     According to information provided by Decedent's employer to Liberty

Life, Plaintiff was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

16.  Plaintiff submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

17.  Liberty Life approved Plaintiff's claim and, on or about January 22, 2007, mailed a check to Plaintiff for the full amount of the Proceeds, plus accrued interest.

18.  On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

19.  Liberty Life immediately issued a stop-payment order to its bank on the check mailed to Plaintiff.

20.  On or about January 29, 2007, Liberty Life issued correspondence to Plaintiff and to Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless the claimants advised Liberty Life within 30 days that they had settled their dispute between themselves.

21.  On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Plaintiff regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Plaintiff.

22.  On or about March 6, 2007, Liberty Life assigned the adverse claims to the undersigned counsel for initiation of an interpleader action against all of the adverse claimants.

23.  On March 5, 2007, Liberty Life was served with a copy of the Summons and Complaint for Plaintiff's declaratory judgment action, which Plaintiff had filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois,

-7-

DuPage County. Liberty Life had no prior notice of the state action.

## **COUNT I: INTERPLEADER**

24.    Plaintiff contends he is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

25.    Olson and Coffman contend Coffman is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

26.    Potter has purported to assert a claim or lien against some or all of the Proceeds in Liberty Life's hands through assignment by Plaintiff.

27.    Liberty Life is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to the Proceeds without the risk of litigation by the other claimants. In other words, Liberty Life faces the threat of multiple litigation with the potential for incurring duplicative liability, and therefore cannot reasonably pay the Proceeds to any of the adverse claimants.

28.    Liberty Life stands ready to pay the appropriate party the Proceeds due under the Policy. The adverse claims prevent Liberty Life, which claims no beneficial interest in the Proceeds, from making payment on any claim for the Proceeds.

29.    Pursuant to Rule 19, Fed.R.Civ.P., Liberty Life seeks the joinder of the non-party adverse claimants, and to interplead all the adverse claimants, pursuant to 28 U.S.C. § 1335 and Rule 22(1), Fed.R.Civ.P., for purposes of resolving all adverse claims to the Proceeds in one action, and to be discharged from all further liability with regard to said Proceeds.

30.    Liberty Life is prepared to deposit the Proceeds with the Court pursuant to the Court's instructions.

## COUNT II: CLAIM FOR EQUITABLE RELIEF
## PURSUANT TO § 1132(a)(3)(B)(ii) OF ERISA

31.     Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 30 immediately above.

32.     Under the terms of the Policy, Liberty Life has sole authority for determination of claims and benefits. As such, Liberty life is an ERISA fiduciary.

33.     Liberty Life has a fiduciary duty under ERISA and the Policy to disburse the insurance benefits according to the terms of the Policy, the information provided to Liberty Life, and the applicable law.  In the instant matter, Liberty Life received conflicting claims to the Proceeds. In order to protect itself from the risk of duplicative litigation and the potential for incurring duplicative liability for benefits payable because of Decedent's death, Liberty Life needs the assistance of the Court to inquire into the matter and to adjudicate the interests of the adverse claimants in a single proceeding.

34.     Accordingly, pursuant to § 1132(a)(3)(B)(ii) of ERISA, Liberty Life requests equitable relief through interpleader, and joinder of the non-party adverse claimants pursuant to Rule 19, for purposes of determining the proper beneficiary to receive the Proceeds at issue in this matter in a single action.

## COUNT III:  PETITION FOR DECLARATORY JUDGMENT

35.     Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 34 immediately above.

36.     Liberty Life is unable to determine which of the adverse claimants is entitled to the Proceeds at issue in this matter without facing the threat of multiple litigation with the potential for imposing duplicative liability under the Policy.

37.     Pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(1)(B) of ERISA,

this Court has jurisdiction and authority to declare the rights of the adverse claimants to the funds

at issue in this matter, and to discharge Liberty Life from all further liability under the Policy.

38.    The controversy regarding the Proceeds is ripe for determination by the

Court, in light of the conflicting adverse claims to the Proceeds.

39.    For purposes of judicial economy, and to avoid piecemeal litigation with

the possibility of conflicting results with regard to Liberty Life's liability for disbursement of the

Proceeds at issue, the Court should grant Liberty Life's request to join the non-party adverse

claimants pursuant to Rule 19, Fed.R.Civ.P., and declare the respective rights and obligations of

Liberty Life and all of the adverse claimants in a single action.

### RELIEF REQUESTED

WHEREFORE, Liberty Life prays that the Court order as follows:

40.    that all further proceedings in this matter be suspended pending joinder of

all adverse claimants as Parties pursuant to Rule 19, Fed.R.Civ.P.;

41.    that each of the adverse claimants appear and seek adjudication or reach

settlement among themselves regarding their respective rights and interests in the Proceeds under

the Policy;

42.    that each of the adverse claimants are enjoined from instituting any other

proceeding against Liberty Life, Liberty Mutual, or the Plan regarding the Proceeds payable

under the Policy by reason of Decedent's death;

43.    that, in the event it is determined that any other person not yet joined as a

party to this action may make a claim for, or be entitled to, the Proceeds under the Policy, such

person be joined and subjected to paragraph 42 of this request for relief;

44.    that Liberty Life be fully and finally discharged from all liability under the

-10-

Policy and dismissed from this action; and

    45.  such other and further relief as the Court may deem just and proper, or in

the alternative, if all adverse claimants are not joined as Parties, dismissal of the Complaint

pursuant to Rule 12(b)(7), Fed.R.Civ.P., for failure to join necessary and indispensable parties.

