5.      Barbara E. Coffman ("Coffman"), who was joined as a defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California. Upon information and belief, Coffman is Decedent's maternal grandmother.

**ANSWER:**    OLSON admits that Ms. Coffman is a resident of the State of California and that she was joined as a party to this action on or about May 4, 2007. OLSON denies that Ms. Coffman is Ms. Barrett's maternal grandmother and further states that she is Ms. Barrett's mother.

6.      James Potter ("Potter"), who was joined as a defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Upon information and belier, Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff's asserted claim to the Proceeds.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 6 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 6 of the Cross Complaint.

7.      This court has original jurisdiction of Plaintiff's Complaint as it involves claims that relate to the laws of the United States. Specifically, Plaintiff asserts a claim for benefits allegedly due under the Policy, which was issued by Liberty Life to Liberty Mutual. Liberty Life issued the Policy pursuant to the Plan, which provides life insurance benefits to employees of Liberty Mutual and associated companies. Thus, the Policy is part of an employee welfare benefits plan as defined by ERISA. A copy of the Policy is attached as Exhibit A.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 7 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 7 of the Cross Complaint.

8.      This court has original jurisdiction of Liberty Life's counterclaims and proposed cross-claims pursuant to 28 U.S.C. § 1335 because Liberty Life has received competing claims for life insurance benefits in excess of $500.00 by minimally diverse claimants.

117760 (8762.000)

**ANSWER:**   OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 8 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 8 of the Cross Complaint.

> 9.     This court also has original federal-question jurisdiction of both Plaintiff's Complaint and Liberty Life's counterclaims and proposed cross-claims pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), because the Proceeds at issue in this matter are life insurances benefits provided through an employee welfare benefit plan subject to ERISA. Plaintiff, Olson, Coffman, and Potter (collectively, "adverse claimants") have asserted conflicting claims to the Proceeds at issue herein. In the Complaint, Plaintiff seeks a declaratory judgment that he is entitled to the Proceeds. As such, the Complaint seeks relief cognizable under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and ERISA's civil enforcement provisions, namely 29 U.S.C. § 1132(a)(1)(B) (claim for benefits due) and 29 U.S.C. § 1132(a)(3) (claim for equitable relief for violation of ERISA or an ERISA plan). Liberty Life's counter-claims and proposed cross-claims are similarly cognizable pursuant to the same provisions, because Plaintiff and each of the non-party adverse claimants could bring an action for benefits due pursuant to 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:**   OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 9 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 9 of the Cross Complaint.

> 10.     This Court has personal jurisdiction over Plaintiff, and is entitled to assert personal jurisdiction over Potter, in that each is a citizen and resident of the State of Illinois.

**ANSWER:**   OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 10 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 10 of the Cross Complaint.

> 11.     This Court is entitled to assert personal jurisdiction over Olson and Coffman, in that each has, or claims to have, an interest in the life insurance proceeds payable by reason of the death of an employee insured under a policy issued and maintained pursuant to an ERISA welfare benefit plan for employees of Liberty Mutual, including, but not limited to, employees in the State of Illinois. Accordingly, both Olson and Coffman are subject to the Court's personal jurisdiction through the nationwide service of process provisions of 29 U.S.C. § 1132(e)(2) and Rule 4(k)(1)(D), Fed.R.Civ.P.

117760 (8762.000)

**ANSWER:**    OLSON admits that both Mr. Olson and Ms. Coffman consent to jurisdiction in this Court subject to their objections to venue in this District.  OLSON otherwise denies the allegations of ¶ 11 of the Cross Complaint.

12.    Venue is appropriate pursuant to 28 U.S.C. §§ 1391 and 1397 in that Plaintiff resides in this District.

**ANSWER:**    OLSON denies the allegations of ¶ 12 of the Cross Complaint.

13.    Liberty Life issued the Policy to Liberty Mutual on or about January 1, 1997. The Policy attached hereto as Exhibit A formed part of the Liberty Mutual ERISA-governed life insurance plan for its employees.

**ANSWER:**    OLSON admits the allegations of ¶ 13 of the Cross Complaint.

14.    Decedent had $71,000.00 in basic group life insurance coverage under the Policy. Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00.

**ANSWER:**    OLSON admits the allegations of ¶ 14 of the Cross Complaint.

15.    According to information provided by Decedent's employer to Liberty Life, Plaintiff was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 15 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 15 of the Cross Complaint.

16.    Plaintiff submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

**ANSWER:**    OLSON admits the allegations of ¶ 16 of the Cross Complaint.

17.    Liberty Life approved Plaintiff's claim and, on or about January 22, 2007, mailed a check to Plaintiff for the full amount of the Proceeds, plus accrued interest.

**ANSWER:**    OLSON admits the allegations of ¶ 17 of the Cross Complaint.

18.    On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

117760 (8762.000)

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 18 of the Cross Complaint except to the extent that OLSON admits that Coffman alone is entitled to the proceeds of the policy in issue.  To the extent a further response is required, OLSON denies the allegations of ¶ 18 of the Cross Complaint.

19.    Liberty Life immediately issued a stop-payment order to its bank on the check mailed to Plaintiff.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 19 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 19 of the Cross Complaint.

20.    On or about January 29, 2007, Liberty Life issued correspondence to Plaintiff and to Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless the claimants advised Liberty Life within 30 days that they had settled their dispute between themselves.

**ANSWER:**    OLSON admits that Mr. Olson received a letter from Liberty Life dated January 29, 2007 with respect to the policy proceeds and further states that such letter speaks for itself.  OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the balance of the allegations of ¶ 20 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 20 of the Cross Complaint.

21.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Plaintiff regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Plaintiff.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 21 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 21 of the Cross Complaint.

117760 (8762.000)

22.    On or about March 6, 2007, Liberty Life assigned the adverse claims to the undersigned counsel for initiation of an interpleader action against all of the adverse claimants.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 22 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 22 of the Cross Complaint.

23.    On March 5, 2007, Liberty Life was served with a copy of the Summons and Complaint for Plaintiff's declaratory judgment action, which Plaintiff had filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County. Liberty Life had no prior notice of the state action.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 23 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 23 of the Cross Complaint.

24.    Plaintiff contends he is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

**ANSWER:**    OLSON admits that Mr. Hand has asserted that he alone is entitled to the proceeds of the policy but denies that Mr. Hand is so entitled because Ms. Barrett effectively instructed Liberty Life to change the beneficiary of the policy before Mr. Hand asserted his claim.

25.    Olson and Coffman contend Coffman is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

**ANSWER:**    OLSON admits the allegations of ¶ 25 of the Cross Complaint.

26.    Potter has purported to assert a claim or lien against some or all of the Proceeds in Liberty Life's hands through assignment by Plaintiff.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 26 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 26 of the Cross Complaint.

117760 (8762.000)

27.     Liberty Life is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to the Proceeds without the risk of litigation by the other claimants. In other words, Liberty Life faces the threat of multiple litigation with the potential for incurring duplicative liability, and therefore cannot reasonably pay the Proceeds to any of the adverse claimants.

**ANSWER:**     OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 27 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 27 of the Cross Complaint.

28.     Liberty Life stands ready to pay the appropriate party the Proceeds due under the Policy. The adverse claims prevent Liberty Life, which claims no beneficial interest in the Proceeds, from making payment on any claim for the Proceeds.

**ANSWER:**     OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 28 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 28 of the Cross Complaint.

29.     Pursuant to Rule 19, Fed.R.Civ.P., Liberty Life seeks the joinder of the non-party adverse claimants, and to interplead all the adverse claimants, pursuant to 28 U.S.C. § 1335 and Rule 22(1), Fed.R.Civ.P., for purposes of resolving all adverse claims to the Proceeds in one action, and to be discharged from all further liability with regard to said Proceeds.

**ANSWER:**     The allegations of ¶ 29 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 29.

30.     Liberty Life is prepared to deposit the Proceeds with the Court pursuant to the Court's instructions.

**ANSWER:**     The allegations of ¶ 30 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 30.

31.     Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 30 immediately above.

117760 (8762.000)

**ANSWER:**    OLSON incorporates by reference its response to ¶¶ 1-30, inclusive, as the response to ¶ 31 of the Cross Claim as if fully set forth herein.

32.    Under the terms of the Policy, Liberty Life has sole authority for determination of claims and benefits. As such, Liberty life is an ERISA fiduciary.

**ANSWER:**    The allegations of ¶ 32 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 32.

33.    Liberty Life has a fiduciary duty under ERISA and the Policy to disburse the insurance benefits according to the terms of the Policy, the information provided to Liberty Life, and the applicable law. In the instant matter, Liberty Life received conflicting claims to the Proceeds. In order to protect itself from the risk of duplicative litigation and the potential for incurring duplicative liability for benefits payable because of Decedent's death, Liberty Life needs the assistance of the Court to inquire into the matter and to adjudicate the interests of the adverse claimants in a single proceeding.

**ANSWER:**    The allegations of ¶ 33 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 33.

34.    Accordingly, pursuant to § 1132(a)(3)(B)(ii) of ERISA, Liberty Life requests equitable relief through interpleader, and joinder of the non-party adverse claimants pursuant to Rule 19, for purposes of determining the proper beneficiary to receive the Proceeds at issue in this matter in a single action.

**ANSWER:**    The allegations of ¶ 34 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 34.

35.    Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 34 immediately above.

**ANSWER:**    OLSON incorporates by reference its responses to ¶¶ 1-34, inclusive, to the Cross Complaint as if fully set forth herein.

117760 (8762.000)

36.    Liberty Life is unable to determine which of the adverse claimants is entitled to the Proceeds at issue in this matter without facing the threat of multiple litigation with the potential for imposing duplicative liability under the Policy.

**ANSWER:**    The allegations of ¶ 36 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 36.

37.    Pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(1)(B) of ERISA, this Court has jurisdiction and authority to declare the rights of the adverse claimants to the funds at issue in this matter, and to discharge Liberty Life from all further liability under the Policy.

**ANSWER:**    The allegations of ¶ 37 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 37.

38.    The controversy regarding the Proceeds is ripe for determination by the Court, in light of the conflicting adverse claims to the Proceeds.

