The court entered an order granting the motion, but stated orally on the record that the parties would have to submit another order showing that calculation. The court stated that it was granting the motion to deposit the funds subject to the approval of the parties as to the amount of interest to be included in the deposit.

3.      On January 17, 2008, counsel for the plaintiff and the insurer conferred regarding the interest. Counsel for the insurer indicated that interest would be paid at 3.5 percent per annum calculated from the day of the death of the insured to the date of the deposit of the funds.

4.      The insured's calculation of interest is substantially incorrect. Section 224(1)(*l*) of the Illinois Insurance Code requires in this case that interest shall accrue on the proceeds payable at the rate of nine percent per annum, because the insured did not pay the proceeds within 15 days, and provides in full:

> After the first day of July, 1937, no policy of life insurance other than industrial, group or annuities and pure endowments with or without return of premiums or of premiums and interest, may be issued or delivered in this State, unless such policy contains in substance the following provisions . . . [i]nterest shall accrue on the proceeds payable because of the death of the insured, from date of death, at the rate of 9% on the total amount payable or the face amount if payments are to be made in installments until the total payment or first installment is paid, unless payment is made within fifteen (15) days from the date of receipt by the company of due proof of loss. This provision need not appear in the policy, however, the company shall notify the beneficiary at the time of claim of this provision. The payment of interest shall apply to all policies now in force, as well as those written after the effective date of this amendment.

(215 ILCS 5/224(1)(*l*).

5.      In this case, it is undisputed that the insured did not pay all or any part of the policy proceeds within fifteen days of due proof of loss. Consequently, the higher interest rate is indicated.

6.     Therefore, the plaintiff requests that the court amend its order of January 3, 2008, to require that interest be paid at the rate of nine percent per annum from the date of death til the date of payment.

7.     This motion is being filed within ten days of the order of January 3, 2008, because rule 6(a)(2) excludes from the calculation of any period of time less than eleven days intermediate Saturdays, Sundays, and legal holidays. Excluding such days, January 17, 2008, is the tenth day after January 3, 2008.

WHEREFORE, plaintiff, MICHAEL HAND, requests an order amending the order of January 3, 2008, to require that the proceeds be paid into the court, or into escrow if agreed to by all the parties, with interest at the rate of nine percent per annum from the date of the death of the insured until the date of payment, and for all other relief deemed appropriate under the circumstances.

Respectfully submitted,

HUCK BOUMA, P.C.

/s/     Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA, P.C.**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone: (630) 221-1755
Facsimile: (630) 221-1756

3

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this seventeenth day of January, 2008.

1.    I filed this *Motion to Alter or Amend Judgment* by filing it with the clerk of the court by electronic means.

2.    I served this *Motion to Alter or Amend Judgment* by filing it with the clerk of the court by electronic means, which electronic filing constitutes services by virtue of local rule 5.9.

3.    I made the electronic filing on January 17, 2008.


/s/    Lawrence A. Stein

_____


R:\14000s\14300-14399\14304-1\Pleadings\Motion to Alter or Amend Judgment.wpd

14304-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  07 CV 1422 |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, FLOYD T. OLSON, and. | ) | Judge Milton I. Shadur |
| BARBARA E COFFMAN, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

You are hereby notified that on February 14, 2008, at 9:00 a.m. or as soon thereafter as

counsel may be heard, I shall appear before the Honorable Milton I. Shadur in Court Room 2303 or

any other judge as may be holding court in his absence, in the court room usually occupied by him

or her in the U. S. District Court, 219 South Dearborn Street, Chicago, Illinois, and then and there

present plaintiff's *Motion to Alter or Amend Judgment.*

Respectfully submitted,

HUCK BOUMA, P.C.

/s/     Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA, P.C.**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone: (630) 221-1755
Facsimile: (630) 221-1756

1

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this seventeenth day of January, 2008.

1.     I filed this *Notice of Motion* by filing it with the clerk of the court by electronic means.

2.     I served this *Notice of Motion* by filing it with the clerk of the court by electronic means, which electronic filing constitutes services by virtue of local rule 5.9.

3.     I made the electronic filing on January 17, 2008.

/s/     Lawrence A. Stein

_____

R:\14000s\14300-14399\14304-1\Pleadings\Notice of Motion2.wpd

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND, ) | |
| ) | **CASE No. 1:07-cv-01422** |
| Plaintiff ) | |
| v. ) | |
| ) | |
| LIBERTY LIFE ASSURANCE COMPANY ) | |
| OF BOSTON, ) | |
| ) | **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) ) | |
| Cross-claimant (as to Olson, Coffman and ) | |
| Potter) ) | **Magistrate Judge Nan R. Nolan** |
| ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and ) | |
| JAMES POTTER, ) | |
| ) | |
| Defendants/Cross-defendants. ) | |
| ) | |

## <u>MOTION TO STRIKE UNTIMELY JURY DEMAND</u>

Floyd Olson and Barbara E. Coffman, through their undersigned attorney, move

to strike the jury demand filed by Michael Hand on January 11, 2008. In support of their

Motion, Olson and Coffman state as follows:

1.      On January 11, 2008, Hand filed a Jury Demand.

2.      Fed.R.Civ.P. Rule 38 ("Rule") controls when and by whom jury demands

may be filed. Rule 38 provides, in part:

> On any issue triable of right by a jury, a party may demand
> a jury trial by: (1) serving the other parties with a written
> demand which may be included in a pleading – **no later
> than 10 days after the last *pleading* directed to the issue is**
> served.

(Emphasis added).

3.      Fed.R.Civ.P. Rule 7 ("Rule 7") identifies what documents are "pleadings." Only (i) complaints, (ii) answers to complaints, (iii) answers to a counterclaims, (iv) answers to cross-claims, (v) third-party complaints, and, (vi) if court ordered, replies to answers, are pleadings. See Rule 7.

4.      The Rule 7 list is "exhaustive." No other documents are a pleading. See, Commentary to Rule 7 and *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003).

5.      The last pleading filed in this case was filed on July 13, 2007. On that date, Olson and Coffman filed their (i) Answer to Michael Hand's Complaint against them in this case on March 13, 2007, and (ii) Answer to Liberty Life Assurance Company of Boston's Cross-Claim filed against them on March 22, 2007.

6.      Accordingly, the last day for any party to file a jury demand was July 23, 2007, *i.e.* 10 days after the filing of the last pleading.

7.      No party filed a jury demand by July 23, 2007. By failing to do so, all parties hereto, including Hand, waived their right to a jury trial. See Rule 38 ("[a] party waives a jury trial unless its demand is properly served and filed.").

8.      To the extent Hand attempts to argue that either (i) the Claim to the Interplead Funds ("Claim") filed by Olson and Coffman on December 28, 2007 at the direction of the Court, or (ii) Hand's Response to the Claim filed on January 11, 2008, gave him a new opportunity to attempt to "timely" file a jury demand, such argument would be without merit.

9.      A brief review of Rule 7 shows that the Claim is not a pleading. Nor is the alleged "cross-claim" in Hand's response a pleading.

10.     First, even valid cross-claims are not pleadings. <u>See</u> Commentary to Rule 7, Definitions (4).

11.     More importantly, the section of Hand's Response encaptioned Cross-Claim is not. A cross-claim is claim asserted by one *defendant* against one or more *co-defendants*. <u>See</u> Commentary to Rule 7, Definitions (4). Hand and Olson/Coffman are not co-defendants in this case. Hand is the plaintiff and Olson and Coffman are defendants who were sued by Hand.

12.     Olson and Coffman have filed a Motion To Strike and Dismiss the section of the Response encaptioned Cross-Claim.

13.     The right to a jury trial in this case has been waived. Olson and Coffman are entitled as a matter of law to have the jury demand filed by Hand stricken.

**WHEREFORE**, Floyd Olson and Barbara E. Coffman respectfully request the entry of an order striking the Jury Demand filed by Michael Hand.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E. COFFMAN**


*/s/ Paula K. Jacobi*
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

124806v1                          3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND,              ) | **CASE No. 1:07-cv-01422** |
|        Plaintiff        ) | |
| v.                  ) | |
|                  ) | |
| LIBERTY LIFE ASSURANCE COMPANY ) | |
| OF BOSTON,           ) | |
|                  ) | **Judge Milton I. Shadur** |
|        Defendant/Counter-plaintiff (as to Hand) ) | |
|        Cross-claimant (as to Olson, Coffman and ) | |
|        Potter)         ) | **Magistrate Judge Nan R. Nolan** |
|                  ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and ) | |
| JAMES POTTER,        ) | |
|                  ) | |
|        Defendants/Cross-defendants. ) | |

## NOTICE OF MOTION

TO:    SEE SERVICE LIST

PLEASE TAKE NOTICE that on February 14, 2008 at 9:15 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Milton I. Shadur in Courtroom 2303 in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present **MOTION TO STRIKE UNTIMELY JURY DEMAND**, a copy of which is hereby served upon you.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E COFFMAN**

*/s/ Paula K. Jacobi*
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

125515-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on December 28, 2007 a true and correct copies of this Notice of Motion and MOTION TO STRIKE UNTIMELY JURY DEMAND upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on January 31, 2008:

Ashley B Abel    abela@jacksonlewis.com

Mark S. Bishop    mbishop@huckbouma.com

Edward J Sedlacek    esedlacek@huckbouma.com

Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com

Sara Amy Weinberg    weinbers@jacksonlewis.com, rubioa@jacksonlewis.com

Matthew Robert Wildermuth    matt.wildermuth@wildermuthlawoffices.com, mwildermuth@sff-law.com

By U.S. Mail, on the following counsel, on January 31, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139

_/s/ Kendra L Hewitt_
Kendra L. Hewitt

125515-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND,        ) | |
|            ) | **CASE No. 1:07-cv-01422** |
|       Plaintiff     ) | |
| v.                 ) | |
|                      ) | |
| LIBERTY LIFE ASSURANCE COMPANY   ) | |
| OF BOSTON,                 ) | |
|                      ) | **Judge Milton I. Shadur** |
|       Defendant/Counter-plaintiff (as to Hand) ) | |
|       Cross-claimant (as to Olson, Coffman and ) | |
|       Potter)                 ) | **Magistrate Judge Nan R. Nolan** |
|                      ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and ) | |
| JAMES POTTER,            ) | |
|                      ) | |
|       Defendants/Cross-defendants.    ) | |

## MOTION TO STRIKE AND DISMISS SECTION OF ANSWER TO CLAIM TO INTEREPLED FUNDS ENCAPTIONED CROSS-CLAIM

Floyd Olson and Barbara E. Coffman ("Olson/Coffman") through their undersigned attorney, move to strike and dismiss the section encaptioned "crossclaim" of the *Response to Claim to the Interplead Funds* ("Response") filed by Michael Hand on January 11, 2008, and in support state of their Motion state as follows:

1.      On March 13, 2007, the complaint ("Complaint") filed by Michael Hand against Liberty Mutual, Olson/Coffman was removed from Illinois state court to this Court by Liberty Mutual.

