**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HAND, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 08cv0640-JAH (BLM) |
| | ) |
| LIBERTY LIFE ASSURANCE COMPANY | ) **UNOPPOSED REQUEST TO** |
| OF BOSTON, FLOYD OLSON and | ) **RESCHEDULE THE EARLY** |
| BARBARA E. COFFMAN | ) **NEUTRAL EVALUATION** |
| | ) **CONFERENCE DUE TO TRIAL** |
| Defendants. | ) **CONFLICT** |

Floyd Olson and Barbara E. Coffman ("Defendants"), through their undersigned

attorney, respectfully request that the Court reschedule the Early Neutral Evaluation

Conference ("ENE Conference") scheduled for April 29, 2008, and in support state as

follows:

      1.    The captioned case was previously pending in the United States District

Court for the Northern District of Illinois ("NDIL Court").

      2.    On March 31, 2008, the NDIL Court granted Defendants' Motion to

Transfer and transferred this case to the captioned Court.

      3.    On April 11, 2008, this Court entered an order setting the ENE Conference

for April 29, 2008 at 2:00 p.m. PDT ("ENE Conference Order"). On April 16, 2008,

counsel for Defendants received a copy of the ENE Conference Order.

      4.    Defendants believe that that there is good cause to reschedule the ENE

Conference based on the facts set forth below. Their request is not sought for any

purpose of delay.

      5.    Paula K. Jacobi is trial counsel for Defendants in this matter.

**UNOPPOSED REQUEST TO RESCHEDULE THE EARLY
NEUTRAL EVALUATION
CONFERENCE DUE TO TRIAL
CONFLICT**

           1

128354v1

1    6.    Ms. Jacobi is also trial counsel to RT Jedburg Commerce Park, LLC

2  ("Landlord") in the Chapter 11 bankruptcy proceeding of American LaFrance, LLC

3  ("Debtor") which is pending in the Bankruptcy Court for the District of Delaware

4  ("Bankruptcy Court") as Case No. 08-10178.

5    7.    Prior to issuance of the ENC Order, the Bankruptcy Court scheduled trial

6  on the contested hearing to consider confirmation of the Third Amended Plan of

7  Reorganization filed by Debtor for April 29, 2008 commencing at 2:00 p.m. EDT.

8  Attached as Exhibit A is a copy of the order scheduling the confirmation hearing.

9    8.    The Landlord is contesting confirmation as well as the Debtor's request to

10  assume the lease on the terms proposed by Debtor.   Ms. Jacobi is the sole trial counsel

11  representing Landlord. Ms. Jacobi has taken all of the depositions in the case and other

12  discovery. Ms. Jacobi must be at the contested hearings to prosecute the Landlord's

13  objections.

14    9.    Ms. Jacobi fully anticipates that the contested hearings will not end by

15  2:00 p.m. PDT making it impossible for her to initiate or participate in the ENE

16  Conference if it proceeds on April 29th.

17    10.    One of the purposes of an ENE Conference is for the Court and the parties

18  to attempt settlement of the matter. Ms. Jacobi believes that this case is ripe for

19  settlement and hopes that this Court would be able to assist the parties in the settlement of

20  this matter. Ms. Jacobi would like the opportunity to participate in the ENE Conference

21  so that she can represent Defendants in any settlement discussions.

22

23  **UNOPPOSED REQUEST TO RESCHEDULE THE EARLY**

24  **NEUTRAL EVALUATION**              2
**CONFERENCE DUE TO TRIAL**

25  **CONFLICT**
                                                           128354v1

1    11.    Defendants' counsel has spoken with Hand's counsel, and he does not

2    oppose this request.

3    12.    Accordingly, Ms. Jacobi requests that the Court reschedule the ENE

4    Conference.

5    WHEREFORE, Floyd Olson and Barbara A. Coffman respectfully request entry

6    of an Order rescheduling the Early Neutral Evaluation Conference to a date certain after

7    April 29, 2008.

8

9                                        Respectfully Submitted,

10                                       **FLOYD OLSON & BARBARA E. COFFMAN**

11                                       */s/ Paula K. Jacobi*
                                         One of their attorneys
12

13
     Paula K. Jacobi
14   Sugar, Friedberg & Felsenthal LLP
     30 North LaSalle Street/Suite 3000
15   Chicago, Illinois 60602
     (312) 704-9400
16

17

18

19

20

21

22

23   **UNOPPOSED REQUEST TO RESCHEDULE THE EARLY**
     **NEUTRAL EVALUATION**                          3
24   **CONFERENCE DUE TO TRIAL**
     **CONFLICT**
25                                                                    128354v1

