1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   MICHAEL HAND,                    )  Case No. 08cv0640-JAH(BLM)
                                      )
12                    Plaintiff,      )
                                      )  **ORDER FOLLOWING EARLY NEUTRAL**
13   v.                               )  **EVALUATION CONFERENCE, SETTING**
                                      )  **RULE 26 COMPLIANCE AND NOTICE**
14   LIBERTY LIFE ASSURANCE COMPANY   )  **OF SETTLEMENT CONFERENCE**
     OF BOSTON, et al.,               )
15                                    )
                      Defendants.     )
16   ─────────────────────────────── )

17        On April 29, 2008 at 2:00 p.m. the Court held a telephonic,

18   attorneys-only Early Neutral Evaluation Conference ("ENE") in the

19   above-entitled action.  Settlement of the case could not be reached

20   at the ENE and the Court therefore discussed compliance with Rule 26

21   of the Federal Rules of Civil Procedure.  Based thereon, the Court

22   issues the following orders:

23        1.   Any objections made to initial disclosure pursuant to

24   Rule 26(a)(1)(A-D) are overruled, and the parties are ordered to

25   proceed with the initial disclosure process.  Any further objections

26   to initial disclosure will be resolved as required by Rule 26;

27        2.   The Rule 26(f) conference shall be completed on or

28   before **May 13, 2008**;

1     3.    A joint discovery plan shall be <u>lodged</u> with Magistrate

2  Judge Barbara L. Major on or before **May 20, 2008**;

3     4.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) shall

4  occur on or before **May 27, 2008**; and,

5     5.    A Settlement Conference shall be held on **June 4, 2008** at

6  **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major

7  located at **940 Front Street, Suite 5140, San Diego, CA 92101**.  All

8  discussions at the Settlement Conference will be informal, off the

9  record, privileged, and confidential.  Counsel for any non-English

10  speaking party is responsible for arranging for the appearance of an

11  interpreter at the conference.

12     a.    **Personal Appearance of Parties Required**:  All

13  parties, adjusters for insured defendants, and other representa-

14  tives of a party having full and complete authority to enter into a

15  binding settlement, as well as the principal attorneys responsible

16  for the litigation, must be present **in person** and legally and

17  factually prepared to discuss settlement of the case.  <u>Counsel</u>

18  <u>appearing without their clients (whether or not counsel has been</u>

19  <u>given settlement authority) will be cause for immediate imposition</u>

20  <u>of sanctions and may also result in the immediate termination of the</u>

21  <u>conference.</u>

22     Unless there are extraordinary circumstances, persons

23  required to attend the conference pursuant to this Order shall not

24  be excused from personal attendance.  **Requests for excuse from**

25  **attendance for extraordinary circumstances shall be made <u>in writing</u>**

26  **at least three (3) court days prior to the conference.**  Failure to

27  appear **in person** at the Settlement Conference will be grounds for

28  sanctions.

1        b.    **Full Settlement Authority Required**:  In addition to

2    counsel who will try the case, a party or party representative with

3    full settlement authority[1] must be present for the conference.    In

4    the case of a corporate entity, an authorized representative of the

5    corporation who is not retained outside counsel must be present and

6    must have discretionary authority to commit the company to pay an

7    amount up to the amount of the Plaintiff's prayer (excluding

8    punitive damages prayers).    The purpose of this requirement is to

9    have representatives present who can settle the case during the

10    course of the conference without consulting a superior.  Counsel for

11    a government entity may be excused from this requirement so long as

12    the government attorney who attends the Settlement Conference

13    (1) has primary responsibility for handling the case, and (2) may

14    negotiate settlement offers which the attorney is willing to

15    recommend to the government official having ultimate settlement

16    authority.

17        c.    **Confidential Settlement Statements Required**:    No

18    later than **May 28, 2008**, the parties shall submit directly to

19    Magistrate Judge Major's chambers confidential settlement statements

20    no more than five (5) pages in length.    **These confidential**

21    _____

22       [1] "Full settlement authority" means that the individuals at the settlement
conference must be authorized to explore settlement options fully and to agree

23    at that time to any settlement terms acceptable to the parties.  Heileman Brewing

24    Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to
have "unfettered discretion and authority" to change the settlement position of

25    a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).

26    The purpose of requiring a person with unlimited settlement authority to attend
the conference contemplates that the person's view of the case may be altered

27    during the face to face conference.  Id. at 486.  A limited or a sum certain of
authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-

28    97 (8th Cir. 2001).

1    **statements shall not be filed or served on opposing counsel.** Each

2    party's confidential statement must include the following:

3                    (i)  A brief description of the case, the claims

4    and/or counterclaims asserted, and the applicable defenses or

5    position regarding the asserted claims;

6                    (ii) A specific and current demand or offer for

7    settlement addressing all relief or remedies sought.  If a specific

8    demand or offer for settlement cannot be made at the time the brief

9    is submitted, then the reasons therefore must be stated along with

10   a statement as to when the party will be in a position to state a

11   demand or make an offer; and

12                   (iii)   A  brief  description  of  any  previous

13   settlement negotiations, mediation sessions, or mediation efforts.

14        General statements that a party will "negotiate in good

15   faith" is not a specific demand or offer contemplated by this Order.

16   It is assumed that all parties will negotiate in good faith.

17                   d.  **Requests to Continue a Settlement Conference**: Any

18   request to continue the Settlement Conference or request for relief

19   from any of the provisions or requirements of this Order must be

20   sought by a **written *ex parte* application**.  The application must

21   (1) be supported by a declaration of counsel setting forth the

22   reasons and justifications for the relief requested, (2) confirm

23   compliance with Civil Local Rule 26.1, and (3) report the position

24   of opposing counsel or any unrepresented parties subject to the

25   Order.  **Absent  extraordinary  circumstances,  requests  for**

26   **continuances will <u>not</u> be considered unless submitted <u>in writing</u> no**

27   **fewer than seven (7) days prior to the scheduled conference.**

28   ///

1     **If the case is settled in its entirety before the scheduled**

2 **date of the conference, counsel and any unrepresented parties must**

3 **still appear in person, unless a written joint motion confirming the**

4 **complete settlement of the case is submitted no fewer than twenty-**

5 **four (24) hours before the scheduled conference.**

6     Parties are hereby warned that failure to comply with this

7 Order may result in the imposition of sanctions. Additionally,

8 failure to respond to discovery requests or to comply with the

9 Federal Rules of Civil Procedure regarding discovery may result in

10 the imposition of sanctions including monetary sanctions,

11 evidentiary sanctions and the dismissal or default of your case.

12     **IT IS SO ORDERED.**

13 DATED: April 30, 2008

14

15     BARBARA L. MAJOR
    United States Magistrate Judge

16

17

18

19 COPY TO:

20 HONORABLE JOHN A. HOUSTON
    UNITED STATES DISTRICT JUDGE

21

22 ALL COUNSEL AND PARTIES

23

24

25

26

27

28