1  Frank M. Liberatore (SBN 119976)
   Samantha N. Hoffman (SBN 212135)
2  JACKSON LEWIS LLP
   5000 Birch Street, Suite 5000
3  Newport Beach, California 92660
   Telephone: (949) 885-1360
4  Facsimile: (949) 885-1380
   E-Mail: LiberatF@jacksonlewis.com
5  E-Mail: HoffmanS@jacksonlewis.com

6  Attorneys for Defendant
   LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 MICHAEL HAND,                      )  CASE NO.: 08CV0640-JAH (BLM)
                                      )
12          Plaintiff,                )
                                      )  MEMORANDUM IN SUPPORT OF
13     vs.                            )  MOTION FOR JUDGMENT IN
                                      )  INTERPLEADER BY LIBERTY LIFE
14 LIBERTY MUTUAL, FLOYD OLSON        )  ASSURANCE COMPANY OF
   and BARBARA E. COFFMAN,            )  BOSTON
15                                    )
            Defendants.               )  Date:      October 6, 2008
16                                    )  Time:      2:30 p.m.
                                      )  Courtroom: 11
17                                    )
                                      )  **ORAL ARGUMENT WAIVED**
18                                    )
                                      )
19 _____)

20       Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(a)(1)

21 of the Local Rules of Civil Procedure, Defendant Liberty Life Assurance Company of

22 Boston ("Liberty Life"), incorrectly identified in the caption as "Liberty Mutual," by and

23 through its undersigned counsel, hereby submits this memorandum of law in support of

24 its motion for judgment in interpleader.  Specifically, Liberty Life seeks an order for its

25 dismissal as a Party, for discharge of all liability to the other Parties herein, and for

26 permanent injunctive relief. In making its motion, Liberty Life relies upon the pleadings

27 and other documents on file with the Court, the arguments and authorities cited in this

28 memorandum, and the Declarations and other documents attached hereto.

1

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................ 2

II.   BACKGROUND ............................................................................................ 2

III.  NATURE OF ACTION AND JURISDICTION ........................................... 5

IV.   ARGUMENT .................................................................................................. 7

     A.    AS LIBERTY LIFE IS A DISINTERESTED STAKEHOLDER
         SUBJECT TO MULTIPLE CLAIMS FOR A SINGLE FUND, ITS
         INTERPLEADER CLAIM WAS PROPERLY ASSERTED. ....................... 7

     B.    Liberty Life Should Be Dismissed From This Action And Discharged
         From All Further Liability Related To The Proceeds Or The Policy. ............ 8

     C.    The Claimants Should Be Permanently Enjoined From Instituting Any
         Further Actions Relating To The Proceeds Or The Policy Against
         Liberty Life, Liberty Mutual, Or The Liberty Mutual Plan. ......................... 10

V.    CONCLUSION ............................................................................................. 11

Attorneys for Defendant .................................................................................... 12

LIBERTY LIFE ASSURANCE COMPANY .................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aetna Life Ins. Co. v. Bayona
  223 F.3d 1030, 1034 (9th Cir. Cal. 2000)................................................... 6, 8

Butero v. Royal Maccabees Life Ins. Co.
  174 F.3d 1207, 1213, 1215 (11th Cir. 1999) ............................................. 3

Dakota Livestock Co. v. Keim
  552 F.2d 1302 (8th Cir. 1977) ................................................................. 7

Dunn v. Harris Corp.
  2008 U.S. Dist. LEXIS 44863, 22-24 (M.D. Fla. June 6, 2008) ................ 10

First Interstate Bank v. United States
  891 F.Supp. 543, 547 (D. Or. 1995) ......................................................... 9

Fulton v. Kaiser Steel Corp.
  397 F.2d 580 (5th Cir. 1968) ................................................................... 7

Gaines v. Sunray Oil Co.
  539 F.2d 1136 (8th Cir. 1976) ................................................................. 7

GE Capital Assurance v. Van Norman
  209 F. Supp. 668 (S.D. Tex. 2002).......................................................... 9

GNB Battery Techs., Inc. v. Gould, Inc.
  65 F.3d 615 (7th Cir. 1995) ..................................................................... 7

Knoll v. Socony Mobil Oil Co.
369 F.2d 425, 428 (10th Cir. 1966), ......................................................... 7

