# EXHIBIT "B"

1  Frank M. Liberatore (SBN 119976)
    Samantha N. Hoffman (SBN 212135)
2  JACKSON LEWIS LLP
    5000 Birch Street, Suite 4800
3  Newport Beach, California 92660
    Telephone: (949) 885-1360
4  Facsimile: (949) 885-1380
    E-Mail: LiberatF@jacksonlewis.com
5  E-Mail: HoffmanS@jacksonlewis.com

6

7  Attorneys for Defendant
    LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

8

9                   UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12  MICHAEL HAND,           )  **CASE NO.: 08CV0640-JAH (BLM)**

13                  )
              Plaintiff,     )  **DECLARATION OF SARA A. WEINBERG**
14                  )  **IN SUPPORT OF MOTION FOR**
                  )  **JUDGMENT IN INTERPLEADER BY**
15     vs.             )  **LIBERTY LIFE ASSURANCE COMPANY**
                  )  **OF BOSTON**
16  LIBERTY LIFE ASSURANCE COMPANY OF )
    BOSTON, FLOYD OLSON and BARBARA E. )
17  COFFMAN,            )

18            Defendants.

19

20  I, SARA A. WEINBERG, declare:

21         1.    I am an associate in the law firm of Jackson Lewis, LLP, counsel of record

22  for Defendant Liberty Life Assurance Company of Boston ("Liberty Life") in the instant matter.

23  The following facts are true of my own knowledge and if called as a witness, I could and would

24  competently testify thereto.

25         2.    I was local counsel for Liberty Life in the instant matter prior to the

26  transfer of venue to this Court by the United States District Court for the Northern District of

27  Illinois.

DECLARATION OF SARA A. WEINBERG IN SUPPORT OF MOTION FOR JUDGMENT IN INTERPLEADER
BY LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

3.      On February 22, 2008, Liberty Life deposited $74,077.32 into the United States District Court for the Northern District of Illinois, pursuant to the order of that Court dated February 20, 2008 (N.D.Ill., D.E. No. 63). This deposit represented the full amount of the insurance proceeds at issue in this matter, $71,000.00, and interest in the amount of $3,077.32.

4.      On April 1, 2008, I contacted Larry Stein, counsel for Plaintiff Hand, and Megan Witzel, counsel for Defendants Olsen and Coffman, by e-mail providing a proposed Consent Order of Dismissal and Discharge of Liberty Life and a proposed Joint Motion for approval of the consent order. A copy of this e-mail message, with attachments, is provided at Exhibit 1.

5.      The next day, on April 2, 2008, the Clerk for the District Court of Northern Illinois entered District Judge Shadur's order transferring venue to the Southern District of California. Although this order included the comment that "Liberty has deposited the policy proceeds with the Clerk of this District Court and is out of the case entirely, leaving the opposing claimants to do battle over the funds (N.D.Ill, D.E. No. 81 at p. 6), the Court had not entered an order of dismissal for Liberty Life. Accordingly, on April 28, 2008, I sent an email message to Mr. Stein and Ms. Witzel advising that we needed to proceed with the proposed consent order for dismissal and discharge and providing another copy of the consent order and joint motion for approval. A copy of this e-mail message, without copies of the attachments, is provided as Exhibit 2.

6.      Later that same day, I received an e-mail message from Mr. Stein advising that the proposed consent order and motion were acceptable to Plaintiff. (See Exhibit 3).

7.      On April 29, 2008, I sent a follow-up e-mail to Ms. Witzel requesting a response to the proposed consent order and joint motion for approval. (See Exhibit 4).

8.      Ms. Witzel responded the same day, advising that the proposed consent order and motion were acceptable to Defendants Olson and Coffman, but that Paula Jacobi should be on the signature page instead of Ms. Witzel. She also suggested the name of the approving judge should be changed from Judge Shadur to the District Judge assigned to the case

2

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL BY DEFENDANT
LIBERTY MUTUAL INSURANCE GROUP

Exhibit B  Page 58

1    in the Southern District of California.  (See Exhibit 5).

2         9.     On May 5, 2008, I sent an e-mail message to Mr. Stein and Ms. Witzel

3    with a new version of the proposed consent order and joint motion for approval, which had been

4    revised to comply with the local rules of this Court.  A copy of the email with attachments is

5    provided at Exhibit 6.

