1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.


Consent
Order.doc


Parties' Joint
Motion of Appro..


Stipulated
idings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-8"

Exhibit 8
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Friday, May 09, 2008 3:54 PM |
| **To:** | Larry Stein; 'SDeRousse@sff-law.com' |
| **Subject:** | FW: Michael Hand |

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible?  We would like to be able to file the documents before Tuesday, May 13, 2008.  Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand


Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action.  Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California.  Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge.  Attached please find the following documents:

        1.   Proposed Order;

Exhibit 8 Page 123

2.   Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3.   Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.

        

Consent        Parties' Joint        Stipulated
Order.doc      Motion of Appro..     ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-9"

Exhibit 9
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Tuesday, May 20, 2008 5:08 PM |
| **To:** | Larry Stein; Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.) |
| **Subject:** | FW: Michael Hand |

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

      

Parties' Joint    Stipulated    Consent
Motion of Appro...ndings of Fact an   Order.doc

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.

Exhibit B-9 Page 127


Consent
Order.doc


Parties' Joint
Motion of Appro..


Stipulated
dings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-10"

Exhibit 10
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Monday, June 02, 2008 3:08 PM |
| **To:** | Larry Stein; Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.) |
| **Subject:** | FW: Michael Hand |

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.

  

Consent         Parties' Joint      Stipulated
Order.doc     Motion of Appro...ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, May 20, 2008 5:08 PM
**To:** Larry Stein; Paula K. Jacobi

Exhibit 10 Page 30

**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

        

Parties' Joint        Stipulated        Consent
Motion of Appro...ndings of Fact an    Order.doc

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential
information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of
this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the
intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-
mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action.  Although
you both previously approved our proposed motion and consent order and dismissal, we need the parties
to sign the attached documents (as opposed to electronic signatures) in order to comply with
requirements for the Southern District of California.  Also, we prepared a separate stipulation of facts, all
of which were previously contained in the proposed consent order of dismissal and discharge.  Attached
please find the following documents:

1.  Proposed Order;
2.  Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3.  Stipulated Findings of Fact and Conclusions of Law in support of dismissal and
    discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience.  We would like
to be able to file these documents before Thursday, May 8, 2008.  If you have any questions, please
contact us.

Exhibit 8-10 Page 37

  

Consent          Parties' Joint       Stipulated
Order.doc        Motion of Appro..    ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-11"

Exhibit 11
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Wednesday, June 11, 2008 12:41 PM |
| **To:** | 'Larry Stein'; Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.) |
| **Subject:** | FW: Michael Hand |

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

          

Consent          Parties' Joint          Stipulated
Order.pdf        Motion of Appro..  ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, June 02, 2008 3:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Exhibit 8-11 Page 35

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.


Consent
Order.doc


Parties' Joint
Motion of Appro...


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, May 20, 2008 5:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

          

Parties' Joint     Stipulated     Consent
Motion of Appro...ndings of Fact an   Order.doc

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.


Consent
Order.doc


Parties' Joint
Motion of Appro...


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law

Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

1
2
3
4
5

Frank M. Liberatore (SBN 119976)
Samantha N. Hoffman (SBN 212135)
JACKSON LEWIS LLP
5000 Birch Street, Suite 4800
Newport Beach, California 92660
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
E-Mail: LiberatF@jacksonlewis.com
E-Mail: HoffmanS@jacksonlewis.com

6
7

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

8
9

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL 60187-8132

10
11

Attorneys for Plaintiff
MICHAEL HAND

12
13
14

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

15

Attorneys for Defendants
FLOYD OLSON and BARBARA COFFMAN

16

17                    UNITED STATES DISTRICT COURT

18                  SOUTHERN DISTRICT OF CALIFORNIA

19

20   MICHAEL HAND,                          ) **CASE NO.: 08CV0640-JAH (BLM)**
                                            )
21            Plaintiff,                    )
                                            )
22        vs.                               ) **STIPULATED FINDINGS OF FACT**
                                            ) **AND CONCLUSIONS OF LAW IN**
23   LIBERTY LIFE ASSURANCE                 ) **SUPPORT OF DISMISSAL AND**
     COMPANY OF BOSTON, FLOYD               ) **DISCHARGE OF LIBERTY LIFE**
24   OLSON and BARBARA E. COFFMAN,          ) **ASSURANCE COMPANY OF**
                                            ) **BOSTON**
25            Defendants.                   )
                                            )
26   ─────────────────────────────────────)

27

28

                                        1        CASE NO.: **08CV0640-JAH (BLM)**
                                                            CAPTION

TO THE HONORABLE COURT:

The Parties in the above captioned matter, by and through their counsel of record, stipulate to the following facts and conclusions of law.

