FW: Michael Hand v. Liberty, et al.

Exhibit 3
Weinberg Declaration

| | |
|---|---|
| **From:** | Larry Stein [lstein@HuckBouma.com] |
| **Sent:** | Monday, April 28, 2008 4:00 PM |
| **To:** | Weinberg, Sara A. (CHI); Megan Witzel |
| **Subject:** | RE: Michael Hand v. Liberty, et al. |

OK with me.  Larry Stein.

---

**From:** Weinberg, Sara A. (CHI) [mailto:WeinbergS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 1:11 PM
**To:** Larry Stein; Megan Witzel
**Subject:** FW: Michael Hand v. Liberty, et al.

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order.  To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court.  Please review the attached documents and advise if you have any suggested revisions.  We would like to file this document as soon as possible.

Let me thank you in advance for your anticipated cooperation.

<<080328(Hand)MtnDD-ConsentOrd-(final).doc>> <<080328(Hand)MtnDD-mtn-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

FW: Michael Hand v. Liberty, et al.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

<<080328(Hand)MtnDD-mtn-(final).doc>>    <<080328(Hand)MtnDD-ConsentOrd-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-4"

Exhibit 4
Weinberg Declaration

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Tuesday, April 29, 2008 12:00 PM
**To:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

Megan:

Thank you.  We would like to file the consent order of dismissal so we do not have to participate in any more of the conference calls.  Can you let me know if you approve the order so we can file it?   thanks

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Megan Witzel [mailto:MWitzel@sff-law.com]
**Sent:** Tuesday, April 29, 2008 11:46 AM
**To:** Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand v. Liberty, et al.

Sara,

I spoke with Carolyn, the judge's assistant. The call (ENE Conference) is going forward this afternoon at 4:00 pm Chicago time. If you want to participate, you need to call her directly (prior to 4:00 pm) to let her know you want to be on the call. Her phone number is (619) 557-7372.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 4:07 PM
**To:** Larry Stein
**Cc:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

FW: Michael Hand v. Liberty, et al.

Larry:

Thank you. do you know if the telephonic status is proceeding tomorrow? If yes, please remember to include me on the call. thanks.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Monday, April 28, 2008 4:00 PM
**To:** Weinberg, Sara A. (CHI); Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

OK with me. Larry Stein.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 1:11 PM
**To:** Larry Stein; Megan Witzel
**Subject:** FW: Michael Hand v. Liberty, et al.

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order. To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court. Please review the attached documents and advise if you have any suggested revisions. We would like to file this document as soon as possible.

Let me thank you in advance for your anticipated cooperation.

<<080328(Hand)MtnDD-ConsentOrd-(final).doc>> <<080328(Hand)MtnDD-mtn-(final).doc>>

Sara A. Weinberg

Attorney at Law

FW: Michael Hand v. Liberty, et al.

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

<<080328(Hand)MtnDD-mtn-(final).doc>>     <<080328(Hand)MtnDD-ConsentOrd-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

FW: Michael Hand v. Liberty, et al.


312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

# EXHIBIT "B-5"

Exhibit 5
Weinberg Declaration

**From:** Megan Witzel [mailto:MWitzel@sff-law.com]
**Sent:** Tuesday, April 29, 2008 12:46 PM
**To:** Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand v. Liberty, et al.

Sara,

Sorry for not getting back to you sooner. The papers look fine, except it should be Paula Jacobi signing from my office. Also, the order has a signature line for Judge Shadur. Shouldn't it be the new judge?

Megan I. Witzel
Sugar, Friedberg & Felsenthal LLP
30 N. LaSalle St., Suite 3000
Chicago, Illinois 60602
(312) 704-2773
(312) 372-7951 Fax

------------------------------------------------------------------------------

CONFIDENTIALITY NOTICE:

This e-mail and any attachments are confidential and may be protected by legal privilege and is intended only for the use of the addressee. It is the property

Exhibit B-5 Page 88

FW: Michael Hand v. Liberty, et al.

of Sugar, Friedberg & Felsenthal LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete all copies, including attachments, from your system.

To comply with Internal Revenue Service regulations, please be advised that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Tuesday, April 29, 2008 12:00 PM
**To:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

Megan:

Thank you.  We would like to file the consent order of dismissal so we do not have to participate in any more of the conference calls.  Can you let me know if you approve the order so we can file it?   thanks

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**From:** Megan Witzel [mailto:MWitzel@sff-law.com]
**Sent:** Tuesday, April 29, 2008 11:46 AM
**To:** Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand v. Liberty, et al.

