Frank M. Liberatore (SBN 119976)
Samantha N. Hoffman (SBN 212135)
JACKSON LEWIS LLP
5000 Birch Street, Suite 4800
Newport Beach, California 92660
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
E-Mail: LiberatF@jacksonlewis.com
E-Mail: HoffmanS@jacksonlewis.com

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAND, | CASE NO.: 08CV0640-JAH (BLM) |
| Plaintiff, | **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S MEMORANDUM IN OPPOSITION TO MOTION FOR ENTRY OF AGREED ORDER OF DISBURSEMENT AND AGREED ORDER OF DISMISSAL BY PLAINTIFF HAND AND DEFENDANTS OLSON AND COFFMAN** |
| vs. | |
| LIBERTY MUTUAL, FLOYD OLSON and BARBARA E. COFFMAN, AND JAMES POTTER, | |
| Defendants. | |

TO THE COURT, PLAINTIFF, DEFENDANTS AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), incorrectly identified in the caption as "Liberty Mutual," by and through its undersigned counsel, hereby submits this memorandum in opposition to the Motion for Entry of Agreed Order of Disbursement and Agreed Order of Dismissal by Plaintiff Hand and Defendants Olson and Coffman (hereafter, "Agreed Orders").

Dated: August 12, 2008

Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Frank M. Liberatore
Samantha N. Hoffman

Attorneys for Defendant
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ......................................................................................................... 1

III. ARGUMENT ............................................................................................................... 6

    A.    As Liberty Life Is A Disinterested Stakeholder Subject To Multiple Claims For A Single Fund, Its Interpleader Claims Were Properly Asserted. ........................................................................................................... 6

    B.    The Relief Sought By Liberty Life Is Appropriate, As A Matter Of Law. ................................................................................................................. 8

        1.    Liberty Life is entitled to the terms of dismissal and discharge proposed to the other Parties and presented in its Motion for Judgment in Interpleader. ................................................................. 8

        2.    Liberty Life is entitled to the permanent injunction proposed to the other Parties and presented in its Motion for Judgment in Interpleader. ......................................................................................... 9

    C.    The Motion To Enter The Proposed Agreed Orders Should Be Denied Because The Proposed Orders Are Not "Agreed," And Because They Do Not Provide Liberty Life With The Relief Necessary To Effectuate The Protective Purposes Of Interpleader. ................................................... 11

IV. CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Federal Cases**

Aetna Life Ins. Co. v. Bayona
 223 F.3d 1030 (9th Cir.), reh'g en banc denied 2000 U.S. App.
 LEXIS 27445 (2000) ............................................................................................. 7, 12

Connecticut General Life Ins. Co. v. Thomas
 910 F. Supp. 297 (S.D.Tex. 1995) ............................................................................ 15

Dakota Livestock Co. v. Keim
 552 F.2d 1302 (8th Cir. 1977) .................................................................................... 7

Dunn v. Harris Corp.
 2008 U.S. Dist. LEXIS 44863 at *23 (M.D. Fla. June 6, 2008) (unpublished) ............. 10

First Interstate Bank v. United States
 891 F.Supp. 543, 547 (D. Or. 1995) ........................................................................... 8

Fulton v. Kaiser Steel Corp.
 397 F.2d 580 (5th Cir. 1968) ...................................................................................... 6

Gaines v. Sunray Oil Co.
 539 F.2d 1136 (8th Cir. 1976) .................................................................................... 6

GE Capital Assurance v. Van Norman
 209 F. Supp. 2d 668 (S.D. Tex. 2002) ....................................................................... 8

Knoll v. Socony Mobil Oil Co.
 369 F.2d 425 (10th Cir. 1966, cert. denied, 386 U.S. 977 (1967) ............................... 7

Liberty National Bank & Trust Co. v. Acme Tool Division of Rucker Co.
 540 F.2d 1375 (10th Cir. 1976) .................................................................................. 7

Mendez v. Teachers Ins. and Annuity Association and College Retirement Equities Fund
 982 F.2d 783 (2nd Cir. 1992) ..................................................................................... 8

Metropolitan Life Ins. Co. v. Billini
 2007 U.S. Dist. LEXIS 89971 at *5 (E.D. Cal. 2007) ......................................... 8, 9, 10

Metropolitan Life Ins. Co. v. Kubichek
 83 Fed. Appx. 425 (3rd Cir. 2003) ........................................................................ 9, 10

Metropolitan Life Ins. Co. v. Minnick
 2002 U.S. Dist. LEXIS 11148 at *6-7 (W.D.N.Y. 2002) ............................................ 14

Metropolitan Life Ins. Co. v. Novotny
 2006 U.S. Dist. LEXIS 24626 at *5 (D. Neb. 2006) .................................................. 14

MFA Mutual Ins. Co. v. Lusby
 295 F. Supp. 660 (W.D.Va. 1969) .............................................................................. 7

Murphy v. Travelers Ins. Co.
 534 F.2d 1155 (5th Cir. 1976) .................................................................................. 14

Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.
    306 F.2d 188 (9th Cir. 1962)...................................................................................14

Septembertide Pub., B.V. v. Stein & Day, Inc.
    884 F.2d 675 (2d Cir. 1989).....................................................................................14

Standard Ins. Co. v. Nelson
    2007 U.S. Dist. LEXIS 36197 at *6 (W.D. Wash. 2007).......................................12

State Farm Fire & Casualty Co. v. Tashire
    386 U.S. 523 (U.S. 1967).........................................................................................12

Travelers Ins. Co. v. Estate of Garcia
    2002 U.S. Dist. LEXIS 25952 at *9-10 (E.D.N.Y. 2002).......................................14

Trustees of Directors Guild of America Producer Pension Benefits Plans v. Tise
    234 F.3d 415 (9th Cir. 2000), reh'g en banc denied, 255 F.3d 661 (2001)............14

Underwriters Group, Inc. v. Clear Creek Independent School District
    2006 U.S. Dist. LEXIS 47907 at *18 (S.D. Tex. 2006)......................................7, 14

United States of America v. Major Oil Corp.
    583 F.2d 1152 (10th Cir. 1978)..........................................................................10, 13

**Federal Statutes**

28 U.S.C. § 2361 ..................................................................................................8, 10

**Other Authorities**

Employee Retirement Income Security Act of 1974, as amended,
    29 U.S.C. §§ 1001, et seq...........................................................................................2

## I. INTRODUCTION

This is an interpleader action involving competing claims for insurance benefits in the amount of $71,000.00 ("Proceeds") payable because of the death of Cassie E. Barrett ("Decedent"), an employee insured under a group life insurance policy ("Policy") issued by Liberty Life to Decedent's employer, Liberty Mutual. Liberty Life issued the Policy pursuant to the Liberty Mutual life insurance plan ("Liberty Mutual Plan"), which provides group life insurance benefits to eligible employees of Liberty Mutual. (Affidavit of Fran Aubin, dated April 12, 2007 at ¶ 5) (hereafter, "Aubin Affidavit") (copy attached as Exhibit A).[1] Liberty Life, which claims no beneficial interest in the Proceeds at issue, interpleaded all the adverse claimants, deposited the Proceeds into the Court – with interest ($74,077.32), and has petitioned the Court for relief from any further liability relating to the Proceeds and for its costs and attorneys' fees. (S.D.Cal., D.E. No. 18 – Motion for Judgment in Interpleader). As will be shown below, Liberty Life assiduously attempted to obtain an early dismissal and discharge in this matter once it appeared all disputes directly involving Liberty Life were resolved, which efforts were thwarted by Defendants Olson and Coffman. The proposed Agreed Orders are inappropriate because Liberty Life, a named party defendant, is not a signatory to either order and was not consulted regarding their terms, and because the orders do not address the relief Liberty Life has consistently sought throughout this litigation and to which it is entitled as a matter of law, including an award of reasonable attorneys' fees and costs.

## II. BACKGROUND

There is no dispute in this matter that the Proceeds at issue were provided by a policy of insurance that was part of an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et

---

[1] The Aubin Affidavit was filed on April 13, 2007 with Liberty Life's memorandum of law in support of its motion for joinder and interpleader of necessary parties. (N.D.Ill., D.E. No. 14, Exhibit A).

seq. Liberty Life has asserted no claim to the Proceeds, nor has it disputed that the Proceeds are payable or advocated for or against any particular claimant. No Party has challenged the fact that Liberty Life is a disinterested stakeholder, nor are there any outstanding claims against Liberty Life.[2]

Based on these circumstances, Liberty Life contacted the other Parties on April 1, 2008 requesting their consideration of a proposed Consent Order of Dismissal and Discharge for Liberty Life and a proposed Joint Motion for approval of the consent order. (Declaration of Sara A. Weinberg, ¶ 4) (hereafter, "Weinberg Declaration").[3] The next day, on April 2, 2008, the Clerk for the District Court of Northern Illinois entered District Judge Shadur's order transferring venue to the Southern District of California. Although this order included the comment that "Liberty has deposited the policy proceeds with the Clerk of this District Court and is out of the case entirely, leaving the opposing claimants to do battle over the funds (N.D.Ill., D.E. No. 81 at p. 6), the Court in fact had not entered an order of dismissal for Liberty Life. Accordingly, on April 28, 2008, Liberty Life's counsel sent an email message to Larry Stein, counsel for Plaintiff Michael Hand, and Megan Witzel, counsel for Defendants Olsen and Coffman, advising that it was still necessary to proceed with the proposed consent order for dismissal and discharge. Liberty Life's counsel provided another copy of the consent order and joint motion for approval with this correspondence. (Weinberg Declaration, ¶ 5). Later that same day, Mr. Stein responded that the proposed consent order and motion were acceptable to Plaintiff Hand. (Id., ¶ 6). On April 29, 2008, Ms. Witzel advised that the proposed consent order and motion were acceptable to Defendants Olson and Coffman, but that

---

[2] Plaintiff Hand originally opposed Liberty Life's motion to deposit the Proceeds into the Court, disputing the calculation of interest. (N.D.Ill., D.E. No. 53, ¶¶ 3 – 6). Hand orally withdrew this motion on February 14, 2008 at a status conference with the Court. (N.D.Ill., D.E. No. 59).
[3] The Weinberg Declaration was filed on July 21, 2008 in support of Liberty Life's motion for judgment in interpleader. (S.D.Cal., D.E. No. 18, Exhibit B). A copy is attached hereto as Exhibit B.

another attorney in Ms. Witzel's office, Paula Jacobi, should be on the signature page instead of Ms. Witzel. She also suggested the name of the approving judge should be changed from Judge Shadur to the District Judge assigned to the case in the Southern District of California. (Id., ¶ 8).

On May 5, 2008, Liberty Life's counsel sent an e-mail message to Mr. Stein and Ms. Witzel with a revised version of the proposed consent order and joint motion for approval, which had been revised to comply with the local rules of this Court. (Id., ¶ 9). She sent follow-up messages on May 6, 9, and 20, 2008. (Id., ¶ 10 – 12). On June 2, 2008, having received no response from any party, Liberty Life's counsel left voicemail messages for both Mr. Stein and Ms. Jacobi regarding the proposed documents. She also sent another e-mail message to both attorneys, including another set of the proposed documents and requested opposing counsel to "[p]lease let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008.[4] (Id., ¶ 13). On June 11, 2008, Liberty Life's counsel still had received no response from any Party regarding the proposed consent order. She therefore left voicemail messages for both Mr. Stein and Ms. Jacobi regarding the proposed documents, and sent additional follow-up e-mail messages to both attorneys, again with copies of the proposed documents attached. The text of this message is set out below:

> As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached

---

[4] The Court had scheduled a settlement conference for June 25, 2008. (S.D.Cal. D.E. No. 11).

> documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

(Id., ¶ 14). Mr. Stein responded later that same day, providing copies of the proposed documents bearing his signature via e-mail. (Id., ¶ 15). On June 18, 2008, having heard nothing from counsel for Olson and Coffman, Liberty Life's counsel sent another e-mail message to Ms. Jacobi, with a copy to Mr. Stein, regarding the proposed documents. Counsel requested a response by June 19, 2008, so that Liberty Life could avoid the expense of attending the settlement conference scheduled for January 25, 2008. She also advised that Liberty Life would otherwise file a unilateral motion for dismissal and discharge, and seek its attorneys' fees and costs. (Id., ¶ 16). Later that same day, Liberty Life's counsel received an e-mail message from Mr. Stein advising "[w]e just settled the case and the settlement conference will soon be stricken." (Id., ¶ 17).

On June 19, 2008, Liberty Life's counsel received an e-mail message from Ms. Jacobi stating she would not agree to Liberty Life's proposed consent order. The text of this message is set out below:

> I can have my associate shelly DeRousse stipulate to dismissal of your client as a party defendant. I cannot stipulate to the facts as you wrote them in the paragraphs regarding Potter (I have no knowledge) or regarding what Liberty's records showed as to the beneficiary. We have the documents and Liberty affidavit that show otherwise regarding change of the beneficiary and that being done and received prior to cassie's death.
>
> If you want us to sign a simple stip to dismiss because funds deposited, we are happy to do that.

(Id., ¶ 18). Later that same day, Hand's counsel filed a "Notice of Settlement," advising the Court that "the pending claims in the matter have been settled in full in principal and the settlement should be reduced to writing sufficient to dismiss the case no later than July 18, 2008." (S.D.Cal. D.E. No. 14). In response, the Court issued an order instructing the Parties to file a joint motion for dismissal no later than July 21, 2008. (S.D.Cal., D.E. No. 15). The Court also instructed that, if a joint motion for dismissal was not filed by

1  the specified date, counsel for the Parties were to appear for a Settlement Disposition
2  Conference on July 24, 2008. (Id.).
3        On June 25, 2008, Liberty Life's counsel sent e-mail messages to Mr. Stein and
4  Ms. Jacobi, to which she attached another revised version of the proposed consent order.
5  She advised that Liberty Life had modified this version of the proposed consent order and
6  statement of stipulated facts in response to Ms. Jacobi's specified objections to the prior
7  version. The full text of this message is provided below:

> We cannot agree to the dismissal of Liberty Life without the entry of an order discharging Liberty Life's liability as well. In an effort to address the issues raised by Paula to our proposed consent order of dismissal and discharge and stipulation of facts and, we have edited the factual statements in the stipulation to dismiss. In addition, we have converted the consent order of dismissal and discharge to a consent order for final judgment and dismissal and discharge. As you will see in the documents, we need the details of the settlement between the claimants (paragraphs 15(a) and (b)). Also, with respect to the factual statements regarding James Potter, attached is a copy of his executed Release of Attorney's Lien. In addition, we are also asking him to sign off on the documents as well.
>
> Please review the attached documents and provide us with either your signature or your specific objections/proposed changes to the documents by July 7, 2008. If we do not receive the signatures on a final document by July 11, 2008, we will file a notice with the Court that the notice of settlement was in error because Liberty Life was not consulted regarding the notice and the parties have not reached a consensus regarding discharge of Liberty Life's liability. We will also file a unilateral motion for dismissal and discharge of Liberty Life on the same terms proposed in the attached documents and seek payment of our fees because of the meritless refusal to a discharge of Liberty Life's liability.

(Weinberg Declaration, ¶ 21). On July 9, 2008, Hand's counsel delivered a copy of the proposed documents signed by Mr. Stein via e-mail. (Id., ¶ 22).

      On July 21, 2008, Hand's counsel filed the motion for entry of the Agreed Orders, which was signed by both Hand's counsel and counsel for Olson and Coffman. The proposed Agreed Order of Disbursement, which was signed by Plaintiff Hand and

Defendants Olson and Coffman, provides for disbursement of the Proceeds on deposit with the Court, with $17,500.00 to be disbursed to Hand, and the balance, less any applicable handling charges by the Court, disbursed to Olson and Coffman (approximately $56,600.00). (S.D.Cal. D.E. No. 16, Exhibit A). The proposed Agreed Order of Dismissal provides for the dismissal, with prejudice, of "all claims, cross-claims, counterclaims, and defenses asserted or which could have been asserted," with "no costs assessed." (Id., Exhibit B). This proposed order does not mention the interests of Liberty Life at all, despite Liberty Life's clearly asserted position that any resolution of this matter must include a dismissal and discharge of liability for Liberty Life, Liberty Mutual, and the Liberty Mutual Plan and appropriate injunctions against any future legal proceedings. Liberty Life was not a party to either of the proposed Agreed Motions nor was it even consulted by any of the signatory Parties. Liberty Life accordingly filed its unilateral motion for judgment in interpleader, (S.D.Cal. D.E. No. 18), seeking (1) a "discharge from any and all liability to Hand, Olson, Coffman, and Potter as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs" for Liberty Life, Liberty Mutual, and the Liberty Mutual Plan, (2) a permanent injunction prohibiting the other Parties from "instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy," (3) an award of costs and reasonable attorneys' fees to Liberty Life, and (4) and "such further relief as the Court deems just and proper." (Id., Supporting Memorandum, p. 12).

## III. ARGUMENT

### A. As Liberty Life Is A Disinterested Stakeholder Subject To Multiple Claims For A Single Fund, Its Interpleader Claims Were Properly Asserted.

To maintain an interpleader action, a party must establish that it is subject to multiple adverse claims against a single fund or liability. Gaines v. Sunray Oil Co., 539 F.2d 1136 (8th Cir. 1976); Fulton v. Kaiser Steel Corp., 397 F.2d 580 (5th Cir. 1968). Exposure to unnecessary vexation by multiplicity of suits is sufficient ground for

maintaining an interpleader action. MFA Mutual Ins. Co. v. Lusby, 295 F. Supp. 660 (W.D.Va. 1969). Interpleader is appropriate even where there is only a possibility of adverse claims to a fund. Knoll v. Socony Mobil Oil Co., 369 F.2d 425, 428 (10th Cir. 1966, cert. denied, 386 U.S. 977 (1967), overruled on other grounds, Liberty National Bank & Trust Co. v. Acme Tool Division of Rucker Co., 540 F.2d 1375, 1381 (10th Cir. 1976). Moreover, interpleader should be liberally granted to protect stakeholders from double liability and duality of lawsuits. Dakota Livestock Co. v. Keim, 552 F.2d 1302 (8th Cir. 1977). As such, interpleader is to be granted where a stakeholder faces a legitimate fear of multiple litigation, irrespective of the merits of the competing claims. Knoll v. Socony Mobil Oil Co., supra.

In the instant matter, Liberty Life was subjected to multiple competing claims to the Proceeds at issue in this matter. See Underwriters Group, Inc. v. Clear Creek Independent School District, 2006 U.S. Dist. LEXIS 47907 at *18 (S.D. Tex. 2006) (unpublished)[5] (interpleader appropriately filed where insurer "not only had reasonable fear of vexatious and conflicting claims, but was, in fact, actually presented with competing demands for the funds"). If Liberty Life were to pay any of the claimants, it would face the possibility of vexatious litigation by the other claimants with the potential for multiple liability for the same insurance coverage. Interpleader is recognized as the appropriate vehicle for an insurer in Liberty Life's position to protect itself from future liability to persons who might subsequently claim that payment to a particular claimant was inappropriate. Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir.), reh'g en banc denied 2000 U.S. App. LEXIS 27445 (2000) (primary purpose of interpleader is "to protect stakeholders from multiple liability as well as from the expense of multiple litigation").

---

[5] Copies of unpublished opinions cited herein are provided at Exhibit C.

Liberty Life does not claim any interest in the Proceeds under the Policy, and is completely disinterested in the determination of which claimant should prevail. Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims. In other words, Liberty Life is an innocent stakeholder that claims no beneficial interest in the Proceeds. Accordingly, it is clear that Liberty Life properly sought the assistance of the Court through interpleader for the purpose of obtaining final adjudication of the respective rights of the claimants and to protect itself from the risk of vexatious litigation.

**B.   The Relief Sought By Liberty Life Is Appropriate, As A Matter Of Law.**

  1.   <u>Liberty Life is entitled to the terms of dismissal and discharge proposed to the other Parties and presented in its Motion for Judgment in Interpleader</u>.

Where a party establishes that it has properly commenced an interpleader action, that it is a disinterested stakeholder, and that it has deposited the disputed funds with the Court, the party should be dismissed from the lawsuit and discharged from further liability. 28 U.S.C. § 2361 ("[i]n any civil action of interpleader ... [the] district court ... may discharge the [stakeholder] from further liability"); <u>Mendez v. Teachers Ins. and Annuity Association and College Retirement Equities Fund</u>, 982 F.2d 783, 787 (2nd Cir. 1992) (28 U.S.C. § 2361 "authorizes a district court to discharge the stakeholder in any civil interpleader action from further liability to claimants"); <u>Metropolitan Life Ins. Co. v. Billini</u>, 2007 U.S. Dist. LEXIS 89971 at *5 (E.D. Cal. 2007) (unpublished) ("[i]f an interpleader action is properly brought and the funds have been deposited with the court, a court should readily discharge a stakeholder absent bad faith or delay by the stakeholder"); <u>First Interstate Bank v. United States</u>, 891 F.Supp. 543, 547 (D. Or. 1995) (plaintiff with legitimate fear of exposure to multiple liability instituting interpleader in good faith was "entitled to be discharged from liability"); <u>GE Capital Assurance v. Van Norman</u>, 209 F. Supp. 2d 668 (S.D. Tex. 2002) (as stakeholder disclaimed any further interest in insurance proceeds, and there was no material controversy involving

stakeholder, motion to be discharged from any and all liability that stakeholder had or may have to adverse claimants was meritorious).

All Parties have responded to Liberty Life's claim for interpleader. Liberty Life has asserted no claim to the Proceeds, nor has it disputed that the Proceeds are payable or advocated for or against any particular claimant. No Party has challenged the fact that Liberty Life is a disinterested stakeholder, nor are there any outstanding claims against Liberty Life by any Party. By converting this matter to an interpleader action, depositing the disputed funds into the Court, and disclaiming any interest in the funds, Liberty Life has completely fulfilled its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, relating to the Proceeds and the Policy. Accordingly, Liberty Life is entitled to obtain a dismissal and discharge for itself, the Liberty Mutual Plan, and Liberty Mutual from any and all liability to all Parties relating in any manner to the Proceeds or the Policy. <u>Metropolitan Life Ins. Co. v. Kubichek</u>, 83 Fed. Appx. 425, 428 (3rd Cir. 2003) (unpublished) (holding district court properly granted insurer's motion for discharge of insurer of ERISA plan, as well as plan sponsor, "from all liability to anyone arising out of a claim for the benefits from the decedent's life insurance policies"); <u>Metropolitan Life Ins. Co. v. Billini</u>, 2007 U.S. Dist. LEXIS 89971 at *6 (granting motion to discharge interpleading insurer, plan sponsor, and plan from further liability).

    2.    <u>Liberty Life is entitled to the permanent injunction proposed to the other Parties and presented in its Motion for Judgment in Interpleader</u>.

Federal law provides this Court with the authority to enjoin the Parties from pursuing further legal action for payment or recovery of the Proceeds in order to protect Liberty Life from duplicative litigation:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and **enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action** until further order of the court.

28 U.S.C. § 2361 (emphasis added). As a District Judge in the Eastern District of this Court recently observed, "[g]iven the futility of an interpleader action if claimants file separate suits against the stakeholder, the court may enjoin the claimants from doing so." Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971 at *6 (citations omitted). "Essentially, interpleader is a call to all claimants to a fund to put forth their claims so that entitlement to the fund can be determined." Dunn v. Harris Corp., 2008 U.S. Dist. LEXIS 44863 at *23 (M.D. Fla. June 6, 2008) (unpublished). Thus, where adverse claimants to a fund have had a full and fair opportunity to be heard, as is undisputedly the case with the instant matter, a permanent injunction against any and all future actions relating to the disputed proceeds is warranted "whenever it is found that pending or threatened state court and/or other federal district court proceedings will destroy the effectiveness of the interpleader suit or the enforceability of its judgment." United States of America v. Major Oil Corp., 583 F.2d 1152, 1158 (10th Cir. 1978). Section 2361, "by its terms, affords the court the power to enjoin other judicial proceedings in order to reduce the possibility of inconsistent determinations or the inequitable distribution of the fund." Id.

Hand and Defendants Olson and Coffman have reached a settlement regarding their adverse claims to the Proceeds. It is entirely possible that any of these Parties, perhaps disappointed with their compromised share of the Proceeds, might contemplate recovering the difference through a renewed action against Liberty Life on some new legal theory, or by going against the Liberty Mutual Plan itself or the Plan's sponsor, Liberty Mutual. This possibility is of particular concern, given that Olson and Coffman have flatly refused to consent to anything but a "simple stip to dismiss because funds deposited." (See Exhibit 15 of Weinberg Declaration). Accordingly, Liberty Life has appropriately sought, throughout this litigation, an order enjoining the adverse claimants from instituting any future legal actions against Liberty Life, Liberty Mutual, or the Liberty Mutual Plan relating in any manner to the Proceeds and/or the Policy. Metropolitan Life Ins. Co. v. Kubichek, 83 Fed. Appx. at 428 (holding district court

properly granted insurer's motion for an injunction restraining the adverse claimants "from instituting any lawsuits against [the insurer and the plan sponsor] seeking benefits or asserting damages or other claims arising under or pursuant to the decedent's life insurances policies").

### C. The Motion To Enter The Proposed Agreed Orders Should Be Denied Because The Proposed Orders Are Not "Agreed," And Because They Do Not Provide Liberty Life With The Relief Necessary To Effectuate The Protective Purposes Of Interpleader.

The Proposed Agreed Orders plainly are not "agreed" at all. Liberty Life, which is a named defendant in this matter, is not a signatory and was not even consulted before the proposed orders were submitted. Liberty Life specifically, and repeatedly, informed the other Parties that an "agreed" dismissal of this lawsuit **must** include a dismissal and discharge of all claims, and an injunction against further legal actions, relating in any manner to the Proceeds and the Policy for Liberty Life, Liberty Mutual, and the Liberty Mutual Plan. The proposed Agreed Orders simply do not address these issues.

Without the relief sought by Liberty Life, the protective purposes of interpleader would be frustrated. Aetna Life Ins. Co. v. Bayona, 223 F.3d at 1034 (primary purpose of interpleader is "to protect stakeholders from multiple liability as well as from the expense of multiple litigation"); Standard Ins. Co. v. Nelson, 2007 U.S. Dist. LEXIS 36197 at *6 (W.D. Wash. 2007) (unpublished) (finding injunction against future proceedings by claimants in interpleader "would aid in this Court's jurisdiction and would protect [its] judgment"). In circumstances where an insurer, faced with multiple adverse claims, does not deny its liability for payment of the Proceeds – as is the case in the instant matter, the Supreme Court has observed that it is "reasonable and sensible that interpleader, in discharge of its office to protect the fund, **should also protect the stakeholder from vexatious and multiple litigation.**" State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 534 (U.S. 1967) (emphasis added).

Liberty Life went to considerable effort to obtain precisely this relief through the expedient of a consent order, which it drafted (and repeatedly revised) at its own expense.

Its counsel was forced to plead for a response via a total of at least 15 e-mail and voice-mail messages. (See, generally, Weinberg Declaration). Further, Liberty Life specifically revised the proposed consent order to completely address the **only objections** specified by counsel for Olson and Coffman, **and** – based upon the representations of the Notice of Settlement, S.D.Cal. D.E. No. 14) – included provisions that would have provided for the disbursement of the Proceeds. (Weinberg Declaration, ¶ 21). The latter version of the proposed consent order would have rendered the Motion for Entry of the Agreed Orders unnecessary. Indeed, it would have obviated the need for virtually any further involvement of the Court at all. Olson and Coffman refused to even acknowledge this version of the consent order, much less indicate whether they had any additional grounds for objection or suggestions that would make it acceptable. Indeed, the authorities cited above clearly establish that there are no such grounds that could be asserted in good faith.

As noted above, it is entirely possible that the Parties to the Agreed Orders, disappointed with their compromised share of the Proceeds, might attempt to recover the difference through a renewed action against Liberty Life on some new legal theory, or by going against the Liberty Mutual Plan itself or the Plan's sponsor, Liberty Mutual. The intentions of Olson and Coffman are of particular concern, as they have flatly refused to consent to anything but a "simple stip to dismiss because funds deposited." (See Exhibit 15 of Weinberg Declaration). As the insurer of the Liberty Mutual Plan, Liberty Life is legally – and equitably – the Party ultimately responsible for payment of claims under the Liberty Mutual Plan. It would be completely inequitable, an inefficient use of judicial resources, and frustrate the protective purposes of interpleader to leave the door open for "the possibility of inconsistent determinations or the inequitable distribution of the fund." United States of America v. Major Oil Corp., 583 F.2d at 1158.

Despite Liberty Life's clearly – and repetitively – presented position, the proposed Agreed Orders fail to address a complete resolution for Liberty Life. In addition, Liberty Life warned that it would seek its costs and attorneys' fees if its participation in the lawsuit was unnecessarily prolonged. (See Weinberg Affidavit, ¶¶ 16 and 21). As that is

1  precisely what has happened, Liberty Life has sought its costs and fees in its Motion for
2  Judgment in Interpleader, (S.D.Cal. D.E. No. 18, Supporting Memorandum at p. 12). The
3  proposed Agreed Orders purport to bar this relief despite well-established authority in
4  this Circuit to the contrary. Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.,
5  306 F.2d 188, 194 (9th Cir. 1962); Trustees of Directors Guild of America Producer
6  Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000), reh'g en banc denied,
7  255 F.3d 661 (2001). Courts have repeatedly granted the interpleading party its costs and
8  attorneys' fees against the fund, and sometimes against individual claimants, based upon
9  the type of intransigent conduct engaged in by Olson and Coffman in this matter. See,
10 e.g., Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989)
11 (granting attorneys' fees to stakeholder where claimant's "unreasonable litigation posture
12 that prevented [stakeholder] from following the ordinary interpleader sequence of
13 depositing the funds in court and then being dismissed from the suit"); Murphy v.
14 Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976) ("fees and costs generally will be
15 awarded to a disinterested stakeholder required to participate in a dispute not of his own
16 making"); Metropolitan Life Ins. Co. v. Novotny, 2006 U.S. Dist. LEXIS 24626 at *5 (D.
17 Neb. 2006) (unpublished) ("[i]f a defendant in an interpleader action advances arguments
18 which have no justification in law or fact, it may sometimes be appropriate to compel that
19 party to pay attorney fees") (citing Trustees of Directors Guild of America-Producer
20 Pension Benefits Plans v. Tise, supra, and Schirmer Stevedoring Co. v. Seaboard
21 Stevedoring Corp., supra); Underwriters Group, Inc. v. Clear Creek Independent School
22 District, 2006 U.S. Dist. LEXIS 78788 at *5 (S.D. Tex. 2006) (unpublished) (awarding
23 fees to stakeholder where counter-claims "protracted [stakeholder's] involvement in the
24 proceedings"); Metropolitan Life Ins. Co. v. Minnick, 2002 U.S. Dist. LEXIS 11148 at
25 *6-7 (W.D.N.Y. 2002) (unpublished) (granting attorneys' fees where defendant did not
26 have a good faith basis for refusing to stipulate to release the plaintiff from liability once
27 proceeds were paid into court); Travelers Ins. Co. v. Estate of Garcia, 2002 U.S. Dist.
28 LEXIS 25952 at *9-10 (E.D.N.Y. 2002) (unpublished) ("[h]aving made a conscious and

informed decision to adopt an approach that caused plaintiff to incur greater fees and costs than would normally be expected in an interpleader action, [fund claimant] must take responsibility for that choice"); Connecticut General Life Ins. Co. v. Thomas, 910 F. Supp. 297 (S.D.Tex. 1995) (awarding attorneys' fees to interpleading insurer whose participation was unusually protracted due to the conduct of the claimants).

For these reasons, the Motion for Entry of the Agreed Orders should be denied.

### IV.   CONCLUSION

Based upon the foregoing arguments and authorities, Liberty Life respectfully requests that the Court deny the Motion for Entry of the Agreed Orders, order the relief requested in Liberty Life's Motion for Judgment in Interpleader, and permit it to submit a documented petition for payment of its reasonable attorneys' fees and costs against any funds ultimately award to Olson and Coffman.

Dated:  August 12, 2008                    Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Frank M. Liberatore
Samantha N. Hoffman

Attorneys for Defendant
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON