# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(CHICAGO)

| | |
|---|---|
| MICHAEL HAND,<br><br>    PLAINTIFF,<br><br>v.<br><br>LIBERTY MUTUAL,<br><br>    DEFENDANT. | ) C.A. No. 1:07-cv-01422<br>)<br>) AFFIDAVIT OF<br>) FRANCINE AUBIN<br>) IN SUPPORT OF DEFENDANT'S<br>) MOTION FOR JOINDER AND<br>) INTERPLEADER OF NECESSARY<br>) PARTIES, AND TO DEPOSIT<br>) FUNDS WITH THE COURT<br>) |

STATE OF NEW HAMPSIRE   )
                        )
COUNTY OF STRAFFORD     )

    BEFORE ME, the undersigned authority, personally appeared Francine Aubin, who was duly sworn and says:

    1.    I am over the age of eighteen and am a resident of Madbury, New Hampshire. I am fully competent to testify as to the matters set forth in this affidavit, which are true and correct based upon my own personal knowledge.

    2.    I am currently employed as the Group Life Claims Manager for Liberty Life Assurance Company of Boston ("Liberty Life").

    3.    As part of my duties as Group Life Claims Manager, I am responsible for maintaining records of claims pursuant to Liberty Life's life insurance policies.

    4.    In addition, as part of my duties as Group Life Claims Manager, I am familiar with the life insurance policies issued by Liberty Life and maintain copies of the policy documents in my possession and control.

5. On or about January 1, 1997, Liberty Life issued Group Policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual. The Policy provides certain group life insurance benefits to employees of Liberty Mutual and associated companies. As such, the Policy is part of the Liberty Mutual group life insurance plan ("Plan") for its employees.

6. The document attached as Exhibit A is a true and accurate copy of the policy which controls the claims for benefits payable because of the death of Cassie E. Barrett ("Decedent"), including the claim of Michael Hand, currently Plaintiff in the instant matter. Decedent was a participant in the Plan by virtue of her employment by Liberty Mutual and, thus, was covered by the Policy.

7. Under the terms of the Policy, Decedent had $71,000.00 in basic life benefits. Thus, the death benefit payable by reason of Decedent's death is $71,000.00, plus accrued interest ("Proceeds").

8. According to information provided by Decedent's employer to Liberty Life, Michael Hand ("Hand"), who was Decedent's husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death (October 21, 2006).

9. Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007, which Liberty Life approved. At that time, Liberty Life had no notice of potential adverse claims by other parties.

10. On or about January 22, 2007, Liberty Life mailed a check to Hand for the full amount of the Proceeds, plus accrued interest.

11. On or about January 25, 2007, Liberty Life received correspondence from Floyd T. Olson ("Olson") asserting that Barbara E. Coffman ("Coffman") was solely entitled to

the Proceeds. Olson stated that he was Decedent's grandfather and that Coffman was Decedent's mother. He contended Decedent had given him power of attorney over her affairs and instructed him to change the beneficiary designation from Hand to Coffman. Olson's correspondence indicates he and Coffman reside in the State of California.

12. Upon receipt of Olson's correspondence, Liberty Life issued a stop-payment order to its bank on the check mailed to Hand.

13. On or about January 29, 2007, Liberty Life issued correspondence to Hand and to Olson, advising that it had received adverse claims for the Proceeds, and that it would file an interpleader action unless the claimants resolved their adverse claims between themselves within 30 days.

14. On January 30, 2007, Hand contacted Liberty Life by telephone and advised he did not intend to settle with Olson and Coffman.

15. On or about February 7, 2007, Liberty Life received correspondence from James Potter, Esq. ("Potter"), advising that he represented Hand regarding Hand's claim to the Proceeds. Potter enclosed a purported notice of a lien upon the Proceeds by assignment from Hand. Potter's state of residence is unknown, but his correspondence indicates his offices are in the State of Illinois.

16. On or about March 2, 2007, Liberty Life assigned the adverse claims to outside counsel for initiation of an interpleader action against all of the adverse claimants in order to obtain a determination of the proper party to receive the Proceeds payable because of Decedent's death. Liberty Life claims no beneficial interest in the Proceeds.

17. On March 5, 2007, Liberty Life was served with a copy of the Summons

- 3 -

Exhibit A, Page 17

and Complaint for Hand's declaratory judgment action, which Hand had filed on or about February 20, 2007 in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois, DuPage County. Liberty Life had no prior notice of the state action.

FURTHER AFFIANT SAYETH NOT.

*Francine C. Aubin*
Francine Aubin

Sworn to and subscribed before me
this 12 day of April, 2007

*Jodi F. Collins*
Notary Public
My Commission Expires: 12/15/09

- 4 -

Exhibit A, Page 18