Date:  March 22, 2007       Respectfully submitted,

           s/ <u>Sara A. Weinberg</u>
           Sara A. Weinberg
           Attorney for Defendant
           **JACKSON LEWIS LLP**
           320 W. Ohio Street, Suite 500
           Chicago, Illinois 60610
           Tel.: (312) 787-4949
           Fax: (312) 787-4995
           E-mail:  Weinbers@jacksonlewis.com

           AND

           Ashley B. Abel
           Robert Wood (Pro Hac Vice Petition Pending)
           **JACKSON LEWIS LLP**
           Attorneys for Defendant
           One Liberty Plaza
           55 Beattie Place, Suite 800
           Greenville, SC  29601
           Tel.: (864)232 7000
           Fax:  (864)235 1381
           E-mail:  Abela@jacksonlewis.com
               Woodr@jacksonlewis.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing  DEFENDANT'S ANSWER TO

COMPLAINT  AND  COUNTERCLAIMS  AND  PROPOSED  CROSS-CLAIMS  AGAINST

PARTIES TO BE JOINED PURSUANT TO RULE 19   was served this day on Plaintiff via

Federal Express, overnight delivery, postage prepaid and addressed to:

> Michael Hand
> 207 N. WatersEdge, Unit 302
> Glendale Heights, IL  60130
> Tel. 630-532-1249

/s/ Sara A. Weinberg

This 22nd day of March, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) ) ) ) | |
| PLAINTIFF, | ) ) | C.A. No. 1:07-cv-01422 |
| v. | ) ) | Judge Milton I. Shadur |
| LIBERTY MUTUAL, | ) ) | Magistrate Judge Nan R. Nolan |
| DEFENDANT. | ) ) ) ) | |

### DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AND PROPOSED CROSS-CLAIMS AGAINST PARTIES TO BE JOINED PURSUANT TO RULE 19

Defendant Liberty Life Assurance Company of Boston, incorrectly identified in the caption as "Liberty Mutual" (hereafter, "Liberty Life"), through its undersigned counsel, answers the Complaint and alleges as follows:

### FOR A FIRST DEFENSE

1.      Liberty Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, but avers, on information and belief, that the allegations are correct.

2.      Regarding the allegations of Paragraph 2 of the Complaint, Liberty Life admits only that it is a lawfully incorporated insurance company and that it lawfully does business through its life insurance products in the State of Illinois.

3.      Regarding the allegations of Paragraph 3 of the Complaint, Liberty Life admits only that Cassie E. Barrett ("Decedent") was employed by Liberty Mutual or an

associated company ("Liberty Mutual"), and that, due to such employment, Decedent was eligible for coverage under the Liberty Mutual group life benefit plan for its employees, which was insured by a group disability income policy ("Policy") issued by Liberty Life to Liberty Mutual pursuant to the Plan. Liberty Life further admits that the Policy attached as Exhibit A to the Complaint is part of a version of the Policy issued to Liberty Mutual, which Policy has been amended from time to time. Liberty Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 regarding when Decedent allegedly received the document attached as Exhibit A to the Complaint, and accordingly denies the same.

4.     Liberty Life admits the allegations of Paragraph 4 of the Complaint, upon information and belief.

5.     Regarding the allegations of Paragraph 5 of the Complaint, Liberty Life admits only that Liberty Life received information from Decedent's employer that Plaintiff was the named beneficiary on record with Decedent's employer at the time of Decedent's death, and that Plaintiff made a claim for said benefits (hereafter, "Proceeds").

6.     Liberty Life admits the allegations of Paragraph 6 of the Complaint.

7.     Liberty Life admits the allegations of Paragraph 7 of the Complaint.

8.     Regarding the allegations of Paragraph 8 of the Complaint, Liberty Life admits only that Plaintiff, upon information and belief, was the named beneficiary on record with Decedent's employer at the time of her death. Liberty Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 regarding the nature and validity, under law, of the adverse claimants' claims to the Proceeds, and accordingly denies the same.

9.    With regard to the "WHEREFORE" paragraph of the Complaint, Liberty Life, which otherwise claims no interest in the Proceeds, denies that any relief whatsoever is appropriate to Plaintiff, unless and until any and all adverse claimants to the Proceeds are joined as Parties, the Proceeds are interpleaded into the Court, and the claims of all the adverse claimants are fully heard and adjudicated on the merits.

10.    Unless specifically admitted herein, Liberty Life denies each and every allegation of the Complaint.

## FOR A SECOND DEFENSE

11.    The Complaint is deficient for failure to include the adverse claimants as necessary party defendants. As such, the Court should suspend further proceedings, order joinder of all adverse claimants to the Proceeds as Parties under Rule 19, Fed.R.Civ.P., permit Liberty Life, which claims no interest in the Proceeds, to interplead the Proceeds into the Court, and dismiss and discharge Liberty Life from the action and from any and all liability relating to the Proceeds and the Policy.

## FOR A THIRD DEFENSE

12.    Liberty Life's decision to stop payment on Plaintiff's claim upon receiving notice of the adverse claims was reasonable, was made in good faith, and was not arbitrary and capricious or an abuse of discretion.

## FOR A FOURTH DEFENSE

13.    Plaintiff's claim in the Complaint, to the extent it is based upon state law, is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.,

## FOR A FIFTH DEFENSE

14.    The Complaint, to the extent the other adverse claimants are not joined,

should be dismissed for failure to exhaust administrative remedies under ERISA.

### FOR A SIXTH DEFENSE

15.    To the extent all adverse claimants are not joined, based on the lack of any improper conduct by Defendant, Liberty Life requests that the Court order its attorneys' fees and costs.

### DEFENDANT'S COUNTERCLAIMS AND PROPOSED CROSS-CLAIMS AGAINST PARTIES TO BE JOINED PURSUANT TO RULE 19

For its counterclaims and proposed cross-claims in this matter, Defendant Liberty Life, through its undersigned counsel, alleges as follows:

1.    Liberty Life seeks interpleader, pursuant to 28 U.S.C. § 1335 and Rule 22, Fed.R.Civ.P., to determine entitlement to $71,000.00, plus accrued interest, in life insurance proceeds ("Proceeds") payable by reason of the death of Decedent, an employee insured under a group life insurance policy issued by Liberty Life to Decedent's employer, which Proceeds Liberty Life stands ready to pay into the Court's registry when directed by the Court.

### THE PARTIES

2.    Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

3.    Plaintiff Michael Hand ("Plaintiff") is a resident of DuPage County, Illinois. Upon information and belief, Plaintiff was Decedent's husband at the time of her death.

4.    Floyd Olson ("Olson"), who is not currently a named party, is a resident of the State of California. Upon information and belief, Olson is Decedent's maternal grandfather.

5.    Barbara E. Coffman ("Coffman"), who is not currently a named party, is a resident of the State of California. Upon information and belief, Coffman is Decedent's maternal grandmother.

6.       James Potter ("Potter"), who is not currently a named party, is a resident of Barrington, Illinois. Upon information and belier, Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff's asserted claim to the Proceeds.

## JURISDICTION AND VENUE

7.       This court has original jurisdiction of Plaintiff's Complaint as it involves claims that relate to the laws of the United States. Specifically, Plaintiff asserts a claim for benefits allegedly due under the Policy, which was issued by Liberty Life to Liberty Mutual. Liberty Life issued the Policy pursuant to the Plan, which provides life insurance benefits to employees of Liberty Mutual and associated companies. Thus, the Policy is part of an employee welfare benefits plan as defined by ERISA. A copy of the Policy is attached as Exhibit A.

8.       This court has original jurisdiction of Liberty Life's counterclaims and proposed cross-claims pursuant to 28 U.S.C. § 1335 because Liberty Life has received competing claims for life insurance benefits in excess of $500.00 by minimally diverse claimants.

9.       This court also has original federal-question jurisdiction of both Plaintiff's Complaint and Liberty Life's counterclaims and proposed cross-claims pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), because the Proceeds at issue in this matter are life insurances benefits provided through an employee welfare benefit plan subject to ERISA. Plaintiff, Olson, Coffman, and Potter (collectively, "adverse claimants") have asserted conflicting claims to the Proceeds at issue herein. In the Complaint, Plaintiff seeks a declaratory judgment that he is entitled to the Proceeds. As such, the Complaint seeks relief cognizable under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and ERISA's civil enforcement provisions, namely 29 U.S.C. § 1132(a)(1)(B) (claim for benefits due) and 29 U.S.C. §

-5-

1132(a)(3) (claim for equitable relief for violation of ERISA or an ERISA plan).  Liberty Life's

counter-claims and proposed cross-claims are similarly cognizable pursuant to the same

provisions, because Plaintiff and each of the non-party adverse claimants could bring an action

for benefits due pursuant to 29 U.S.C. § 1132(a)(1)(B).

10.     This Court has personal jurisdiction over Plaintiff, and is entitled to assert

personal jurisdiction over Potter, in that each is a citizen and resident of the State of Illinois.

11.     This Court is entitled to assert personal jurisdiction over Olson and

Coffman, in that each has, or claims to have, an interest in the life insurance proceeds payable by

reason of the death of an employee insured under a policy issued and maintained pursuant to an

ERISA welfare benefit plan for employees of Liberty Mutual, including, but not limited to,

employees in the State of Illinois.  Accordingly, both Olson and Coffman are subject to the

Court's personal jurisdiction through the nationwide service of process provisions of 29 U.S.C. §

1132(e)(2) and Rule 4(k)(1)(D), Fed.R.Civ.P.

12.     Venue is appropriate pursuant to 28 U.S.C. §§ 1391 and 1397 in that

Plaintiff resides in this District.

## FACTS

13.     Liberty Life issued the Policy to Liberty Mutual on or about January 1,

1997.  The Policy attached hereto as Exhibit A formed part of the Liberty Mutual ERISA-

governed life insurance plan for its employees.

14.     Decedent had $71,000.00 in basic group life insurance coverage under the

Policy.  Thus, the total death benefit payable under the Policy by reason of Decedent's death is

$71,000.00.

15.     According to information provided by Decedent's employer to Liberty

-6-

Life, Plaintiff was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

16.     Plaintiff submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

17.     Liberty Life approved Plaintiff's claim and, on or about January 22, 2007, mailed a check to Plaintiff for the full amount of the Proceeds, plus accrued interest.

18.     On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

19.     Liberty Life immediately issued a stop-payment order to its bank on the check mailed to Plaintiff.

20.     On or about January 29, 2007, Liberty Life issued correspondence to Plaintiff and to Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless the claimants advised Liberty Life within 30 days that they had settled their dispute between themselves.

21.     On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Plaintiff regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Plaintiff.

22.     On or about March 6, 2007, Liberty Life assigned the adverse claims to the undersigned counsel for initiation of an interpleader action against all of the adverse claimants.

23.     On March 5, 2007, Liberty Life was served with a copy of the Summons and Complaint for Plaintiff's declaratory judgment action, which Plaintiff had filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois,

DuPage County.  Liberty Life had no prior notice of the state action.

## COUNT I:  INTERPLEADER

24.    Plaintiff contends he is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

25.    Olson and Coffman contend Coffman is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

26.    Potter has purported to assert a claim or lien against some or all of the Proceeds in Liberty Life's hands through assignment by Plaintiff.

27.    Liberty Life is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to the Proceeds without the risk of litigation by the other claimants.  In other words, Liberty Life faces the threat of multiple litigation with the potential for incurring duplicative liability, and therefore cannot reasonably pay the Proceeds to any of the adverse claimants.

28.    Liberty Life stands ready to pay the appropriate party the Proceeds due under the Policy.  The adverse claims prevent Liberty Life, which claims no beneficial interest in the Proceeds, from making payment on any claim for the Proceeds.

29.    Pursuant to Rule 19, Fed.R.Civ.P., Liberty Life seeks the joinder of the non-party adverse claimants, and to interplead all the adverse claimants, pursuant to 28 U.S.C. § 1335 and Rule 22(1), Fed.R.Civ.P., for purposes of resolving all adverse claims to the Proceeds in one action, and to be discharged from all further liability with regard to said Proceeds.

30.    Liberty Life is prepared to deposit the Proceeds with the Court pursuant to the Court's instructions.

## COUNT II: CLAIM FOR EQUITABLE RELIEF
## PURSUANT TO § 1132(a)(3)(B)(ii) OF ERISA

31.    Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 30 immediately above.

32.    Under the terms of the Policy, Liberty Life has sole authority for determination of claims and benefits. As such, Liberty life is an ERISA fiduciary.

33.    Liberty Life has a fiduciary duty under ERISA and the Policy to disburse the insurance benefits according to the terms of the Policy, the information provided to Liberty Life, and the applicable law.  In the instant matter, Liberty Life received conflicting claims to the Proceeds. In order to protect itself from the risk of duplicative litigation and the potential for incurring duplicative liability for benefits payable because of Decedent's death, Liberty Life needs the assistance of the Court to inquire into the matter and to adjudicate the interests of the adverse claimants in a single proceeding.

34.    Accordingly, pursuant to § 1132(a)(3)(B)(ii) of ERISA, Liberty Life requests equitable relief through interpleader, and joinder of the non-party adverse claimants pursuant to Rule 19, for purposes of determining the proper beneficiary to receive the Proceeds at issue in this matter in a single action.

## COUNT III:  PETITION FOR DECLARATORY JUDGMENT

35.    Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 34 immediately above.

36.    Liberty Life is unable to determine which of the adverse claimants is entitled to the Proceeds at issue in this matter without facing the threat of multiple litigation with the potential for imposing duplicative liability under the Policy.

37.    Pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(1)(B) of ERISA,

this Court has jurisdiction and authority to declare the rights of the adverse claimants to the funds at issue in this matter, and to discharge Liberty Life from all further liability under the Policy.

38.    The controversy regarding the Proceeds is ripe for determination by the Court, in light of the conflicting adverse claims to the Proceeds.

39.    For purposes of judicial economy, and to avoid piecemeal litigation with the possibility of conflicting results with regard to Liberty Life's liability for disbursement of the Proceeds at issue, the Court should grant Liberty Life's request to join the non-party adverse claimants pursuant to Rule 19, Fed.R.Civ.P., and declare the respective rights and obligations of Liberty Life and all of the adverse claimants in a single action.

## **RELIEF REQUESTED**

WHEREFORE, Liberty Life prays that the Court order as follows:

40.    that all further proceedings in this matter be suspended pending joinder of all adverse claimants as Parties pursuant to Rule 19, Fed.R.Civ.P.;

41.    that each of the adverse claimants appear and seek adjudication or reach settlement among themselves regarding their respective rights and interests in the Proceeds under the Policy;

42.    that each of the adverse claimants are enjoined from instituting any other proceeding against Liberty Life, Liberty Mutual, or the Plan regarding the Proceeds payable under the Policy by reason of Decedent's death;

43.    that, in the event it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the Proceeds under the Policy, such person be joined and subjected to paragraph 42 of this request for relief;

44.    that Liberty Life be fully and finally discharged from all liability under the

-10-

Policy and dismissed from this action; and

      45.    such other and further relief as the Court may deem just and proper, or in the alternative, if all adverse claimants are not joined as Parties, dismissal of the Complaint pursuant to Rule 12(b)(7), Fed.R.Civ.P., for failure to join necessary and indispensable parties.


Date:  March 22, 2007                Respectfully submitted,

                            s/ Sara A. Weinberg
                            Sara A. Weinberg
                            Attorney for Defendant
                            **JACKSON LEWIS LLP**
                            320 W. Ohio Street, Suite 500
                            Chicago, Illinois 60610
                            Tel.: (312) 787-4949
                            Fax: (312) 787-4995
                            E-mail:  Weinbers@jacksonlewis.com


                            AND


                            Ashley B. Abel
                            Robert Wood (Pro Hac Vice Petition Pending)
                            **JACKSON LEWIS LLP**
                            Attorneys for Defendant
                            One Liberty Plaza
                            55 Beattie Place, Suite 800
                            Greenville, SC  29601
                            Tel.: (864)232 7000
                            Fax:  (864)235 1381
                            E-mail:  Abela@jacksonlewis.com
                                      Woodr@jacksonlewis.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing  DEFENDANT'S ANSWER TO

COMPLAINT AND COUNTERCLAIMS AND PROPOSED CROSS-CLAIMS AGAINST

PARTIES TO BE JOINED PURSUANT TO RULE 19   was served this day on Plaintiff via

Federal Express, overnight delivery, postage prepaid and addressed to:

> Michael Hand
> 207 N. WatersEdge, Unit 302
> Glendale Heights, IL  60130
> Tel. 630-532-1249

_/s/ Sara A. Weinberg_____

This 22nd day of March, 2007

# RIDER

to be attached to and made a part of
Group Policy No. SA3-800-000001-01
issued by

## LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
(Liberty)

to

## LIBERTY MUTUAL
(Sponsor)

Effective date of this Rider: January 1, 1998

## ACCELERATED BENEFIT RIDER

NOTE:  The receipt of an Accelerated Benefit may be taxable.  A covered employee should consult his or her tax consultant or legal advisor before applying for an Accelerated Benefit.

**Accelerated Death Benefit**

If, while insured under this policy, a covered employee gives Liberty satisfactory proof of having a terminal condition, such person may receive, a portion of his or her life insurance as an Accelerated Benefit.  Such insurance will be paid to the covered employee in one lump sum.

The term, "terminal condition" means a condition:

(a)    expected to result in the covered person's death within 12 months; and
(b)    from which there is no reasonable prospect of recovery.

The amount of Accelerated Benefit payable under this Rider is limited to the lesser of the following:

(a)    the Accelerated Benefit amount requested;  and
(b)    50% of the covered employee's life insurance that is in force on the date such person applies for an Accelerated Benefit; or
(c)    $250,000.

If the amount of a covered employee's life insurance under this policy is scheduled to reduce within 12 months following the date such person applies for the Accelerated Benefit, the benefit payable under this Rider will be based on the reduced amount.

**Application for an Accelerated Benefit**

A covered employee must apply for an Accelerated Benefit.  To apply, such person must give Liberty:

(a)    certification, from a licensed physician who is working within the scope of his license, and is not a member of the covered employee's family, that he or she has a terminal condition, as defined by this rider;
(b)    supporting evidence satisfactory to Liberty, documenting the terminal condition;
(c)    a completed claims form.

Form OP3-RID-0006

SA3-800-000001-01
Effective January 1, 1998

During the pendency of a claim, Liberty may, at its own expense, have a physician examine the covered person.

If the covered employee has assigned all or a portion of the life insurance under this policy or named an irrevocable beneficiary, the covered employee must also give Liberty a signed written consent form from the assignee or irrevocable beneficiary.

The Accelerated Benefit will be payable upon receipt of:

    (a)    satisfactory evidence of a terminal condition, as described above; and
    (b)    signed written consent from an assignee or irrevocable beneficiary, if required.

**Effect on Insurance**

The amount of a covered employee's life insurance will be reduced by the amount paid as an Accelerated Benefit. Premiums, if any, for the remaining portion of a covered employee's life insurance will be based on the amount of the remaining life insurance in effect after payment of the Accelerated Benefit. Receipt of an Accelerated Benefit does not affect any Accidental Death or Dismemberment insurance benefit in force on a covered employee's life.

**Exceptions**

No Accelerated Benefit will be paid if:

    (a)    the covered employee is required by a court of law to exercise this option to satisfy a claim of creditors, whether in bankruptcy or otherwise;
    (b)    the covered employee is required by a governmental agency to exercise this option in order to apply for, receive, or continue a government benefit or entitlement;
    (c)    all or a part of a covered employee's insurance must be paid to such person's children or spouse or former spouse as part of a divorce decree, separate maintenance agreement or property settlement agreement;
    (d)    the covered employee is married and lives in a community property state, unless such person's spouse has given Liberty signed written consent; or
    (e)    the covered employee has previously received an Accelerated Benefit under this policy or any other group policy held by the Sponsor.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Form OP3-RID-0006

SA3-800-000001-01
Effective January 1, 1998

## POLICY REISSUE AGREEMENT

**SPONSOR:**                    **LIBERTY MUTUAL**

**POLICY NUMBER:** SA3-800-000001-01

**EFFECTIVE DATE:** January 1, 1997

As of the above effective date, Liberty Life Assurance Company of Boston has issued a new Group Policy to the Sponsor. The new policy replaces a policy bearing the number 0-000001.

The new policy is a continuation of some of the coverages under the replaced policy. Nothing in the new policy will negate or change any action taken or rights incurred before the effective date of the new policy.

The provision of the new policy titled "Delayed Effective Date" will not apply to an employee and/or dependent who was covered under the replaced policy on the effective date of the new policy. However, if a covered active employee is not at work on the effective date of the new policy, any increase in or addition to benefits in such policy will not take effect until he returns to active work. If a covered retired employee or covered dependent is confined in a hospital, skilled nursing facility or rehabilitation facility on the effective date of the new policy, any increase or addition to benefits in such policy will not take effect until the confinement ends.

Benefits payable for claims arising prior to the effective date of the new policy will be paid in accordance with the terms of the replaced policy. Benefits payable for any claim arising on or after the effective date of the new policy will be paid in accordance with the terms of the new policy.

The Sponsor hereby accepts the new policy.

Liberty Life Assurance Company of Boston

Accepted by the Sponsor on:                    _____,1997

Liberty Mutual

By:                    _____

(Signature)

_____

(Title)

## GROUP INSURANCE POLICY

POLICY NUMBER:     SA3-800-000001-01

SPONSOR:           LIBERTY MUTUAL

ADDRESS:           175 Berkley Street
                   Boston, MA  02117

EFFECTIVE DATE:    January 1, 1997

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (Liberty) will pay any benefits due in accordance with the terms of this policy.  Liberty has issued this policy in consideration of the application and the payment of premium.**

This policy is effective at 12:01 A.M. Standard Time at the Sponsor's address on the effective date.  It will stay in force until terminated.

This policy is subject to the laws of the jurisdiction of the Sponsor's address.

Signed At Liberty's Home Office, 175 Berkeley Street, Boston, Massachusetts  02117.

Form OP3

TABLE OF CONTENTS

SECTION 1                    SCHEDULE OF BENEFITS

SECTION 2                    DEFINITIONS

SECTION 3                    ELIGIBILITY, EFFECTIVE DATE
                             AND TERMINATION PROVISIONS

SECTION 4                    GENERAL PROVISIONS

SECTION 5                    INSURANCE BENEFITS

SECTION 6                    PREMIUMS AND COPY OF
                             APPLICATION

Form OP3-TOC-0001

### SECTION 1 - SCHEDULE OF BENEFITS

The following schedule will be used to determine the amounts of coverage for each covered person.

<u>Classification of Covered Employees</u>

| | |
|---|---|
| Class 1 | All Active, Full-Time, Part-Time and Temporary Employees. |
| Class 2 | All Retirees who retired prior to 1/1/93. |
| Class 3 | All Other Retirees with 10 or more years of service. |
| Class 4 | All Employees of CUMIS General Insurance Company. |
| Class 5 | All Liberty Northwest Retirees who retired prior to 1/1/06. |

<u>Employee Life Insurance</u>

An Employee may elect one of the seven Life Insurance Plans. The plan elected is on file with the sponsor and may only be changed once per year during the Annual Enrollment Period or when an employee experiences a Qualified Family Status Change.

Note:   The Life Insurance Benefit will be based on the highest attained salary during employment.

Class                                                                     Amount of Insurance

Class 1                                                                    <u>OPTION 1</u>

$   5,000

<u>OPTION 2</u>

An amount equal to 1 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. *

<u>OPTION 3</u>

An amount equal to 2 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. *

<u>OPTION 4</u>

An amount equal to 3 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. *

<u>OPTION 5</u>

An amount equal to 4 times the covered employee's annual earnings. If not a multiple of $1,000, this amount will be rounded to the nearest multiple of $1,000. *

SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Employee Life Insurance** (continued)

Class                                                      Amount of Insurance

Class 1 (continued)                                        OPTION 6

An amount equal to 5 times the covered employee's
annual earnings. If not a multiple of $1,000, this amount
will be rounded to the nearest multiple of $1,000. *

OPTION 7

An amount equal to 6 times the covered employee's
annual earnings. If not a multiple of $1,000, this amount
will be rounded to the nearest multiple of $1,000. *

\*    Any amount of Life Insurance above the current benefit level is subject to proof of insurability to be
furnished at the covered employee's expense. Subject to the provisions of this policy titled "Effective
Date of Personal Coverage", such excess amount will take effect on the first of the month following the
date Liberty accepts such proof as satisfactory.

**Accidental Death and Dismemberment Insurance**

An Employee may elect one of the five Accidental Death and Dismemberment Insurance Plans. The
plan elected is on file with the sponsor and may only be changed once per year during the Annual
Enrollment Period or when an employee experiences a Qualified Family Status Change.

Class                                                      Full Amount

Class 1                                                    OPTION 1

$  5,000

OPTION 2

An amount equal to 1 times the covered employee's
annual earnings. If not a multiple of $1,000, this amount
will be rounded to the nearest multiple of $1,000. *

OPTION 3

An amount equal to 2 times the covered employee's
annual earnings. If not a multiple of $1,000, this amount
will be rounded to the nearest multiple of $1,000. *

OPTION 4

An amount equal to 3 times the covered employee's
annual earnings. If not a multiple of $1,000, this amount
will be rounded to the nearest multiple of $1,000. *

Form OP3-SCH-0002                                          SA3-800-000001-01 R (8)
                                                          Effective January 1, 2001

SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Accidental Death and Dismemberment Insurance** (continued)

Class                                                   **Full Amount**

Class 1 (continued)                                     OPTION 5

An amount equal to 4 times the covered employee's
annual earnings. If not a multiple of $1,000, this amount
will be rounded to the nearest multiple of $1,000. *

\*    If a covered employee becomes covered for an amount of Life Insurance in excess of one level above
the current benefit level in accordance with the above proof of insurability provision, he will become
covered for an equal amount of Accidental Death and Dismemberment Insurance. He will become
covered for this equal amount on the date his additional Life Insurance amount becomes effective.

Class                                                   **Voluntary Amount**

Class 4                                                 An amount elected by the covered employee in
increments of $10,000. If amount is over $250,000, it may
not exceed 10 times salary. This amount may not exceed
a maximum of $500,000 and a minimum of $10,000.

**Retiree Life Insurance**

Class                                                   **Amount of Insurance**

Class 2                                                 Amount on file with the Sponsor.

Class 3 and 5                                           OPTION 1

$ 5,000

OPTION 2

An amount equal to 1, 2, 3, 4, or 5 times the covered
employee's annual earnings just prior to retirement. If
not a multiple of $1,000, this amount will be rounded to
the nearest multiple of $1,000. The maximum amount
may not exceed $250,000.

**Annual Enrollment Period - Applicable to Employee Coverage** (Applicable to Class 1)

This policy has an Annual Enrollment Period each year during the month of October. An eligible
employee who has previously not enrolled for coverage may elect to be covered during this period and will
have to submit proof of insurability. An eligible employee who has previously enrolled for coverage may
elect to increase coverage and will have to submit proof of insurability. Proof of insurability will continue
to be required for employees who enroll outside of the Annual Enrollment Period or more than thirty one
days following their eligibility date, as provided in Section 3 - "Eligibility, Effective Date and Terminations
Section - Effective Date of Personal Coverage".

Form OP3-SCH-0003                                       SA3-800-000001-01 R (9)
                                                        Effective January 1, 2006

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

<u>Annual Enrollment Period - Applicable to Employee Coverage</u> (Applicable to Class 4)

This policy has an Annual Enrollment Period each year during the month of October. An eligible employee who has previously not enrolled for coverage may elect to be covered during this period and will have to submit proof of insurability. An eligible employee who has previously enrolled for coverage may elect to increase coverage and will have to submit proof of insurability. Proof of insurability will continue to be required for employees who enroll outside of the Annual Enrollment Period or more than thirty one days following their eligibility date, as provided in Section 3 - "Eligibility, Effective Date and Terminations Section - Effective Date of Personal Coverage".

### Reduction Formula (Applicable to Retirees Only)

The amount of Life Insurance applicable to the covered employee's class of benefits will reduce at age 71 or older as follows:

ages 71 - 74:   to 50%
ages 75 & up:   to 60%

### Applicable to Class 5

Note:   Retirees who retire prior to age 65, the Sponsor paid portion of retirement coverage reduces by 15% per year for five consecutive years beginning on January 1st following the first anniversary of the retirement date.

### Applicable to All Other Classes

Note:   Retirees who retire prior to age 65, the Sponsor paid portion of retirement coverage reduces by 15% per year for five consecutive years beginning on the first anniversary of the retirement date.

### Reduction Formula (Applicable to employees hired in 1992)

The amount of Life Insurance will reduce for covered, active, full-time employees age 65 or older as follows:

| OPTION 3 | | OPTION 4 | |
|---|---|---|---|
| AGES 65 TO 69 - | 100% OF 1 X PAY<br>+ 65% OF 1 X PAY | AGES 65 TO 69 - | 100% OF 1 X PAY<br>+ 65% OF 2 X PAY |
| AGES 70 TO 74 - | 100 % OF 1 X PAY<br>+ 43% OF 1 X PAY | AGES 70 TO 74 - | 100 % OF 1 X PAY<br>+ 43% OF 2 X PAY |
| AGES 75 TO 79 - | 100 % OF 1 X PAY<br>+ 32% OF 1 X PAY | AGES 75 TO 79 - | 100 % OF 1 X PAY<br>+ 32% OF 2 X PAY |
| AGES 80 & UP - | 100 % OF 1 X PAY<br>+ 19% OF 1 X PAY | AGES 80 & UP - | 100 % OF 1 X PAY<br>+ 19% OF 2 X PAY |

### SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Reduction Formula (Applicable to employees hired in 1992) (continued)**

| OPTION 5 | | OPTION 6 | |
|---|---|---|---|
| AGES 65 TO 69 - | 100% OF 1 X PAY<br>+ 65% OF 3 X PAY | AGES 65 TO 69 - | 100% OF 1 X PAY<br>+ 65% OF 4 X PAY |
| AGES 70 TO 74 - | 100 % OF 1 X PAY<br>+ 43% OF 3 X PAY | AGES 70 TO 74 - | 100 % OF 1 X PAY<br>+ 43% OF 4 X PAY |
| AGES 75 TO 79 - | 100 % OF 1 X PAY<br>+ 32% OF 3 X PAY | AGES 75 TO 79 - | 100 % OF 1 X PAY<br>+ 32% OF 4 X PAY |
| AGES 80 & UP - | 100 % OF 1 X PAY<br>+ 19% OF 3 X PAY | AGES 80 & UP - | 100 % OF 1 X PAY<br>+ 19% OF 4 X PAY |

The reduced amount of Life Insurance will be rounded to the nearest $1,000.

**Dependent Life Insurance (Applicable to Class 1)**

An Employee may elect one of the four Spouse Life Insurance Plans. The plan elected is on file with the sponsor and may only be changed once per year during the Annual Enrollment Period or when an employee experiences a Qualified Family Status Change.

| Classification of Covered Dependents | Amount of Insurance | | | |
|---|---|---|---|---|
| | OPTION 1 | OPTION 2 | OPTION 3 | OPTION 4 |
| Spouse | $ 5,000 | $ 25,000 | $ 75,000 | $ 100,000 |

**Dependent Life Insurance (Applicable to Class 1)**

An Employee may elect one of the three Dependent Child Life Insurance Plans. The plan elected is on file with the sponsor and may only be changed once per year during the Annual Enrollment Period or when an employee experiences a Qualified Family Status Change.

| Classification of Covered Dependents | Amount of Insurance | | |
|---|---|---|---|
| | OPTION 1 | OPTION 2 | OPTION 3 |
| Children - Age at Death | | | |
| Under 8 days | $ 0 | $ 0 | $ 0 |
| At least 8 days but under 19 years<br>(25 if a full-time student) | $ 2,000 | $ 5,000 | $ 10,000 |

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Dependent Accidental Death and Dismemberment Insurance (Applicable to Class 4)**

| Classification of Covered Dependents | Amount of Insurance |
|---|---|
| Spouse only | 60% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |
| Child(ren) only | The lessor of (a) $50,000 or (b) 20% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |
| Spouse and Child(ren) | |
| Spouse | 50% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |
| Child(ren) | The lessor of (a) $50,000 or (b) 10% of the covered employee's amount of Voluntary Accidental Death and Dismemberment Insurance. |

**Annual Enrollment Period - Applicable to Dependent Coverage**

This policy has an Annual Enrollment Period each year during the month of October. An eligible employee who has previously not enrolled for dependent coverage may elect to cover his dependents during this period and will have to submit proof of his dependent spouse's insurability if electing dependent spouse Life Insurance of $75,000 or greater . An eligible employee who has previously enrolled for dependent coverage may elect to increase dependent coverage and will have to submit proof of his dependent's insurability if electing dependent spouse Life Insurance of $75,000 or greater. Proof of insurability will continue to be required for employees who enroll their dependents outside of the Annual Enrollment Period or more than thirty one days following their dependents' eligibility date, as provided in Section 3 - "Eligibility, Effective Date and Terminations Provisions - Effective Date of Dependent Coverage".

**Employee Contributions Required:**

Applicable to All Active, Full-Time and Temporary Employees, except CUMIS General Insurance Company Employees:

| | | |
|---|---|---|
| Life Insurance: | Option 1: | No |
| | Option 2: | No |
| | All Other Options: | Yes |
| Accidental Death and Dismemberment Insurance: | | Yes |
| Dependent Life Insurance: | | Yes |

Applicable to All Active, Part-Time Employees, except CUMIS General Insurance Company Employees:

| | | |
|---|---|---|
| Life Insurance: | Option 1: | No |
| | All Other Options: | Yes |
| Accidental Death and Dismemberment Insurance: | | Yes |
| Dependent Life Insurance: | | Yes |

Form OP3-SCH-0006

SA3-800-000001-01 R (8)
Effective January 1, 2003

## SECTION 1 - SCHEDULE OF BENEFITS (continued)

**Employee Contributions Required: (continued)**

Applicable to All CUMIS General Insurance Company Employees:

| | |
|---|---|
| Voluntary Accidental Death and Dismemberment Insurance: | Yes |
| Voluntary Dependent Accidental Death and Dismemberment Insurance: | Yes |

**Increases and Decreases in Amounts of Coverage**

Any increase in or addition to the benefits will take effect on the date of the change.

Any such change applies only to loss of life or accidental injury that occurs on or after the effective date of the change.

If an active employee is not at work on the date the increase or addition is to take effect, it will take effect when he returns to active work. If a covered dependent is confined in a hospital, skilled nursing facility or rehabilitation facility on the date the increase or addition is to take effect, it will take effect when the confinement ends. If a retired employee is confined in a hospital, skilled nursing facility or rehabilitation facility on the date the increase or addition is to take effect, it will take effect when the confinement ends.

Any decrease in or deletion of benefits will take effect on the date of the change.

Any such change applies to loss of life or accidental injury that occurs on or after the effective date of the change.

Form OP3-SCH-0007

SA3-800-000001-01
Effective January 1, 2001

## SECTION 2 - DEFINITIONS

A masculine personal pronoun includes the feminine where the context requires.

"**Employee**" means an employee of the Sponsor who is eligible for coverage.

"**Active employee**" means an employee of the Sponsor who works: (a) regularly throughout the Sponsor's entire work week; and (b) at least 37.5 hours per week or for part-time employees at least 20 hours per week. The employee may work at any of the Sponsor's business locations. He may also work at any other location where the Sponsor's business requires him to travel. His main source of earned income must be his earnings received from the Sponsor.

"**Retired employee**" means one who is so classified by the Sponsor.

"**Covered employee**" means an active employee or a retired employee whose coverage is in effect. It does not include an employee whose coverage has ended.

"**Personal coverage**" means coverage of a covered employee with respect to himself.

"**Dependent**" means: (a) an employee's spouse; and (b) an employee's unmarried child (including any stepchild or legally adopted child from the date of the filing of a petition to adopt the child) under age 19. If an unmarried child age 19 or over is a full-time student as defined by the school being attended, he is a dependent until he reaches age 25. "Dependent" does not include a person who is a member of the armed forces.

"**Eligible dependent**" means a dependent of an employee who is eligible for coverage.

"**Covered dependent**" means a dependent whose coverage is in effect. It does not include a dependent whose coverage has ended.

"**Dependent coverage**" means coverage of a covered employee with respect to his dependents.

"**Covered person**" means a covered employee or a covered dependent.

"**Accidental injury**", or "**injury**" means bodily injury not caused by sickness. This includes related conditions and recurrent symptoms of such injury.

"**Sickness**" means disease or illness including related conditions and recurrent symptoms of the sickness. Sickness also includes pregnancy.

**Applicable to Part-Time Employees** "**Earnings**" means annual rate of salary which shall equal the hourly rate of pay times 20 hours times 52 weeks. It does not include overtime or any other form of additional compensation. *

**Applicable to All Other Employees** "**Earnings**" means annual rate of salary and bonuses within the last 12 months. It does not include overtime or any other form of additional compensation. *

   * Earnings shall be the rate that is in effect on the date of hire or the prior August 31st, whichever is most recent.

## SECTION 2 – DEFINITIONS (continued)

"Total disability" or "totally disabled", with respect to an active employee, means the complete inability to work at any job because of accidental injury or sickness.

"Total disability" or "totally disabled", with respect to a covered dependent and retired employee, means the complete inability to do the normal activities of a person of the same age and sex in good health.

## SECTION 3 - ELIGIBILITY, EFFECTIVE DATE AND TERMINATION PROVISIONS

### ELIGIBILITY

**Personal Coverage**

The following classes will be eligible for coverage:

    All Active Employees - **Waiting Period** = None.

If a person is an active employee of the Sponsor in an eligible class on the effective date of the policy, and he has completed the waiting period, he is eligible for coverage on that date.

If an active employee of the Sponsor in an eligible class has not completed the waiting period on the effective date of the policy, he will be eligible for coverage on the date he completes such waiting period.

If a person becomes an active employee of the Sponsor in an eligible class after the effective date of the policy, he will be eligible for coverage on the date he completes the waiting period.

If a person is a retired employee of the Sponsor on the effective date of the policy, he is eligible for Life Insurance on that date.

If an active employee of the Sponsor (as shown above) becomes a retired employee after the effective date of the policy, he will continue to be eligible for Life Insurance.

If a person's employment ends and he is rehired, he must complete any required waiting period unless he is rehired within 12 months.

**Dependent Coverage**

Each employee eligible for personal coverage is eligible for dependent coverage on the later of:

(a)    the date eligible for personal coverage if on that date he has dependents; or

(b)    the date he acquires a dependent if on that date he is eligible for personal coverage.

If both parents are eligible for personal coverage, only one is eligible for dependent coverage for their dependent children.

Form OP3-ELG-0001