**ANSWER:**    OLSON admits the allegations of ¶ 38 of the Cross Claim.

39.    For purposes of judicial economy, and to avoid piecemeal litigation with the possibility of conflicting results with regard to Liberty Life's liability for disbursement of the Proceeds at issue, the Court should grant Liberty Life's request to join the non-party adverse claimants pursuant to Rule 19, Fed.R.Civ.P., and declare the respective rights and obligations of Liberty Life and all of the adverse claimants in a single action.

**ANSWER:**    The allegations of ¶ 39 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 39.

## AFFIRMATIVE DEFENSES

Defendants FLOYD OLSON and BARBARA E. COFFMAN (collectively, "OLSON") state as follows as their affirmative defenses to the Complaint:

117760 (8762.000)

## FIRST AFFIRMATIVE DEFENSE

Venue for the Plaintiff's Complaint is improper in the Northern District of Illinois and instead should be transferred to the Southern District of California.

## SECOND AFFIRMATIVE DEFENSE

Ms. Barrett gave express authority and instructions to Mr. Olson to have the beneficiary of the life insurance policy issued in her favor changed to her mother, Barbara E. Coffman, and Mr. Olson complied with those instructions by sending a written request to Liberty Life to that effect, thereby terminating Plaintiff's interest in and right to recover under the policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

In light of the vague and ambiguous allegations of Plaintiff's Complaint, the absence of any disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the lack of discovery, OLSON reserves the right to amend these affirmative defenses or to assert additional affirmative defenses at trial.

**WHEREFORE,** OLSON respectfully requests that this Honorable Court enter judgment in OLSON's favor and against Liberty Life on Plaintiff's Complaint and further enter an order:

a)    Finding that venue is this District is improper and that this action should be transferred to the Southern District of California;

b)    Declaring that Defendant Barbara E. Coffman is the rightful beneficiary under the policy; and

c)    Granting OLSON such other and further relief as this Court may deem just and proper.

DATED: July 13, 2007

Respectfully Submitted:

FLOYD OLSON & BARBARA E. COFFMAN

By: _____
Matthew R. Wildermuth
2007.07.13 22:45:21 -05'00'

One of their Attorneys

ATTORNEYS FOR DEFENDANTS\
CROSS DEFENDANTS FLOYD OLSON
& BARBARA E. COFFMAN

Paula K. Jacobi
Matthew R. Wildermuth
SUGAR, FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400; (312) 372-7951 (fax)

117760 (8762.000)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HAND,<br><br>    Plaintiff<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON, BARBARA E. COFFMAN and JAMES POTTER,<br><br>    Defendants<br>————————————————<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Counter\Cross Plaintiff<br><br>vs.<br><br>MICHAEL HAND, FLOYD OLSON, BARBARA E. COFFMAN and JAMES POTTER,<br><br>    Counter\Cross Defendants | Case No. 1:07-cv-01422<br><br><br>Judge Milton I. Shadur<br><br>Magistrate Judge Nan R. Nolan |

## DEFENDANTS\CROSS DEFENDANTS FLOYD OLSON AND BARBARA E. COFFMAN'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT & CROSS CLAIM

Defendants\Cross Defendants FLOYD OLSON and BARBARA E. COFFMAN

(collectively, "OLSON") state as follows in answer to the Complaint of Michael Hand:

1.     The Plaintiffs at all times relevant to this Complaint resided in the Village of Glendale Heights, DuPage County, Illinois.

**ANSWER:**     OLSON admits the allegations of ¶ 1 of the Complaint.

117760 (8762.000)

2.      The Defendant at all times relevant to this Complaint was a Corporation authorized to do business in the State of Illinois and in particular was in the business of providing term life insurance policies to Illinois residences.

        **ANSWER:**    OLSON lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of ¶ 2 of the Complaint.  To the extent a further response is

required, OLSON denies said allegations.

3.      On or about January 1, 2004 Plaintiff's spouse, CASSIE E. BARRETT received a term life insurance policy from the Defendant as a part of her benefits package as an employee of the Defendant.  A copy of said Policy is attached as Exhibit "A".

        **ANSWER:**    OLSON admits the allegations of ¶ 3 of the Complaint.

4.      That on October 21, 2006 CASSIE E. BARRETT passed away.  A copy of her death certificate is attached as Exhibit "B".

        **ANSWER:**    OLSON admits the allegations of ¶ 4 of the Complaint.

5.      That shortly after her death the Plaintiff, named beneficiary of Exhibit "A" made a claim for the proceeds under the terms of the policy.

        **ANSWER:**    OLSON admits that Plaintiff asserted a claim for the proceeds of the life

insurance policy at issue.  OLSON denies that Plaintiff was the named beneficiary of the policy

at the time he asserted his claim.  OLSON denies the balance of the allegations of ¶ 5 of the

Complaint.

6.      That on or about January 24, 2007 the defendant tendered the plaintiff the proceeds check.  A copy of the check is attached as Exhibit "C".

        **ANSWER:**    OLSON lacks knowledge of the allegations of ¶ 6 of the Complaint.

7.      That on January 26, 2007 the Defendant notified the plaintiff that it had conflicting claims and stopped payment on said check.  A copy of the notification of the stop payment is Exhibit "D".

        **ANSWER:**    OLSON admits the allegations of ¶ 7 of the Complaint.

117760 (8762.000)

8.    That claim of the parents of CASSIE E. BARRETT has no merit as the plaintiff is
the only named beneficiary of said policy.

**ANSWER:**    OLSON denies the allegations of ¶8 of the Complaint. Further

answering, OLSON states that Ms. Barrett knowingly executed a power of attorney form giving

her grandfather Floyd Olson authority to carry out her instructions regarding the disposition of

her property and other financial affairs. At Ms. Barrett's express direction, Mr. Olson prepared

and transmitted a letter to Liberty Life Assurance Company of Boston (the insurer that issued a

life insurance policy on Ms. Barrett's life in her capacity as an employee of Liberty Mutual

Insurance Company) requesting Liberty Life to change the beneficiary of her life insurance

policy to her mother, Barbara E. Coffman, in recognition of Ms. Coffman's care, services,

financial contributions, love and affection for the last two years of her life. Ms. Barrett died on

October 21, 2006 before Liberty Life formally responded to Mr. Olson's request to change the

beneficiary. However, pursuant to the express terms and conditions of the policy, Mr. Olson's

transmission of a written request to Liberty Life to change the beneficiary of the policy on Ms.

Barrett's behalf and at her express direction was effective as of the date he mailed the letter to

Liberty Life.

## AFFIRMATIVE DEFENSES

Defendants FLOYD OLSON and BARBARA E. COFFMAN (collectively, "OLSON")

state as follows as their affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

Venue for the Plaintiff's Complaint is improper in the Northern District of Illinois and

instead should be transferred to the Southern District of California.

117760 (8762.000)

### SECOND AFFIRMATIVE DEFENSE

Ms. Barrett gave express authority and instructions to Mr. Olson to have the beneficiary of the life insurance policy issued in her favor changed to her mother, Barbara E. Coffman, and Mr. Olson complied with those instructions by sending a written request to Liberty Life to that effect, thereby terminating Plaintiff's interest in and right to recover under the policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

In light of the vague and ambiguous allegations of Plaintiff's Complaint, the absence of any disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the lack of discovery, OLSON reserves the right to amend these affirmative defenses or to assert additional affirmative defenses at trial.

**WHEREFORE,** OLSON respectfully requests that this Honorable Court enter judgment in OLSON's favor and against Plaintiff on Plaintiff's Complaint and further enter an order:

a) Finding that venue is this District is improper and that this action should be transferred to the Southern District of California;

b) Declaring that Defendant Barbara E. Coffman is the rightful beneficiary under the policy; and

c) Granting OLSON such other and further relief as this Court may deem just and proper.

117760 (8762.000)

## ANSWER AND AFFIRMATIVE DEFENSES TO CROSS CLAIM OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Cross Defendants FLOYD OLSON and BARBARA E. COFFMAN (collectively, "OLSON") state as follows in answer to the Cross Claim of Liberty Life Assurance Company of Boston:

1.      Liberty Life seeks interpleader, pursuant to 28 U.S.C. § 1335 and Rule 22, Fed.R.Civ.P., to determine entitlement to $71,000.00, plus accrued interest, in life insurance proceeds ("Proceeds") payable by reason of the death of Decedent, an employee insured under a group life insurance policy issued by Liberty Life to Decedent's employer, which Proceeds Liberty Life stands ready to pay into the Court's registry when directed by the Court.

**ANSWER:**    The allegations of ¶ 1 of the Cross Claim are a narrative and therefore require no response from OLSON.  To the extent a further response is required, OLSON denies the allegations of ¶ 1 of the Cross Claim.

2.      Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 2 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 2 of the Cross Complaint.

3.      Plaintiff Michael Hand ("Plaintiff") is a resident of DuPage County, Illinois. Upon information and belief, Plaintiff was Decedent's husband at the time of her death.

**ANSWER:**    OLSON admits the allegations of ¶ 3 of the Cross Complaint.

4.      Floyd Olson ("Olson"), who was joined as a defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California. Upon information and belief, Olson is Decedent's maternal grandfather.

**ANSWER:**    OLSON admits the allegations of ¶ 4 of the Cross Complaint.

117760 (8762.000)

5.      Barbara E. Coffman ("Coffman"), who was joined as a defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California. Upon information and belief, Coffman is Decedent's maternal grandmother.

**ANSWER:**    OLSON admits that Ms. Coffman is a resident of the State of California and that she was joined as a party to this action on or about May 4, 2007. OLSON denies that Ms. Coffman is Ms. Barrett's maternal grandmother and further states that she is Ms. Barrett's mother.

6.      James Potter ("Potter"), who was joined as a defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Upon information and belier, Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff's asserted claim to the Proceeds.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 6 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 6 of the Cross Complaint.

7.      This court has original jurisdiction of Plaintiff's Complaint as it involves claims that relate to the laws of the United States. Specifically, Plaintiff asserts a claim for benefits allegedly due under the Policy, which was issued by Liberty Life to Liberty Mutual. Liberty Life issued the Policy pursuant to the Plan, which provides life insurance benefits to employees of Liberty Mutual and associated companies. Thus, the Policy is part of an employee welfare benefits plan as defined by ERISA. A copy of the Policy is attached as Exhibit A.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 7 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 7 of the Cross Complaint.

8.      This court has original jurisdiction of Liberty Life's counterclaims and proposed cross-claims pursuant to 28 U.S.C. § 1335 because Liberty Life has received competing claims for life insurance benefits in excess of $500.00 by minimally diverse claimants.

**ANSWER:** OLSON lacks knowledge or information sufficient to admit or deny the

truth or falsity of the allegations of ¶ 8 of the Cross Complaint. To the extent a further response

is required, OLSON denies the allegations of ¶ 8 of the Cross Complaint.

> 9.     This court also has original federal-question jurisdiction of both Plaintiff's
> Complaint and Liberty Life's counterclaims and proposed cross-claims pursuant
> to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), because the
> Proceeds at issue in this matter are life insurances benefits provided through an
> employee welfare benefit plan subject to ERISA. Plaintiff, Olson, Coffman, and
> Potter (collectively, "adverse claimants") have asserted conflicting claims to the
> Proceeds at issue herein. In the Complaint, Plaintiff seeks a declaratory judgment
> that he is entitled to the Proceeds. As such, the Complaint seeks relief cognizable
> under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and ERISA's
> civil enforcement provisions, namely 29 U.S.C. § 1132(a)(1)(B) (claim for
> benefits due) and 29 U.S.C. § 1132(a)(3) (claim for equitable relief for violation
> of ERISA or an ERISA plan). Liberty Life's counter-claims and proposed cross-
> claims are similarly cognizable pursuant to the same provisions, because Plaintiff
> and each of the non-party adverse claimants could bring an action for benefits due
> pursuant to 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:** OLSON lacks knowledge or information sufficient to admit or deny the

truth or falsity of the allegations of ¶ 9 of the Cross Complaint. To the extent a further response

is required, OLSON denies the allegations of ¶ 9 of the Cross Complaint.

> 10.     This Court has personal jurisdiction over Plaintiff, and is entitled to assert
> personal jurisdiction over Potter, in that each is a citizen and resident of the State
> of Illinois.

**ANSWER:** OLSON lacks knowledge or information sufficient to admit or deny the

truth or falsity of the allegations of ¶ 10 of the Cross Complaint. To the extent a further

response is required, OLSON denies the allegations of ¶ 10 of the Cross Complaint.

> 11.     This Court is entitled to assert personal jurisdiction over Olson and
> Coffman, in that each has, or claims to have, an interest in the life insurance
> proceeds payable by reason of the death of an employee insured under a policy
> issued and maintained pursuant to an ERISA welfare benefit plan for employees
> of Liberty Mutual, including, but not limited to, employees in the State of Illinois.
> Accordingly, both Olson and Coffman are subject to the Court's personal
> jurisdiction through the nationwide service of process provisions of 29 U.S.C. §
> 1132(e)(2) and Rule 4(k)(1)(D), Fed.R.Civ.P.

117760 (8762.000)

**ANSWER:**    OLSON admits that both Mr. Olson and Ms. Coffman consent to

jurisdiction in this Court subject to their objections to venue in this District.  OLSON otherwise

denies the allegations of ¶ 11 of the Cross Complaint.

12.    Venue is appropriate pursuant to 28 U.S.C. §§ 1391 and 1397 in that
Plaintiff resides in this District.

**ANSWER:**    OLSON denies the allegations of ¶ 12 of the Cross Complaint.

13.    Liberty Life issued the Policy to Liberty Mutual on or about January 1,
1997. The Policy attached hereto as Exhibit A formed part of the Liberty Mutual
ERISA-governed life insurance plan for its employees.

**ANSWER:**    OLSON admits the allegations of ¶ 13 of the Cross Complaint.

14.    Decedent had $71,000.00 in basic group life insurance coverage under the
Policy. Thus, the total death benefit payable under the Policy by reason of
Decedent's death is $71,000.00.

**ANSWER:**    OLSON admits the allegations of ¶ 14 of the Cross Complaint.

15.    According to information provided by Decedent's employer to Liberty
Life, Plaintiff was the sole designated beneficiary for the Proceeds as of the date
of Decedent's death.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the

truth or falsity of the allegations of ¶ 15 of the Cross Complaint.  To the extent a further

response is required, OLSON denies the allegations of ¶ 15 of the Cross Complaint.

16.    Plaintiff submitted a claim for the Proceeds to Liberty Life on or about
January 17, 2007.

**ANSWER:**    OLSON admits the allegations of ¶ 16 of the Cross Complaint.

17.    Liberty Life approved Plaintiff's claim and, on or about January 22, 2007,
mailed a check to Plaintiff for the full amount of the Proceeds, plus accrued
interest.

**ANSWER:**    OLSON admits the allegations of ¶ 17 of the Cross Complaint.

18.    On or about January 25, 2007, Liberty Life received correspondence from
Olson asserting that Coffman was solely entitled to the Proceeds.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 18 of the Cross Complaint except to the extent that OLSON admits that Coffman alone is entitled to the proceeds of the policy in issue.  To the extent a further response is required, OLSON denies the allegations of ¶ 18 of the Cross Complaint.

19.    Liberty Life immediately issued a stop-payment order to its bank on the check mailed to Plaintiff.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 19 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 19 of the Cross Complaint.

20.    On or about January 29, 2007, Liberty Life issued correspondence to Plaintiff and to Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless the claimants advised Liberty Life within 30 days that they had settled their dispute between themselves.

**ANSWER:**    OLSON admits that Mr. Olson received a letter from Liberty Life dated January 29, 2007 with respect to the policy proceeds and further states that such letter speaks for itself.  OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the balance of the allegations of ¶ 20 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 20 of the Cross Complaint.

21.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Plaintiff regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Plaintiff.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 21 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 21 of the Cross Complaint.

117760 (8762.000)

22.    On or about March 6, 2007, Liberty Life assigned the adverse claims to the undersigned counsel for initiation of an interpleader action against all of the adverse claimants.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 22 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 22 of the Cross Complaint.

23.    On March 5, 2007, Liberty Life was served with a copy of the Summons and Complaint for Plaintiff's declaratory judgment action, which Plaintiff had filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County. Liberty Life had no prior notice of the state action.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 23 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 23 of the Cross Complaint.

24.    Plaintiff contends he is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

**ANSWER:**    OLSON admits that Mr. Hand has asserted that he alone is entitled to the proceeds of the policy but denies that Mr. Hand is so entitled because Ms. Barrett effectively instructed Liberty Life to change the beneficiary of the policy before Mr. Hand asserted his claim.

25.    Olson and Coffman contend Coffman is solely entitled to the Proceeds payable under the Policy by reason of Decedent's death.

**ANSWER:**    OLSON admits the allegations of ¶ 25 of the Cross Complaint.

26.    Potter has purported to assert a claim or lien against some or all of the Proceeds in Liberty Life's hands through assignment by Plaintiff.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 26 of the Cross Complaint. To the extent a further response is required, OLSON denies the allegations of ¶ 26 of the Cross Complaint.

117760 (8762.000)

27.    Liberty Life is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to the Proceeds without the risk of litigation by the other claimants. In other words, Liberty Life faces the threat of multiple litigation with the potential for incurring duplicative liability, and therefore cannot reasonably pay the Proceeds to any of the adverse claimants.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 27 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 27 of the Cross Complaint.

28.    Liberty Life stands ready to pay the appropriate party the Proceeds due under the Policy. The adverse claims prevent Liberty Life, which claims no beneficial interest in the Proceeds, from making payment on any claim for the Proceeds.

**ANSWER:**    OLSON lacks knowledge or information sufficient to admit or deny the truth or falsity of the allegations of ¶ 28 of the Cross Complaint.  To the extent a further response is required, OLSON denies the allegations of ¶ 28 of the Cross Complaint.

29.    Pursuant to Rule 19, Fed.R.Civ.P., Liberty Life seeks the joinder of the non-party adverse claimants, and to interplead all the adverse claimants, pursuant to 28 U.S.C. § 1335 and Rule 22(1), Fed.R.Civ.P., for purposes of resolving all adverse claims to the Proceeds in one action, and to be discharged from all further liability with regard to said Proceeds.

**ANSWER:**    The allegations of ¶ 29 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 29.

30.    Liberty Life is prepared to deposit the Proceeds with the Court pursuant to the Court's instructions.

**ANSWER:**    The allegations of ¶ 30 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 30.

31.    Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 30 immediately above.

117760 (8762.000)

**ANSWER:**    OLSON incorporates by reference its response to ¶¶ 1-30, inclusive, as the response to ¶ 31 of the Cross Claim as if fully set forth herein.

32.    Under the terms of the Policy, Liberty Life has sole authority for determination of claims and benefits. As such, Liberty life is an ERISA fiduciary.

**ANSWER:**    The allegations of ¶ 32 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 32.

33.    Liberty Life has a fiduciary duty under ERISA and the Policy to disburse the insurance benefits according to the terms of the Policy, the information provided to Liberty Life, and the applicable law. In the instant matter, Liberty Life received conflicting claims to the Proceeds. In order to protect itself from the risk of duplicative litigation and the potential for incurring duplicative liability for benefits payable because of Decedent's death, Liberty Life needs the assistance of the Court to inquire into the matter and to adjudicate the interests of the adverse claimants in a single proceeding.

**ANSWER:**    The allegations of ¶ 33 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 33.

34.    Accordingly, pursuant to § 1132(a)(3)(B)(ii) of ERISA, Liberty Life requests equitable relief through interpleader, and joinder of the non-party adverse claimants pursuant to Rule 19, for purposes of determining the proper beneficiary to receive the Proceeds at issue in this matter in a single action.

**ANSWER:**    The allegations of ¶ 34 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 34.

35.    Liberty Life incorporates by reference the allegations set forth in paragraphs 1 through 34 immediately above.

**ANSWER:**    OLSON incorporates by reference its responses to ¶¶ 1-34, inclusive, to the Cross Complaint as if fully set forth herein.

117760 (8762.000)

36.    Liberty Life is unable to determine which of the adverse claimants is entitled to the Proceeds at issue in this matter without facing the threat of multiple litigation with the potential for imposing duplicative liability under the Policy.

**ANSWER:**    The allegations of ¶ 36 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 36.

37.    Pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(1)(B) of ERISA, this Court has jurisdiction and authority to declare the rights of the adverse claimants to the funds at issue in this matter, and to discharge Liberty Life from all further liability under the Policy.

**ANSWER:**    The allegations of ¶ 37 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 37.

38.    The controversy regarding the Proceeds is ripe for determination by the Court, in light of the conflicting adverse claims to the Proceeds.

**ANSWER:**    OLSON admits the allegations of ¶ 38 of the Cross Claim.

39.    For purposes of judicial economy, and to avoid piecemeal litigation with the possibility of conflicting results with regard to Liberty Life's liability for disbursement of the Proceeds at issue, the Court should grant Liberty Life's request to join the non-party adverse claimants pursuant to Rule 19, Fed.R.Civ.P., and declare the respective rights and obligations of Liberty Life and all of the adverse claimants in a single action.

**ANSWER:**    The allegations of ¶ 39 constitute a narrative and assertion of legal conclusions to which no factual admission or denial is required. To the extent a further response is required, OLSON denies the allegations of ¶ 39.

## AFFIRMATIVE DEFENSES

Defendants FLOYD OLSON and BARBARA E. COFFMAN (collectively, "OLSON") state as follows as their affirmative defenses to the Complaint:

117760 (8762.000)

## FIRST AFFIRMATIVE DEFENSE

Venue for the Plaintiff's Complaint is improper in the Northern District of Illinois and instead should be transferred to the Southern District of California.

## SECOND AFFIRMATIVE DEFENSE

Ms. Barrett gave express authority and instructions to Mr. Olson to have the beneficiary of the life insurance policy issued in her favor changed to her mother, Barbara E. Coffman, and Mr. Olson complied with those instructions by sending a written request to Liberty Life to that effect, thereby terminating Plaintiff's interest in and right to recover under the policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

In light of the vague and ambiguous allegations of Plaintiff's Complaint, the absence of any disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the lack of discovery, OLSON reserves the right to amend these affirmative defenses or to assert additional affirmative defenses at trial.

**WHEREFORE,** OLSON respectfully requests that this Honorable Court enter judgment in OLSON's favor and against Liberty Life on Plaintiff's Complaint and further enter an order:

a)   Finding that venue is this District is improper and that this action should be transferred to the Southern District of California;

b)   Declaring that Defendant Barbara E. Coffman is the rightful beneficiary under the policy; and

c)   Granting OLSON such other and further relief as this Court may deem just and proper.

117760 (8762.000)

DATED: July 13, 2007

Respectfully Submitted:

FLOYD OLSON & BARBARA E. COFFMAN


By: _____  Matthew R. Wildermuth
                                2007.07.13 22:45:21 -05'00'
        One of their Attorneys


ATTORNEYS FOR DEFENDANTS\
CROSS DEFENDANTS FLOYD OLSON
& BARBARA E. COFFMAN

Paula K. Jacobi
Matthew R. Wildermuth
SUGAR, FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400; (312) 372-7951 (fax)

117760 (8762.000)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HAND, <br><br> Plaintiff <br><br> vs. <br><br> LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON, BARBARA E. COFFMAN and JAMES POTTER, <br><br> Defendants <br> ——————————— <br> LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, <br><br> Counter\Cross Plaintiff <br> vs. <br><br> MICHAEL HAND, FLOYD OLSON, BARBARA E. COFFMAN and JAMES POTTER, <br><br> Counter\Cross Defendants | Case No. 1:07-cv-01422 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Nan R. Nolan <br><br> **NOTICE OF FILING** |

Ashley B Abel
Jackson Lewis, LLP
2100 Landmark Building
301 North Main Street
Greenville, SC 29601
864/232-700
abela@jacksonlewis.com

Sara Amy Weinberg
Jackson Lewis LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
(312) 787-4949
weinbers@jacksonlewis.com

Lawrence A. Stein
Kathleen R Ryding
Edward J Sedlacek
Huck Bouma PC
1755 South Naperville Road
Wheaton, IL 60187-8132
(630) 221-1755
(630) 221-1756 (fax)
lstein@huckbouma.com
kryding@huckbouma.com
esedlacek@huckbouma.com

**PLEASE TAKE NOTICE** that on this 13th day of July, 2007, Defendants\Cross Defendants Floyd Olson and Barbara E. Coffman, by their attorneys, filed with the Clerk of the United States District Court for the Northern District of Illinois, DEFENDANTS\CROSS DEFENDANTS FLOYD OLSON AND BARBARA E. COFFMAN'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT & CROSS CLAIM, a copy of which is attached hereto and hereby served upon you.

DATED: July 13, 2007

Respectfully Submitted:

FLOYD OLSON & BARBARA E. COFFMAN

Matthew R. Wildermuth
2007.07.13 22:46:27
-05'00'

By: _____
One of their Attorneys

ATTORNEYS FOR DEFENDANTS\
CROSS DEFENDANTS FLOYD OLSON
& BARBARA E. COFFMAN

Paula K. Jacobi
Matthew R. Wildermuth
SUGAR, FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400; (312) 372-7951 (fax)

## CERTIFICATE OF SERVICE

Matthew R. Wildermuth, an attorney, certifies that he served a copy of DEFENDANTS\CROSS DEFENDANTS FLOYD OLSON AND BARBARA E. COFFMAN'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT & CROSS CLAIM upon counsel of record identified above via the Court's Electronic Court Filing System on July 13, 2007.

Matthew R. Wildermuth
2007.07.13 22:47:09
-05'00'

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                   Plaintiff,

v.                                                                 Case No.: 1:07−cv−01422
                                                                   Honorable Milton I. Shadur

Liberty Mutual, et al.

                   Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 9, 2007:

     MINUTE entry before Judge Milton I. Shadur :Status hearing held on 8/9/2007, Status hearing set for 8/27/2007 at 09:00 AM.In court notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0**
**Eastern Division**

Michael Hand

                    Plaintiff,

v.                                              Case No.: 1:07−cv−01422
                                                Honorable Milton I. Shadur

Liberty Mutual, et al.

                    Defendant.
_____

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, August 27, 2007:

        MINUTE entry before Judge Milton I. Shadur :Status hearing held on 8/27/2007,
Status hearing set for 9/27/2007 at 09:00 AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                     Plaintiff,

v.

Liberty Mutual, et al.

                     Defendant.

Case No.: 1:07−cv−01422
Honorable Milton I. Shadur

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, September 27, 2007:

       MINUTE entry before Judge Milton I. Shadur :Status hearing held on 9/27/2007Status hearing set for 10/25/2007 at 09:00 AM.(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                          Plaintiff,

v.                                       Case No.: 1:07−cv−01422
                                       Honorable Milton I. Shadur

Liberty Mutual, et al.

                          Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 25, 2007:

      MINUTE entry before Judge Milton I. Shadur :Status hearing held on
10/25/2007.Status hearing set for 11/26/2007 at 09:00 AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov.*

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                    Plaintiff,

v.                                                     Case No.: 1:07−cv−01422
                                                       Honorable Milton I. Shadur

Liberty Mutual, et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 25, 2007:

      MINUTE entry before Judge Milton I. Shadur :Status hearing held on 10/25/2007.Status hearing set for 11/26/2007 at 09:00 AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov.***

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                          Plaintiff,

v.                                              Case No.: 1:07−cv−01422
                                                Honorable Milton I. Shadur

Liberty Mutual, et al.

                          Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, November 26, 2007:

    MINUTE entry before Judge Milton I. Shadur :Status hearing held on 11/26/2007.Status hearing set for 12/14/2007 at 09:00 AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                        Plaintiff,

v.                                          Case No.: 1:07−cv−01422
                                            Honorable Milton I. Shadur

Liberty Mutual, et al.

                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, December 14, 2007:

    MINUTE entry before Judge Milton I. Shadur :Status hearing held on 12/14/2007.
Defendants Coffman and Olson are to file a claim on or before December 28, 2007. A
response will be due 14 days after receipt. Status hearing set for 2/14/2008 at 09:00
AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-01422 |
| | ) | |
| LIBERTY MUTUAL, FLOYD OLSON, | ) | Judge Milton I. Shadur |
| BARBARA E. COFFMAN, and | ) | |
| JAMES POTTER, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

## LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S
## MOTION FOR LEAVE TO DEPOSIT FUNDS

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), pursuant to Rule 67 of the Federal Rules of Civil Procedure, moves this Court for an Order permitting it to pay into the Court, for deposit into an interest-bearing account, funds in the amount of $71,000.00, plus applicable accrued interest, if any. These funds represent certain life insurance proceeds payable by reason of the death of Cassie E. Barrett, an employee insured under a group life insurance policy issued by Liberty Life. Liberty Life is subject to adverse claims asserted by the Michael Hand, Floyd Olson, Barbara E. Coffman, and James Potter. Liberty Life is an innocent stake-holder that claims no interest in the insurance proceeds. In making this motion, Liberty Life relies upon the pleadings, the applicable law, and the argument and authorities asserted in the contemporaneously filed memorandum of law in support of this motion.

Date:  December 20, 2007                Respectfully submitted,

s/ Sara A. Weinberg
Sara A. Weinberg
Attorney for Defendant
**JACKSON LEWIS LLP**
320 W. Ohio Street, Suite 500

Chicago, Illinois 60610
Tel.: (312) 787-4949
Fax: (312) 787-4995
E-mail: Weinbers@jacksonlewis.com

AND

Ashley B. Abel
**JACKSON LEWIS LLP**
Attorneys for Defendant
One Liberty Plaza
55 Beattie Place, Suite 800
Greenville, SC 29601
Tel.: (864)232 7000
Fax: (864)235 1381
E-mail: Abela@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 20, 2007, she caused true and correct copies of the Defendant Liberty Life Assurance Company of Boston's Motion to Deposit Funds with the Court to be filed with the Court by the Court's ECF/CM electronic filing protocols, that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

>           Lawrence A. Stein
>           Huck Bouma PC
>           1755 South Naperville Road
>           Wheaton, Illinois 60187
>
>           Paula Jacobi
>           Sugar, Friedberg & Felsenthal, LLP
>           30 N. LaSalle Street, Suite 3000
>           Chicago, Illinois 60602

>           /s/ Sara A. Weinberg

- 3 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-01422 |
| | ) | |
| LIBERTY MUTUAL, FLOYD OLSON, | ) | Judge Milton I. Shadur |
| BARBARA E. COFFMAN, and | ) | |
| JAMES POTTER, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S**
**MOTION FOR LEAVE TO DEPOSIT FUNDS**

I.    **INTRODUCTION**

Liberty Life Assurance Company of Boston ("Liberty Life") is subject to competing claims for certain insurance benefits in the amount of $71,000.00 ("Proceeds") payable because of the death of Cassie E. Barrett ("Decedent"), an employee insured under a group life insurance policy ("Policy") issued by Liberty Life to Decedent's employer, Liberty Mutual. Liberty Life issued the Policy pursuant to the Liberty Mutual life insurance plan ("Liberty Mutual Plan"), which provides group life insurance benefits to eligible employees of Liberty Mutual.  (Dkt. No. 20, Liberty Life's Statement of Cross-claims, ¶ 13) (hereinafter, "Cross-claims").  Liberty Life claims no beneficial interest in the Proceeds at issue.  Rather, pursuant to F.R.Civ.P. 22 and 28 U.S.C. § 1335, Liberty Life seeks to have the individuals with adverse claims to the Proceeds interplead and resolve their competing claims among themselves, and to obtain a discharge from all further liability on behalf of Liberty Life, Liberty Mutual, and the Liberty Mutual Plan.  As such, Liberty Life should be permitted, pursuant to Rule 67,

F.R.Civ.P. to pay the insurance benefits at issue in this matter into the Court for deposit into an interest-bearing account.

## II.    BACKGROUND

Liberty Life issued the Policy controlling the claims for benefits in this matter on or about January 1, 1997 to Liberty Mutual. (Cross-claims, ¶ 13.) The Policy provides group life insurance coverage to eligible employees of Liberty Mutual. (Id.) As such, the Policy formed part of the Liberty Mutual Plan, which is subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). Ruiz v. Continental Casualty Company, 400 F.3d 986, 991 (7th Cir. 2005) (insurance policy issued to provide benefits under ERISA plan is a "plan document); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213, 1215 (11th Cir. 1999) (because the insurance company could control the payment of benefits and the determination of the plaintiff's rights under the plan, it was an ERISA entity and its policy was part of the plan.)

According to information provided by Liberty Mutual to Liberty Life, Hand was the sole designated beneficiary for the Proceeds as of the date of Decedent's death. (Id., ¶ 15). On or about January 17, 2007, Hand submitted a claim for the Proceeds to Liberty Life. Liberty Life approved Hand's claim and, on or about January 22, 2007, mailed a check to Hand for the full amount of the Proceeds, plus accrued interest. (Id., ¶¶ 16 - 17).

On or about January 25, 2007, Liberty Life received correspondence from Defendant Olson asserting that Defendant Coffman was solely entitled to the Proceeds. Liberty Life immediately issued a stop-payment order to its bank on the check mailed to Hand. On or about January 29, 2007, Liberty Life issued correspondence to Hand and Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless

the claimants advised Liberty Life that they had settled their dispute between themselves. (Id., ¶¶ 18 - 20).

On or about February 7, 2007, Liberty Life received correspondence from Defendant Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand. On or about March 2, 2007, Liberty Life referred its file regarding the adverse claims to the undersigned counsel for initiation of an interpleader action against all of the adverse claimants. On March 5, 2007, Liberty Life was served with a copy of the Summons and Complaint for Plaintiff's declaratory judgment action, which Plaintiff had filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County. Liberty Life had no prior notice of the state action. (Id., ¶¶ 21 - 23).

On March 13, 2007, Liberty Life removed the State Court action to this Court. On March 22, 2007, Liberty Life filed its answer to the Complaint, including its counterclaims against Hand and its proposed cross-claims against Defendants Olson, Coffman, and Potter pending submission of a motion by Liberty Life for joinder of the latter adverse claimants who at that time were not Parties to this action. On May 13, 2007, Liberty Life filed its Rule 19 Motion for Joinder and Interpleader of Necessary Parties, and to Deposit Funds with the Court. The Court granted Liberty Life's motion on May 4, 2007. (Id., ¶¶ 24 - 27.)

## II.    NATURE OF ACTION AND JURISDICTION

Liberty Life converted this matter to an interpleader action pursuant to 28 U.S.C. § 1335 and Rule 22, F.R.Civ.P. The Interpleader Rule provides in relevant part:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.

3

Rule 22, F.R.Civ.P. Pursuant to the interpleader statute, an interpleader action in federal district court is proper where the disputed stake has a value of at least $500.00 and is claimed by two or more diverse claimants. 28 U.S.C. § 1335. Hand and Potter reside in the State of Illinois and Potter and Coleman reside in the State of California. See Cross-Claims, ¶¶ 3 – 6). The Proceeds at issue in this action amount to $71,000.00. Thus, this action involves competing claims for life insurance benefits in excess of $500.00 by minimally diverse claimants. As such, this Court has original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1335. State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530 (U.S. 1967).

The Court also has jurisdiction of this matter pursuant to Rule 22 and 28 U.S.C. § 1331, in that Liberty Life seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3) of ERISA through interpleader of Hand, Potter, Olsen and Coffman for purposes of (1) enforcing the terms of the Plan regarding proper disbursement of benefits payable pursuant to an ERISA employee welfare benefit plan. Reliance Standard Life Ins. Co. v. Matula, 2007 U.S. Dist. LEXIS 24523 (E.D. Wis. 2007) (interpleader action by insurer under 29 U.S.C. § 1132(a)(3) was valid);[1] Metropolitan Life Ins. Co. v. Northern Trust Co. of Chicago, 1996 U.S. Dist. LEXIS 3694, *11 (N.D. Ill. 1996) (holding insurers could invoke federal question jurisdiction under ERISA in a suit for interpleader to determine the proper beneficiaries of insurance proceeds);[1] see also Metropolitan Life Ins. Co. v. Bigelow, 283 F.3d 436, 439-40 (2d Cir. 2002) (ERISA provides an independent basis for subject matter jurisdiction in an interpleader action arising under ERISA); Lummis v. White, 629 F.2d 397, 399 (5th Cir. 1980), rev'd on other grounds, Cory v. White, 457 U.S. 85 (1982) (interpleader "developed in equity and is governed by equitable principles"); Metropolitan Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir. 1997) "[i]nterpleader is

---

[1] Unpublished opinion; copy attached at Exhibit A.

fundamentally equitable in nature") (affirming interpleader action asserted pursuant to 29 U.S.C.

§ 1132(a)(3)(B)(ii) where insurer pled that it cannot safely determine the proper beneficiary of

the benefits due); Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. Cal. 2000) ("we

hold that interpleader is a form of 'appropriate equitable relief' for purposes of section

1132(a)(3)(B)").

      This Court also has original jurisdiction in this matter pursuant to the provisions

of 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 29 U.S.C. § 1132(e) of ERISA, because this action is

brought to obtain a declaration of the respective rights and interests of the Parties regarding life

insurances benefits provided through an employee welfare benefit plan subject to ERISA.. Each

Defendant has asserted and/or has an interest in the Proceeds at issue herein that is adverse to the

interest of the other Defendants. As such, each Defendant could initiate a lawsuit against Liberty

Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question

jurisdiction exists in this matter for the Court's declaratory judgment, under 28 U.S.C. § 2201,

pursuant to 28 U.S.C. § 1331. Winstead v. J.C. Penney Co., Inc., 933 F.2d 576, 578-79 (7th Cir.

1991) (holding §1132(a)(3) allows a fiduciary to obtain a declaration regarding its obligations

under the terms of a plan); GNB Battery Techs., Inc. v. Gould, Inc., 65 F.3d 615 (7th Cir. 1995)

(a court has subject matter jurisdiction over a declaratory judgment action when the plaintiff's

well-pleaded complaint "presumes the possibility of an action by [the defendant] under [federal

law]"); see also Kidder, Peabody & Co., Inc. v. Maxus Energy Corp., 925 F.2d 556 (2d Cir.

1991) (declaratory judgment action proper where defendant could assert a federal claim);

Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370-71 (4th Cir. 2001) ('[b]ecause

[the federal declaratory judgment plaintiff's] complaint . . . seeks declaratory relief on a matter

for which [the declaratory judgment defendant] could bring a coercive action . . . arising under

federal law, we conclude the district court possessed subject-matter jurisdiction pursuant to §

1331"); Prudential Ins. Co. of America v. Doe, 76 F.3d 206, 210 (8th Cir. 1996) (federal

jurisdiction existed for declaratory judgment action by ERISA insurer where defendant could

have "asserted a claim in federal court"); Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th

Cir. 1997) ("[a] person may seek declaratory relief in federal court if the one against whom he

brings his action could have asserted his own rights there"); Cardtoons, L.C. v. Major League

Baseball Players, 95 F.3d 959, 965 (10th Cir. 1996) ("[b]ecause [the defendant] could have

brought a federal Lanham Act claim as part of a well-pleaded complaint against [the plaintiff]

the district court had federal question jurisdiction over this declaratory judgment action");

Household Bank v. JFS Group, 320 F.3d 1249, 1251 (11th Cir. 2003) ("federal-question

jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-

pleaded complaint which demonstrate that the defendant could file a coercive action arising

under federal law").

III.    **ARGUMENT**

      A.    **As Liberty Life is a disinterested stakeholder subject to multiple claims for a single fund, its interpleader action is proper.**

      To maintain either a Rule or statutory interpleader action, a party must establish

that it is subject to multiple adverse claims against a single fund or liability. Gaines v. Sunray

Oil Co., 539 F.2d 1136 (8th Cir. 1976); Fulton v. Kaiser Steel Corp., 397 F.2d 580 (5th Cir.

1968). Exposure to unnecessary vexation by multiplicity of suits is sufficient ground for

maintaining an interpleader action. MFA Mutual Ins. Co. v. Lusby, 295 F. Supp. 660 (W.D.Va.

1969). Interpleader is appropriate even where there is only a possibility of adverse claims to a

fund. Knoll v. Socony Mobil Oil Co., 369 F.2d 425, 428 (10th Cir. 1966), cert. denied, 386 U.S.

977 (1967), overruled on other grounds, Liberty National Bank & Trust Co. v. Acme Tool

Division of Rucker Co., 540 F.2d 1375, 1381 (10th Cir. 1976); Aetna U.S. Healthcare v. Higgs,

962 F. Supp. 1412 (D.Kan. 1997).  Moreover, interpleader should be liberally granted to protect

stakeholders from double liability and duality of lawsuits.  Dakota Livestock Co. v. Keim, 552

F.2d 1302 (8th Cir. 1977).  As such, interpleader is to be granted where a stakeholder faces a

legitimate fear of duplicative litigation, irrespective of the merits of the competing claims.  Knoll

v. Socony Mobil Oil Co., supra.

      In the instant matter, Liberty Life has received competing claims from Hand,

Potter, Olsen, and Coffman to insurance proceeds in the amount of $71,000.00. Thus, Liberty

Life faces the possibility of duplicative litigation by the each of these claimants.  Liberty Life

does not claim any interest in the Proceeds payable pursuant to the Policy, but is unsure as to

which claimant is entitled to the Proceeds. Liberty Life has incurred no independent liability to

any of the adverse claimants and did not create the situation which caused the conflicting claims.

Liberty Life simply seeks to have the adverse claimants interplead and resolve their respective

claims to entitlement to the Proceeds under the Policy in a single proceeding.  In other words,

Liberty Life is an innocent stakeholder that claims no beneficial interest in the Proceeds under

the Policy but which faces the potential for duplicative and vexatious litigation if it were to

prefer one claimant over the other.

      Accordingly, it is clear Liberty Life has properly sought the assistance of the

Court through interpleader for the purpose of obtaining final adjudication of the respective rights

of the claimants and to protect itself from the risk of vexatious litigation.

      **B.**      **Liberty Life should be permitted to deposit the death benefit proceeds with the Court.**

      Rule 67, F.R.Civ.P. permits Liberty Life to deposit the Proceeds due under the

Policy into the Court registry. Specifically, Rule 67 provides:

7

> In an action in which any part of the relief sought is a
> judgment for a sum of money or the disposition of a sum
> of money or the disposition of any other thing capable of
> delivery, a party, upon notice to every other party, and by
> leave of court, may deposit with the court all or any part
> of such sum of thing, whether or not that party claims all
> or any part of the sum of thing.

Rule 67 is properly invoked where there is a dispute concerning entitlement to a sum of money.
See Manufacturers Hanover Overseas Capital Corp. v. Southwire Co., 509 F. Supp. 214 (D.N.Y.
1984).   The Rule permitting disputed funds to be deposited with the court facilitates judicial
economy by permitting parties who have no interest in the funds or proceedings to withdraw
after the Court obtains custody of the funds.   See Garrick v. Weaver, 888 F.2d 687 (10th Cir.
1989).  Indeed, the Seventh Circuit Court of Appeals has held that depositing disputed funds into
the court registry is a pre-requisite to allowing a party to maintain an interpleader action
regarding such funds, at least when jurisdiction is predicated upon the interpleader statute.
Smith v. Widman Trucking & Excavating, Inc., 627 F.2d. 792 (7th Cir 1980). Other courts have
held that it is within a court's discretion to require a stakeholder to deposit disputed funds with
the court.  Bauer v. Uniroyal Tire Co., 630 F.2d 1287 (8th Cir. 1980); Percival Construction Co.
v. Miller & Miller Auctioneers, Inc., 532 F.2d 116 (10th Cir. 1976).

Here, Liberty Life is subject to conflicting claims and potential multiple liability
concerning entitlement to the Proceeds due under the Policy.  Liberty Life claims no interest in
the Proceeds.  Depositing the Proceeds will facilitate judicial economy by permitting Liberty
Life, which is merely an innocent stakeholder, to withdraw from the dispute while entitlement to
the Proceeds is resolved between the adverse claimants.  Rule 67 provides for deposit of the
Proceeds into the Court under these circumstances.  Liberty Life, therefore, should be permitted

8

to deposit the $71,000.00 in insurance proceeds at issue in this matter, plus accrued interest, if

any, with the Court.

### IV.    **CONCLUSION**

The reasons set forth above, Liberty Life's Motion for Leave to Deposit Funds

should be granted.

Date:  December 20, 2007                              Respectfully submitted,

                                        s/ Sara A. Weinberg
                                        Sara A. Weinberg
                                        Attorney for Defendant
                                        **JACKSON LEWIS LLP**
                                        320 W. Ohio Street, Suite 500
                                        Chicago, Illinois 60610
                                        Tel.: (312) 787-4949
                                        Fax: (312) 787-4995
                                        E-mail:  Weinbers@jacksonlewis.com

                                        AND

                                        Ashley B. Abel
                                        **JACKSON LEWIS LLP**
                                        Attorneys for Defendant
                                        One Liberty Plaza
                                        55 Beattie Place, Suite 800
                                        Greenville, SC  29601
                                        Tel.: (864)232 7000
                                        Fax: (864)235 1381
                                        E-mail:  Abela@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 20, 2007, she caused true

and correct copies of the foregoing instrument with the Court to be filed with the Court by the

Court's ECF/CM electronic filing protocols, that same will therefore be electronically served

upon all attorneys of record registered with the Court's ECF/CM system:

> Lawrence A. Stein
> Huck Bouma PC
> 1755 South Naperville Road
> Wheaton, Illinois 60187
>
> Paula Jacobi
> Sugar, Friedberg & Felsenthal, LLP
> 30 N. LaSalle Street, Suite 3000
> Chicago, Illinois 60602

> /s/ Sara A. Weinberg

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL HAND,

          PLAINTIFF,      )
                                 )

          v.                   )     C.A. No. 1:07-cv-01422
                                 )     Judge Milton I. Shadur

LIBERTY MUTUAL,          )     Magistrate Judge Nan R. Nolan
              DEFENDANT.   )
                                 )
                                 )

## NOTICE OF MOTION

TO:    Lawrence A. Stein
       Huck Bouma PC
       1755 South Naperville Road
       Wheaton, Illinois 60187

       Paula Jacobi
       Sugar, Friedberg & Felsenthal, LLP
       30 N. LaSalle Street, Suite 3000
       Chicago, Illinois 60602

      PLEASE TAKE NOTICE THAT on **Thursday, January 3, 2008**, at **9:15 a.m.** we shall appear before the Honorable Milton I. Shadur or any judge sitting in his place and stead in Courtroom 2303 and shall then and there present the Defendant Liberty Life's Motion for Leave to Deposit Funds, true and correct copies of which are attached hereto and hereby served upon you.

Dated: December 20, 2007         Respectfully submitted,

                                    JACKSON LEWIS LLP

                                    By:   /s/ Sara A. Weinberg
                                    Sara A. Weinberg
                                    Attorney for Defendant
                                    **JACKSON LEWIS LLP**
                                    320 W. Ohio Street, Suite 500
                                    Chicago, Illinois 60610
                                    Tel.: (312) 787-4949
                                    Fax: (312) 787-4995

E-mail:  Weinbers@jacksonlewis.com

AND

Ashley B. Abel
**JACKSON LEWIS LLP**
Attorneys for Defendant
One Liberty Plaza
55 Beattie Place, Suite 800
Greenville, SC  29601
Tel.: (864)232 7000
Fax:  (864)235 1381
E-mail:  Abela@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 20, 2007, she caused true and correct copies of the foregoing to be filed with the Court by the Court's ECF/CM electronic filing protocols and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

Lawrence A. Stein
Huck Bouma PC
1755 South Naperville Road
Wheaton, Illinois 60187

Paula Jacobi
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

/s/ Sara A. Weinberg

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MICHAEL HAND,                                          )
                                                       )
      Plaintiff                            )
                                                       )          **CASE No. 1:07-cv-01422**
vs.                                                    )
                                                       )
LIBERTY LIFE ASSURANCE COMPANY                         )
OF BOSTON, FLOYD OLSON, BARBARA E.                     )
COFFMAN and JAMES POTTER,                              )
                                                       )          **Judge Milton I. Shadur**
      Defendants                           )
                                                       )
_____)              )          **Magistrate Judge Nan R. Nolan**
                                                       )
LIBERTY LIFE ASSURANCE COMPANY                         )
OF BOSTON,                                             )
                                                       )
      Counter\Cross Plaintiff              )
                                                       )
vs.                                                    )
                                                       )
MICHAEL HAND, FLOYD OLSON,                             )
BARBARA E. COFFMAN and JAMES POTTER,                   )
                                                       )
      Counter\Cross Defendants             )

### FLOYD OLSON AND BARBARA E. COFFMAN'S RESPONSE TO PLAINTIFF MICHAEL HAND'S CLAIM TO INTERPLED FUNDS

Floyd Olson and Barbara E. Coffman ("Claimants") respond to the Claim to Interpled

Funds as follows.

      1.      Plaintiff is the properly designated death beneficiary of the policy, entitled to all

of the proceeds of the policy at the death of the insured.

      **RESPONSE:** Claimants deny each and every allegation of paragraph 1.

      2.      Neither the insured, nor anyone else, ever validly revoked or modified the

designation of the plaintiff as the death beneficiary of the policy prior to the death of the insured.

      **RESPONSE:** Claimants deny each and every allegation of paragraph 2.

124062-1

3.      No other party or entity has any valid claims to the proceeds of the policy plus interest accrued since the death of the insured.

**RESPONSE:** Claimants deny each and every allegation of paragraph 3

## AFFIRMATIVE DEFENSES

Claimants state as follows as their affirmative defenses to the Claim to Interpled Funds:

## FIRST AFFIRMATIVE DEFENSE

Venue for the Plaintiff's Complaint is improper in the Northern District of Illinois and instead should be transferred to the Southern District of California.

## SECOND AFFIRMATIVE DEFENSE

1.      On October 11, 2006, Cassie knowingly executed a power of attorney ("POA") which gave her grandfather Floyd Olson ("Olson") authority to carry out her instructions regarding the disposition of her property and other financial affairs, including, without limitation, who was the beneficiary of the Policy. Exhibit A is a true and correct copy of the POA executed by Cassie in favor of Olson.

2.      On October 13, 2006, at Cassie's express direction and to complete her wishes, using the POA Cassie executed in favor of Olson, Olson prepared and transmitted to Liberty a letter requesting that Liberty reverse the then beneficiaries on all of Cassie's insurance, i.e. her life insurance, incentive insurance and disability insurance. ("Written Request"). Olson advised Liberty that "[T]he reversal will be to show current beneficiaries as Barbara E. Coffman and secondary/contingent beneficiaries as Michael P. Hand." Exhibit B to this Claim is a true and correct copy of the Written Request.

3.      Cassie wanted her mother to be her primary beneficiary of the Policy in recognition of Coffman's care, services, financial contributions, love and affection to Cassie

124062-1

during the last two years of her life.

4.    Liberty received the Written Request shortly after October 13, 2006, and no later than October 20, 2006.

5.    Pursuant to the express terms and conditions of the Policy, the Written Request to change the primary and secondary beneficiaries of the Policy was effective as of October 13, 2006, the date Olson mailed the Written Request to Liberty.

6.    Cassie died on October 21, 2006. As of her death, Coffman was the primary beneficiary of the Policy. Coffman is therefore entitled to all of the Proceeds.

7.    Michael Hand has no legal or equitable right to the Proceeds. He was not the primary beneficiary of the Policy as of Cassie's death.

8.    Coffman is the sole person entitled to the Proceeds.

WHEREFORE, Claimants respectfully requests that this Honorable Court enter judgment in their favor and against Michael Hand denying all relieve requested and further enter an order:

a)    Finding that venue is this District is improper and that this action should be transferred to the Southern District of California;

b)    Declaring that Defendant Barbara E. Coffman is the rightful beneficiary under the policy;

c)    Entry of an order directing Liberty, or the Clerk of the Court (if the Proceeds have been interpled) to Coffman of the death benefit of $71,000.00 payable under basic group life insurance policy incurred by Liberty Life Insurance Company plus accrued interest; and

d)    Granting such other and further relief as this Court may deem just and proper.

124062-1

Respectfully Submitted,

**CLAIMANTS FLOYD OLSON & BARBARA E COFFMAN**


*/s/ Paula K. Jacobi*
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

124062-1

# EXHIBIT A

## UNIFORM STATUTORY FORM POWER OF ATTORNEY

### (California Probate Code Section 4401)

NOTICE:    THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I _____ CASSIE E. BARRETT, 9171 Grossmont Boulevard, La Mesa, CA 91941-4141
(your name and address)

appoint: _____ FLOYD T. OLSON, Grossmont Boulevard, La Mesa, CA 91941-4141
(name and address of the person appointed, or of each person
appointed if you want to designate more than one)

as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects:

TO GRANT ALL OF THE FOLLOWING, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.

TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.

TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT. YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

INITIAL
_____ (A)    Real property transactions.
_____ (B)    Tangible personal property transactions.
_____ (C)    Stock and bond transactions.
_____ (D)    Commodity and option transactions.
_____ (E)    Banking and other financial institution transactions.
_____ (F)    Business operating transactions.
_____ (G)    Insurance and annuity transactions.
_____ (H)    Estate, trust, and other beneficiary transactions.
_____ (I)    Claims and litigation.
_____ (J)    Personal and family maintenance.
_____ (K)    Benefits from social security, Medicare, Medicaid, or other governmental programs, or civil or
               military service.
_____ (L)    Retirement plan transactions.
_____ (M)    Tax matters.
_C.B._ (N)    ALL OF THE POWERS LISTED ABOVE

YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

Hand / Liberty Life    AR 000000092

SPECIAL INSTRUCTIONS:

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT

_____

_____

_____

_____

UNLESS YOU DIRECT OTHERWISE ABOVE, THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.

This power of attorney will continue to be effective even though I become incapacitated.

STRIKE THE PRECEDING SENTENCE IF YOU DO NOT WANT THIS POWER OF ATTORNEY TO CONTINUE IF YOU BECOME INCAPACITATED.

EXERCISE OF POWER OF ATTORNEY WHERE MORE THAN ONE AGENT DESIGNATED

If I have designated more than one agent, the agents are to act separately

_____

IF YOU APPOINTED MORE THAN ONE AGENT AND YOU WANT EACH AGENT TO BE ABLE TO ACT ALONE WITHOUT THE OTHER AGENT JOINING, WRITE THE WORD "SEPARATELY" IN THE BLANK SPACE ABOVE. IF YOU DO NOT INSERT ANY WORD IN THE BLANK SPACE, OR IF YOU INSERT THE WORD "JOINTLY", THEN ALL OF YOUR AGENTS MUST ACT OR SIGN TOGETHER.

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this _11_ day of _OCTOBER_ 2006.

_____
(your name)

[redacted]
(your social security number)

State of California                    County of San Diego

BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

ACKNOWLEDGMENT

STATE OF CALIFORNIA        )
                           ) S.S.
COUNTY OF SAN DIEGO        )

On __10|11|06__, before me, __Kirstin Oates__ a Notary Public in and for said County and State, personally appeared __Cassie F Barrett__ ~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature __Kirstin Oates__

KIRSTIN OATES
Commission # 1508306
Notary Public - California
San Diego County
My Comm. Expires Aug 17, 2008

Hand / Liberty Life        AR 000000094

# EXHIBIT B

, MUTUAL

Ni JANET EHLERS

SUBJECT; LETTER OF INTENT WITH POWER OF ATTORNEY

CASSIE E BARRETT
MY GRANDDAUGHTER EXPRESSED HER DESIRE TO CHANGE THE
PRIMARY AND SECONDARY BENEFICIARIES OF HER INSURANCE
POLICIES WHICH ARE:

THRIFT-INCENTIVE PLAN - REVERSE The Primary & Secondary Beneficiaries
ONLY.

EMPLOYEE LIFE INSURANCE - Reverse The PRIMARY + SECONDARY
BENEFICIARIES ONLY.

AD +D INSURANCE - REVERSE The PRIMARY + SECONDARY
BENEFICIARIES ONLY.

AS SHE IS ILL AT This Time She has GIVEN Me (FLOYD T. OLSON)
POWER OF ATTORNEY To Complete HER WISHES.
The REVERSAL WILL BE To Show CURRENT BENEFICIARIES
AS BARBARA E COFFMAN AND SECONDARY / CONTINGENT
BENEFICIARIES AS MICHAEL T. HAND.
PLEASE EXPIDITE This CHANGE AS SOON AS POSSIBLE.

IF FURTHER DOCUMENTS NEED TO BE EXECTED PLEASE
SEND BY FED EX OR UPS. COST FOR This To BE FLOYD T OLSON
RESPONSIBILITY - MY ADDRESS IS
FLOYD T OLSON, 9171 GROSSMANT BLVD, LA MESA CA 91941-4141
RespectFully

Floyd J. Olson    Floyd Olson
(619) 997-9171


Mr. Floyd T. Olson
9171 Grossmont Blvd.
La Mesa, CA 91941-1141.

## UNIFORM STATUTORY FORM POWER OF ATTORNEY

### (California Probate Code Section 4401)

NOTICE:    THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I _____ CASSIE E. BARRETT. 9171 Grossmont Boulevard, La Mesa, CA  91941-4141
(your name and address)

appoint: _____ FLOYD T. OLSON. Grossmont Boulevard. La Mesa, CA  91941-4141
(name and address of the person appointed, or of each person
appointed if you want to designate more than one)

as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects:

TO GRANT ALL OF THE FOLLOWING, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.

TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.

TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT.  YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

INITIAL
____ (A)    Real property transactions.
____ (B)    Tangible personal property transactions.
____ (C)    Stock and bond transactions.
____ (D)    Commodity and option transactions.
____ (E)    Banking and other financial institution transactions.
____ (F)    Business operating transactions.
____ (G)    Insurance and annuity transactions.
____ (H)    Estate, trust, and other beneficiary transactions.
____ (I)    Claims and litigation.
____ (J)    Personal and family maintenance.
____ (K)    Benefits from social security, Medicare, Medicaid, or other governmental programs, or civil or military service.
____ (L)    Retirement plan transactions.
     (M)    Tax matters.
_CB_ (N)    ALL OF THE POWERS LISTED ABOVE

YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

SPECIAL INSTRUCTIONS:

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT

_____
_____
_____
_____
_____

UNLESS YOU DIRECT OTHERWISE ABOVE, THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.

This power of attorney will continue to be effective even though I become incapacitated.

STRIKE THE PRECEDING SENTENCE IF YOU DO NOT WANT THIS POWER OF ATTORNEY TO CONTINUE IF YOU BECOME INCAPACITATED.

EXERCISE OF POWER OF ATTORNEY WHERE MORE THAN ONE AGENT DESIGNATED

If I have designated more than one agent, the agents are to act separately

_____

IF YOU APPOINTED MORE THAN ONE AGENT AND YOU WANT EACH AGENT TO BE ABLE TO ACT ALONE WITHOUT THE OTHER AGENT JOINING, WRITE THE WORD "SEPARATELY" IN THE BLANK SPACE ABOVE. IF YOU DO NOT INSERT ANY WORD IN THE BLANK SPACE, OR IF YOU INSERT THE WORD "JOINTLY", THEN ALL OF YOUR AGENTS MUST ACT OR SIGN TOGETHER.

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this _11_ day of _OCTOBER_ 2006.

_____
(your name)

███████████████████
(your social security number)

State of California                    County of San Diego

BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

## ACKNOWLEDGMENT

STATE OF CALIFORNIA    )
                     ) S.S.
COUNTY OF SAN DIEGO    )

On __10|11|06__ , before me, __Kirstin Oates__ a Notary Public in and for said County and State, personally appeared __Cassie E Barrett__ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _____

> KIRSTIN OATES
> Commission # 1508306
> Notary Public - California
> San Diego County
> My Comm. Expires Aug 17, 2008

Caron, Jennifer-0001

To:         Blom, Sascha
Subject:    POA for Cassie Barrett

Hi Sascha,
The grandfather (and also the agent) of the above ee on LTD is requesting to reverse the beneficaries currently on file.
The primary beneficiary is her spouse and the contingent is her mother.  The agent wishes to make the mother the
primary and the spouse the contingent.  I explained that even if the POA was approved to change beneficiaries, the TIP
could not be changed from the spouse unless the spouse signed off on the form.  This leaves the AD&D and Group Life.
From speaking with the agent, he stated that the mother has been taking care of Ms. Barrett since her illness.  He doesn't
know how much long she has and wishes the review of the document to be expedited.  I have dropped off the document
this afternoon for your review.  Please let me know if the document is acceptable to allow the agent to change the
beneficiaries, as noted above, for the Group Life and AD&D.
Ms. Barrett has a balance of roughly $2,600 in TIP.

Thanks,

Jenn Caron
Benefits.01F
(617) 357-9500 x42012
sdn 8-4442012
Fax (617) 654-3371

*Sascha*
*rec'd 10/30*
*need certified document first*

This e-mail and any attachments thereto, is intended only for the use of the addressee (s) named herein and may contain legally
privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any
dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this email
in error, please notify me via return e-mail and via telephone at (617) 357-9500 x42012 and permanently delete the original and any
copy of any e-mail and any printout thereof.

*10/30 · Called Mr. Olson told him we would*
*need a certified document before we*
*could approve the change*

1



Hand / Liberty Life          AR 000000096





Hand / Liberty Life        AR 000000098



**Liberty Mutual**

Liberty Mutual Group
Benefits Department
175 Berkeley Street
Mail Stop 01F
Boston, MA 02117
(617) 357-9500
(617) 574-5527

September 27, 2006

Michael T. Hand
207 N. Waters Edge Drive
#302
Glendale Heights, IL 60139

Dear Mr. Hand:

I was sorry to hear of the death of your wife, Cassie E. Barrett. Please accept my deepest sympathies.

**Employee Life Coverage**
The total group life coverage that your wife has is $71,000, with you, Michael T. Hand, named as beneficiary. Please complete the enclosed W-9 (Request for Taxpayer Identification Number) form as well as the Settlement Options form specifying your preferred method of payment. Please return the forms along with a certified copy or original death certificate in the envelope provided. Upon approval, the proceeds will be paid as soon as administratively possible.

**Additional Pay/Benefits**
If your wife had any remaining Flexible Time Off or disability pay due to her, as her surviving spouse, you will receive a check payable to you.

**Thrift-Incentive Plan**
Your wife has designated you as beneficiary of her Liberty Mutual Employees' Thrift-Incentive Plan (TIP). Upon receipt of a death certificate, the account balance will be transferred into your name and a personal identification number (PIN) will be mailed out to you. This PIN will allow you access to the account balance.

**Social Security**
You may be entitled to benefits from the Social Security Administration. You should contact the Social Security Administrative office at (800) 772-1213 for any available benefits.

If there are any questions regarding the information in this package, or if you would like to discuss any of the details contained within, I can be reached at (617) 357-9500, extension 42012.

Very truly yours,

Jennifer Caron
Jennifer Caron
Senior Benefits Specialist

Enclosures

Helping People Live Safer, More Secure Lives.

*[handwritten annotations in margins: "Per soscha monson newborn that he her address claim", "meet San Diego country #230.00"]*

## REPORT OF DEATH

***question caller to fill in bolded sections***

Name of Deceased: **Cassie E Barrett**

SSN ~~[redacted]~~ of deceased    Date of Death: **10/21/06**

Select ONE:

___ Retired: Wausau or Liberty    Retirement Date: ___/___/___ of deceased retiree only

___ Active: Wausau or Liberty DOB **6/28/73** of deceased    Date of Employment **6/28/04**

✓ Disabled ___ Dependent ___ Beneficiary (no life)

If Beneficiary/Dependent provide SSN of covered employee or initial covered participant: _____

Office: **Woodfield Lakes, IL** Department: **Business Mgrs** Title (optional): **Sr. Secretary**
*underwriting*

Person we will correspond with: (name) **Floyd Olson**  *[handwritten: died 8/14/05]*

(address) **917P Grossmont Blvd**

**La. Mesa, CA 91941- 4141**

(relationship) **Grandfather** (phone #) **(619) 997-4171**

NOTES:

Surviving spouse: (name) **Michael T. Hand** Beneficiary (name) **Michael T. Hand**

(address) _____  (address) _____

_____  _____

DOB: ___/___/___ SS# ___-___-___    DOB: ___/___/___ SS# ___-___-___

Does spouse have insurance under retiree/active? **NO**

Is there a pension, Equitable, or TIP/Nationwide balance? TIP (Y) (N), Pension (Vested) (J+S option) (SLA) (Other)

Is there a life insurance policy? **Yes**

DATE FILE RECALLED FROM IRON Mt./MAKE FILE _____

*[handwritten margin note: "do not have add. for spouse (deceased) moved in w/grandfather & no SSI to track spouse add"]*

___/___ Date Check Mailed    Are Life beneficiaries on-line in TBA? **Yes**

✓ processed in TBA ✓ life amount **$71K** ✓ beneficiary designation **Spouse**
(cmdth event, cmpoi, stat chg)    Date confirmed on WF **N/A**

**Nov.** Spreadsheet to T. Wilkins ___ letter to beneficiary (if needed) **N/D** Spreadsheet for Mr. Kell?

___ funeral assignment? ✓ add to death tracking log ___ HWBPM for death certificate

✓ email term issues ___ email Beth Moody & Lucky Singh (Hewitt) ___ email Rose ___ email Carmel
(if active)    (TIP)    (The Equitable)    (Nationwide)

Date we were notified: **10/27/06** Time: _____ Rep. who took the initial call: *[handwritten] Agnes*



Liberty Mutual Group

Benefits Department
175 Berkeley Street
Mail Stop 1F
Boston, MA 02117
617-357-9500
617-574-5527 Fax

December 21, 2006

Michael T. Hand
224 Charlotte Place
Cary, IL 60013

RE:  Cassie E. Barrett, Liberty Mutual Employee Life Insurance Policy

Dear Mr. Hand:

This letter is in follow up to the letter mailed to you dated September 27, 2006 in reference to your wife's employee life insurance policy.

As beneficiary of your wife's employee life insurance policy, you are designated to receive $71,000 pending final review by Liberty Life Assurance Company of Boston.  Please complete the enclosed W-9 (Request for Taxpayer Identification Number) form as well as the Settlement Options form specifying your preferred method of payment.  Please return the forms along with a certified death certificate in the envelope provided.  Upon approval, the proceeds will be paid as soon as administratively possible.

If you have any questions, I can be reached at (617) 357-9500, extension 42012.

Sincerely,

Jennifer Caron
Sr. Benefits Specialist

Enclosures

CASSIE E. BARRETT, LIBERTY MUTUAL EMPLOYEE LIFE INSURANCE POLICY

LIBERTY MUTUAL GROUP
Benefits Department
175 Berkeley Street
Boston MA 02117
(617) 357-9500

Dear Jennifer Caron                                                     JAN 12 2007
Sr. Benefits Specialist

This letter is in reply to your letter dated November 14 2006.
Please excuse the delay in reply as I have been under the weather for some time.

The reasons that my granddaughter wished to reverse the beneficiaries on her Life Insurance policy are as follows.
During the time that she , Cassie, was under treatment for a brain tumor, she was living with her mother and her
mother provided the constant care at home and also provided all transportation to and from UCLA Medical center
for her treatments.
Also all expenses for food and living expenses were provided by her mother during a 2 year period. Cassie's husband
continued to reside in the Chicago area and did not contribute any funds for Cassie's care during that time period.
Cassie felt that if the Brain tumor, which was cancerious would cause her demise that her mother should be
compensated for the time and expenses related to her living and transportation cost for medical treatment because no
help had been forthcoming from Cassie's husband. Cassie and I ,Her Grandfather, had several discussions about this
change. Cassie felt that if assistance had been forthcoming from her husband the change of beneficiary would not
even have been an issue. That issue was the reason that Cassie insisted in giving me ,Floyd T. Olson, her Grandfather
the Power of Attorney to Handle all of her Financial issues.

It is my hope that Cassie's last wish be granted and that her mother ,Barbara E, Coffman could become the primary
beneficiary of Cassie's Life Insurance policy.

Thank you for your cosideration of my Granddaughters last request.

Enclosed find a copy of Cassie;s Death Certificate.

Sincerely,

FLOYD T. OLSON
Grandfather
Trying to Handle the final affair's of Cassie E. Barrett

619  589 1075  Home
619  997 9171  Cell



Liberty Mutual Group

Benefits Department
175 Berkeley St.
Mail Stop 01F
Boston, MA 02117
617-357-0500
617-574-5522 FAX

January 24, 2007

Michael Hand
207 N. Waters Edge
Unit 302
Glendale Heights, IL 60139

RE: Employee Life Insurance Proceeds—Cassie Barrett

Dear Mr. Hand:

Enclosed please find a check in the amount of $71,612.74, which represents full
settlement of the Employee Life Insurance proceeds for Cassie Barrett. This
amount includes $612.74 in interest earned between the date of death to the date
of this payment at a rate of 3.5%

If you have any questions, please do not hesitate to call me at (617) 357-9500,
extension 42012.

Very truly yours,

Jennifer Caron
Senior Benefits Specialist

Enclosure

Helping People Live Safer, More Secure Lives.



| | 60544702 | 01/19/07 |

NON-NEGOTIABLE

ADDRESS INQUIRIES TO:                    PAYEE NAME AND ADDRESS:

LIBERTY MUTUAL                           MICHAEL HAND

DOVER ACCOUNTS PAYABLE                   UNIT 302

P.O. BOX 1525                            207 N WATERS EDGE

DOVER, NH 03821-1525                     GLENDALE HEIGHTS      IL 60139

(603) 749-2600 EXT. 31199

LOC CODE:       B45                      VENDOR#:      0309424

                                         TAX ID#:

CLAIM NUMBER 131276
CASSIE E BARRETT
GROUP MARKETS DEATH BENEFITS
0000131276  07019-0892  011907  01197        71,612.74

CAREFULLY DETACH CHECK BEFORE DEPOSITING    •RETAIN STATEMENT FOR YOUR RECORDS



```
⑈60544702⑈ ⑈011900445⑈        6B2E9⑈
```

Hand / Liberty Life    AR 000000104