2.      The issue presented in the Complaint to be determined by this Court was who the identity of the rightful beneficiary to the proceeds of a life insurance policy insuring the life of Cassie Barrett.

3.      On March 22, 2007, Liberty Mutual filed an answer to the Complaint. Liberty Mutual also filed a counter-claim against Hand and a proposed cross-claim against Olson/Coffman and Potter, each of which sought to interplead the insurance proceeds into the Court.

4.      Olson/Coffman answered the Complaint and the cross-claim of Liberty Mutual on July 13, 2007.

5.      At the request of Hand and the direction of the Court, Olson/Coffman filed a Claim To Interpled Funds ("Claim") on December 28, 2007.

6.      On January 11, 2008, Hand filed an Answer to Claim To Interpled Funds ("Answer").

7.      On pages 4 and 5 of the Answer, Hand has four paragraphs of allegations entitled Cross-Claim.

8.      That section must be stricken and/or dismissed. Hand has no legal ability to file a cross-claim against Olson/Coffman; they are not co-defendants. Even if Hand and Olson/Coffman were co-defendants in the Liberty Mutual interpleader (which they are not) the time to file a cross-claim long ago expired. Further, the allegations fail to state a cause of action on which relief can be granted.

## ARGUMENT

- *Hand's "cross-claim" against Olson/Coffman is not a cross-claim.*

9.      A cross-claim is claim asserted by one *defendant* against one or more *co-defendants*. See Commentary to Rule 7, Definitions (4). Hand and Olson/Coffman are not co-defendants in this case. Hand is the plaintiff. He sued Olson/ Coffman; they are defendants in relationship to Hand.

124806v1                                    2

10.     On this basis, the section of the Answer encaptioned "cross-claim" should be stricken. A cross-claim cannot exist between a plaintiff and defendant.

*   *Even if Hand and Olson/Coffman were co-defendants, the "crossclaim" must be stricken; it is untimely.*

11.     Even if Hand and Olson/Coffman were co-defendants in this case, Hand's ability to file a cross-claim against Olson/Coffman expired long ago.

12.     If Liberty Mutual had filed a complaint to interplead fund to which Hand and Olson/Coffman were co-defendants, (which did not happen), Liberty Mutual's pleadings were filed in March 2007. Hand would have had to file any claim he had against Olson/Coffman as a result of the Liberty Mutual pleadings within 20 days. See Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure.

13.     Hand did not do so.

14.     Accordingly, even is one could have re-characterized the Hand and Olson/Coffman relationship as co-defendants, the "cross-claim" now asserted is untimely and should be stricken and/or dismissed on that basis.

*   *Last, the four paragraphs of the Answer under the caption "Cross-Claim" fails to state a cause of action.*

15.     Finally, the four paragraphs do not state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

16.     Hand alleges that as the spouse and alleged named beneficiary of the insurance policy he had a "reasonable expectation of receiving the proceeds of the policy." *See*, ¶1 of the Cross-claim.

17.    Under Illinois law, the beneficiary of a life insurance policy has no vested right to the proceeds of the policy before the death of the insured. *Brunnenmeyer v. Massachusetts Mut. Life Ins. Co.*, 384 N.E.2d 446, 448 (Ill.Ct.App. 1978). The beneficiary only has a "mere expectation subject to revocation." *Id., citing Davis v. Metropolitan Life Ins. Co.* 2 N.E.2d 141 (Ill.Ct.App. 1936); *Cook v. Pullman Co.*, 53 N.E.2d 55 (Ill.Ct.App. 1944).

18.    The only way a beneficiary may acquire a vested interest in the proceeds is if gives valuable consideration in return for the promise of the insured that the insured will name him beneficiary. *Brunnenmeyer*, 384 N.E.2d at 448, *citing e.g., Gillham v. Estes,* 158 Ill.App. 211 (1910).

19.    Hand has not pled consideration a necessary element of the claim.

20.    Further, to state the cause of action regarding an intentional interference with an expectancy, the interference must be conduct which is tortuous, in itself. No conduct is alleged by Hand, let alone conduct that would be tortuous.

21.    In short, even if the Answer Hand filed were a timely filed cross-claim against Olson/Hand (which it was not), it fails to meet the tightened pleading standards set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).

WHEREFORE, for all of the foregoing reasons, Hand's cross-claim should be stricken and/or dismissed.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E. COFFMAN**

_/s/ Paula K. Jacobi_
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

124806v1

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | **CASE No. 1:07-cv-01422** |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, | ) | |
| | ) | **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) | ) | |
| Cross-claimant (as to Olson, Coffman and | ) | |
| Potter) | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and | ) | |
| JAMES POTTER, | ) | |
| | ) | |
| Defendants/Cross-defendants. | ) | |

### NOTICE OF MOTION

TO:    SEE SERVICE LIST

PLEASE TAKE NOTICE that on February 14, 2008 at 9:15 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Milton I. Shadur in Courtroom 2303 in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present **MOTION TO STRIKE AND DISMISS SECTION OF ANSWER TO CLAIM TO INTEREPLED FUNDS ENCAPTIONED CROSS-CLAIM**, a copy of which is hereby served upon you.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E COFFMAN**

_/s/ Paula K. Jacobi_
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

125512-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on December 28, 2007 a true and correct copies of this Notice of Motion and MOTION TO STRIKE AND DISMISS SECTION OF ANSWER TO CLAIM TO INTEREPLED FUNDS ENCAPTIONED CROSS-CLAIM upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on January 31, 2008:

Ashley B Abel    abela@jacksonlewis.com

Mark S. Bishop    mbishop@huckbouma.com

Edward J Sedlacek    esedlacek@huckbouma.com

Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com

Sara Amy Weinberg    weinbers@jacksonlewis.com, rubioa@jacksonlewis.com

Matthew Robert Wildermuth    matt.wildermuth@wildermuthlawoffices.com, mwildermuth@sff-law.com

By U.S. Mail, on the following counsel, on January 31, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139

/s/ Kendra L Hewitt
Kendra L. Hewitt

125512-1

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0**
**Eastern Division**

Michael Hand

                          Plaintiff,

v.                                          Case No.: 1:07−cv−01422
                                          Honorable Milton I. Shadur

Liberty Mutual, et al.

                          Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 14, 2008:

      MINUTE entry before Judge Milton I. Shadur :Motion to alter judgment [53] is withdrawn. Individual defendants' motion to strike and dismis portion of plaintiff's answer to claim to interpleaded funds captioned "Cross−Claim" is denied as a substantive matter, because the purported cross−claim simply reflects one aspect of the legal position on plaintiff's part. [57] Status hearing held on 2/14/2008.Status hearing set for 2/25/2008 at 09:00 AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

### UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                        Plaintiff,

v.                                               Case No.: 1:07−cv−01422

                                               Honorable Milton I. Shadur

Liberty Mutual, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 19, 2008:

      MINUTE entry before Judge Milton I. Shadur : Enter Memorandum Order.
Motion to strike Hand's jury demand [55] is denied.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HAND,                        )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    No.  07 C 1422
                                     )
LIBERTY LIFE ASSURANCE COMPANY OF    )
BOSTON, et al.,                      )
                                     )
                Defendants.          )

MEMORANDUM ORDER

After completion of the combined status and motion hearing

last Friday (February 14), this Court went back to review the

bidding somewhat--not only as to the Floyd Olson ("Olson")-

Barbara Coffman ("Coffman") motion to strike the Michael Hand

("Hand") jury demand but also as to the same defendants' motion

to strike and dismiss the portion of Hand's Answer to their claim

to the interpleaded funds that Hand's counsel had labeled a

"Cross-claim."  At the time of that hearing this Court's chambers

file had not contained Hand's Answer and the purported Cross-

claim, even though they had been filed electronically on

January 11, 2008.[1]  That review of Hand's filing has triggered

this memorandum order.

First as to the so-called Cross-claim, defense counsel is of

_____

        [1]  Although both this Court and its minute clerk attempt to
be meticulous in that respect, it is of course possible that the
absence of that pleading from the chambers file may have been the
result of misfiling or some other glitch, rather than its not
having been delivered to chambers as this District Court's local
rule requires.

course correct in characterizing that as a mistaken label. But all that need be done on that score is simply to relabel Hand's pleading as a "counterclaim" rather than a "cross-claim" (after all, Hand is the plaintiff in this action, while Olson and Coffman are defendants). And because Hand is the target of the Olson-Coffman claim, their resultant positioning on opposite sides of the "v." in this action means that Hand has interposed a counterclaim to that Olson-Coffman claim. Moreover, no modification in Hand's substantive allegations needs to be made, and a response to that now-labeled Counterclaim is ordered to be filed by Olson and Coffman on or before February 29, 2008.

As for the other motion submitted by the Olson-Coffman counsel, it correctly invokes Fed. R. Civ. P. ("Rule") 38(d)'s waiver of trial by jury where the jury demand is out of time under Rule 38(b). But as this Court remarked orally during the February 14 hearing, there is substantial caselaw that relieves parties from the waiver that can flow from a timely demand. Different Courts of Appeals have ranged all over the lot in terms of the breadth of discretion vested in trial courts in that respect. But our own Court of Appeals is among those listed in 8 Moore's Federal Practice §39.31[4][a](3d ed. 2007) as normally opting to override the Rule 38(d) waiver provision--as Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir. 1983) has stated the proposition succinctly:

2

In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted.[2]

Accordingly the motion to strike Hand's jury demand is denied. Both Hand's denial of what has been said in the Olson-Coffman Answer and his newly-labeled Counterclaim essentially pose an issue of claimed undue influence on the decedent, just the sort of issue that a lay jury is well-equipped to handle.

_____

Milton I. Shadur
Senior United States District Judge

Date:   February 19, 2008

_____

[2]   [Footnote by this Court]   Although the Merritt panel generated three separate opinions—Judge Swygert for the panel, Judge Cudahy concurring and Judge Posner dissenting in part, all three judges agreed on the proposition stated in the text, with Judge Posner beginning his partial dissent with an agreement "that it was an abuse of discretion for the district judge to deny Merritt's untimely request for a jury trial" (id. at 769).

3

Order Form (01/2005)

*MHN*

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1422 | **DATE** | 2/20/2008 |
| **CASE TITLE** | Michael Hand vs. Liberty Mutual, et al | | |

**DOCKET ENTRY TEXT**

Enter Order. The motion for leave to deposit funds is granted. Liberty Life shall deposit the sum of $74,077.32, which includes applicable accrued interest through January 16, 2008 at the rate of 3.5% into the Court. The funds shall be deposited in an interest-bearing account. Entered nunc pro tunc January 3, 2008.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | SN |
|---|---|---|

07C1422 Michael Hand vs. Liberty Mutual, et al

*M HN*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DISTRICT OF ILLINOIS

MICHAEL HAND,                      )
                                   )
          Plaintiff,         )
                                   )
      v.                         )    Case No.: 1:07-cv-01422
                                   )
LIBERTY MUTUAL, FLOYD OLSON,       )    Judge Milton I. Shadur
BARBARA E. COFFMAN, and            )
JAMES POTTER,                      )    Magistrate Judge Nan R. Nolan
                                   )
          Defendants.        )

## ORDER

This matter is before the Court on the Motion for Leave to Deposit Funds by Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), incorrectly identified in the caption as "Liberty Mutual." The Court having considered the motion and any responses thereto, it is ORDERED and ADJUDGED that:

1. The Motion for Leave to Deposit Funds is GRANTED.
2. Liberty Life shall deposit the sum of $74,077.32, which includes applicable accrued interest through January 16, 2008 at the rate of 3.5%, into the Court.
3. The funds shall be deposited by the Clerk of Court in an interest-bearing account.

                             _____
                             U.S. DISTRICT JUDGE SHADUR

Signed this _20_ day of _February_, 2008
*nunc pro tunc Jan. 3, 2008*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND,    ) | |
|    ) | **CASE No. 1:07-cv-01422** |
|      Plaintiff    ) | |
| v.    ) | |
|    ) | |
| LIBERTY LIFE ASSURANCE COMPANY    ) | |
| OF BOSTON,    ) | |
|    ) | **Judge Milton I. Shadur** |
|      Defendant/Counter-plaintiff (as to Hand)    ) | |
|      Cross-claimant (as to Olson, Coffman and    ) | |
|      Potter)    ) | **Magistrate Judge Nan R. Nolan** |
|    ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and    ) | |
| JAMES POTTER,    ) | |
|    ) | |
|      Defendants/Cross-defendants.    ) | |

### AMENDED MOTION TO CHANGE VENUE TO ENCOMPASS
### NEWLY FILED COUNTER-CLAIM FILED BY MICHAEL HAND
### AND MOTION FOR 14 DAYS TO FILE SUPPLEMENTAL AFFIDAVITS
### AND SUPPLEMENTAL LEGAL MEMORANDUM IN SUPPORT THEREOF AND SET
### THE MOTION FOR CHANGE OF VENUE FOR HEARING
### AFTER SUPPLEMENTAL SUBMISSION ARE MADE

Floyd Olson and Barbara E. Coffman (collectively "Defendants"), through their

undersigned attorney, supplement their pending Motion to Transfer of Venue and move this

Court for entry of an order giving them fourteen (14) days to file supplemental affidavits and

legal memorandum, and setting the Motion for hearing after the supplemental materials are

submitted.  In support state as follows:

    1.     On June 28, 2007, Defendants filed a Motion for Transfer of Venue, Supporting

Memorandum and Affidavit ("Initial Motion").  At the time of filing the Initial Motion, the only

cause of action pending was to determine who was entitled to proceeds of a life insurance policy

on the life of Cassie Barrett.

2.    The Initial Motion was continued by agreement of the parties to enable the parties to voluntarily exchange documents to determine if the notice to change beneficiary was received by Liberty Mutual prior to Cassie Barrett's death, which it was, and to determine if settlement was possible, particularly in light of the small amount of insurance proceeds at issue ($71,000 plus interest).

3.    While the Initial Motion has been pending, events have occurred that make the propriety of transferring venue clearer.

4.    On February 19, 2008, an order was entered which granted Hand the right to pursue a tort claim against Defendants for alleged interfering with Hand's expectancy by allegedly influencing Cassie Barrett to execute a power of attorney to her grandfather ("Hand Counterclaim"). In addition, the February 19, 2008 order allowed Hand's jury demand to stand.

5.    The issues involved in the Hand Counterclaim and a jury trial further support the necessity of transferring this case to California. Without a transfer, Defendants are severely prejudiced.

6.    For all the reasons set forth in the Initial Motion and in this Supplement, Defendants respectfully submit that the convenience of parties and witnesses and interest of justice cannot be achieved in this judicial district and only be accomplished in California. See Section 1404(a) and Trustmark Insurance Company v. All American Life Insurance Co. 2004 WL 2967529 (N.D. Ill. 2004)

7.    Cassie Barrett lived in California commencing in 2004 until she died in 2006.

8.    The issues of execution of the power of attorney and any alleged influence or other action regarding the power of attorney [now being asserted by Hand] can only be attested to by residents of California, e.g. Defendants who took care of her and housed her, her doctors

and nurses, her friends, the notary and witnesses to the execution of the power of attorney, and all other persons who observed Cassie in 2004-2006 and had knowledge of her mental and physical condition. All of these people (many of who are identified in the Affidavit already filed) reside and work in California.

9.     No depositions can occur in this judicial district. Under Rule 45, subpoenas for depositions outside of 100 miles of the deponents' residence or place of employment must be quashed. Further, depositions of Defendants would be taken in California. It would be an impossible expense and burden for Olson, an octogenarian, to be able to physically and financially travel to this district. The only potential witness in this district is Hand. As Hand only sporadically visited Cassie, Defendants question whether Hand would even have any admissible evidence on the single issue raised in the Hand Counterclaim.

10.     It would be wholly prejudicial to Defendants to allow a trial on the Counterclaim in this District. A jury has a bias toward live witnesses. Given that no witnesses can be forced to appear in this judicial district, and given Olson's age and health, he most likely could only appear by evidence deposition. Allowing Hand to try a case before a jury knowing that Defendants can present only evidence depositions, i.e. papers to read, prevents their obtaining justice.

11.     Defendants did not pick this judicial district and, given where the evidence lies, should not be forced into this district.

11.     It appears to Defendants, respectfully, that the Counterclaim and jury demand have been filed in an attempt to force Defendants into a settle on terms that they find unacceptable given the undisputed facts now known, i.e. that the beneficiary was properly changed. Given the fact that Defendants and all of the witnesses reside and work in California,

none can be forced to Illinois to testify before a jury, the financial and physical burden on

Defendants of defending the Hand Counterclaim and prosecuting the right of Coffman to the

insurance proceeds is likely insurmountable.

WHEREFORE, Floyd Olson and Barbara E. Coffman respectfully request the entry of

the order granting them 14 days to file a supplemental memorandum and affidavit in further

support of the Initial Motion, setting the Initial Motion as supplemented for hearing, and for such

other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E. COFFMAN**

_/s/ Paula K. Jacobi_
One of their attorneys

Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND, | ) |
| | )     **CASE No. 1:07-cv-01422** |
| Plaintiff | ) |
| v. | ) |
| | ) |
| LIBERTY LIFE ASSURANCE COMPANY | ) |
| OF BOSTON, | ) |
| | )     **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) | ) |
| Cross-claimant (as to Olson, Coffman and | ) |
| Potter) | )     **Magistrate Judge Nan R. Nolan** |
| | ) |
| FLOYD OLSON, BARBARA E. COFFMAN and | ) |
| JAMES POTTER, | ) |
| | ) |
| Defendants/Cross-defendants. | ) |

### NOTICE OF MOTION

TO:    SEE SERVICE LIST

     PLEASE TAKE NOTICE that on February 27, 2008 at 9:15 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Milton I. Shadur in Courtroom 2303 in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present **AMENDED MOTION TO CHANGE VENUE TO ENCOMPASS NEWLY FILED COUNTER-CLAIM FILED BY MICHAEL HAND AND MOTION FOR 14 DAYS TO FILE SUPPLEMENTAL AFFIDAVITS AND SUPPLEMENTAL LEGAL MEMORANDUM IN SUPPORT THEREOF AND SET THE MOTION FOR CHANGE OF VENUE FOR HEARING AFTER SUPPLEMENTAL SUBMISSION ARE MADE,** a copy of which is hereby served upon you.

                               Respectfully Submitted,

                               **FLOYD OLSON & BARBARA E
COFFMAN**

                               */s/ Paula K. Jacobi*
                               One of their attorneys

126411-1

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

126411-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on February 22, 2008, a true and correct copies of this Notice of Motion and **AMENDED MOTION TO CHANGE VENUE TO ENCOMPASS NEWLY FILED COUNTER-CLAIM FILED BY MICHAEL HAND AND MOTION FOR 14 DAYS TO FILE SUPPLEMENTAL AFFIDAVITS AND SUPPLEMENTAL LEGAL MEMORANDUM IN SUPPORT THEREOF AND SET THE MOTION FOR CHANGE OF VENUE FOR HEARING AFTER SUPPLEMENTAL SUBMISSION ARE MADE** upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on February 22, 2008:

        Ashley B Abel     abela@jacksonlewis.com

        Mark S. Bishop     mbishop@huckbouma.com

        Edward J Sedlacek     esedlacek@huckbouma.com

        Lawrence A. Stein     lstein@huckbouma.com, lkoster@huckbouma.com

        Sara Amy Weinberg     weinbers@jacksonlewis.com, rubioa@jacksonlewis.com

        Matthew Robert Wildermuth     matt.wildermuth@wildermuthlawoffices.com, mwildermuth@sff-law.com

By U.S. Mail, on the following counsel, on February 22, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139


                        */s/ Kendra L Hewitt*
                        Kendra L. Hewitt

126411-1

### UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Michael Hand

                        Plaintiff,

v.                                          Case No.: 1:07−cv−01422
                                            Honorable Milton I. Shadur

Liberty Mutual, et al.

                        Defendant.

_____

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, February 25, 2008:

    MINUTE entry before Judge Milton I. Shadur :Motion for change of venue [64] is entered and continued to 4/2/08 at 9:00 a.m. Plaintiff's response is due on or before March 31, 2008. Status hearing held on 2/25/2008Status hearing set for 4/2/2008 at 09:00 AM.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | **CASE No. 1:07-cv-01422** |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, | ) | |
| | ) | **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) | ) | |
| Cross-claimant (as to Olson, Coffman and | ) | |
| Potter) | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and | ) | |
| JAMES POTTER, | ) | |
| | ) | |
| Defendants/Cross-defendants. | ) | |

### MOTION TO EXTEND TIME IN WHICH DEFENDANTS OLSON AND
### COFFMAN ARE REQUIRED TO RESPOND TO HAND'S COUNTERCLAIM

Floyd Olson and Barbara E. Coffman (collectively "Defendants"), through their

undersigned attorney, move to extend the time in which Defendants are required to respond to

Hand's counterclaim, and in support state as follows:

1.    On January 31, 2008, Defendants filed their Motion to Strike and Dismiss Section

of Answer of Claim to Interpled Funds Encaptioned Crossclaim ("Motion").

2.    On February 19, 2008, the Court entered a Memorandum Order.  The Order

provides that a "response to [the] now-labeled Counterclaim is ordered to be filed by Olson and

Coffman on or before February 29, 2008."

3.    On February 22, 2008, the Defendants filed a motion that supplements their

previously filed motion for a change of venue.

4.     On February 25, 2008, the Court held a status hearing.  At the status hearing, the Court gave Plaintiff five weeks, *i.e.* until March 31, 2008, to file a response to the motions addressing change of venue.  The Court also scheduled April 2, 2008 as the next status hearing for this matter.

5.     The Court is currently considering Defendants' motion with respect to venue and Plaintiff is not required to respond to those motions until March 31, 2008.

6.     Defendants anticipate that given the fact that Defendants and all of the witnesses related to the initial complaint and counterclaim now asserted reside and work in California (save Plaintiff) and the extreme economic disadvantage to proceeding in this district, the motion pending to transfer venue may be granted.

7.     If granted, it is more appropriate for California counsel to determine how to respond to the counterclaim and proceed with this case.

8.     Accordingly, for economy Defendants request that the time in which they are required to respond to the Counterclaim be extended until fourteen days after this Court rules on the motions pertaining to change of venue.

9.     On February 26, 2008, Defendants' counsel telephoned Plaintiff's counsel office and left a message asking him to agree to the extension.  In response, Plaintiff's counsel left Defendant's counsel a voice mail message stating that he has no objection to an extension of time.

**WHEREFORE**, Floyd Olson and Barbara E. Coffman respectfully request the entry of the order that extends the time in which they are required to respond to the counterclaim to fourteen days after this Court rules on the motion pertaining to change of venue, and for such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E. COFFMAN**

*/s/ Paula K. Jacobi* _____
One of their attorneys

Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | **CASE No. 1:07-cv-01422** |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, | ) | |
| | ) | **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) | ) | |
| Cross-claimant (as to Olson, Coffman and | ) | |
| Potter) | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and | ) | |
| JAMES POTTER, | ) | |
| | ) | |
| Defendants/Cross-defendants. | ) | |

### NOTICE OF MOTION

TO:    SEE SERVICE LIST

PLEASE TAKE NOTICE that on February 28, 2008 at 9:15 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Milton I. Shadur in Courtroom 2303 in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present **MOTION TO EXTEND TIME IN WHICH DEFENDANTS OLSON AND COFFMAN ARE REQUIRED TO RESPOND TO HAND'S COUNTERCLAIM**, a copy of which is hereby served upon you.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E COFFMAN**

*/s/ Paula K. Jacobi*
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

126510-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on February 26, 2008, a true and correct copies of this Notice of Motion and **MOTION TO EXTEND TIME IN WHICH DEFENDANTS OLSON AND COFFMAN ARE REQUIRED TO RESPOND TO HAND'S COUNTERCLAIM** upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on February 26, 2008:

Ashley B Abel    abela@jacksonlewis.com

Mark S. Bishop    mbishop@huckbouma.com

Edward J Sedlacek    esedlacek@huckbouma.com

Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com

Sara Amy Weinberg    weinbers@jacksonlewis.com, rubioa@jacksonlewis.com

Matthew Robert Wildermuth    matt.wildermuth@wildermuthlawoffices.com, mwildermuth@sff-law.com

By U.S. Mail, on the following counsel, on February 26, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139

*/s/ Kendra L Hewitt*
Kendra L. Hewitt

126510-1

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0**
**Eastern Division**

Michael Hand

                        Plaintiff,

v.                                          Case No.: 1:07−cv−01422
                                            Honorable Milton I. Shadur

Liberty Mutual, et al.

                        Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 28, 2008:

      MINUTE entry before Judge Milton I. Shadur :Motion for extension of time [67] is denied. Motion hearing held on 2/28/2008 regarding extension of time[67] Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND,<br>　　　　　Plaintiff<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF<br>BOSTON, FLOYD OLSON, BARBARA E.<br>COFFMAN and JAMES POTTER,<br><br>　　　Defendants<br>LIBERTY LIFE ASSURANCE COMPANY OF<br>BOSTON,<br>　　　　　Counter\Cross Plaintiff<br>vs.<br><br>MICHAEL HAND, FLOYD OLSON, BARBARA<br>E. COFFMAN and JAMES POTTER,<br><br>　　　Counter\Cross Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:07-cv-01422**<br><br><br><br>**Judge Milton I. Shadur**<br><br>**Magistrate Judge Nan R. Nolan** |

### ANSWER TO CROSS-CLAIM/COUNTER-CLAIM FILED BY MICHAEL HAND AND CROSS-CLAIM/COUNTER-CLAIM AGAINST MICHAEL HAND

Defendants, Floyd Olson ("Olson") and Barbara E. Coffman ("Coffman"), through their

undersigned counsel, answer the Cross-Claim/Counter-Claim filed on January 11, 2008 by

Michael Hand ("Hand") as follows:

> 1. As the lawful spouse of the insured and named beneficiary of the life insurance policy at issue in this action, plaintiff had a reasonable expectation of receiving the proceeds of the policy should his wife to premature death.

**ANSWER:**　The allegations of paragraph 1 contain legal conclusions, to which no

answer is required, and which Defendants Olson and Coffman deny.

> 2. At all relevant times, the defendants were aware that the plaintiff was the lawful spouse of the insured and the beneficiary of the life insurance policy.

**ANSWER:**　Olson and Coffman admit that Cassie E. Barrett ("Cassie") was married to

Plaintiff Hand. Olson and Coffman deny that Hand was the beneficiary of the life insurance

policy at all relevant times. The relevant time was October 21, 2006, the date of Cassie's death.

Olson and Coffman further answer that on October 11, 2006, Cassie knowingly executed

a power of attorney ("POA") which gave Defendant Olson authority to carry out her instructions

regarding the disposition of her property and other financial affairs, including, without limitation,

who should be the beneficiary of her life insurance policy. To effectuate Cassie's desires,

pursuant to the POA, with Hand's full knowledge, on October 13, 2006, Defendant Olson

prepared and transmitted to Liberty a letter requesting that Liberty reverse the then beneficiaries

on all of Cassie's insurance, *i.e.* her life insurance, incentive insurance and disability insurance.

Olson advised Liberty that "[T]he reversal will be to show current beneficiaries as Barbara E.

Coffman and secondary/contingent beneficiaries as Michael P. Hand." Liberty received the

letter to reverse the then beneficiaries prior to Cassie's death. The letter and its delivery changed

the beneficiary from Hand to Coffman in full compliance with the life insurance policy.

> 3. The defendants intentionally caused the insured to appoint
> an agent or change the beneficiary, and in so doing
> tortuously interfered with the plaintiff's reasonable
> expectation to be the beneficiary of his lawful wife's policy
> of life insurance.

**ANSWER:** Olson and Coffman deny each and every allegation of paragraph 3.

> 4. As a direct and proximate result of the tortuous interference
> of the defendants, plaintiff has been damaged in the
> approximate amount of $71,000.00 plus interest.

**ANSWER:** Olson and Coffman deny each and every allegation of paragraph 4.

**WHEREFORE,** Defendants Floyd Olson and Barbara E. Coffman respectfully request

entry of a judgment against Michael Hand finding that he takes nothing on his claim.

## CROSS-CLAIM/COUNTER-CLAIM

Floyd Olson ("Olson") and Barbara E. Coffman ("Coffman"), through their undersigned counsel, complain of Michael Hand ("Hand") as follows:

1.    Hand was the married to Cassie E. Barrett ("Cassie") during 2005 and 2006.

2.    As Cassie's spouse, he had a duty to and was liable for the support of his wife and had a duty to and was liable to pay family expenses.

3.    Family expenses included the cost of Cassie's medical services and the cost of her funeral.

4.    Hand failed and refused to support Cassie, to pay her expenses when she became ill with cancer and needed care and treatment. Additionally, he did not pay for her funeral.

5.    As a result of her cancer, Cassie received disability insurance. However, such insurance was insufficient to fully cover all expenses Cassie had in 2005 and 2006.

6.    Necessary living and medical expenses of Cassie and the expenses of her funeral (collectively "Expenses") had to be paid by Olson and Coffman. The Expenses totaled approximately $9,000.00

7.    Hand is indebted to and obligated to pay Olson and Coffman the amount of the Expenses.

**WHEREFORE,** Olson and Coffman respectfully request entry of a judgment against Michael Hand in the amount of the Expenses and legal fees and expenses incurred by Olson and Coffman in this matter, for such other relief that is just and equitable.

Respectfully Submitted,

**FLOYD OLSON and BARBARA E. COFFMAN**

By: ___*/s/ Paula K. Jacobi*___
One of their attorneys

Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400
(312) 372-7951 (fax)

126617v1                                         4

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

MICHAEL HAND,　　　　　　　　　　　　　 )
　　　　　　　Plaintiff　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
vs.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
LIBERTY LIFE ASSURANCE COMPANY OF　　 )
BOSTON, FLOYD OLSON, BARBARA E.　　　　 )
COFFMAN and JAMES POTTER,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　Defendants　　　　　　　　　　　　 )　　**Case No. 1:07-cv-01422**
LIBERTY LIFE ASSURANCE COMPANY OF　　 )
BOSTON,　　　　　　　　　　　　　　　　　 )
　　　　　　　Counter\Cross Plaintiff　　　　 )
vs.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )　　**Judge Milton I. Shadur**
MICHAEL HAND, FLOYD OLSON, BARBARA　 )
E. COFFMAN and JAMES POTTER,　　　　　　 )　　**Magistrate Judge Nan R. Nolan**
　　　　　　　　　　　　　　　　　　　　　 )
　　　　Counter\Cross Defendants　　　　　　 )

## NOTICE OF FILING

TO:　　SERVICE LIST

　　　　**PLEASE TAKE NOTICE** that on **March 6, 2008,** we have caused to be filed with the United States District Court for the Northern District of Illinois, **ANSWER TO CROSS-CLAIM/COUNTER-CLAIM FILED BY MICHAEL HAND AND CROSS-CLAIM/COUNTER-CLAIM AGAINST MICHAEL HAND,** a copy of which is hereby served upon you.

　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　**FLOYD OLSON and BARBARA E. COFFMAN**


　　　　　　　　　　By: */s/ Paula K. Jacobi*
　　　　　　　　　　　　　One of their attorneys

Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400
(312) 372-7951 (fax)
(312) 704-9400


126818-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on March 6, 2008 a true and correct copies of this Notice of Filing and ANSWER TO CROSS-CLAIM/COUNTER-CLAIM FILED BY MICHAEL HAND AND CROSS-CLAIM/COUNTER-CLAIM AGAINST MICHAEL HAND upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on March 6, 2008:

Lawrence A. Stein - lstein@huckbouma.com, lkoster@huckbouma.com

Mark S. Bishop - mbishop@huckbouma.com

Sara Amy Weinberg - weinbers@jacksonlewis.com, labudak@jacksonlewis.com, caldwels@jacksonlewis.com

Ashley B Abel    abela@jacksonlewis.com

Edward J Sedlacek    esedlacek@huckbouma.com

By U.S. Mail, on the following counsel, on March 6, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139

/s/ Kendra L Hewitt
Kendra L. Hewitt

126818-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | **CASE No. 1:07-cv-01422** |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, | ) | |
| | ) | **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) | ) | |
| Cross-claimant (as to Olson, Coffman and | ) | |
| Potter) | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and | ) | |
| JAMES POTTER, | ) | |
| | ) | |
| Defendants/Cross-defendants. | ) | |

## SUPPLEMENT TO MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR TRANSFER OF VENUE

### Introduction

Since Floyd Olson and Barbara E. Coffman (collectively "Defendants") filed their

Motion For Transfer of Venue ("Venue Motion"), Michael Hand ("Hand") has sues Defendants

for alleged committing torts in California. Hand's new tort claim makes it clear that the Venue

Motion should be granted. The law involved is California state law; all of the witnesses 10

identified witnesses are work and reside in California; two of the three parties live in California

and one of the California parties is elderly with health problems.

Given the facts of this case, which now encompasses a California common law claim,

and the broad discretion this Court has under Section 1404, the Venue Motion should be granted.

126932v1

**Facts**

Exhibit A to this Supplement is a Supplement to Declaration of Floyd Olson. This

Supplement provides additional witnesses that will testify as to Hand's new tort claim against

Defendants, i.e. alleged interference with Hand's expectancy by allegedly improperly

influencing Cassie Barrett to execute a power of attorney to her grandfather, Olson.  In addition

to seven witnesses identified in the Declaration, the Supplement identifies at least three

additional witnesses that can speak to Cassie's mental competence when she signed the power of

attorney, her wishes regarding her life insurance policy having her mother Coffman become the

primary beneficiary, and the lack of any coercion of Cassie. All of these witnesses and the seven

witnesses initially identified work and live in California.

The tort being claimed against Defendant has no connection with Illinois. It will be

governed by California state law.  The alleged tort occurred in California, not Illinois.

**Argument**

The factors regularly considered by courts in determining whether venue should be

transferred include:  (i) site of material events; (ii) access to evidence; (iii) convenience of the

parties; (iv) convenience of the witnesses; and (v) interest of justice.

The "site of material events" is California.  That is where: Cassie Barett ("Cassie") and

Defendants lived; the power of attorney was executed, where Defendants financially supported

Cassie; where Olson drafted and sent the change of life insurance beneficiary.  California is not

just the site of material events.  It is the site of all events at issue in this matter.

As pointed out in Defendant's Supplement to the Venue Motion, no discovery can take

place in Illinois given the parameters of Rule 45.  The Defendants and all of the witnesses reside

126932v1

and work in California. This hampers access to discovery; Defendants do not have their counsel and court in the same district as all the witnesses.

With respect to the convenience of the parties, this Court in Riviera Finance v. Trucking Services, Inc., 904 F. Supp. 837 (N.D. Ill. 1995), noted that because the parties from different jurisdictions always want to be in their own "home court", this element is generally neutral. In this case, however, it is not neutral. Convenience of the parties weighs heavily in favor of moving this case to California. Not only are two of the three parties living and working in California, but one of the two California Defendants is elderly and has health issues.

There is no question that convenience of the witnesses requires that this case be moved to California. All witnesses (other than Hand) who will testify on the claims for insurance proceeds and the new tort claim reside and work in California. Convenience of the witnesses is often considered the most important factor in determining whether to transfer venue. Trustmark Insurance Company v. All American Life Insurance Co., 2004 WL 2967529 (N.D. Ill. 2004).

The "interest of justice" also compels granting the Venue Motion. As stated in the Supplement to Venue Motion, with Hand now filing a jury demand, Defendants are severely prejudiced. Justice is not served when Defendants will be unable (given that their witnesses are Californians) to present live witnesses to a jury. None of the witnesses can be forced to appear in this district.

Additionally, judicial economy supports moving this case to California. The law involved in the new claims of Hand is California state tort law.[1] This situation is not like that which this Court had in Riviera Finance which involved Indiana law. Court in this district are

---

[1]    Defendants have counterclaimed with respect to Hand's failure to support his wife and to pay family expenses. This too is a California state claim; Cassie, Hand's wife, was living in California during the time wherein he failed to provide financial support.

often called upon to determine law from other 7th Circuit states. But California is not in the 7th

Circuit and it is not efficient for this Court to learn the tort law of California.

### Conclusion

Given the facts before the Court and the applicable law, Defendants respectfully submit

that the Venue Motion be granted. All factors to be considered strongly favor the relief

Defendants seek.


**FLOYD OLSON & BARBARA E.
COFFMAN**

*/s/ Paula K. Jacobi*
One of their attorneys


Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400


126932v1

# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MICHAEL HAND,  )
      Plaintiff  )
       )
vs.  )
       )
LIBERTY LIFE ASSURANCE COMPANY OF  )
BOSTON, FLOYD OLSON, BARBARA E.  )
COFFMAN and JAMES POTTER,  )
       )
     Defendants  )    Case No. 1:07-cv-01422
LIBERTY LIFE ASSURANCE COMPANY OF  )
BOSTON,  )
     Counter\Cross Plaintiff  )
vs.  )    Judge Milton I. Shadur
       )
MICHAEL HAND, FLOYD OLSON, BARBARA  )
E. COFFMAN and JAMES POTTER,  )    Magistrate Judge Nan R.
       )    Nolan
     Counter\Cross Defendants  )

## SUPPLEMENT TO DECLARTION OF FLOYD OLSON IN SUPPORT OF MOTION TO TRANSFER VENUE 928 U.S.C. Sec. 1404(a))

I, Floyd Olson declare as follows:

1.     I have personal knowledge of the information contained herein.

2.     The witnesses who I previously identified as having information relevant to Barbara Coffman's claim as the beneficiary of the group life insurance on my granddaughter Cassie Barret, also are witnesses that have information relevant to the Cross/Counter Claim recently filed by Michael Hand against me and Barbara Coffman with the exception, I believe, of Jennifer Carson and Danielle Randall.

3.     Additional witnesses and the state of their residence and work who have information relevant to the Cross/Counter Claim recently filed by Michael Hand against me and Barbara Coffman follow:

Case 3:08-cv-00640-JAH-BLM   Document 1-6   Filed 04/04/2008   Page 51 of 80
MAR-07-2008  16:52   SUGAR,FRIEDBERG & FELSENT   P.003
Case 1:07-cv-01422   Document 72-2   Filed 03/10/2008   Page 3 of 3

a.  Annmarie Hill, Aliso Viejo, California.  Annmarie had continual in person contact with Cassie while Cassie was living in California up her death and can speak to her mental competence, her wishes regarding her life insurance policy, her intent in executing the power of attorney, and lack of any coercion by any person in the execution of the power of attorney.

b.  Anna Rollins, San Diego California.  Anna had contact with Cassie during the relevant times as one of her therapist.  Anna can speak to Cassie's mental competence, and, I anticipate, as to her wishes regarding her life insurance policy, her intent in executing the power of attorney, and lack of any coercion by any person in the execution of the power of attorney.

c.  Physicians at San Diego Hospice at Glenbrook Skilled Nursing Center, Carlsbad California can speak to Cassie's mental competence in the time period when she executed the power of attorney.  At this time, I cannot recall any of their names..

If called as a witness, I could and would testify to the foregoing facts which I

declare under penalty of perjury under applicable laws of the California.

_____
Floyd T. Olson

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND,<br>　　　　　Plaintiff<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF<br>BOSTON, FLOYD OLSON, BARBARA E.<br>COFFMAN and JAMES POTTER,<br><br>　　　Defendants<br>LIBERTY LIFE ASSURANCE COMPANY OF<br>BOSTON,<br>　　　　　Counter\Cross Plaintiff<br>vs.<br><br>MICHAEL HAND, FLOYD OLSON, BARBARA<br>E. COFFMAN and JAMES POTTER,<br><br>　　　Counter\Cross Defendants | Case No. 1:07-cv-01422<br><br><br>Judge Milton I. Shadur<br><br>Magistrate Judge Nan R. Nolan |

### NOTICE OF FILING

TO:    SERVICE LIST

   **PLEASE TAKE NOTICE that on March 10, 2008,** we have caused to be filed with the United States District Court for the Northern District of Illinois, **SUPPLEMENT TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TRANSFER OF VENUE,** a copy of which is hereby served upon you.

Respectfully Submitted,

**FLOYD OLSON and BARBARA E. COFFMAN**

By: _/s/ Paula K. Jacobi_
　　　　　One of their attorneys

Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400
(312) 372-7951 (fax)

126921-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on March 10, 2008 a true and correct copies of this Notice of Filing and **SUPPLEMENT TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TRANSFER OF VENUE** upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on March 10, 2008:

Ashley B Abel    abela@jacksonlewis.com

Mark S. Bishop    mbishop@huckbouma.com

Edward J Sedlacek    esedlacek@huckbouma.com

Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com

Sara Amy Weinberg    weinbers@jacksonlewis.com, caldwels@jacksonlewis.com, labudak@jacksonlewis.com

Matthew Robert Wildermuth    matt.wildermuth@wildermuthlawoffices.com,

By U.S. Mail, on the following counsel, on March 10, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139


/s/ *Kendra L Hewitt*
Kendra L. Hewitt

126921-1

14304-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
|            Plaintiff, | ) | |
| | ) | |
|    vs. | ) | No. 07 CV 1422 |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, FLOYD T. OLSON, and. | ) | Judge Milton I. Shadur |
| BARBARA E COFFMAN, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
|            Defendants. | ) | |

### <u>MOTION TO STRIKE AND DISMISS</u>

Plaintiff, MICHAEL HAND, by his attorney, Lawrence A. Stein of HUCK BOUMA PC, moves pursuant to rules 12(b)(6) of the Federal Rules of Civil Procedure to strike and dismiss the "cross-claim/counter-claim" filed by defendants, FLOYD T. OLSON and BARBARA E. COFFMAN on March 6, 2008 for "family expenses." In support of his motion, plaintiff states as follows:

    1.     On March 6, 2008, defendants FLOYD T. OLSON and BARBARA E. COFFMAN filed a "cross-claim/counter-claim" seeking to impose on the plaintiff liability for the amounts they claim they paid for their daughter's medical expenses and funeral.

    2.     In paragraph 2 of the claim, Olson and Coffman allege that the plaintiff "had a duty to and was liable for the support of his wife and had a duty and was liable to pay family expenses" by virtue of the fact that he was her spouse.

    3.     The financial responsibilities of spouses for their necessary expenses is set forth in section 15(a)(1) of the Rights of Married Persons Act of Illinois which states:

> The expenses of the family and of the education of the children shall
>
> be chargeable upon the property of both husband and wife, or of
>
> either of them, in favor of creditors therefore, and in relation thereto
>
> they may be sued jointly or separately. (750 ILCS 65/15(a)(1))

4.    By virtue of section 15(a)(1) of the Rights of Married Persons Act, the creditors of spouses or their children may sue the spouses for payment of those debts.  However, there is no provision in section 15, or elsewhere, that allows a third party to pay those expenses and sue to recover them.  Rather, section 15(a)(1) allows only claims by creditors.  Since Olson and Coffman are not the direct creditors, in that they did not provide the necessary services, they have no claim under the act.

5.    Similarly, Olson and Coffman are precluded by the Voluntary Payment Doctrine from asserting their claim.  Under the Voluntary Payment Doctrine, money voluntarily paid under a claim of right with knowledge of the facts by the person making the payment, may not be recovered by the payor solely because the claim was illegal. *Van Der Molen v. Washington Mut. Finance, Inc.* (1st Dist. 2005) 359 Ill. App. 3d 815, 822.

6.    In this case, it is obvious that Olson and Coffman voluntarily paid the claims on which they seek to recover with full knowledge of all the relevant facts.  They clearly knew that Mr. and Mrs. Hand were married to each other and they obviously knew in general terms that spouses are required to pay the medical expenses of one another.  Under these circumstances, their own voluntary payment precludes their recovery and establishes that they have failed to state a claim on which relief can be granted.

2

WHEREFORE, plaintiff, MICHAEL HAND, requests an order striking and dismissing the

counter-claim/cross-claim filed on March 6, 2008, and for all other relief deemed appropriate under

the circumstances.

Respectfully submitted,

HUCK BOUMA, P.C.

/s/    Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA, P.C.**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone: (630) 221-1755
Facsimile: (630) 221-1756

3

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this twenty-sixth day of March 2008.

1.    I filed this *Motion to Strike and Dismiss* by filing it with the clerk of the court by electronic means.

2.    I served this *Motion to Strike and Dismiss* by filing it with the clerk of the court by electronic means, which electronic filing constitutes services by virtue of local rule 5.9.

3.    I made the electronic filing on March 26, 2008.

/s/    Lawrence A. Stein

R:\14000s\14300-14399\14304-1\Pleadings\Motion to Strike and Dismiss.wpd

4

14304-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 1422 |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, FLOYD T. OLSON, and. | ) | Judge Milton I. Shadur |
| BARBARA E COFFMAN, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

### <u>NOTICE OF MOTION</u>

You are hereby notified that on April 2, 2008, at 9:15 a.m. or as soon thereafter as counsel

may be heard, I shall appear before the Honorable Milton I. Shadur in Court Room 2303 or any other

judge as may be holding court in his absence, in the court room usually occupied by him or her in

the U. S. District Court, 219 South Dearborn Street, Chicago, Illinois, and then and there present

plaintiff's *Motion to Strike and Dismiss*.

Respectfully submitted,

HUCK BOUMA, P.C.

/s/    Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA, P.C.**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone: (630) 221-1755
Facsimile: (630) 221-1756

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this twenty-sixth day of March, 2008.

1.      I filed this *Notice of Motion* by filing it with the clerk of the court by electronic means.

2.      I served this *Notice of Motion* by filing it with the clerk of the court by electronic means, which electronic filing constitutes services by virtue of local rule 5.9.

3.      I made the electronic filing on March 26, 2008.


/s/      Lawrence A. Stein

_____

R:\14000s\14300-14399\14304-1\Pleadings\Notice of Motion3.wpd

2

14304-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 1422 |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, FLOYD T. OLSON, and. | ) | Judge Milton I. Shadur |
| BARBARA E COFFMAN, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

## MOTION TO ENLARGE THE TIME

Plaintiff, MICHAEL HAND, by his attorney, Lawrence A. Stein of HUCK BOUMA PC, moves pursuant to rule 6(b)(1)(A) of the Federal Rules of Civil Procedure to enlarge the time to respond to the pending motion to transfer venue for *forum non conveniens*. March 31, 2008 to April 28, 2008. In support of his motion, plaintiff states as follows:

1.      On June 28, 2007, defendants filed a motion to transfer venue under the doctrine of *forum non conveniens*. That motion remained pending, undetermined, and not prosecuted until February 22, 2008, when the defendants filed an amended motion to transfer based on the doctrine. At a hearing before the court on February 25, 2008, an order was entered with the consent of the plaintiff that the plaintiff was to respond to the motion by March 31, 2008. On March 10, 2008, the defendants supplemented the motion.

2.      The plaintiff seeks additional time to respond to the motion and requests that his deadline to do so be extended to April 28, 2008.

3.    The plaintiff requested the movants' to consent to this motion, but the defendants refused. The defendants stated that they needed "to move forward with the venue issue" in refusing the plaintiff's request.

4.    As good cause for an extension of time, the plaintiff's counsel states that the following has occurred since the hearing of February 25, 2008 which has interfered with his ability to respond to the motion:

a.    On February 26 and 27, 2008, plaintiff's counsel was out of his office ill with influenza, putting him behind in his work and other responsibilities.

b.    An expanded session of oral arguments is scheduled in *People v. Ward*, court number 2-06-0400 to take place on April 1, 2008. The plaintiff's counsel represents the appellant *pro bono* as assigned counsel of the Office of the State Appellate Defender. The plaintiff's counsel has expended significant time and effort to prepare for the expanded session of oral argument during the time within which he was to be responding to the motion to transfer venue.

c.    Plaintiff's counsel is a member of the appellate law committee of the DuPage County Bar Association, which is presenting its annual appellate law seminar on April 1, 2008. Preparations for that seminar have also required time and attention from the plaintiff's counsel.

4.    Plaintiff submits that there is therefore good cause to extend the time to respond to the pending motion to transfer venue for *forum non conveniens* for an additional twenty-eight days.

5.    This is the first time that the plaintiff has sought to extend the time to respond to the pending motion to transfer venue. This motion is not made for any improper purpose such as to

2

harass the defendants, delay these proceedings, or unnecessarily increase the cost of litigation. Rather, this motion is made solely to allow the plaintiff to respond in an orderly fashion to the pending motion.

WHEREFORE, plaintiff, MICHAEL HAND, requests an order extending the time from March 31, 2008 to April 28, 2008, to respond to the pending motion to transfer venue for *forum non conveniens*, and for all other relief deemed appropriate under the circumstances.

Respectfully submitted,

HUCK BOUMA, P.C.

/s/    Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA, P.C.**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone: (630) 221-1755
Facsimile: (630) 221-1756

3

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this twenty-eighth day of March, 2008.

1.    I filed this *Motion to Enlarge the Time* by filing it with the clerk of the court by electronic means.

2.    I served this *Motion to Enlarge the Time* by filing it with the clerk of the court by electronic means, which electronic filing constitutes services by virtue of local rule 5.9.

3.    I made the electronic filing on March 28, 2008.


        /s/    Lawrence A. Stein

_____


R:\14000s\14300-14399\14304-1\Pleadings\Motion to Enlarge the Time2.wpd

4

14304-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 1422 |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, FLOYD T. OLSON, and. | ) | Judge Milton I. Shadur |
| BARBARA E COFFMAN, | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendants. | ) | |

### NOTICE OF MOTION

You are hereby notified that on April 2, 2008, at 9:00 a.m. or as soon thereafter as counsel

may be heard, I shall appear before the Honorable Milton I. Shadur in Court Room 2303 or any other

judge as may be holding court in his absence, in the court room usually occupied by him or her in

the U. S. District Court, 219 South Dearborn Street, Chicago, Illinois, and then and there present

plaintiff's *Motion to Enlarge the Time.*

Respectfully submitted,

HUCK BOUMA, P.C.

/s/    Lawrence A. Stein

Lawrence A. Stein

Lawrence A. Stein
**HUCK BOUMA, P.C.**
1755 South Naperville Road
Wheaton, Illinois 60187
Telephone: (630) 221-1755
Facsimile: (630) 221-1756

## CERTIFICATE OF FILING AND SERVICE

I, LAWRENCE A. STEIN, state as follows under penalty of perjury this twenty-eighth day of March, 2008.

1.    I filed this *Notice of Motion* by filing it with the clerk of the court by electronic means.

2.    I served this *Notice of Motion* by filing it with the clerk of the court by electronic means, which electronic filing constitutes services by virtue of local rule 5.9.

3.    I made the electronic filing on March 28, 2008.


/s/     Lawrence A. Stein

_____

R:\14000s\14300-14399\14304-1\Pleadings\Notice of Motion4.wpd

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAND, | ) | |
| | ) | **CASE No. 1:07-cv-01422** |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, | ) | |
| | ) | **Judge Milton I. Shadur** |
| Defendant/Counter-plaintiff (as to Hand) | ) | |
| Cross-claimant (as to Olson, Coffman and | ) | |
| Potter) | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| FLOYD OLSON, BARBARA E. COFFMAN and | ) | |
| JAMES POTTER, | ) | |
| | ) | |
| Defendants/Cross-defendants. | ) | |

### MOTION TO REQUEST RULING ON DEFENDANTS'
### MOTION FOR TRANSFER OF VENUE PRIOR TO BRIEFING
### OF HAND'S MOTION TO STRIKE AND DISMISS COUNTERCLAIM

Floyd Olson and Barbara E. Coffman (collectively "Defendants"), through their

undersigned attorney, respectfully request entry of a scheduling order that provides for

adjudication of Defendants' Motion for Transfer of Venue ("Venue Motion") prior to any

briefing of or hearing on Michael Hand's ("Hand") just filed Motion to Strike and Dismiss

Defendants' Counterclaim. In support of their motion, Defendants state as follows:

      1.      Immediately upon being served in this case, Defendants filed a Motion for

Transfer of Venue, Supporting Memorandum and Affidavit ("Venue Motion"). At the time of

filing the Venue Motion, the only cause of action pending was to determine who was entitled to

proceeds of a life insurance policy on the life of Cassie Barrett.

      2.      The Venue Motion was continued by agreement of the parties to enable the

parties to voluntarily exchange documents to determine if the notice to change beneficiary was

received by Liberty Mutual prior to Cassie Barrett's death, which it was, and to determine if settlement was possible, particularly in light of the small amount of insurance proceeds at issue ($71,000 plus interest).

3.    While the Venue Motion was pending, events have occurred that make the propriety of transferring venue even clearer.

4.    On February 19, 2008, an order was entered which granted Hand the right to pursue a tort claim against Defendants for alleged interfering with Hand's expectancy by allegedly influencing Cassie Barrett to execute a power of attorney to her grandfather ("Hand Counterclaim"). In addition, the February 19, 2008 order allowed Hand's jury demand to stand.

5.    Once the Hand Counterclaim was filed against Defendants directly, Defendants reasserted their Venue Motion and filed supporting memorandum and affidavit which address further the Hand Counterclaim.

6.    At status hearing on February 27, 2008 on the Venue Motion, Hand requested and received 5 weeks to file a responsive pleading, i.e. until March 31, 2008. The Court entered and continued the Venue Motion for further status to April 2, 2008.

7.    On March 6, 2008, Defendants timely filed their Answer to the Crossclaim together with cross-claim/counter-claim against Hand.

8.    On March 26, 2008, Hand filed his Motion to Strike and Dismiss directed to Defendants' cross-claim/counter-claim and noticed that motion for April 2, 2008. That is a motion Defendants need time to respond in writing.

9.    However, before this Court entertains the Motion to Strike and Dismiss, Defendants respectfully assert that justice is better served by first having an adjudication of the Venue Motion. Defendants and all of the witnesses related to the initial complaint and Hand's

Counterclaim reside and work in California (save Plaintiff) and Defendants will suffer extreme economic disadvantage proceeding in this district, particularly with a jury wherein live witnesses are essential. Defendants believe these facts overwhelmingly support transfer of venue.

10.    In such a case, it would be appropriate for the Motion to Strike be heard and decided by a district court in California.

11.    Accordingly, Defendants respectfully request that hearing and ruling on the Venue Motion be accomplished before briefing and hearing takes place on Hand's Motion to Strike and Dismiss.

**WHEREFORE**, Floyd Olson and Barbara E. Coffman respectfully request the entry of a scheduling order such that adjudication of the Venue Motion will take place prior to briefing and hearing on Hand's Motion to Strike and Dismiss, and for such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**FLOYD OLSON & BARBARA E. COFFMAN**

/s/ Paula K. Jacobi
One of their attorneys

Paula K. Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street/Suite 3000
Chicago, Illinois 60602
(312) 704-9400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICHAEL HAND,                                        )
                                                     )     **CASE No. 1:07-cv-01422**
      Plaintiff                                )
v.                                                   )
                                                     )
LIBERTY LIFE ASSURANCE COMPANY                       )
OF BOSTON,                                           )
                                                     )     **Judge Milton I. Shadur**
      Defendant/Counter-plaintiff (as to Hand) )
      Cross-claimant (as to Olson, Coffman and )
      Potter)                                  )     **Magistrate Judge Nan R. Nolan**
                                                     )
FLOYD OLSON, BARBARA E. COFFMAN and                  )
JAMES POTTER,                                        )
                                                     )
      Defendants/Cross-defendants.             )

## NOTICE OF MOTION

TO:    SEE SERVICE LIST

      PLEASE TAKE NOTICE that on April 2, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Milton I. Shadur in Courtroom 2303 in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present **MOTION TO REQUEST RULING ON DEFENDANTS' MOTION FOR TRANSFER OF VENUE PRIOR TO BRIEFING OF HAND'S MOTION TO STRIKE AND DISMISS COUNTERCLAIM**, a copy of which is hereby served upon you.

                Respectfully Submitted,

                **FLOYD OLSON & BARBARA E. COFFMAN**

                */s/ Paula K. Jacobi*
                One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, Illinois 60602
(312) 704-9400

127684-1

## CERTIFICATE OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on March 28, 2008, a true and correct copies of this Notice of Motion and **MOTION TO REQUEST RULING ON DEFENDANTS' MOTION FOR TRANSFER OF VENUE PRIOR TO BRIEFING OF HAND'S MOTION TO STRIKE AND DISMISS COUNTERCLAIM** upon the following:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel, on March 28, 2008:

Ashley B Abel     abela@jacksonlewis.com

Mark S. Bishop     mbishop@huckbouma.com

Paula K. Jacobi     pjacobi@sff-law.com, ccoleman@sff-law.com, jmiera@sff-law.com, khewitt@sff-law.com

Edward J Sedlacek     esedlacek@huckbouma.com

Lawrence A. Stein     lstein@huckbouma.com, lkoster@huckbouma.com

Sara Amy Weinberg     weinbers@jacksonlewis.com, caldwels@jacksonlewis.com

Matthew Robert Wildermuth     matt.wildermuth@wildermuthlawoffices.com, mwildermuth@sff-law.com

By Federal Express Overnight, on the following counsel, on March 28, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139


*/s/ Kendra L Hewitt*
Kendra L. Hewitt

127684-1

Order Form (01/2005)      Case 1:07-cv-01422    Document 80    Filed 03/31/2008    Page 1 of 1

*MHW*

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1422 | **DATE** | 3/31/2008 |
| **CASE TITLE** | Michael Hand vs. Liberty Life Assurance Co. | | |

**DOCKET ENTRY TEXT**

Enter Memorandum Opinion and Order.  Hand's motion to strike and dismiss the Olson-Coffman "cross-claim and counter-claim" is granted.  (74-1) Hand's motion for additional response time is denied. (76-1)  One issue posed by the pleadings is out of the case: Olson and Coffman cannot recover from Hand the family expenses that they advanced for Barrett.  As for the Section 1404(a) motion to transfer this action to the District Court for the Southern District of California, it is granted and shall be implemented forthwith.  (78-1) The Clerk is directed to the deposited funds to the Clerk of that California District Court.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | | Courtroom Deputy Initials: | SN |
|---|---|---|---|

M HW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HAND,                          )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )    No.   07 C 1422
                                       )
LIBERTY LIFE ASSURANCE COMPANY         )
OF BOSTON, et al.,                     )
                                       )
                 Defendants.           )

## MEMORANDUM OPINION AND ORDER

This Court has been tendered three notices of motion, each
scheduled for presentment on April 2, 2008:

    1.  On March 26 counsel for plaintiff Michael Hand

("Hand") delivered to chambers a Motion To Strike and

Dismiss, targeting the "cross-claim/counter-claim" filed

against him by defendants Floyd Olson ("Olson") and Barbara

Coffman ("Coffman").[1]

    2.  On March 28 counsel for Hand delivered to chambers

a Motion To Enlarge the Time, requesting a four-week

extension for his required response to the pending 28 U.S.C.

§1404(a)("Section 1404(a)") motion that Olson and Coffman

had filed last June and then renewed on February 25.

    3.  Also on March 28, counsel for Olson and Coffman

filed their Motion To Request Ruling on Defendants' Motion

---

[1]  That delivery was the first notice this Court had of the
Olson-Coffman filing, no copy of which had been delivered to this
Court's chambers (as the local rule requires) to the knowledge of
this Court and of its minute clerk.

for Transfer of Venue Prior to Briefing of Hand's Motion To

Strike and Dismiss Counterclaim.

There is no real need to await the April 2 presentment date,

because each of those three motions can be dispatched now.

As for the first and third motions, counsel for Olson and

Coffman has forgotten--or is perhaps unaware of--the principle

that was established by <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964)

over four decades ago (and that is still good law):  After the

transfer of a diversity case under Section 1404(a), the

transferee court remains obligated to apply the choice-of-law

rules of the original forum.  Because here the question of the

ability or lack of ability of Olson and Coffman to seek

reimbursement of money they advanced for the family expenses of

Hand's late wife Cassie Barrett ("Barrett") is a matter of

Illinois substantive law (Hand's and Barrett's marriage was

Illinois-based), there is no need to defer to a California

district judge on that score if the case is shipped to

California.

In that respect the Illinois Rights of Married Persons Act

has a specific provision addressing family expenses incurred by

either spouse--here is 750 ILCS 65/15(a)(1):

> The expenses of the family and of the education of the
> children shall be chargeable upon the property of both
> husband and wife, or of either of them, in favor of
> creditors therefor, and in relation thereto they may be
> sued jointly or separately.

For purposes of that statute Olson and Coffman were not "creditors" of Barrett, nor are they "creditors" of Hand, by reason of their having made payment to parties who <u>were</u> creditors of Barrett (see, e.g., <u>In re Estate of McGloon</u>, 191 Ill.App.3d 968, 972, 548 N.E.2d 438, 441 (1st Dist. 1989)). Accordingly Hand's motion to strike and dismiss the Olson-Coffman "cross-claim and counter-claim" is granted.

But as for Hand's motion for any additional response time (let alone four weeks of added time), this Court sees no conceivable justification. That motion has been on the books for fully nine months (it was originally filed, before the February 2008 amendment, on June 28, 2007)--and Hand has proffered no showing that even hints at a reason for the case's retention in this judicial district. To that end, this opinion goes on to review the bidding.

This action began as a straightforward lawsuit by Hand for payment of the proceeds of insurance on the life of his late wife Barrett under the group insurance coverage provided by Liberty Life Assurance Company of Boston ("Liberty") for its employees such as Barrett. But the case has evolved dramatically as the result of a claim by Barrett's grandfather Olson and her mother Coffman, based (1) on a power of attorney that Barrett had executed in Olson's favor before her death and (2) on Olson's transmittal to Liberty of a change-of-beneficiary form in favor

3

of Coffman--indeed, Liberty has deposited the policy proceeds with the Clerk of this District Court and is out of the case entirely, leaving the opposing claimants to do battle over the funds.

That area of battle led Olson and Coffman to seek a Section 1404(a) transfer of the action to the United States District Court for the Southern District of California. Both of them reside in that district, just as Barrett did during several years before her death. Their Section 1404(a) motion brings into play the familiar balancing process as to the statutorily defined criteria of the "convenience of parties and witnesses, in the interest of justice." And in this instance that balance weighs heavily in favor of transfer, rather than keeping the case here.

Normally a plaintiff's choice of forum is given a degree of preference of some strength. But here no question exists as to the legitimacy of Barrett's original designation of Hand as the policy beneficiary, so that no proof in that respect--or indeed as to any other Illinois-based facts--will be needed. Instead all of the evidence at trial will go to the validity of the later beneficiary change--such matters as whether Barrett was competent at the time and whether she was subjected to undue influence by Olson and Coffman (as Hand claims). As stated earlier, Barrett had been living in California and not Illinois for quite some time when the operative events took place. All of the relevant

4

witnesses are in California, not Illinois--and remember that in most Section 1404(a) cases the convenience of witnesses is _the_ (rather than _a_) critical factor.

As for the standoff that is usually posed by the "convenience of parties" element, which is most frequently a matter of each litigant wanting to do battle on his, her or its own turf, even that tilts toward California.  Olson is an elderly gentleman and is represented as having serious health problems, making travel to this judicial district difficult for him, and there is no countervailing difficulty on Hand's part.

Finally, this Court has considered the congeries of factors embraced in the catch-all "interest of justice" criterion-- factors that are derived in principal part from the forum non conveniens canon as set out in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947)--and having done so, this Court finds that they too point strongly in the same direction.  In that respect, though, one caveat should be sounded:  Counsel for Olson and Coffman urge that California substantive law will control, but this Court makes no finding on that score--that is a decision for the transferee judge to make, applying Illinois (and not California) choice-of-law principles under <u>Van Dusen v. Barrack</u>.

## Conclusion

One issue posed by the pleadings is out of the case:  Olson and Coffman cannot recover from Hand the family expenses that

5

they advanced for Barrett.  As for the Section 1404(a) motion to
transfer this action to the District Court for the Southern
District of California, it is granted and shall be implemented
forthwith.  In conjunction with the transfer, the Clerk is also
ordered to transmit the deposited funds to the Clerk of that
California District Court.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 31, 2008

6

AO 450(Rev. 5/85)Judgment in a Civil Case

*MHN*

# United States District Court
## Northern District of Illinois
### Eastern Division

Michael Hand

v.

Liberty Life Assurance Co.

**JUDGMENT IN A CIVIL CASE**

Case Number: 07 C 1422

☐　　Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■　　Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that final judgment is entered transferring this action to the United States District Court for the Southern District of California.

Michael W. Dobbins, Clerk of Court

Date: 3/31/2008

/s/ Sandy Newland, Deputy Clerk

Case 1:07-cv-01422    Document 83    Filed 04/02/2008    Page 1 of 1



# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**MICHAEL W. DOBBINS**
**CLERK**

**OFFICE OF THE CLERK**
(312) 435-5691

April 2, 2008

USDC-Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900

RE:  Michael Hand vs. Liberty Mutual
Case No.: 07 cv 1422

Enclosed is the certified record which is being transferred to your court pursuant to an order entered on **3/31/08,** by the **Honorable Judge Milton I. Shadur.**  Enclosed is a certified copy of the transfer order and docket sheet, and transmittal letter.

As of January 18, 2005 for civil and criminal cases, our court uses electronic case filing.  You may access our electronic case file and print copies of electronically filed documents by following the procedures on the attached Instruction Sheet.  You will need Adobe Acrobat reader loaded on your computer in order to view the documents.  If you are an electronic court, you may upload the documents.  All documents filed prior to electronic filing are included in this transfer package.  (January 18, 2005 for civil and criminal cases)

Please **DO NOT MAKE THE ENCLOSED INSTRUCTION SHEET AS PART OF THE OFFICIAL RECORD** as it contains your login and password to our system. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely yours,

Michael W. Dobbins, Clerk

By  M. Cowan
Deputy Clerk

Enclosures

New Case No. _____    Date _____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Michael Hand** | **Liberty Life Assurance Company of Boston** |

'08 CV 0640 JAH BLM

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** DuPage County
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

FILED
APR 04 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Pro Se
207 N. WatersEdge, Unit 302
Glendale Heights, IL 60130

**ATTORNEYS (IF KNOWN)**
Sara A. Weinberg Jackson Lewis, LLP
320 West Ohio, Suite 500
Chicago, Illinois 60610

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 29:1001 - Emplyee Retirement Income Secuity Act of 1974 ("ERISA")

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | | | ☐ 620 Other Food & Drug | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☒ 5 Transferred from another district (specify) Northern District of Illinois
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE _____  Docket Number _____

DATE 4/4/08

SIGNATURE OF ATTORNEY OF RECORD