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                              §          Chapter 11
                                                    §
AMERICAN LAFRANCE                                   §
                                                    §          Case No. 08-10178 (BLS)
            Debtor.                                 §
                                                    §          Re: Docket No. 58

**AMENDED ORDER PURSUANT TO SECTIONS 105, 1125 AND 1126 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 3017, 3018 AND 3020, AND
LOCAL RULE 3017-1 (A) APPROVING ADEQUACY OF DISCLOSURE STATEMENT,
(B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES TO ACCEPT OR REJECT THE PLAN, (C) FIXING A RECORD DATE FOR
DISTRIBUTION, AND (D) FIXING DATE, TIME AND PLACE FOR CONFIRMATION
HEARING**

Upon the motion (the "Motion")[1] of American LaFrance, LLC ("ALF" or the "Debtor"),

as debtor in possession, for entry of an order (the "Order") pursuant to sections 105, 1125 and

1126 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"),

Rules 2002, 3003, 3017, 3018 and 3020 and 9006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") (a) approving the adequacy of the Disclosure Statement with respect to the Plan, as may

be subsequently amended, pursuant to section 1125 of the Bankruptcy Code, (b) establishing

procedures for solicitation and tabulation of votes to accept or reject the proposed chapter 11

plan (as may be amended from time-to-time, the "Plan"); (c) fixing a record date for distribution

and (d) fixing the date, time, and place to consider approval of the Plan; and it appearing that the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

S-170826_10.DOC                                                                                  1

The Debtor, with the support of the Committee, having filed the Plan together with the Disclosure Statement relating thereto dated March 27, 2008, and this Court having scheduled the date, time, and place for the hearing to consider approval of the Debtor's Disclosure Statement (the "Disclosure Statement Hearing"); and it appearing that proper and adequate notice of the Disclosure Statement Hearing has been given to all parties in interest in accordance with the Motion; and the Disclosure Statement Hearing having been held on March 28, 2008; and all parties in interest having been given an opportunity to be heard at the Disclosure Statement Hearing, and all objections to the Motion having been overruled or otherwise disposed of;

NOW, THEREFORE, the Court hereby finds as follows:

A.      The Disclosure Statement complies with due process, the requirements of the Bankruptcy Code and the Bankruptcy Rules and contains "adequate information" as such term is defined in section 1125 of the Bankruptcy Code;

B.      Proper and adequate notice of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statement has been given to all parties in interest, and such notice complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

C.      The Solicitation Procedures proposed in the Motion are reasonable, provide a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code;

D.      The procedures for transmitting the Disclosure Statement, the Plan, the Ballots (as defined below) and the voting instructions are fair, reasonable and adequate and comply with the requirements of Bankruptcy Rule 3017(e); and

E.      The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtor's estate and its creditors.

S-170826_10.DOC                                                                              2

ACCORDINGLY, after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED that:

1.     The Motion is GRANTED.

2.     The Disclosure Statement is APPROVED.

3.     The Debtor is authorized to (a) make ministerial changes to the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) and (b) with the consent of the Committee or further Court Order, revise the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, prior to distributing it to each entity that is required to receive the Disclosure Statement.

4.     The voting instructions and the forms of Ballots substantially in the form attached as Exhibit A to the Motion, are hereby approved.

5.     The Debtor, through its Balloting Agent, Kurtzman Carson Consultants LLC, is directed to transmit by first-class mail copies of the Disclosure Statement, the Plan, the notice of the confirmation hearing (the "Confirmation Hearing Notice") substantially in the form attached as Exhibit B to the Motion, the Ballots, and the voting instructions (collectively, the "Solicitation Materials") to the holders of (a) Class 1 (Secured Claims of Pre-Petition Lenders), (b) Class 4 (General Unsecured Claims), and (c) Class 5 (Convenience Claims) (as each is defined in the Plan); *provided*, that with respect to a holder of claims that has timely filed multiple proofs of claims on account of a single claim, the Debtor will provide such holder with only one set of Solicitation Materials, *provided, further*, that with respect to those persons or entities to whom the Debtor or its Balloting Agent mailed a notice of the Disclosure Statement Hearing that was returned by the United States Postal Service as undeliverable with no

S-170826_10.DOC

forwarding address, the Debtor and its Balloting Agent shall not be required to mail such persons the Solicitation Materials. The Debtor shall also mail a copy of the Committee's letter to the General Unsecured Creditors of American LaFrance, LLC, in the form set forth on Exhibit C hereto, to all holders of Class 4 Claims to whom the Solicitation Materials are mailed or otherwise provided pursuant to this Order. The Debtor shall also mail a copy of the Debtor's letter to General Unsecured Creditors of American LaFrance, LLC, in the form set forth on Exhibit D hereto, to all holders of Class 4 Claims to whom the Solicitation Materials are mailed or otherwise provided pursuant to this Order.

6.    Because the holders of (a) Class 2 (Other Allowed Secured Claims Against Debtor), (b) Class 3 (Allowed Priority Non-Tax Claims), (c) Class 6 (Assumed Liabilities), and (d) Class 7 (Interests) (each as defined in the Plan) are not impaired under the Plan, and are thus conclusively presumed to have accepted the Plan, the Debtor shall not be required to transmit copies of the Disclosure Statement and the Plan to such holders, rather, the Debtor shall send by first class mail, a notice (the "Unimpaired Non-Voting Notice"), which will, among other things, (w) include a summary of the treatment provided under the Plan to each such class, (x) advise that the Disclosure Statement and Plan can be obtained through the Bankruptcy Court's internet website (www.deb.uscourts.gov), the Balloting Agent's website (www.kccllc.net/alf), or upon written request to the Debtor's counsel or Committee's counsel, (y) include the date of the Confirmation Hearing, and (z) state the date fixed to file objections to confirmation of the Plan.

7.    Pursuant to Bankruptcy Rule 3017(d), March 28, 2008 shall be the record date (the "Record Date") for purposes of determining which holders of claims are entitled to vote on the Plan and are entitled to receive the Solicitation Materials.

8.      All Ballots accepting or rejecting the Plan must be received by Kurtzman Carson Consultants, LLC (the "Balloting Agent") by 4:30 p.m., Prevailing Pacific Time, on April 18, 2008 (the "Voting Deadline") at the following address:

> American LaFrance, LLC, et al. Balloting
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245
> Fax: 310-751-1880

9.      Solely for the purpose of voting on the Plan and not for the purpose of determining who has an allowed claim or who is entitled to receive a distribution under the Plan, each holder of a Voting Claim shall have an allowed claim amount equal to either (a) the amount of such claim as set forth in the Debtor's schedules of liabilities, or (b) if a timely proof of claim is filed, the amount of such claim as set forth therein, *provided, however*, that the assignee of a transferred and assigned scheduled or filed general unsecured claim shall be permitted to vote such claim only if the transfer and assignment has been reflected on the Court's docket as of the close of business on the Record Date, and *provided further* that (i) if a claim is not listed in the Debtor's schedules of liabilities but is the subject of a timely filed proof of claim, such claim shall be allowed for voting purposes only and not for the purpose of allowance or distribution in the amount set forth in such proof of claim, (ii) if a claim for which a proof of claim has been timely filed is listed on the Debtor's schedules of liabilities as contingent, unliquidated or disputed, such claim shall be allowed for voting purposes only and not for the purpose of allowance or distribution, (iii) if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be allowed for voting purposes only in the amount estimated or allowed by the Court, unless the Court enters an order disallowing such claim, (iv) if a claim is deemed allowed pursuant to the Plan and the holder of the claim is

S-170626_10.DOC                                                                                    5

entitled to vote on the Plan, the claim shall be allowed for voting purposes in the amount deemed allowed pursuant to the Plan, (v) if a holder of claims has timely filed multiple proofs of claims on account of a single claim, such holder shall have only one allowed claim for voting purposes, and (vi) each holder of any claim shall be entitled to vote all of the non-duplicative claims it holds, but may only cast a single ballot as to all claims within a particular class.

10.     If an objection and request to estimate a Voting Claim (an "Estimation Request") is filed and served at least ten (10) days prior to the Voting Deadline, such Estimation Request will be heard April 21, 2008 at 2:00 p.m. (Eastern) or such other date and time as may be established by the Court. The hearing on the Estimation Request will determine the allowance of the Voting Claim for voting purposes only and not for distribution purposes.

11.     If a Voting Claim is listed in the Debtor's schedules of liabilities as contingent, unliquidated, or disputed and a proof of such claim was not timely filed, such claim shall have no voting rights.

12.     The following procedures shall be followed in connection with tabulating ballots:

    (a)    only original Ballots returned to the Balloting Agent bearing original signatures will be counted;

    (b)    any unsigned Ballot shall not be counted;

    (c)    any Ballot that is illegible or contains insufficient information to permit the identification of the holder shall not be counted;

    (d)    any Ballot cast by a person or entity that does not hold a claim in a class entitled to vote on the Plan shall not be counted;

    (e)    any Ballot that is properly completed, executed and timely returned to the Balloting Agent that does not indicate an acceptance or rejection of the Plan not be counted;

    (f)    any Ballot that is properly completed, executed and timely returned to the Balloting Agent that indicates both acceptance and rejection of the Plan shall not be counted;

(g)    whenever a holder of a Voting Claim returns more than one Ballot voting the same claim prior to the Voting Deadline, only the last Ballot timely returned to the Balloting Agent shall be counted;

(h)    whenever a General Unsecured Creditor elects to be treated in Class 5 — the Convenience Class, only the Convenience Class election will be counted and any other vote will not be counted;

(i)    each holder of a Voting Claim shall be deemed to have voted the full amount of its claim; and

(j)    holders of Voting Claims shall not split their vote within a claim, but shall vote their entire claim within a particular class either to accept or reject the Plan.

13.    The Distribution Record Date is the effective date of the Plan.

14.    The preliminary hearing to consider confirmation of the Plan (the "Pretrial Confirmation Hearing") shall be held before The Honorable Brendan L. Shannon, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware on April 21, 2008, at 2:00 p.m., or such later date as may be scheduled therefor by this Court. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before The Honorable Brendan L. Shannon, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware on April 29, 2008, at 2:00 p.m., or such later date as may be scheduled therefor by this Court. The Debtor and Committee shall not be required to give any further notice of any adjournment of the Confirmation Hearing announced in open Court at the Confirmation Hearing or at any continuation thereof.

15.    The Debtor shall publish the Confirmation Hearing Notice once in the national edition of one of the following: The Wall Street Journal, The New York Times, or The USA Today, as to be determined by ALF, no later than fifteen (15) days prior to the Confirmation Hearing, and such publication notice shall be adequate and sufficient and no further notice shall

7

be necessary with respect to any holder of a claim of which the Debtor do not have actual notice as of the date of this Order.

16.     Objections, if any (including any supporting memoranda), to confirmation of the Plan (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of this Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any claim or interest asserted by the objector against the estates or property of the Debtor, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with this Court, together with proof of service thereof, and served upon the following persons so as to be *received*, no later than 12:00 p.m., prevailing Eastern Time, on April 18, 2008:

> Counsel for the Debtor
>
> Christopher A. Ward, Esquire
> 919 Market Street, Suite 1000
> Wilmington, DE 19801
> Telephone: (302) 426-1189
> Facsimile:  (302) 426-9193
> cward@klehr.com
>
> -and-
>
> HAYNES AND BOONE, LLP
> Ian T. Peck
> Abigail Ottmers
> 901 Main Street, Suite 3100
> Dallas, Texas 75202
> Telephone: 214.651.5000
> Facsimile: 214.651.5940
> ian.peck@haynesboone.com
> abigail.ottmers@haynesboone.com
>
> The United States Trustee
>
> OFFICE OF THE UNITED STATES TRUSTEE
> 844 King Street, Suite 2207
> Wilmington, Delaware 19801

Facsimile: (302) 573-6497
Attn:  Richard Shepacarter, Esq.

Official Committee of Unsecured Creditors

PEPPER HAMILTON LLP
David B. Stratton, Esq.
David M. Fournier, Esq.
James C. Carignan, Esq.
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6500
Fax: (302) 421-8390

17.     The Debtor is authorized to file a reply to any objections to confirmation on or

before April 24, 2008 at 12:00 (noon).

18.     Unless an objection to confirmation of the Plan is timely served and filed in

accordance with this Order, it may not be considered by the Court.

19.     This Court shall retain jurisdiction over all matters related to or arising from the

Motion or the interpretation or implementation of this Order.

Dated: March 28, 2008
       Wilmington, Delaware

                                      _____
                                      United States Bankruptcy Judge

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAND, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 08cv0640-JAH (BLM) |
| | ) |
| LIBERTY LIFE ASSURANCE COMPANY | ) |
| OF BOSTON, FLOYD OLSON and | ) |
| BARBARA E. COFFMAN | ) |
| | ) |
| Defendants. | ) |

## PROOF OF SERVICE

I, Kendra L. Hewitt, a non-attorney, state under penalty of perjury, that I caused to be served on April 22, 2008 a true and correct copies of this Proof of Service and **UNOPPOSED REQUEST TO RESCHEDULE THE EARLY NEUTRAL EVALUATION CONFERENCE DUE TO TRIAL CONFLICT** upon the following:

By U.S. Mail, on the following counsel, on April 22, 2008:

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL 60139

1755 South Naperville Road
Suite 200
Wheaton, IL 60187-8132

Edward Sedlacek
Mark S. Bishop
Lawrence A. Stein
Huck, Bouma, Martin, Jones &
Bradshaw, P.C.

Sara Amy Weinberg
Ashley B Abel
Jackson Lewis LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610

Respectfully Submitted,
**FLOYD OLSON & BARBARA E. COFFMAN**

*/s/ Paula K. Jacobi*
One of their attorneys

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street/Suite 3000
Chicago, Illinois 60602
(312) 704-9400

128514-1

TOTAL P.002