Liberty National Bank & Trust Co. v. Acme Tool Division of Rucker Co.
  540 F.2d 1375, 1381 (10th Cir. 1976) ...................................................... 7

Mendez v. Teachers Ins. and Annuity Association
  and College Retirement Equities Fund
  982 F.2d 783, 787 (2nd Cir. 1992) .......................................................... 9

Metropolitan Life Ins. Co. v. Bigelow
  283 F.3d 436, 439-40 (2d Cir. 2002)........................................................ 6

Metropolitan Life Ins. Co. v. Billini,
  2007 U.S. Dist. LEXIS 89971 at *6 ......................................................... 11, 12

Metropolitan Life Ins. Co. v. Kubichek
  83 Fed. Appx. 425, 428 (3rd Cir. 2003) ................................................... 10

MFA Mutual Ins. Co. v. Lusby
  295 F. Supp. 660 (W.D.Va. 1969).............................................................. 7

Ruiz v. Continental Casualty Company
    400 F.3d 986, 991 (7th Cir. 2005) ......................................................... 2

Standard Ins. Co. v. Saklad,
    127 F.3d 1179, 1181 (9th Cir. 1997) ..................................................... 6

State Farm Fire & Casualty Co. v. Tashire
    386 U.S. 523, 530 (U.S. 1967) .............................................................. 6

Underwriters Group, Inc. v. Clear Creek Independent School District
    2006 U.S. Dist. LEXIS 47907 at *18 (S.D. Tex. 2006) ...................... 8

United States of America v. Major Oil Corp.
    583 F.2d 1152, 1158 (10th Cir. 1978) ................................................ 11

Winstead v. J.C. Penney Co., Inc.
    933 F.2d 576, 578-79 (7th Cir. 1991) ................................................... 7

**FEDERAL RULES**

22, F.R.Civ.P. .......................................................................................... 5

**FEDERAL STATUTES**

22 U.S.C. § 1331 ..................................................................................... 6

28 U.S.C. § 1331 ..................................................................................... 6

28 U.S.C. § 2201 ..................................................................................... 6

28 U.S.C. § 2361 ..................................................................................... 9

28 U.S.C. §§ 1335 ................................................................................ 5, 6

29 U.S.C. § 1001 ..................................................................................... 2

29 U.S.C. § 1132(a)(1)(B) ...................................................................... 6

29 U.S.C. § 1132(a) (C) .......................................................................... 6

29 U.S.C. § 1132(e) ................................................................................. 6

1    **I.    INTRODUCTION**

2    Liberty Life has been subjected to competing claims for certain insurance benefits

3    in the amount of $71,000.00 ("Proceeds") payable because of the death of Cassie E.

4    Barrett ("Decedent"), an employee insured under a group life insurance policy ("Policy")

5    issued by Liberty Life to Decedent's employer, Liberty Mutual. Liberty Life issued the

6    Policy pursuant to the Liberty Mutual life insurance plan ("Liberty Mutual Plan"), which

7    provides group life insurance benefits to eligible employees of Liberty Mutual.

8    (Affidavit of Fran Aubin, dated April 12, 2007 at ¶ 5) (hereafter, "Aubin Affidavit")

9    (copy attached as Exhibit A).[1]   Liberty Life claims no beneficial interest in the Proceeds

10   at issue.  Rather, pursuant to 28 U.S.C. §§ 1335 and 2361, Liberty Life seeks to have the

11   individuals with adverse claims to the Proceeds interplead and resolve their competing

12   claims among themselves, and to obtain relief from further liability for Liberty Life, the

13   Liberty Mutual Plan, and Liberty Mutual.

14

15   **II.    BACKGROUND**

16   Liberty Life issued the Policy controlling the claims for benefits in this matter on

17   or about January 1, 1997 to Liberty Mutual. (Aubin Affidavit, ¶ 5).  The Policy provides

18   group life insurance coverage to eligible employees of Liberty Mutual.[2]  (Id.)  As such,

19   the Policy formed part of the Liberty Mutual Plan, which is an employee welfare benefit

20   plan subject to the Employee Retirement Income Security Act of 1974, as amended, 29

21   U.S.C. §§ 1001, et seq. ("ERISA").  Ruiz v. Continental Casualty Company, 400 F.3d

22   986, 991 (7th Cir. 2005) (an insurance policy issued to provide benefits under ERISA

23   plan is a "plan document).  Pursuant to the terms of the Policy, Liberty Life has sole

24   _____

25

26

27   [1] The Aubin Affidavit was filed on April 13, 2007 with Liberty Life's memorandum of law in support of
     its motion for joinder and interpleader of necessary parties. (N.D.Ill., D.E. No. 14, Exhibit A).
28   [2] A copy of the Policy is attached to the Aubin Affidavit as Exhibit A.

discretion for determination of claims for benefits under the Policy.   (Policy, p.24) ("Liberty possesses the authority, in its sale discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility will be conclusive and binding."). Accordingly, Liberty Life is a fiduciary for the Liberty Mutual Plan as defined by ERISA.  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213, 1215 (11th Cir. 1999) (because the insurance company could control the payment of benefits and the determination of the plaintiff's rights under the plan, it was an ERISA entity and its policy was part of the plan.)

According to information provided by Liberty Mutual to Liberty Life, Hand was the sole designated beneficiary for the Proceeds as of the date of Decedent's death. (Aubin Affidavit at ¶ 8).  On or about January 17, 2007, Hand submitted a claim for the Proceeds to Liberty Life.  Having no notice at that time of any adverse claims, Liberty Life approved Hand's claim and, on or about January 22, 2007, mailed a check to Hand for the full amount of the Proceeds, plus accrued interest.  (Id., ¶¶ 9 – 10).

On or about January 25, 2007, Liberty Life received correspondence from Defendant Olson asserting that Defendant Coffman was solely entitled to the Proceeds. Liberty Life immediately issued a stop-payment order to its bank on the check mailed to Hand.  On or about January 29, 2007, Liberty Life issued correspondence to Hand and Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless the claimants advised Liberty Life that they had settled their dispute between themselves. (Id., ¶¶ 11 – 13). On or about February 7, 2007, Liberty Life received correspondence from Defendant Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the

1 | Proceeds by assignment from Hand.[3]

2 |     On or about March 2, 2007, Liberty Life referred its file regarding the adverse

3 | claims to the undersigned law firm for initiation of an interpleader action against all of

4 | the adverse claimants.  On March 5, 2007, Liberty Life was served with a copy of the

5 | Summons and Complaint for Plaintiff's declaratory judgment action, which Plaintiff had

6 | filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit

7 | of the State of Illinois, DuPage County.  Liberty Life had no prior notice of the state

8 | action.  (Id., ¶¶ 15 – 17).

9 |     On March 13, 2007, Liberty Life removed the State Court action to this Court.

10 | (N.D. Ill., D.E. No. 1).  On March 22, 2007, Liberty Life filed its answer to the

11 | Complaint, including its counterclaims against Hand and its proposed cross-claims

12 | against Defendants Olson, Coffman, and Potter pending submission of a motion by

13 | Liberty Life for joinder of the latter adverse claimants who at that time were not Parties

14 | to this action.  (N.D. Ill., D.E. No. 7).  On April 13, 2007, Liberty Life filed its Rule 19

15 | Motion for Joinder and Interpleader of Necessary Parties, and to Deposit Funds with the

16 | Court.  (N.D. Ill., D.E. No. 12 – 15). The Court granted Liberty Life's motion for joinder

17 | on May 4, 2007, but did not rule on the motion to deposit funds.  (N.D. Ill., D.E. No. 18).

18 |     After the additional Defendants had appeared and all Parties had responded to

19 | Liberty Life's counterclaims and cross-claims, Liberty Life resubmitted its motion to

20 | deposit funds on December 20, 2007, (N.D.Ill., D.E. Nos. 42 – 44), which the Court

21 | granted on January 3, 2008. (N.D.Ill., D.E. No. 50).  On January 17, 2008, Hand filed a

22 | motion to alter or amend judgment regarding the motion to deposit funds, disputing

23 | Liberty Life's interest calculation.  (N.D.Ill., D.E. No. 53, ¶¶ 3 – 6).  Hand orally

24 | withdrew this motion on February 14, 2008 at a status conference with the Court.

---

[3] On April 29, 2008, Potter executed a release of the lien.  (See Declaration of Sara A. Weinberg, ¶ 24) (attached at Exhibit B).

CASE NO.: **08CV0640-JAH (BLM)**

1   (N.D.Ill., D.E. No. 59).  On February 20, 2008, the Court affirmed its order granting the
2   motion to deposit funds, including interest at the rate of 3.5% through January 16, 2008.
3   (N.D.Ill., D.E. No. 63).  On February 22, 2008, Liberty Life deposited $74,077.32 into
4   the Court, consisting of the Proceeds in the amount of $71,000.00, and interest in the
5   amount of $3,077.32.  (Weinberg Declaration, ¶ 3).

6        On February 22, 2008, Defendants Olson and Coffman filed a motion to transfer
7   venue (N.D.Ill., D.E. No. 64), which was granted by order dated March 31, 2008.
8   (N.D.Ill., D.E. No. 81).  This Court received jurisdiction on April 4, 2008. (S.D.Cal., D.E.
9   No. 1). The Parties appeared for an Early Neutral Evaluation conference on April 29,
10  2008.  (S.D.Cal., D.E. No. 10).  On April 30, 2008, the Magistrate Judge issued an order
11  which, among other things, set a settlement conference for June 4, 2008 (S.D.Cal., D.E.
12  No. 6), which was subsequently continued to June 25, 2008. (S.D.Cal., D.E. No. 11). On
13  June 19, 2008, Plaintiff Hand filed a "Notice of Settlement," advising as follows:

> Plaintiff, MICHAEL HAND, by his attorney, Lawrence
> A. Stein of HUCK BOUMA PC, hereby gives notice to
> the court that the pending claims in the matter have
> been settled in full in principal and the settlement
> should be reduced to writing sufficient to dismiss the
> case no later than July 18, 2008.

19  (S.D.Cal., D.E. No. 14).  The Court issued an order on the same date, instructing
20  the Parties to file a joint motion for dismissal no later than July 21, 2008. (S.D.Cal., D.E.
21  No. 15).  The Court also instructed that, if a joint motion for dismissal is not filed by the
22  specified date, counsel for the Parties are to appear for a Settlement Disposition
23  Conference on July 24, 2008.  (Id.).

24  **III.    NATURE OF ACTION AND JURISDICTION**

25       Liberty Life converted this matter to an interpleader action pursuant to 28
26  U.S.C. § 1335 and Rule 22, F.R.Civ.P.  The Interpleader Rule provides in relevant part:

> Persons having claims against the plaintiff may be
> joined as defendants and required to interplead
> when their claims are such that the plaintiff is or
> may be exposed to double or multiple liability.

1    Rule 22, F.R.Civ.P. Pursuant to the interpleader statute, an interpleader action in federal

2    district court is proper where the disputed stake has a value of at least $500.00 and is

3    claimed by two or more diverse claimants. 28 U.S.C. § 1335. Hand resides in the State

4    of Illinois. (Plaintiff's Complaint for Declaratory Judgment, ¶ 1; N.D.Ill., D.E. No. 1).

5    Defendants Olson and Coffman reside in the State of California. (Answers and

6    Affirmative Defenses to Cross Claim of Liberty Life Assurance Company of Boston by

7    Defendants Olson and Coffman, pp. 5 – 6 at ¶¶ 4 and 5; N.D.Ill., D.E. No. 34). The

8    Proceeds at issue in this action amount to $71,000.00. Thus, this action involves

9    competing claims for life insurance benefits in excess of $500.00 by minimally diverse

10    claimants. Accordingly, this Court has original jurisdiction of this action pursuant to the

11    provisions of 28 U.S.C. § 1335. State Farm Fire & Casualty Co. v. Tashire, 386 U.S.

12    523, 530 (U.S. 1967) (interpleader statute "has been uniformly construed to require only

13    'minimal diversity,' that is, diversity of citizenship between two or more claimants,

14    without regard to the circumstance that other rival claimants may be cocitizens").

15         The Court also has jurisdiction of this matter pursuant to Rule 22 and 28

16    U.S.C. § 1331, in that Liberty Life seeks equitable relief pursuant to 29 U.S.C. §

17    1132(a)(3) of ERISA through interpleader of Hand, Potter, Olson and Coffman for

18    purposes of (1) enforcing the terms of the Plan regarding proper disbursement of benefits

19    payable pursuant to an ERISA employee welfare benefit plan. Aetna Life Ins. Co. v.

20    Bayona, 223 F.3d 1030, 1034 (9th Cir. Cal. 2000) ("we hold that interpleader is a form of

21    'appropriate equitable relief' for purposes of section 1132(a)(3)(B)"; see also

22    Metropolitan Life Ins. Co. v. Bigelow, 283 F.3d 436, 439-40 (2d Cir. 2002) (ERISA

23    provides an independent basis for subject matter jurisdiction in an interpleader action

24    arising under ERISA).

25         This Court also has original jurisdiction in this matter pursuant to the

26    provisions of 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 29 U.S.C. § 1132(e) of ERISA,

27    because this action is brought to obtain a declaration of the respective rights and interests

28    of the Parties regarding life insurances benefits provided through an employee welfare

benefit plan subject to ERISA. Each Claimant has asserted and/or has an interest in the Proceeds at issue herein that is adverse to the interest of the other Claimants. As such, each Claimant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists in this matter for the Court's declaratory judgment, under 28 U.S.C. § 2201, pursuant to 28 U.S.C. § 1331. Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997) ("[a] person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there"); Winstead v. J.C. Penney Co., Inc., 933 F.2d 576, 578-79 (7th Cir. 1991) (holding §1132(a)(3) allows a fiduciary to obtain a declaration regarding its obligations under the terms of a plan); GNB Battery Techs., Inc. v. Gould, Inc., 65 F.3d 615 (7th Cir. 1995) (a court has subject matter jurisdiction over a declaratory judgment action when the plaintiff's well-pleaded complaint "presumes the possibility of an action by [the defendant] under [federal law]").

## IV.   ARGUMENT

### A.   As Liberty Life Is A Disinterested Stakeholder Subject To Multiple Claims For A Single Fund, Its Interpleader Claim Was Properly Asserted.

To maintain an interpleader action, a party must establish that it is subject to multiple adverse claims against a single fund or liability. Gaines v. Sunray Oil Co., 539 F.2d 1136 (8th Cir. 1976); Fulton v. Kaiser Steel Corp., 397 F.2d 580 (5th Cir. 1968). Exposure to unnecessary vexation by multiplicity of suits is sufficient ground for maintaining an interpleader action. MFA Mutual Ins. Co. v. Lusby, 295 F. Supp. 660 (W.D.Va. 1969). Interpleader is appropriate even where there is only a possibility of adverse claims to a fund. Knoll v. Socony Mobil Oil Co., 369 F.2d 425, 428 (10th Cir. 1966), cert. denied, 386 U.S. 977 (1967), overruled on other grounds, Liberty National Bank & Trust Co. v. Acme Tool Division of Rucker Co., 540 F.2d 1375, 1381 (10th Cir. 1976). Moreover, interpleader should be liberally granted to protect stakeholders from double liability and duality of lawsuits. Dakota Livestock Co. v. Keim, 552 F.2d 1302 (8th Cir. 1977). As such, interpleader is to be granted where a stakeholder faces a

1    legitimate fear of multiple litigation, irrespective of the merits of the competing claims.

2    Knoll v. Socony Mobil Oil Co., supra.

3           In the instant matter, Liberty Life was subjected to multiple competing

4    claims to the Proceeds at issue in this matter. See Underwriters Group, Inc. v. Clear

5    Creek Independent School District, 2006 U.S. Dist. LEXIS 47907 at *18 (S.D. Tex.

6    2006) (unpublished)[4] (interpleader appropriately filed where insurer "not only had

7    reasonable fear of vexatious and conflicting claims, but was, in fact, actually presented

8    with competing demands for the funds").   If Liberty Life were to pay any of the

9    claimants, it would face the possibility of vexatious litigation by the other claimants with

10   the potential for multiple liability for the same insurance coverage. Interpleader is

11   recognized as the appropriate vehicle for an insurer in Liberty Life's position to protect

12   itself from future liability to persons who might subsequently claim that payment to a

13   particular claimant was inappropriate.   Aetna Life Ins. Co. v. Bayona, 223 F.3d at 1034

14   ("[i]nterpleader's primary purpose is not to compensate, but rather to protect stakeholders

15   from multiple liability as well as from the expense of multiple litigation").

16          Liberty Life does not claim any interest in the Proceeds under the Policy,

17   and is completely disinterested in the determination of which claimant should prevail.

18   Liberty Life has incurred no independent liability to any of the adverse claimants and did

19   not create the situation which caused the conflicting claims.  Liberty Life simply seeks to

20   have the adverse claimants resolve their respective claims to the Proceeds under the

21   Policy.  In other words, Liberty Life is an innocent stakeholder that claims no beneficial

22   interest in the Proceeds.  Accordingly, it is clear that Liberty Life properly sought the

23   assistance of the Court through interpleader for the purpose of obtaining final

24   adjudication of the respective rights of the claimants and to protect itself from the risk of

25

26   ————————————————

27

28

[4] Copies of unpublished opinions cited herein are provided at Exhibit C.

8

CASE NO.: **08CV0640-JAH (BLM)**

1 | vexatious litigation. Further, it is clear that all issues relating to Liberty Life's
2 | participation in this matter are ripe for final adjudication by this Court.

### B. Liberty Life Should Be Dismissed From This Action And Discharged From All Further Liability Related To The Proceeds Or The Policy.

Where a party establishes that it has properly commenced an interpleader action, that it is a disinterested stakeholder, and that it has deposited the disputed funds with the Court, the party should be dismissed from the lawsuit and discharged from further liability. 28 U.S.C. § 2361 ("[i]n any civil action of interpleader ... [the] district court ... may discharge the [stakeholder] from further liability"); Mendez v. Teachers Ins. and Annuity Association and College Retirement Equities Fund, 982 F.2d 783, 787 (2nd Cir. 1992) (28 U.S.C. § 2361 "authorizes a district court to discharge the stakeholder in any civil interpleader action from further liability to claimants"); Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971 at *5 (E.D. Cal. 2007) (unpublished) ("[i]f an interpleader action is properly brought and the funds have been deposited with the court, a court should readily discharge a stakeholder absent bad faith or delay by the stakeholder"); First Interstate Bank v. United States, 891 F.Supp. 543, 547 (D. Or. 1995) (plaintiff with legitimate fear of exposure to multiple liability instituting interpleader in good faith was "entitled to be discharged from liability"); GE Capital Assurance v. Van Norman, 209 F. Supp. 2d 668 (S.D. Tex. 2002) (as stakeholder disclaimed any further interest in insurance proceeds, and there was no material controversy involving stakeholder, motion to be discharged from any and all liability that stakeholder had or may have to adverse claimants was meritorious).

All Parties have responded to Liberty Life's claim for Interpleader. Liberty Life has asserted no claim to the Proceeds, nor has it disputed that the Proceeds are payable or advocated for or against any particular claimant. No Party has challenged the fact that Liberty Life is a disinterested stakeholder, nor asserted any claims against Liberty Life that would warrant maintaining Liberty Life as a party to this action. By converting this matter to an interpleader action, depositing the disputed funds into the

Court, and disclaiming any interest in the funds, Liberty Life has completely fulfilled its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, relating to the Proceeds and the Policy. Accordingly, Liberty Life should be dismissed from this action and Liberty Life, the Liberty Mutual Plan, and Liberty Mutual should be discharged from any and all liability to all Parties relating in any manner to the Proceeds or the Policy. Metropolitan Life Insurance Co. v. Kubichek, 83 Fed. Appx. 425, 428 (3rd Cir. 2003) (unpublished) (holding district court properly granted insurer's motion for discharge of insurer of ERISA plan, as well as plan sponsor, "from all liability to anyone arising out of a claim for the benefits from the decedent's life insurance policies"); Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971 at *6 (granting motion to discharge interpleading insurer, plan sponsor, and plan from further liability).

**C.    The Claimants Should Be Permanently Enjoined From Instituting Any Further Actions Relating To The Proceeds Or The Policy Against Liberty Life, Liberty Mutual, Or The Liberty Mutual Plan.**

Federal law provides this Court with the authority to enjoin the Parties from pursuing further legal action for payment or recovery of the Proceeds in order to protect Liberty Life from duplicative litigation:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and **enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action** until further order of the court.

28 U.S.C. § 2361 (emphasis added). As a District Judge in the Eastern District of this Court recently observed, "[g]iven the futility of an interpleader action if claimants file separate suits against the stakeholder, the court may enjoin the claimants from doing so." Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971 at *6 (citations omitted). "Essentially, interpleader is a call to all claimants to a fund to put forth their

1   claims so that entitlement to the fund can be determined." <u>Dunn v. Harris Corp.</u>, 2008

2   U.S. Dist. LEXIS 44863, 22-24 (M.D. Fla. June 6, 2008) (unpublished).  Thus, where

3   adverse claimants to a fund have had a full and fair opportunity to be heard, as is

4   undisputedly the case with the instant matter, a permanent injunction against any and all

5   future actions relating to the disputed proceeds is warranted "whenever it is found that

6   pending or threatened state court and/or other federal district court proceedings will

7   destroy the effectiveness of the interpleader suit or the enforceability of its judgment."

8   <u>United States of America v. Major Oil Corp.</u>, 583 F.2d 1152, 1158 (10th Cir. 1978).

9   Section 2361, "by its terms, affords the court the power to enjoin other judicial

10  proceedings in order to reduce the possibility of inconsistent determinations or the

11  inequitable distribution of the fund." <u>Id</u>.

12          It appears that Hand and Defendants Olson and Coffman have reached a

13  settlement regarding their adverse claims to the Proceeds.   (Notice of Settlement;

14  S.D.Cal., D.E. No. 14). It is not beyond the pale that either or all these Parties, perhaps

15  disappointed with their compromised share of the Proceeds, might contemplate

16  recovering the difference through a renewed action against Liberty Life on some new

17  legal theory, or by going against the Liberty Mutual Plan itself or the Plan's sponsor,

18  Liberty Mutual. This possibility is of particular concern, given that Olson and Coffman

19  have flatly refused to consent to anything but a "simple stip to dismiss because funds

20  deposited." (<u>see</u> Exhibit 15 of Weinberg Declaration). Accordingly, it is appropriate for

21  the Court to enjoin the adverse claimants from instituting any future legal actions against

22  Liberty Life, Liberty Mutual, or the Liberty Mutual Plan relating in any manner to the

23  Proceeds and/or the Policy. <u>Metropolitan Life Insurance Co. v. Kubichek</u>, 83 Fed. Appx.

24  at 428 (holding district court properly granted insurer's motion for an injunction

25  restraining the adverse claimants "from instituting any lawsuits against [the insurer and

26  the plan sponsor] seeking benefits or asserting damages or other claims arising under or

27  pursuant to the decedent's life insurances policies").

28

1  **V.   CONCLUSION**

2  Based upon the foregoing arguments and authorities, Liberty Life

3  respectfully requests the Court to order that:

4  1.   Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully

5  and finally discharged from any and all liability to Hand, Olson, Coffman, and Potter as

6  to any claim relating in any manner to the Proceeds and/or the Policy, including, but not

7  limited to, attorneys' fees and costs.

8  2.   Hand, Olson, Coffman, and Potter are permanently enjoined from

9  instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual

10  Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

11  3.   Liberty Life is entitled to an award of its costs and reasonable

12  attorneys fees; and

13

14  4.   Liberty Life receive such further relief as the Court deems just and

15  proper.

16

17  Dated:   July 21, 2008                    Respectfully submitted,

18                                            JACKSON LEWIS LLP

19                                            By:

20                                            Frank M. Liberatore
                                              Samantha N. Hoffman

21

22                                            Attorneys for Defendant
                                              LIBERTY LIFE ASSURANCE COMPANY
23                                            OF BOSTON

24

25

26

27

28

12                                   CASE NO.: **08CV0640-JAH (BLM)**

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  5000 Birch Street, Suite 5000, Newport Beach, California  92660

On July 21, 2008, I served the foregoing document described as:

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT IN INTERPLEADER BY LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

**[XX]**  I deposited such envelope in the mail at Newport Beach, California.  The envelope was mailed with postage thereon fully prepaid.

**[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2008 at Newport Beach, California.

DeborahWest

CASE NO.: **08CV0640-JAH (BLM)**

1

SERVICE LIST

2

3   Paula K. Jacobi
    Sugar, Friedberg & Felsenthal LLP
4   30 North LaSalle Street, Suite 3000
    Chicago, IL  60602
5

6   Edward Sedlacek
    Mark S. Bishop
7   Lawrence A. Stein
    Huck, Bouma, Martin, Jones & Bradshaw, P.C.
8   1755 South Napersville Road, Suite 200
    Wheaton, IL  60187-8132
9

10  Mr. James D. Potter
    James Potter LTD
11  200 Applebee, Suite 201
    Barrington, IL 60010-3060
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14                      CASE NO.: **08CV0640-JAH (BLM)**