6         10.    On May 6, 2008, I sent a follow-up message to Shelly DeRousse, another

7    attorney in the same firm as Ms. Witzel and Ms. Jacobi, regarding the revised proposed consent

8    order and joint motion for approval. (See Exhibit 7).

9         11.    On May 9, 2008, I sent follow-up messages to both Mr. Stein and Ms.

10    DeRousse regarding the proposed documents and requesting a response by May 13, 2008.  (See

11    Exhibit 8).

12         12.    On May 20, 2008, I again sent follow-up messages to Mr. Stein and Ms.

13    Jacobi, providing another set of copies of the proposed documents and requesting a response by

14    May 23, 2008.  (See Exhibit 9) (without attachments).

15         13.    On June 2, 2008, I left voicemail messages for both Mr. Stein and Ms.

16    Jacobi regarding the proposed documents.  I also sent another e-mail message to both attorneys,

17    including another set of the proposed documents. The text of this message is set out below:

18         As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have

19         any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and

20         the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case.

21         Although you both previously approved our proposed motion and consent order and dismissal, we need the

22         parties to sign the attached documents (as opposed to electronic signatures) in order to comply with

23         requirements for the Southern District of California. I've attached another set of the documents. Please let us know

24         by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or

25         return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from

26         you.

27

28    (Copy attached at Exhibit 10) (without attachments).

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL BY DEFENDANT
LIBERTY MUTUAL INSURANCE GROUP

Exhibit B Page 59

14.    On June 11, 2008, I again left voicemail messages for both Mr. Stein and Ms. Jacobi regarding the proposed documents. I also sent follow-up e-mail messages to both attorneys, again with copies of the proposed documents attached. The text of this message is set out below:

> As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

(Copy attached at Exhibit 11) (without attachments).

15.    Mr. Stein responded later that same day, providing copies of the proposed documents bearing his signature via e-mail. (See Exhibit 12) (without attachments).

16.    On June 18, 2008, I sent another e-mail message to Ms. Jacobi, with a copy to Mr. Stein, regarding the proposed documents, the text of which is set out below:

> To date, we are waiting for your signature on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As you are aware, the settlement conference is scheduled for Wednesday, June 25, 2008. If we are not dismissed from the case prior to the settlement conference, we will be required to attend. Therefore, if we do not receive the signed documents by the end of business on Thursday, June 19, 2008, we will file a motion for dismissal and discharge of Liberty Life. Liberty Life does not ordinarily seek its fees for interpleader actions. However, if we are forced to file a motion for dismissal and discharge, we will file a motion for fees. Courts in this Circuit routinely grant such motions by a stakeholder in interpleader. See Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415,427 (9th Cir. 2000); Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971, 8-10 (E.D. Cal. 2007); Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1095 (D. Haw. 2007); Mutual of Omaha Ins. Co. v. Estate of Arachikavitz, 2007 U.S. Dist. LEXIS 71172, 14-16 (D. Nev. 2007); Gilead

4

Scis., Inc. v. Bio-Genetic Ventures, Inc., 2007 U.S. Dist. LEXIS 64323, 25-26 (W.D. Wash. 2007); Equitable Life Assurance Society of the United States v. DeGeorge, 2006 U.S. Dist. LEXIS 96663, 11-12 (C.D. Cal. Aug. 28, 2006). Courts have found attorneys' fees particularly appropriate in circumstances where the stakeholder's participation in the suit was unnecessarily extended because of unjustified opposition to the stakeholder's dismissal, or because of other meritless legal arguments. Metropolitan Life Ins. Co. v. Minnick, 2002 U.S. Dist. LEXIS 11148,6-7 (W.D.N.Y. 2002) (granting attorneys' fees where defendant did not have a good faith basis for refusing to stipulate to release the plaintiff from liability once proceeds were paid into court); Metropolitan Life Ins. Co. v. Novotny, 2006 U.S. Dist. LEXIS 24626, 45 (D. Neb. 2006) ("[a]lthough the usual practice is to tax the costs and fees against the interpleader fund,the court may tax the losing claimant directly when her conduct justifies doing so[; i]f a defendant in an interpleader action advances arguments which have no justification in law or fact, it may sometimes be appropriate to compel that party to pay attorney fees); Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist., 2006 U.S. Dist. LEXIS 78788, 5 (S.D. Tex. 2006)(awarding fees to plaintiff that filed interpleader in good faith, where "Defendants, while filing cross-claims against each other, also filed a counter-claim against [plaintiff], which appear[ed] to have protracted [its] involvement in the proceedings") .

We look forward to hearing from you.

(Copy attached at Exhibit 13).

17.    On June 18, 2008, I received an e-mail message from Mr. Stein advising "[w]e just settled the case and the settlement conference will soon be stricken." (Copy attached at Exhibit 14).

18.    On June 19, 2008, I received an e-mail message from Ms. Jacobi stating she would not agree to the proposed documents. The text of this message is set out below:

I can have my associate Shelly DeRousse stipulate to dismissal of your client as a party defendant. I cannot stipulate to the facts as you wrote them in the paragraphs regarding Potter (I have no knowledge) or regarding what Liberty's records showed as to the beneficiary. We have the documents and Liberty affidavit that show otherwise regarding change of the beneficiary and that being done and received prior to Cassie's death.

5

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL BY DEFENDANT LIBERTY MUTUAL INSURANCE GROUP

If you want us to sign a simple stip to dismiss because funds deposited, we are happy to do that.

(Copy attached at Exhibit 15).

19.    On June 19, 2008, Mr. Stein file a "Notice of Settlement," advising the Court that "the pending claims in the matter have been settled in full in principal and the settlement should be reduced to writing sufficient to dismiss the case no later than July 18, 2008. (S.D.Cal. D.E. No. 14).

20.    On the same date, the Court issued an order instructing the Parties to file a joint motion for dismissal no later than July 21, 2008.  (S.D.Cal., D.E. No. 15).  The Court also instructed that, if a joint motion for dismissal is not filed by the specified date, counsel for the Parties are to appear for a Settlement Disposition Conference on July 24, 2008.  (Id.).

21.    On June 25, 2008, I sent e-mail messages to Mr. Stein and Ms. Jacobi, to which I attached another revised version of the proposed consent order. I advised we had modified this version of the proposed consent order and statement of stipulated facts in response to Ms. Jacobi's specified objections to the prior version. The full text of this message is provided below:

> We cannot agree to the dismissal of Liberty Life without the entry of an order discharging Liberty Life's liability as well. In an effort to address the issues raised by Paula to our proposed consent order of dismissal and discharge and stipulation of facts and, we have edited the factual statements in the stipulation to dismiss. In addition, we have converted the consent order of dismissal and discharge to a consent order for final judgment and dismissal and discharge. As you will see in the documents, we need the details of the settlement between the claimants (paragraphs 15(a) and (b)). Also, with respect to the factual statements regarding James Potter, attached is a copy of his executed Release of Attorney's Lien. In addition, we are also asking him to sign off on the documents as well.

> Please review the attached documents and provide us with either your signature or your specific objections/proposed changes to the documents by July 7, 2008. If we do not receive the signatures on a final document by July 11, 2008, we will file a notice with the Court that the notice of settlement was in error because Liberty Life was not consulted regarding the notice and the parties have not reached a consensus regarding discharge of Liberty Life's

6

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL BY DEFENDANT LIBERTY MUTUAL INSURANCE GROUP

liability. We will also file a unilateral motion for dismissal and discharge of Liberty Life on the same terms proposed in the attached documents and seek payment of our fees because of the meritless refusal to a discharge of Liberty Life's liability.

(Copy attached at Exhibit 16, with attachments).

22.    On July 9, 2008, I received a copy of the proposed documents signed by Mr. Stein via e-mail.

23.    To date, I have received no communication of any kind from counsel for Defendants Olson and Coffman regarding my communication of June 25, 2008.

24.    Attached as Exhibit 17 is a copy of Defendant Potter's release of lien against the Proceeds.

25.    The Exhibits attached hereto are true and correct copies of the original documents.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed this 21st day of July, 2008 at Chicago, Illinois.

Sara A. Weinberg

7

# EXHIBIT "B-1"

Exhibit 1
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Tuesday, April 01, 2008 1:10 PM |
| **To:** | 'Larry Stein'; Megan Witzel |
| **Subject:** | Michael Hand v. Liberty, et al. |

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

  

080328(Hand)Mt  080328(Hand)Mt
DD-mtn-(final)...  )D-ConsentOrd-(

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT OF ILLINOIS

MICHAEL HAND,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )    Case No.:  1:07-cv-01422
                                       )
LIBERTY MUTUAL, FLOYD OLSON,           )    Judge Milton I. Shadur
BARBARA E. COFFMAN, and                )
JAMES POTTER,                          )    Magistrate Judge Nan R. Nolan
                                       )
            Defendants.                )

**PARTIES' JOINT MOTION FOR APPROVAL
OF PROPOSED CONSENT ORDER OF DISMISSAL AND DISCHARGE**

The Parties hereby move the Court for approval of the Parties' proposed Consent

Order, attached as Exhibit A, for dismissal and discharge of Defendants James Potter and Liberty

Life Assurance Company of Boston, incorrectly identified in the caption as "Liberty Mutual"

(hereafter, "Liberty Life"). In support whereof the Parties would show the Court as follows:

1.      This is an interpleader action regarding adverse claims to certain life

insurance proceeds ("Proceeds") payable by reason of the death of Cassie E. Barrett

("Decedent"), an employee insured under a policy of insurance ("Policy") issued by Liberty Life

to Decedent's employer, Liberty Mutual. The Policy was issued pursuant to Liberty Mutual's life

insurance plan for its employees ("Liberty Mutual Plan").

2.      Liberty Life has deposited the Proceeds at issue in this matter with the

Court, and no other Party has any out-standing counter-claims against Liberty Life.

3.      Under these circumstances, the Parties agree Liberty Life's continued

participation in the litigation is no longer warranted, and that it is appropriate for the Court at this

time to dismiss Liberty Life and discharge it, Liberty Mutual, and the Liberty Mutual Plan of

Exhibit B-1 Page 66

further liability related to the Proceeds and the Policy, according to the terms of the proposed

Consent Order.

4.      In addition, Defendant Potter has executed a waiver of his alleged rights to

the Proceeds in exchange for a dismissal from the pending action.

5.      Under these circumstances the Parties agree Defendant Potter should be

dismissed from this litigation.

6.      Accordingly, the Parties request that the Court approve and enter the

proposed Agreed Order of Dismissal and Discharge.


Dated: April ___, 2008                          Respectfully submitted,


/s/Lawrence A. Stein  (w/consent)__              /s/ Sara A. Weinberg_____
Lawrence A. Stein                                Sara A. Weinberg
Huck Bouma PC                                    Jackson Lewis LLP
1755 South Naperville Road                       320 West Ohio Street, Suite 500
Wheaton, Illinois 60187                          Chicago, Illinois 60610
**Attorneys for Michael Hand**                   **Attorneys for Defendant Liberty Life**

                                                 *And*


/s/ Megan Witzel (w/consent)_____                Ashley B. Abel
Paula Jacobi                                     Jackson Lewis LLP
Megan Witzel                                     One Liberty Plaza
Sugar, Friedberg & Felsenthal, LLP               55 Beattie Place, Suite 800
30 N. LaSalle Street, Suite 3000                 Greenville, South Carolina 29601
Chicago, Illinois 60602                          **Attorneys for Defendant Liberty Life**
**Attorneys for Floyd Olson & Barbara Coffman**


- 2 -


Exhibit B-1 Page 67

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April __, 2008, she caused true and correct copies of the foregoing to be filed with the Court by the Court's ECF/CM electronic filing protocols and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

Lawrence A. Stein
Huck Bouma PC
1755 South Naperville Road
Wheaton, Illinois 60187

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602


_/s/ Sara A. Weinberg_

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT OF ILLINOIS

MICHAEL HAND,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     Case No.:  1:07-cv-01422
                                       )
LIBERTY MUTUAL, FLOYD OLSON,           )     Judge Milton I. Shadur
BARBARA E. COFFMAN, and                )
JAMES POTTER,                          )     Magistrate Judge Nan R. Nolan
                                       )
            Defendants.                )

## CONSENT ORDER OF DISMISSAL AND DISCHARGE
## OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, and upon the

Complaint and the other pleadings filed in this matter, the stipulations of the Parties contained in

this Consent Order, and the Parties' Joint Motion for Approval of the Parties' Proposed Consent

Order of Dismissal and Discharge, the Court finds as follows:

### STIPULATED FINDINGS OF FACT

1.      Liberty Life is an insurance company incorporated under the laws of the

state of Massachusetts with its principal place of business in Boston, Massachusetts.

2.      Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage

County, Illinois.

3.      Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this

Court's Order dated May 4, 2007, is a resident of the State of California.

4.      Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant

to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.      James Potter ("Potter"), who was joined as a Defendant pursuant to this

- 1 -

Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.      This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.      On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan"). Thus, the Policy formed part of the Liberty Mutual Plan.

8.      Pursuant to the terms of the Policy, Liberty Life has sole discretion for the determination of claims under the Policy and to interpret its terms.

9.      Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy. Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.     According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.     Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.     On or about January 25, 2007, Liberty Life received correspondence from

- 2 -

Olson asserting that Coffman was solely entitled to the Proceeds.

13.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.    Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.    Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.    Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.  Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest.  The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life,

- 3 -

Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy, as ordered by the Court below.

## STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of ERISA.

25.    Dismissal of Liberty Life from this action is appropriate at this time as there are no outstanding claims against Liberty Life and as Liberty Life has no interest in matters remaining at issue in the litigation.

Exhibit B-1 Page 72

26.    The Court finds that by instituting this interpleader action and by depositing the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, with respect to any claims relating to the Policy and/or the Proceeds by Hand, Olson, Coffman and Potter.

## ORDER

**ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1.    Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully and finally discharged from any and all liability as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs.

2.    Hand, Olson, Coffman, Potter, and all who may claim an interest in said estate, are permanently enjoined from instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

3.    Liberty Life is dismissed from this action.

4.    James Potter is dismissed from this action.

5.    The Parties shall bear their own costs and attorneys' fees associated with James Potter's and Liberty Life's involvement in this matter.

**IT IS SO ORDERED.**

_____
MILTON I. SHADUR
UNITED STATES DISTRICT JUDGE

This the ___ day of April, 2008

Exhibit B-1 Page 73

## WE SO AGREE, STIPULATE, AND CONSENT:


Dated:  April  __, 2008                              Respectfully submitted,


/s/Lawrence A. Stein  (w/consent)___          /s/ Sara A. Weinberg_____
Lawrence A. Stein                                      Sara A. Weinberg
Huck Bouma PC                                          Jackson Lewis LLP
1755 South Naperville Road                             320 West Ohio Street, Suite 500
Wheaton, Illinois 60187                                Chicago, Illinois 60610
***Attorneys for Michael Hand***                       ***Attorneys for Defendant Liberty Life***

                                                       *And*


                                                       Ashley B. Abel
/s/ Megan Witzel (w/consent)_____            Jackson Lewis LLP
Paula Jacobi                                            One Liberty Plaza
Megan Witzel                                           55 Beattie Place, Suite 800
Sugar, Friedberg & Felsenthal, LLP                     Greenville, South Carolina 29601
30 N. LaSalle Street, Suite 3000                       ***Attorneys for Defendant Liberty Life***
Chicago, Illinois 60602
***Attorneys for Floyd Olson & Barbara Coffman***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April __, 2008, she caused true and correct copies of the foregoing to be filed with the Court by the Court's ECF/CM electronic filing protocols and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

> Lawrence A. Stein
> Huck Bouma PC
> 1755 South Naperville Road
> Wheaton, Illinois 60187
>
> Paula Jacobi
> Megan Witzel
> Sugar, Friedberg & Felsenthal, LLP
> 30 N. LaSalle Street, Suite 3000
> Chicago, Illinois 60602

> /s/ Sara A. Weinberg

- 7 -

# EXHIBIT "B-2"

Exhibit 2
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Monday, April 28, 2008 1:11 PM |
| **To:** | Larry Stein; Megan Witzel |
| **Subject:** | FW: Michael Hand v. Liberty, et al. |

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order. To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court. Please review the attached documents and advise if you have any suggested revisions. We would like to file this document as soon as possible.
Let me thank you in advance for your anticipated cooperation.

 

080328(Hand)Mt080328(Hand)Mt
)D-ConsentOrd-(iDD-mtn-(final)...

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

    

080328(Hand)Mt    080328(Hand)Mt
DD-mtn-(final)...    D-ConsentOrd-(

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-3"