## STIPULATED FINDINGS OF FACT

1.    Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

2.    Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage County, Illinois.

3.    Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

4.    Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.    James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois.  Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.    This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.    On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan").  Thus, the Policy formed part of the Liberty Mutual Plan.

8.    Pursuant to the terms of the Policy, Liberty Life has sole discretion for

1    the determination of claims under the Policy and to interpret its terms.

2        9.    Cassie E. Barrett ("Decedent"), who was insured under the Policy as

3    an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage

4    under the Policy.  Thus, the total death benefit payable under the Policy by reason of

5    Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

6        10.    According to information provided by Decedent's employer to Liberty

7    Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the

8    Proceeds as of the date of Decedent's death.

9        11.    Hand submitted a claim for the Proceeds to Liberty Life on or about

10    January 17, 2007.

11        12.    On or about January 25, 2007, Liberty Life received correspondence

12    from Olson asserting that Coffman was solely entitled to the Proceeds.

13        13.    On or about February 7, 2007, Liberty Life received correspondence

14    from Potter advising that he represented Hand regarding his claim to the Proceeds, and

15    enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

16        14.    Liberty Life does not claim any interest in the Proceeds at issue in this

17    matter.

18        15.    Liberty Life has incurred no independent liability to any of the

19    adverse claimants and did not create the situation which caused the conflicting claims.

20        16.    Hand has answered the Counterclaim Liberty Life filed against him

21    and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand

22    asserted any counter-claims against Liberty Life.

23        17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed

24    against them and have not challenged Liberty Life's posture as a disinterested

25    stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

26        18.    Potter has executed a waiver of his alleged rights to the Proceeds in

27    exchange for a dismissal from the pending action.  Potter has not challenged Liberty

28    Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Liberty Life.

19.     On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest. The Proceeds are being held by the Court in an interest-bearing account.

20.     The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy.

## STIPULATED CONCLUSIONS OF LAW

21.     The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.     This Court also has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.     Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.     Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable

---

4                              CASE NO.: **08CV0640-JAH (BLM)**
                                                        CAPTION

1  relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of

2  ERISA.

3          25.     Dismissal of Liberty Life from this action is appropriate at this time as

4  there are no outstanding claims against Liberty Life and as Liberty Life has no interest in

5  matters remaining at issue in the litigation.

6

7  Dated:  June 11, 2008                    Respectfully submitted,

8                                           JACKSON LEWIS LLP

9

10                                          By:_____

11                                              Frank M. Liberatore
                                                Samantha N. Hoffman
12
                                            Attorneys for Defendant
13                                          LIBERTY LIFE ASSURANCE COMPANY
                                            OF BOSTON
14

15  Dated:  June 11, 2008                    HUCK BOUMA PC

16

17                                          By:_____

18                                              Lawrence A. Stein

19                                          Attorneys for Plaintiff
                                            MICHAEL HAND
20

21                                          SUGAR, FRIEDBERG & FELSENTHAL, LLP

22

23

24

25

26

27

28

---

                                5              CASE NO.: **08CV0640-JAH (BLM)**
                                                                      CAPTION

1
2   Dated: May ___, 2008                    By:_____
3                                                Paula Jacobi
4                                                Megan Witzel
                                                 Samantha N. Hoffman
5                                           Attorneys for Defendants
6                                           FLOYD OLSON and BARBARA COFFMAN
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    6
                                            CASE NO.: **08CV0640-JAH (BLM)**
                                            CAPTION

**PROOF OF SERVICE**

1

2 | UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

3

4 | CASE NAME: *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

5 | CASE NUMBER: 08CV0640-JAH (BLM)

6 | I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite

7 | 5000, Newport Beach, California 92660

8 | On June 11, 2008, I served the foregoing document described as:

9 | **STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

10 | in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

11

12 | **[XX] BY MAIL**

13 | **[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

14 | **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and

15 | processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport

16 | Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date

17 | is more than one day after date of deposit for mailing in affidavit.

18 | **[X]    FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

Executed on June 11, 2008 at Newport Beach, California.

20

21

22 | Deborah West

23

24

25

26

27

28

---

1

CASE NO.: **08CV0640-JAH (BLM**

Exhibit B-11 Page 146

SERVICE LIST

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL  60139

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, IL  60602

Edward Sedlacek
Mark S. Bishop
Lawrence A. Stein
Huck, Bouma, Martin, Jones & Bradshaw, P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

CASE NO.: **08CV0640-JAH (BLM**

Exhibit B-11 Page 147

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11  MICHAEL HAND,                        )    CASE NO.:  08CV0640-JAH (BLM)
                                         )
12          Plaintiff,                   )    [PROPOSED] CONSENT ORDER OF
                                         )    DISMISSAL AND DISCHARGE
13      vs.                              )    OF LIBERTY LIFE ASSURANCE
                                         )    COMPANY OF BOSTON
14  LIBERTY LIFE ASSURANCE              )
    COMPANY OF BOSTON, FLOYD            )
15  OLSON and BARBARA E. COFFMAN,       )
                                         )
16          Defendants.                  )
                                         )
17  _____)
18
19          Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule

20  77.2, and upon the Complaint and the other pleadings filed in this matter, the stipulations

21  of the Parties contained in the Stipulation filed concurrently herewith and also contained

22  in this Consent Order, and the Parties' Joint Motion for Approval of the Parties' Proposed

23  Consent Order of Dismissal and Discharge, the Court finds as follows:

24                  **STIPULATED FINDINGS OF FACT**

25      1.      Liberty Life is an insurance company incorporated under the laws of

26  the state of Massachusetts with its principal place of business in Boston, Massachusetts.

27      2.      Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage

28

---

                            1              CASE NO.: **08CV0640-JAH (BLM)**

County, Illinois.

3.     Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

4.     Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.     James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois.  Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.     This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.     On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan").  Thus, the Policy formed part of the Liberty Mutual Plan.

8.     Pursuant to the terms of the Policy, Liberty Life has sole discretion for the determination of claims under the Policy and to interpret its terms.

9.     Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy. Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.     According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.     Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.     On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

13.     On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.     Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.     Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.     Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action. Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest. The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy, as ordered by the Court below.

## STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the

---

4                    CASE NO.: **08CV0640-JAH (BLM)**

provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.     Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.     Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of ERISA.

25.     Dismissal of Liberty Life from this action is appropriate at this time as there are no outstanding claims against Liberty Life and as Liberty Life has no interest in matters remaining at issue in the litigation.

26.     The Court finds that by instituting this interpleader action and by depositing the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, with respect to any claims relating to the Policy and/or the Proceeds by Hand, Olson, Coffman and Potter.

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B-11 Page 152

## ORDER

**ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1.    Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully and finally discharged from any and all liability as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs.

2.    Hand, Olson, Coffman, Potter, and all who may claim an interest in said estate, are permanently enjoined from instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

3.    Liberty Life is dismissed from this action.

4.    James Potter is dismissed from this action.

5.    The Parties shall bear their own costs and attorneys' fees associated with James Potter's and Liberty Life's involvement in this matter.

**IT IS SO ORDERED.**

Dated this ___ day of May, 2008

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

6                    CASE NO.: **08CV0640-JAH (BLM)**

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:     *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,*
                       *FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On June 11, 2008, I served the foregoing document described as:

CONSENT ORDER OF DISMISSAL AND DISCHARGE
OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

        **[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

        **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]     FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

        Executed on June 11, 2008 at Newport Beach, California.

_____
Deborah West

1

SERVICE LIST

2

3 | Paula Jacobi
Megan Witzel

4 | Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000

5 | Chicago, Illinois 60602

6

7 | Lawrence A. Stein
Huck Bouma P.C.

8 | 1755 South Napersville Road, Suite 200

9 | Wheaton, IL  60187-8132

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Frank M. Liberatore (SBN 119976)
   Samantha N. Hoffman (SBN 212135)
2  JACKSON LEWIS LLP
   5000 Birch Street, Suite 4800
3  Newport Beach, California 92660
   Telephone: (949) 885-1360
4  Facsimile: (949) 885-1380
   E-Mail: LiberatF@jacksonlewis.com
5  E-Mail: HoffmanS@jacksonlewis.com

6  Attorneys for Defendant
   LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
7
   Lawrence A. Stein
8  Huck Bouma P.C.
   1755 South Napersville Road, Suite 200
9  Wheaton, IL 60187-8132

10 Attorneys for Plaintiff
   MICHAEL HAND
11
   Paula Jacobi
12 Megan Witzel
   Sugar, Friedberg & Felsenthal, LLP
13 30 N. LaSalle Street, Suite 3000
   Chicago, Illinois 60602
14
   Attorneys for Defendants
15 FLOYD OLSON and BARBARA COFFMAN

16

17                    UNITED STATES DISTRICT COURT

18                   SOUTHERN DISTRICT OF CALIFORNIA

19

20 MICHAEL HAND,                     )   **CASE NO.: 08CV0640-JAH (BLM)**
                                     )
21         Plaintiff,                )
                                     )   **PARTIES' JOINT MOTION FOR**
22      vs.                          )   **APPROVAL OF [PROPOSED]**
                                     )   **CONSENT ORDER OF DISMISSAL**
23 LIBERTY LIFE ASSURANCE            )   **AND DISCHARGE**
   COMPANY OF BOSTON, FLOYD          )
24 OLSON and BARBARA E. COFFMAN,     )
                                     )
25         Defendants.               )
                                     )
26 _____      )

27

28

                              1              CASE NO.: **08CV0640-JAH (BLM)**

1    Pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule
2    77.2, the Parties hereby move the Court for approval of the Parties' [Proposed] Consent
3    Order, filed concurrently herewith, for dismissal and discharge of Defendants James
4    Potter and Liberty Life Assurance Company of Boston, incorrectly identified in the
5    caption as "Liberty Mutual" (hereafter, "Liberty Life").  In support whereof the Parties
6    would show the Court as follows:

7    1.    This is an interpleader action regarding adverse claims to certain life
8    insurance proceeds ("Proceeds") payable by reason of the death of Cassie E. Barrett
9    ("Decedent"), an employee insured under a policy of insurance ("Policy") issued by
10    Liberty Life to Decedent's employer, Liberty Mutual. The Policy was issued pursuant to
11    Liberty Mutual's life insurance plan for its employees ("Liberty Mutual Plan").

12    2.    Liberty Life has deposited the Proceeds at issue in this matter with the
13    Court, and no other Party has any out-standing counter-claims against Liberty Life.

14    3.    Under these circumstances, the Parties agree Liberty Life's continued
15    participation in the litigation is no longer warranted, and that it is appropriate for the
16    Court at this time to dismiss Liberty Life and discharge it, Liberty Mutual, and the
17    Liberty Mutual Plan of further liability related to the Proceeds and the Policy, according
18    to the terms of the Proposed Order.

19    4.    In addition, Defendant Potter has executed a waiver of his alleged
20    rights to the Proceeds in exchange for a dismissal from the pending action.

21    5.    Under these circumstances the Parties agree Defendant Potter should
22    be dismissed from this litigation.

23    6.    The Parties have stipulated to the facts and conclusions of law set
24    forth in Exhibit A hereto.

25

26

27

28

1

2          7.     Accordingly, the Parties request that the Court approve and enter the

3     [Proposed] Consent Order of Dismissal and Discharge.

4

5     Dated:  June 11, 2008                    Respectfully submitted,

6                                              JACKSON LEWIS LLP

7

8                                              By:_____

9                                                    Frank M. Liberatore
                                                     Samantha N. Hoffman
10

11                                             Attorneys for Defendant
                                               LIBERTY LIFE ASSURANCE COMPANY
12                                             OF BOSTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                    3              CASE NO.: **08CV0640-JAH (BLM)**

1
2   Dated:  June 11, 2008                    HUCK BOUMA PC

3

4                                            By:_____

5                                                   Lawrence A. Stein

6                                            Attorneys for Plaintiff
                                             MICHAEL HAND
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4            CASE NO.: **08CV0640-JAH (BLM)**

1

Dated:  June 11, 2008                          SUGAR, FRIEDBERG & FELSENTHAL, LLP

2

3

4                                              By:_____

5                                                  Paula Jacobi
                                                   Megan Witzel

6                                              Attorneys for Defendants
                                               FLOYD OLSON and BARBARA COFFMAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5                          CASE NO.: **08CV0640-JAH (BLM)**

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On June 11, 2008, I served the foregoing document described as:

PARTIES' JOINT MOTION FOR APPROVAL OF PROPOSED CONSENT ORDER OF DISMISSAL AND DISCHARGE

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

    **[XX]**  I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on June 11, 2008 at Newport Beach, California.

_____
Deborah West

1                                    CASE NO.: **08CV0640-JAH (BLM**

Exhibit B-11 Page 161



SERVICE LIST

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2                          CASE NO.: **08CV0640-JAH (BLM**