Sara,

I spoke with Carolyn, the judge's assistant.  The call (ENE Conference) is going forward this afternoon at 4:00 pm Chicago time.  If you want to participate, you need to call her directly (prior to 4:00 pm) to let her know you want to be on the call.  Her phone number is (619) 557-7372.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 4:07 PM
**To:** Larry Stein
**Cc:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

FW: Michael Hand v. Liberty, et al.

Larry:

Thank you.  do you know if the telephonic status is proceeding tomorrow?  If yes, please remember to include me on the call.  thanks.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Monday, April 28, 2008 4:00 PM
**To:** Weinberg, Sara A. (CHI); Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

OK with me.  Larry Stein.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 1:11 PM
**To:** Larry Stein; Megan Witzel
**Subject:** FW: Michael Hand v. Liberty, et al.

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order.  To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court.  Please review the attached documents and advise if you have any suggested revisions.  We would like to file this document as soon as possible.

Let me thank you in advance for your anticipated cooperation.

<<080328(Hand)MtnDD-ConsentOrd-(final).doc>> <<080328(Hand)MtnDD-mtn-(final).doc>>

Sara A. Weinberg

Attorney at Law

FW: Michael Hand v. Liberty, et al.

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.


<<080328(Hand)MtnDD-mtn-(final).doc>>    <<080328(Hand)MtnDD-ConsentOrd-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

Exhibit 85 Page 91

FW: Michael Hand v. Liberty, et al.

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT "B-6"

Exhibit 6
Weinberg Declaration

**Wood, Robert M. (SC)**

**Subject:**           FW: Michael Hand

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1.  Proposed Order;
2.  Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3.  Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.

      

Consent Order.doc   Parties' Joint Motion     Stipulated Findings
                     of Appro...               of Fact an...

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

1

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL HAND,

        Plaintiff,

    vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, FLOYD
OLSON and BARBARA E. COFFMAN,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.: 08CV0640-JAH (BLM)**

**[PROPOSED] CONSENT ORDER OF
DISMISSAL AND DISCHARGE
OF LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON**

19
20
21
22
23

      Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 77.2, and upon the Complaint and the other pleadings filed in this matter, the stipulations of the Parties contained in the Stipulation filed concurrently herewith and also contained in this Consent Order, and the Parties' Joint Motion for Approval of the Parties' Proposed Consent Order of Dismissal and Discharge, the Court finds as follows:

24

### STIPULATED FINDINGS OF FACT

25
26

    1.    Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

27
28

    2.    Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage

1

CASE NO.: **08CV0640-JAH (BLM)**

County, Illinois.

3.    Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

4.    Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.    James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.    This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.    On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan"). Thus, the Policy formed part of the Liberty Mutual Plan.

8.    Pursuant to the terms of the Policy, Liberty Life has sole discretion for the determination of claims under the Policy and to interpret its terms.

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B-6 Page 97

9.      Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy.  Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.      According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.      Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.      On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

13.      On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.      Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.      Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.      Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B-6 Page 98

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action. Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest. The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy, as ordered by the Court below.

## STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the

Exhibit β-6 Page 99

provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of ERISA.

25.    Dismissal of Liberty Life from this action is appropriate at this time as there are no outstanding claims against Liberty Life and as Liberty Life has no interest in matters remaining at issue in the litigation.

26.    The Court finds that by instituting this interpleader action and by depositing the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, with respect to any claims relating to the Policy and/or the Proceeds by Hand, Olson, Coffman and Potter.

CASE NO.: **08CV0640-JAH (BLM)**

## ORDER

**ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1.    Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully and finally discharged from any and all liability as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs.

2.    Hand, Olson, Coffman, Potter, and all who may claim an interest in said estate, are permanently enjoined from instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

3.    Liberty Life is dismissed from this action.

4.    James Potter is dismissed from this action.

5.    The Parties shall bear their own costs and attorneys' fees associated with James Potter's and Liberty Life's involvement in this matter.

**IT IS SO ORDERED.**

Dated this ___ day of May, 2008

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

6

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B6 Page 101

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,*
              *FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On July 18, 2008, I served the foregoing document described as:

CONSENT ORDER OF DISMISSAL AND DISCHARGE
OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX] BY MAIL**

    **[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on July 18, 2008 at Newport Beach, California.


                                        _____
                                        DeborahWest

---

1                                       CASE NO.: **08CV0640-JAH (BLM**

SERVICE LIST

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

Exhibit B-b Page 103

1  Frank M. Liberatore (SBN 119976)
   Samantha N. Hoffman (SBN 212135)
2  JACKSON LEWIS LLP
   5000 Birch Street, Suite 4800
3  Newport Beach, California  92660
   Telephone:  (949) 885-1360
4  Facsimile:  (949) 885-1380
   E-Mail:  LiberatF@jacksonlewis.com
5  E-Mail:  HoffmanS@jacksonlewis.com

6  Attorneys for Defendant
   LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
7
   Lawrence A. Stein
8  Huck Bouma P.C.
   1755 South Napersville Road, Suite 200
9  Wheaton, IL  60187-8132

10 Attorneys for Plaintiff
   MICHAEL HAND
11
   Paula Jacobi
12 Megan Witzel
   Sugar, Friedberg & Felsenthal, LLP
13 30 N. LaSalle Street, Suite 3000
   Chicago, Illinois 60602
14
   Attorneys for Defendants
15 FLOYD OLSON and BARBARA COFFMAN

16

17                 UNITED STATES DISTRICT COURT

18              SOUTHERN DISTRICT OF CALIFORNIA

19

20 MICHAEL HAND,                    )  CASE NO.:  08CV0640-JAH (BLM)
                                    )
21           Plaintiff,             )
                                    )  PARTIES' JOINT MOTION FOR
22      vs.                         )  APPROVAL OF [PROPOSED]
                                    )  CONSENT ORDER OF DISMISSAL
23 LIBERTY LIFE ASSURANCE           )  AND DISCHARGE
   COMPANY OF BOSTON, FLOYD         )
24 OLSON and BARBARA E. COFFMAN,    )
                                    )
25           Defendants.            )
                                    )
26 _____ )

27

28

                                    1          CASE NO.: **08CV0640-JAH (BLM)**

Pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 77.2, the Parties hereby move the Court for approval of the Parties' [Proposed] Consent Order, filed concurrently herewith, for dismissal and discharge of Defendants James Potter and Liberty Life Assurance Company of Boston, incorrectly identified in the caption as "Liberty Mutual" (hereafter, "Liberty Life"). In support whereof the Parties would show the Court as follows:

1.      This is an interpleader action regarding adverse claims to certain life insurance proceeds ("Proceeds") payable by reason of the death of Cassie E. Barrett ("Decedent"), an employee insured under a policy of insurance ("Policy") issued by Liberty Life to Decedent's employer, Liberty Mutual. The Policy was issued pursuant to Liberty Mutual's life insurance plan for its employees ("Liberty Mutual Plan").

2.      Liberty Life has deposited the Proceeds at issue in this matter with the Court, and no other Party has any out-standing counter-claims against Liberty Life.

3.      Under these circumstances, the Parties agree Liberty Life's continued participation in the litigation is no longer warranted, and that it is appropriate for the Court at this time to dismiss Liberty Life and discharge it, Liberty Mutual, and the Liberty Mutual Plan of further liability related to the Proceeds and the Policy, according to the terms of the Proposed Order.

4.      In addition, Defendant Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.

5.      Under these circumstances the Parties agree Defendant Potter should be dismissed from this litigation.

6.      The Parties have stipulated to the facts and conclusions of law set forth in Exhibit A hereto.

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B-6 Page 105

1

2          7.     Accordingly, the Parties request that the Court approve and enter the

3    [Proposed] Consent Order of Dismissal and Discharge.

4

5    Dated:  July 18, 2008                    Respectfully submitted,

6                                             JACKSON LEWIS LLP

7

8                                             By:_____

9                                                 Frank M. Liberatore
                                                  Samantha N. Hoffman
10

11                                           Attorneys for Defendant
                                             LIBERTY LIFE ASSURANCE COMPANY
12                                           OF BOSTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                    3                CASE NO.: **08CV0640-JAH (BLM)**

Dated:  July 18, 2008                    HUCK BOUMA PC


                                         By:_____
                                              Lawrence A. Stein

                                         Attorneys for Plaintiff
                                         MICHAEL HAND

Exhibit B-6 Page 107

1

2 Dated:  July 18, 2008                    SUGAR, FRIEDBERG & FELSENTHAL, LLP

3

4                                          By:_____

5                                              Paula Jacobi
                                               Megan Witzel

6                                          Attorneys for Defendants
7                                          FLOYD OLSON and BARBARA COFFMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

5                        CASE NO.: **08CV0640-JAH (BLM)**

Exhibit _Bb_ Page _108_

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,*
*FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On July 18, 2008, I served the foregoing document described as:

PARTIES' JOINT MOTION FOR APPROVAL OF PROPOSED CONSENT ORDER OF DISMISSAL AND DISCHARGE

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX] BY MAIL**

    **[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on July 18, 2008 at Newport Beach, California.

_____

DeborahWest

1

SERVICE LIST

2

3   Paula Jacobi
    Megan Witzel
4   Sugar, Friedberg & Felsenthal, LLP
    30 N. LaSalle Street, Suite 3000
    Chicago, Illinois 60602

5

6   Lawrence A. Stein
    Huck Bouma P.C.
7   1755 South Napersville Road, Suite 200
    Wheaton, IL  60187-8132

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                    CASE NO.: **08CV0640-JAH (BLM**

1 | Frank M. Liberatore (SBN 119976)
Samantha N. Hoffman (SBN 212135)
2 | JACKSON LEWIS LLP
5000 Birch Street, Suite 4800
3 | Newport Beach, California 92660
Telephone: (949) 885-1360
4 | Facsimile: (949) 885-1380
E-Mail: LiberatF@jacksonlewis.com
5 | E-Mail: HoffmanS@jacksonlewis.com

6 | Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

7

8 | Lawrence A. Stein
Huck Bouma P.C.
9 | 1755 South Napersville Road, Suite 200
Wheaton, IL 60187-8132

10 | Attorneys for Plaintiff
MICHAEL HAND

11

12 | Paula Jacobi
Megan Witzel
13 | Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

14

15 | Attorneys for Defendants
FLOYD OLSON and BARBARA COFFMAN

16

17 | UNITED STATES DISTRICT COURT

18 | SOUTHERN DISTRICT OF CALIFORNIA

19

20 | MICHAEL HAND,          ) CASE NO.: 08CV0640-JAH (BLM)

21 |          Plaintiff,    )

22 |   vs.                  ) STIPULATED FINDINGS OF FACT
                           ) AND CONCLUSIONS OF LAW IN
23 | LIBERTY LIFE ASSURANCE ) SUPPORT OF DISMISSAL AND
COMPANY OF BOSTON, FLOYD  ) DISCHARGE OF LIBERTY LIFE
24 | OLSON and BARBARA E. COFFMAN, ) ASSURANCE COMPANY OF
                           ) BOSTON
25 |          Defendants.  )

26

27

28

1

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

1  TO THE HONORABLE COURT:

2      The Parties in the above captioned matter, by and through their counsel of record,

3  stipulate to the following facts and conclusions of law.

## STIPULATED FINDINGS OF FACT

6      1.    Liberty Life is an insurance company incorporated under the laws of

7  the state of Massachusetts with its principal place of business in Boston, Massachusetts.

8      2.    Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage

9  County, Illinois.

10     3.    Floyd Olson ("Olson"), who was joined as a Defendant pursuant to

11  this Court's Order dated May 4, 2007, is a resident of the State of California.

12     4.    Barbara Coffman ("Coffman"), who was joined as a Defendant

13  pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

14     5.    James Potter ("Potter"), who was joined as a Defendant pursuant to

15  this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois.  Potter is an

16  attorney who claims to have an assignment and/or lien from Plaintiff of, or against,

17  Plaintiff Hand's asserted claim to the Proceeds.

18     6.    This action involves competing claims for benefits and was instituted

19  to enforce rights under a group life insurance policy ("Policy") issued by Defendant

20  Liberty Life as part of an employee welfare benefit plan governed by the Employee

21  Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq.

22  ("ERISA").

23     7.    On January 1, 1997, Liberty Life issued group life insurance policy

24  No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to

25  eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan

26  for its employees ("Liberty Mutual Plan").  Thus, the Policy formed part of the Liberty

27  Mutual Plan.

28     8.    Pursuant to the terms of the Policy, Liberty Life has sole discretion for

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit B-b Page 112

1  the determination of claims under the Policy and to interpret its terms.

2      9.    Cassie E. Barrett ("Decedent"), who was insured under the Policy as

3  an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage

4  under the Policy.  Thus, the total death benefit payable under the Policy by reason of

5  Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

6      10.    According to information provided by Decedent's employer to Liberty

7  Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the

8  Proceeds as of the date of Decedent's death.

9      11.    Hand submitted a claim for the Proceeds to Liberty Life on or about

10  January 17, 2007.

11      12.    On or about January 25, 2007, Liberty Life received correspondence

12  from Olson asserting that Coffman was solely entitled to the Proceeds.

13      13.    On or about February 7, 2007, Liberty Life received correspondence

14  from Potter advising that he represented Hand regarding his claim to the Proceeds, and

15  enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

16      14.    Liberty Life does not claim any interest in the Proceeds at issue in this

17  matter.

18      15.    Liberty Life has incurred no independent liability to any of the

19  adverse claimants and did not create the situation which caused the conflicting claims.

20      16.    Hand has answered the Counterclaim Liberty Life filed against him

21  and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand

22  asserted any counter-claims against Liberty Life.

23      17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed

24  against them and have not challenged Liberty Life's posture as a disinterested

25  stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

26      18.    Potter has executed a waiver of his alleged rights to the Proceeds in

27  exchange for a dismissal from the pending action.  Potter has not challenged Liberty

28  Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against

1  Liberty Life.

2      19.    On February 22, 2008, pursuant to the Court's Order dated February
3  20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full
4  value of the Proceeds payable because of Decedent's death, plus accrued interest. The
5  Proceeds are being held by the Court in an interest-bearing account.

6      20.    The Parties, through their respective counsel, stipulate and consent to
7  the dismissal of Liberty Life from this action, with prejudice, and to the discharge of
8  Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all
9  Parties associated in any manner with the Proceeds or the Policy.

## STIPULATED CONCLUSIONS OF LAW

10

11

12      21.    The Liberty Mutual Plan is an employee welfare benefit plan
13  governed by ERISA. Accordingly, this Court has federal question jurisdiction in this
    matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.
14

15      22.    This Court also has original jurisdiction in this matter pursuant to the
16  provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is
17  brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective
18  rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-
19  governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman
20  and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such,
21  each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29
22  U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for
23  the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

24      23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to
25  its discretionary authority for determination of claims under the Liberty Mutual Plan.

26      24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan,
27  properly instituted this action for interpleader, declaratory judgment and for equitable

28

4

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit Bb Page 114

1  relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of

2  ERISA.

3          25.     Dismissal of Liberty Life from this action is appropriate at this time as

4  there are no outstanding claims against Liberty Life and as Liberty Life has no interest in

5  matters remaining at issue in the litigation.

6

7  Dated:  July 18, 2008                   Respectfully submitted,

8                                          JACKSON LEWIS LLP

9

10                                         By:_____

11                                             Frank M. Liberatore
                                               Samantha N. Hoffman
12
                                           Attorneys for Defendant
13                                         LIBERTY LIFE ASSURANCE COMPANY
                                           OF BOSTON
14

15 Dated:  July 18, 2008                   HUCK BOUMA PC

16

17                                         By:_____

18                                             Lawrence A. Stein

19                                         Attorneys for Plaintiff
                                           MICHAEL HAND
20

21                                         SUGAR, FRIEDBERG & FELSENTHAL, LLP

22

23

24

25

26

27

28

---

CASE NO.: **08CV0640-JAH (BLM)**
                                                           CAPTION

Exhibit _B-b_ Page _115_

1

2  Dated: May ___, 2008          By:_____

3                                      Paula Jacobi
                                       Megan Witzel
4                                      Samantha N. Hoffman

5                                 Attorneys for Defendants
                                  FLOYD OLSON and BARBARA COFFMAN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6                    CASE NO.: **08CV0640-JAH (BLM)**
                                        CAPTION

Exhibit B-b Page 116

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:     *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  5000 Birch Street, Suite 5000, Newport Beach, California  92660

On July 18, 2008, I served the foregoing document described as:

## STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

    **[XX]**  I deposited such envelope in the mail at Newport Beach, California.  The envelope was mailed with postage thereon fully prepaid.

    **[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]     FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on July 18, 2008 at Newport Beach, California.


_____

DeborahWest

---

Exhibit Bb Page 117

1
2

# SERVICE LIST

3
4
5

Michael Hand
207 N. Watersedge
Unit 302
Glendale Heights, IL  60139

6
7
8
9

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, IL  60602

10
11
12
13
14

Edward Sedlacek
Mark S. Bishop
Lawrence A. Stein
Huck, Bouma, Martin, Jones & Bradshaw, P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit B-b Page 118

# EXHIBIT "B-7"

Exhibit 7
Weinberg Declaration

| From: | Weinberg, Sara A. (CHI) |
|---|---|
| Sent: | Tuesday, May 06, 2008 3:18 PM |
| To: | SDeRousse@sff-law.com |
| Subject: | FW: Michael Hand |

Shelly:

I learned in reviewing the motion that was filed yesterday that you are now handling this matter. Below is an email that I sent to Megan Witzel yesterday. Please review and then sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.


Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand


Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents: