# EXHIBIT "B"

Frank M. Liberatore (SBN 119976)
Samantha N. Hoffman (SBN 212135)
JACKSON LEWIS LLP
5000 Birch Street, Suite 4800
Newport Beach, California 92660
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
E-Mail: LiberatF@jacksonlewis.com
E-Mail: HoffmanS@jacksonlewis.com

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL HAND, | CASE NO.: 08CV0640-JAH (BLM) |
| Plaintiff, | DECLARATION OF SARA A. WEINBERG IN SUPPORT OF MOTION FOR JUDGMENT IN INTERPLEADER BY LIBERTY LIFE ASSURANCE COMPANY OF BOSTON |
| vs. | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA E. COFFMAN, | |
| Defendants. | |

I, SARA A. WEINBERG, declare:

  1. I am an associate in the law firm of Jackson Lewis, LLP, counsel of record for Defendant Liberty Life Assurance Company of Boston ("Liberty Life") in the instant matter. The following facts are true of my own knowledge and if called as a witness, I could and would competently testify thereto.

  2. I was local counsel for Liberty Life in the instant matter prior to the transfer of venue to this Court by the United States District Court for the Northern District of Illinois.

DECLARATION OF SARA A. WEINBERG IN SUPPORT OF MOTION FOR JUDGMENT IN INTERPLEADER BY LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

3.     On February 22, 2008, Liberty Life deposited $74,077.32 into the United States District Court for the Northern District of Illinois, pursuant to the order of that Court dated February 20, 2008 (N.D.Ill., D.E. No. 63). This deposit represented the full amount of the insurance proceeds at issue in this matter, $71,000.00, and interest in the amount of $3,077.32.

4.     On April 1, 2008, I contacted Larry Stein, counsel for Plaintiff Hand, and Megan Witzel, counsel for Defendants Olsen and Coffman, by e-mail providing a proposed Consent Order of Dismissal and Discharge of Liberty Life and a proposed Joint Motion for approval of the consent order. A copy of this e-mail message, with attachments, is provided at Exhibit 1.

5.     The next day, on April 2, 2008, the Clerk for the District Court of Northern Illinois entered District Judge Shadur's order transferring venue to the Southern District of California. Although this order included the comment that "Liberty has deposited the policy proceeds with the Clerk of this District Court and is out of the case entirely, leaving the opposing claimants to do battle over the funds (N.D.Ill, D.E. No. 81 at p. 6), the Court had not entered an order of dismissal for Liberty Life. Accordingly, on April 28, 2008, I sent an email message to Mr. Stein and Ms. Witzel advising that we needed to proceed with the proposed consent order for dismissal and discharge and providing another copy of the consent order and joint motion for approval. A copy of this e-mail message, without copies of the attachments, is provided as Exhibit 2.

6.     Later that same day, I received an e-mail message from Mr. Stein advising that the proposed consent order and motion were acceptable to Plaintiff. (See Exhibit 3).

7.     On April 29, 2008, I sent a follow-up e-mail to Ms. Witzel requesting a response to the proposed consent order and joint motion for approval. (See Exhibit 4).

8.     Ms. Witzel responded the same day, advising that the proposed consent order and motion were acceptable to Defendants Olson and Coffman, but that Paula Jacobi should be on the signature page instead of Ms. Witzel. She also suggested the name of the approving judge should be changed from Judge Shadur to the District Judge assigned to the case

2

Exhibit *B* , Page *2D*

1  in the Southern District of California.  (See Exhibit 5).

2         9.    On May 5, 2008, I sent an e-mail message to Mr. Stein and Ms. Witzel

3  with a new version of the proposed consent order and joint motion for approval, which had been

4  revised to comply with the local rules of this Court.  A copy of the email with attachments is

5  provided at Exhibit 6.

6         10.   On May 6, 2008, I sent a follow-up message to Shelly DeRousse, another

7  attorney in the same firm as Ms. Witzel and Ms. Jacobi, regarding the revised proposed consent

8  order and joint motion for approval. (See Exhibit 7).

9         11.   On May 9, 2008, I sent follow-up messages to both Mr. Stein and Ms.

10  DeRousse regarding the proposed documents and requesting a response by May 13, 2008.  (See

11  Exhibit 8).

12         12.   On May 20, 2008, I again sent follow-up messages to Mr. Stein and Ms.

13  Jacobi, providing another set of copies of the proposed documents and requesting a response by

14  May 23, 2008.  (See Exhibit 9) (without attachments).

15         13.   On June 2, 2008, I left voicemail messages for both Mr. Stein and Ms.

16  Jacobi regarding the proposed documents.  I also sent another e-mail message to both attorneys,

17  including another set of the proposed documents. The text of this message is set out below:

18    As a follow-up to the messages I left on both of your
      voicemails this afternoon, please let us know if you have
19    any problems with the attached joint motion for consent
      order of dismissal and discharge, stipulation of facts and
20    the proposed consent order. As Liberty has deposited all
      the funds, we would like to be dismissed from the case.
21    Although you both previously approved our proposed
      motion and consent order and dismissal, we need the
22    parties to sign the attached documents (as opposed to
      electronic    signatures)    in    order    to    comply    with
23    requirements for the Southern District of California. I've
      attached another set of the documents. Please let us know
24    by the close of business on Thursday, June 5, 2008
      whether you agree to the proposed documents and/or
25    return the documents signed so we may file them on
      Friday, June 6, 2008. We look forward to hearing from
26    you.

27

28  (Copy attached at Exhibit 10) (without attachments).

3

Exhibit 8 , Page 21

14.    On June 11, 2008, I again left voicemail messages for both Mr. Stein and Ms. Jacobi regarding the proposed documents.  I also sent follow-up e-mail messages to both attorneys, again with copies of the proposed documents attached.  The text of this message is set out below:

> As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

(Copy attached at Exhibit 11) (without attachments).

15.    Mr. Stein responded later that same day, providing copies of the proposed documents bearing his signature via e-mail.  (See Exhibit 12) (without attachments).

16.    On June 18, 2008, I sent another e-mail message to Ms. Jacobi, with a copy to Mr. Stein, regarding the proposed documents, the text of which is set out below:

> To date, we are waiting for your signature on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As you are aware, the settlement conference is scheduled for Wednesday, June 25, 2008. If we are not dismissed from the case prior to the settlement conference, we will be required to attend. Therefore, if we do not receive the signed documents by the end of business on Thursday, June 19, 2008, we will file a motion for dismissal and discharge of Liberty Life. Liberty Life does not ordinarily seek its fees for interpleader actions. However, if we are forced to file a motion for dismissal and discharge, we will file a motion for fees. Courts in this Circuit routinely grant such motions by a stakeholder in interpleader. See Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415,427 (9th Cir. 2000); Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971, 8-10 (E.D. Cal. 2007); Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1095 (D. Haw. 2007); Mutual of Omaha Ins. Co. v. Estate of Arachikavitz, 2007 U.S. Dist. LEXIS 71172, 14-16 (D. Nev. 2007); Gilead

4

Scis., Inc. v. Bio-Genetic Ventures, Inc., 2007 U.S. Dist. LEXIS 64323, 25-26 (W.D. Wash. 2007); Equitable Life Assurance Society of the United States v. DeGeorge, 2006 U.S. Dist. LEXIS 96663, 11-12 (C.D. Cal. Aug. 28, 2006). Courts have found attorneys' fees particularly appropriate in circumstances where the stakeholder's participation in the suit was unnecessarily extended because of unjustified opposition to the stakeholder's dismissal, or because of other meritless legal arguments. Metropolitan Life Ins. Co. v. Minnick, 2002 U.S. Dist. LEXIS 11148,6-7 (W.D.N.Y. 2002) (granting attorneys' fees where defendant did not have a good faith basis for refusing to stipulate to release the plaintiff from liability once proceeds were paid into court); Metropolitan Life Ins. Co. v. Novotny, 2006 U.S. Dist. LEXIS 24626, 45 (D. Neb. 2006) ("[a]lthough the usual practice is to tax the costs and fees against the interpleader fund,the court may tax the losing claimant directly when her conduct justifies doing so[; i]f a defendant in an interpleader action advances arguments which have no justification in law or fact, it may sometimes be appropriate to compel that party to pay attorney fees); Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist., 2006 U.S. Dist. LEXIS 78788, 5 (S.D. Tex. 2006)(awarding fees to plaintiff that filed interpleader in good faith, where "Defendants, while filing cross-claims against each other, also filed a counter-claim against [plaintiff], which appear[ed] to have protracted [its] involvement in the proceedings") .

We look forward to hearing from you.

(Copy attached at Exhibit 13).

17. On June 18, 2008, I received an e-mail message from Mr. Stein advising "[w]e just settled the case and the settlement conference will soon be stricken." (Copy attached at Exhibit 14).

18. On June 19, 2008, I received an e-mail message from Ms. Jacobi stating she would not agree to the proposed documents. The text of this message is set out below:

I can have my associate Shelly DeRousse stipulate to dismissal of your client as a party defendant. I cannot stipulate to the facts as you wrote them in the paragraphs regarding Potter (I have no knowledge) or regarding what Liberty's records showed as to the beneficiary. We have the documents and Liberty affidavit that show otherwise regarding change of the beneficiary and that being done and received prior to Cassie's death.

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL BY DEFENDANT LIBERTY MUTUAL INSURANCE GROUP

Exhibit _8_, Page _23_

> If you want us to sign a simple stip to dismiss because funds deposited, we are happy to do that.

(Copy attached at Exhibit 15).

19.    On June 19, 2008, Mr. Stein file a "Notice of Settlement," advising the Court that "the pending claims in the matter have been settled in full in principal and the settlement should be reduced to writing sufficient to dismiss the case no later than July 18, 2008. (S.D.Cal. D.E. No. 14).

20.    On the same date, the Court issued an order instructing the Parties to file a joint motion for dismissal no later than July 21, 2008.  (S.D.Cal., D.E. No. 15).  The Court also instructed that, if a joint motion for dismissal is not filed by the specified date, counsel for the Parties are to appear for a Settlement Disposition Conference on July 24, 2008.  (Id.).

21.    On June 25, 2008, I sent e-mail messages to Mr. Stein and Ms. Jacobi, to which I attached another revised version of the proposed consent order. I advised we had modified this version of the proposed consent order and statement of stipulated facts in response to Ms. Jacobi's specified objections to the prior version. The full text of this message is provided below:

> We cannot agree to the dismissal of Liberty Life without the entry of an order discharging Liberty Life's liability as well. In an effort to address the issues raised by Paula to our proposed consent order of dismissal and discharge and stipulation of facts and, we have edited the factual statements in the stipulation to dismiss. In addition, we have converted the consent order of dismissal and discharge to a consent order for final judgment and dismissal and discharge. As you will see in the documents, we need the details of the settlement between the claimants (paragraphs 15(a) and (b)). Also, with respect to the factual statements regarding James Potter, attached is a copy of his executed Release of Attorney's Lien. In addition, we are also asking him to sign off on the documents as well.
>
> Please review the attached documents and provide us with either your signature or your specific objections/proposed changes to the documents by July 7, 2008. If we do not receive the signatures on a final document by July 11, 2008, we will file a notice with the Court that the notice of settlement was in error because Liberty Life was not consulted regarding the notice and the parties have not reached a consensus regarding discharge of Liberty Life's

6

liability. We will also file a unilateral motion for dismissal and discharge of Liberty Life on the same terms proposed in the attached documents and seek payment of our fees because of the meritless refusal to a discharge of Liberty Life's liability.

(Copy attached at Exhibit 16, with attachments).

22. On July 9, 2008, I received a copy of the proposed documents signed by Mr. Stein via e-mail.

23. To date, I have received no communication of any kind from counsel for Defendants Olson and Coffman regarding my communication of June 25, 2008.

24. Attached as Exhibit 17 is a copy of Defendant Potter's release of lien against the Proceeds.

25. The Exhibits attached hereto are true and correct copies of the original documents.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed this 21st day of July, 2008 at Chicago, Illinois.

Sara A. Weinberg

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL BY DEFENDANT LIBERTY MUTUAL INSURANCE GROUP

Exhibit 8, Page 25

**EXHIBIT "B-1"**

Exhibit 1
Weinberg Declaration

From:           Weinberg, Sara A. (CHI)
Sent:           Tuesday, April 01, 2008 1:10 PM
To:             'Larry Stein'; Megan Witzel
Subject:        Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

    

080328(Hand)Mt   080328(Hand)Mt
iDD-mtn-(final)...   )D-ConsentOrd-(

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT OF ILLINOIS

MICHAEL HAND,                          )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )      Case No.:  1:07-cv-01422
                                       )
LIBERTY MUTUAL, FLOYD OLSON,           )      Judge Milton I. Shadur
BARBARA E. COFFMAN, and                )
JAMES POTTER,                          )      Magistrate Judge Nan R. Nolan
                                       )
            Defendants.                )

**PARTIES' JOINT MOTION FOR APPROVAL
OF PROPOSED CONSENT ORDER OF DISMISSAL AND DISCHARGE**

The Parties hereby move the Court for approval of the Parties' proposed Consent Order, attached as Exhibit A, for dismissal and discharge of Defendants James Potter and Liberty Life Assurance Company of Boston, incorrectly identified in the caption as "Liberty Mutual" (hereafter, "Liberty Life").  In support whereof the Parties would show the Court as follows:

1.    This is an interpleader action regarding adverse claims to certain life insurance proceeds ("Proceeds") payable by reason of the death of Cassie E. Barrett ("Decedent"), an employee insured under a policy of insurance ("Policy") issued by Liberty Life to Decedent's employer, Liberty Mutual. The Policy was issued pursuant to Liberty Mutual's life insurance plan for its employees ("Liberty Mutual Plan").

2.    Liberty Life has deposited the Proceeds at issue in this matter with the Court, and no other Party has any out-standing counter-claims against Liberty Life.

3.    Under these circumstances, the Parties agree Liberty Life's continued participation in the litigation is no longer warranted, and that it is appropriate for the Court at this time to dismiss Liberty Life and discharge it, Liberty Mutual, and the Liberty Mutual Plan of

further liability related to the Proceeds and the Policy, according to the terms of the proposed Consent Order.

       4.    In addition, Defendant Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.

       5.    Under these circumstances the Parties agree Defendant Potter should be dismissed from this litigation.

       6.    Accordingly, the Parties request that the Court approve and enter the proposed Agreed Order of Dismissal and Discharge.

Dated:  April __, 2008           Respectfully submitted,

/s/Lawrence A. Stein  (w/consent)___      /s/ Sara A. Weinberg_____
Lawrence A. Stein                Sara A. Weinberg
Huck Bouma PC                  Jackson Lewis LLP
1755 South Naperville Road          320 West Ohio Street, Suite 500
Wheaton, Illinois 60187             Chicago, Illinois 60610
*Attorneys for Michael Hand*         *Attorneys for Defendant Liberty Life*

                                      *And*

                                     Ashley B. Abel
/s/ Megan Witzel (w/consent) _____     Jackson Lewis LLP
Paula Jacobi                      One Liberty Plaza
Megan Witzel                   55 Beattie Place, Suite 800
Sugar, Friedberg & Felsenthal, LLP    Greenville, South Carolina 29601
30 N. LaSalle Street, Suite 3000      *Attorneys for Defendant Liberty Life*
Chicago, Illinois 60602
*Attorneys for Floyd Olson & Barbara Coffman*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April __, 2008, she caused true and correct copies of the foregoing to be filed with the Court by the Court's ECF/CM electronic filing protocols and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

Lawrence A. Stein
Huck Bouma PC
1755 South Naperville Road
Wheaton, Illinois 60187

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602


/s/ Sara A. Weinberg

- 3 -

Exhibit B1, Page 29

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT OF ILLINOIS

MICHAEL HAND,                              )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )     Case No.: 1:07-cv-01422
                                           )
LIBERTY MUTUAL, FLOYD OLSON,               )     Judge Milton I. Shadur
BARBARA E. COFFMAN, and                    )
JAMES POTTER,                              )     Magistrate Judge Nan R. Nolan
                                           )
            Defendants.                    )

## CONSENT ORDER OF DISMISSAL AND DISCHARGE
## OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, and upon the

Complaint and the other pleadings filed in this matter, the stipulations of the Parties contained in

this Consent Order, and the Parties' Joint Motion for Approval of the Parties' Proposed Consent

Order of Dismissal and Discharge, the Court finds as follows:

## STIPULATED FINDINGS OF FACT

1.     Liberty Life is an insurance company incorporated under the laws of the

state of Massachusetts with its principal place of business in Boston, Massachusetts.

2.     Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage

County, Illinois.

3.     Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this

Court's Order dated May 4, 2007, is a resident of the State of California.

4.     Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant

to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.     James Potter ("Potter"), who was joined as a Defendant pursuant to this

- 1 -

Exhibit _&  /_, Page _&  0_

Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.      This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.      On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan"). Thus, the Policy formed part of the Liberty Mutual Plan.

8.      Pursuant to the terms of the Policy, Liberty Life has sole discretion for the determination of claims under the Policy and to interpret its terms.

9.      Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy. Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.     According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.     Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.     On or about January 25, 2007, Liberty Life received correspondence from

- 2 -

Olson asserting that Coffman was solely entitled to the Proceeds.

13.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.    Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.    Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.    Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.  Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest.  The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life,

Exhibit _8_, Page _3 2_

Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy, as ordered by the Court below.

## STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of ERISA.

25.    Dismissal of Liberty Life from this action is appropriate at this time as there are no outstanding claims against Liberty Life and as Liberty Life has no interest in matters remaining at issue in the litigation.

- 4 -

Exhibit _8 1_, Page _3 3_

26.    The Court finds that by instituting this interpleader action and by depositing the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, with respect to any claims relating to the Policy and/or the Proceeds by Hand, Olson, Coffman and Potter.

## ORDER

**ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1.    Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully and finally discharged from any and all liability as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs.

2.    Hand, Olson, Coffman, Potter, and all who may claim an interest in said estate, are permanently enjoined from instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

3.    Liberty Life is dismissed from this action.

4.    James Potter is dismissed from this action.

5.    The Parties shall bear their own costs and attorneys' fees associated with James Potter's and Liberty Life's involvement in this matter.

**IT IS SO ORDERED.**

_____
MILTON I. SHADUR
UNITED STATES DISTRICT JUDGE

This the ___ day of April, 2008

- 5 -

Exhibit B1, Page 34

**WE SO AGREE, STIPULATE, AND CONSENT:**


Dated:  April __, 2008                              Respectfully submitted,


/s/Lawrence A. Stein  (w/consent)____               /s/ Sara A. Weinberg_____
Lawrence A. Stein                                   Sara A. Weinberg
Huck Bouma PC                                       Jackson Lewis LLP
1755 South Naperville Road                          320 West Ohio Street, Suite 500
Wheaton, Illinois 60187                             Chicago, Illinois 60610
*Attorneys for Michael Hand*                        *Attorneys for Defendant Liberty Life*

                                                    *And*


/s/ Megan Witzel (w/consent)_____                 Ashley B. Abel
Paula Jacobi                                        Jackson Lewis LLP
Megan Witzel                                        One Liberty Plaza
Sugar, Friedberg & Felsenthal, LLP                  55 Beattie Place, Suite 800
30 N. LaSalle Street, Suite 3000                    Greenville, South Carolina 29601
Chicago, Illinois 60602                             *Attorneys for Defendant Liberty Life*
*Attorneys for Floyd Olson & Barbara Coffman*

Exhibit 𝐵𝑙, Page 𝟥𝟧

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April __, 2008, she caused true and correct copies of the foregoing to be filed with the Court by the Court's ECF/CM electronic filing protocols and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system:

Lawrence A. Stein
Huck Bouma PC
1755 South Naperville Road
Wheaton, Illinois 60187

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602


                    /s/ Sara A. Weinberg_____

- 7 -

**EXHIBIT "B-2"**

Exhibit 2
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Monday, April 28, 2008 1:11 PM |
| **To:** | Larry Stein; Megan Witzel |
| **Subject:** | FW: Michael Hand v. Liberty, et al. |

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order.  To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court.  Please review the attached documents and advise if you have any suggested revisions.  We would like to file this document as soon as possible.
Let me thank you in advance for your anticipated cooperation.

  

080328(Hand)Mt 080328(Hand)Mt
)D-ConsentOrd-()DD-mtn-(final)...

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

  

080328(Hand)Mt  080328(Hand)Mt
)DD-mtn-(final)...  )D-ConsentOrd-(

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**EXHIBIT "B-3"**

FW: Michael Hand v. Liberty, et al.

Exhibit 3
Weinberg Declaration

| | |
|---|---|
| **From:** | Larry Stein [lstein@HuckBouma.com] |
| **Sent:** | Monday, April 28, 2008 4:00 PM |
| **To:** | Weinberg, Sara A. (CHI); Megan Witzel |
| **Subject:** | RE: Michael Hand v. Liberty, et al. |

OK with me.  Larry Stein.

........................................................................................................................................

**From:** Weinberg, Sara A. (CHI) [mailto:WeinbergS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 1:11 PM
**To:** Larry Stein; Megan Witzel
**Subject:** FW: Michael Hand v. Liberty, et al.

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order.  To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court.  Please review the attached documents and advise if you have any suggested revisions.  We would like to file this document as soon as possible.

Let me thank you in advance for your anticipated cooperation.

<<080328(Hand)MtnDD-ConsentOrd-(final).doc>> <<080328(Hand)MtnDD-mtn-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

FW: Michael Hand v. Liberty, et al.

_____

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

<<080328(Hand)MtnDD-mtn-(final).doc>>    <<080328(Hand)MtnDD-ConsentOrd-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**EXHIBIT "B-4"**

Exhibit 4
Weinberg Declaration

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Tuesday, April 29, 2008 12:00 PM
**To:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

Megan:

Thank you. We would like to file the consent order of dismissal so we do not have to participate in any more of the conference calls. Can you let me know if you approve the order so we can file it? thanks

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Megan Witzel [mailto:MWitzel@sff-law.com]
**Sent:** Tuesday, April 29, 2008 11:46 AM
**To:** Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand v. Liberty, et al.

Sara,

I spoke with Carolyn, the judge's assistant. The call (ENE Conference) is going forward this afternoon at 4:00 pm Chicago time. If you want to participate, you need to call her directly (prior to 4:00 pm) to let her know you want to be on the call. Her phone number is (619) 557-7372.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 4:07 PM
**To:** Larry Stein
**Cc:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

FW: Michael Hand v. Liberty, et al.

Larry:

Thank you. do you know if the telephonic status is proceeding tomorrow? If yes, please remember to include me on the call. thanks.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Monday, April 28, 2008 4:00 PM
**To:** Weinberg, Sara A. (CHI); Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

OK with me. Larry Stein.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 1:11 PM
**To:** Larry Stein; Megan Witzel
**Subject:** FW: Michael Hand v. Liberty, et al.

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order. To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court. Please review the attached documents and advise if you have any suggested revisions. We would like to file this document as soon as possible.

Let me thank you in advance for your anticipated cooperation.

<<080328(Hand)MtnDD-ConsentOrd-(final).doc>> <<080328(Hand)MtnDD-mtn-(final).doc>>

Sara A. Weinberg

Attorney at Law

FW: Michael Hand v. Liberty, et al.

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

<<080328(Hand)MtnDD-mtn-(final).doc>>    <<080328(Hand)MtnDD-ConsentOrd-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

FW: Michael Hand v. Liberty, et al.

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**EXHIBIT "B-5"**

Exhibit 5
Weinberg Declaration

**From:** Megan Witzel [mailto:MWitzel@sff-law.com]
**Sent:** Tuesday, April 29, 2008 12:46 PM
**To:** Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand v. Liberty, et al.

Sara,

Sorry for not getting back to you sooner.  The papers look fine, except it should be Paula Jacobi signing from my office.  Also, the order has a signature line for Judge Shadur.  Shouldn't it be the new judge?

Megan I. Witzel
Sugar, Friedberg & Felsenthal LLP
30 N. LaSalle St., Suite 3000
Chicago, Illinois 60602
(312) 704-2773
(312) 372-7951 Fax

---------------------------------------------------------------------------------
CONFIDENTIALITY NOTICE:

This e-mail and any attachments are confidential and may be protected by legal privilege and is intended only for the use of the addressee.  It is the property

Exhibit BS  Page 45

FW: Michael Hand v. Liberty, et al.

of Sugar, Friedberg & Felsenthal LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete all copies, including attachments, from your system.

To comply with Internal Revenue Service regulations, please be advised that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Tuesday, April 29, 2008 12:00 PM
**To:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

Megan:

Thank you. We would like to file the consent order of dismissal so we do not have to participate in any more of the conference calls. Can you let me know if you approve the order so we can file it? thanks

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Megan Witzel [mailto:MWitzel@sff-law.com]
**Sent:** Tuesday, April 29, 2008 11:46 AM
**To:** Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand v. Liberty, et al.

Sara,

I spoke with Carolyn, the judge's assistant. The call (ENE Conference) is going forward this afternoon at 4:00 pm Chicago time. If you want to participate, you need to call her directly (prior to 4:00 pm) to let her know you want to be on the call. Her phone number is (619) 557-7372.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 4:07 PM
**To:** Larry Stein
**Cc:** Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

Exhibit BS, Page 46

FW: Michael Hand v. Liberty, et al.

Larry:

Thank you. do you know if the telephonic status is proceeding tomorrow? If yes, please remember to include me on the call. thanks.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Monday, April 28, 2008 4:00 PM
**To:** Weinberg, Sara A. (CHI); Megan Witzel
**Subject:** RE: Michael Hand v. Liberty, et al.

OK with me. Larry Stein.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Monday, April 28, 2008 1:11 PM
**To:** Larry Stein; Megan Witzel
**Subject:** FW: Michael Hand v. Liberty, et al.

Larry and Megan:

As a follow-up to my prior email, although Judge Shadur indicated that we had been dismissed from the case in his order regarding transferring the case to California, we do not have a dismissal order. To that end, we would like to file the attached proposed motion and consent order of dismissal with the California court. Please review the attached documents and advise if you have any suggested revisions. We would like to file this document as soon as possible.

Let me thank you in advance for your anticipated cooperation.

<<080328(Hand)MtnDD-ConsentOrd-(final).doc>> <<080328(Hand)MtnDD-mtn-(final).doc>>

Sara A. Weinberg

Attorney at Law

FW: Michael Hand v. Liberty, et al.

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, April 01, 2008 1:10 PM
**To:** Larry Stein; Megan Witzel
**Subject:** Michael Hand v. Liberty, et al.

Megan and Larry:

As you are aware, we deposited the funds with the Court on February 22, 2008. We now intend to move to be dismissed from the case. To that end, attached are copies of our proposed joint motion and consent order. Please review and advise of any suggested revisions. We look forward to hearing from you.

<<080328(Hand)MtnDD-mtn-(final).doc>>    <<080328(Hand)MtnDD-ConsentOrd-(final).doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

Exhibit BS, Page 48

FW: Michael Hand v. Liberty, et al.

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**EXHIBIT "B-6"**

Exhibit 6
Weinberg Declaration

**Wood, Robert M. (SC)**

**Subject:**              FW: Michael Hand

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.

            

Consent Order.doc    Parties' Joint Motion    Stipulated Findings
                 of Appro...        of Fact an...

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAND,<br><br>            Plaintiff,<br><br>      vs.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON, FLOYD<br>OLSON and BARBARA E. COFFMAN,<br><br>            Defendants. | CASE NO.:  08CV0640-JAH (BLM)<br><br>[PROPOSED] CONSENT ORDER OF<br>DISMISSAL AND DISCHARGE<br>OF LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON |

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 77.2, and upon the Complaint and the other pleadings filed in this matter, the stipulations of the Parties contained in the Stipulation filed concurrently herewith and also contained in this Consent Order, and the Parties' Joint Motion for Approval of the Parties' Proposed Consent Order of Dismissal and Discharge, the Court finds as follows:

## STIPULATED FINDINGS OF FACT

1.      Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

2.      Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage

Exhibit ꓭⳑ, Page ꙅ ꙅ

County, Illinois.

3.     Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

4.     Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.     James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois.  Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.     This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.     On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan").  Thus, the Policy formed part of the Liberty Mutual Plan.

8.     Pursuant to the terms of the Policy, Liberty Life has sole discretion for the determination of claims under the Policy and to interpret its terms.

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B, Page 53

9.     Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy.  Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.    According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.    Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.    On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

13.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.    Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.    Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.    Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.  Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest.  The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy, as ordered by the Court below.

## STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the

Exhibit BL, Page SS

provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of ERISA.

25.    Dismissal of Liberty Life from this action is appropriate at this time as there are no outstanding claims against Liberty Life and as Liberty Life has no interest in matters remaining at issue in the litigation.

26.    The Court finds that by instituting this interpleader action and by depositing the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, with respect to any claims relating to the Policy and/or the Proceeds by Hand, Olson, Coffman and Potter.

Exhibit _b_ Page _56_

## <u>ORDER</u>

**ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1.    Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully and finally discharged from any and all liability as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs.

2.    Hand, Olson, Coffman, Potter, and all who may claim an interest in said estate, are permanently enjoined from instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

3.    Liberty Life is dismissed from this action.

4.    James Potter is dismissed from this action.

5.    The Parties shall bear their own costs and attorneys' fees associated with James Potter's and Liberty Life's involvement in this matter.

**IT IS SO ORDERED.**

Dated this ___ day of May, 2008

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

6                                    CASE NO.: **08CV0640-JAH (BLM)**

Exhibit ___, Page ___

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,*
              *FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  5000 Birch Street, Suite 5000, Newport Beach, California 92660

On July 18, 2008, I served the foregoing document described as:

CONSENT ORDER OF DISMISSAL AND DISCHARGE
OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

    **[XX]**  I deposited such envelope in the mail at Newport Beach, California.  The envelope was mailed with postage thereon fully prepaid.

    **[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on July 18, 2008 at Newport Beach, California.


               _____
               DeborahWest

Exhibit ßL, Page 56

SERVICE LIST

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

Exhibit B2, Page 59

1  | Frank M. Liberatore (SBN 119976)
2  | Samantha N. Hoffman (SBN 212135)
   | JACKSON LEWIS LLP
3  | 5000 Birch Street, Suite 4800
   | Newport Beach, California 92660
4  | Telephone: (949) 885-1360
   | Facsimile: (949) 885-1380
5  | E-Mail: LiberatF@jacksonlewis.com
   | E-Mail: HoffmanS@jacksonlewis.com

6  | Attorneys for Defendant
   | LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
7  |
8  | Lawrence A. Stein
   | Huck Bouma P.C.
9  | 1755 South Napersville Road, Suite 200
   | Wheaton, IL 60187-8132

10 | Attorneys for Plaintiff
   | MICHAEL HAND
11 |
12 | Paula Jacobi
   | Megan Witzel
13 | Sugar, Friedberg & Felsenthal, LLP
   | 30 N. LaSalle Street, Suite 3000
14 | Chicago, Illinois 60602

15 | Attorneys for Defendants
   | FLOYD OLSON and BARBARA COFFMAN

16 |

17 | UNITED STATES DISTRICT COURT

18 | SOUTHERN DISTRICT OF CALIFORNIA

19 |

20 | MICHAEL HAND,                           )  CASE NO.: 08CV0640-JAH (BLM)
21 |              Plaintiff,                 )
22 |      vs.                               )  PARTIES' JOINT MOTION FOR
   |                                         )  APPROVAL OF [PROPOSED]
23 | LIBERTY LIFE ASSURANCE                  )  CONSENT ORDER OF DISMISSAL
   | COMPANY OF BOSTON, FLOYD                )  AND DISCHARGE
24 | OLSON and BARBARA E. COFFMAN,           )
25 |              Defendants.                )
26 |  _____  )

27 |

28 |

---

1                          CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B, Page 60

1    Pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule
2  77.2, the Parties hereby move the Court for approval of the Parties' [Proposed] Consent
3  Order, filed concurrently herewith, for dismissal and discharge of Defendants James
4  Potter and Liberty Life Assurance Company of Boston, incorrectly identified in the
5  caption as "Liberty Mutual" (hereafter, "Liberty Life").  In support whereof the Parties
6  would show the Court as follows:

7    1.    This is an interpleader action regarding adverse claims to certain life
8  insurance proceeds ("Proceeds") payable by reason of the death of Cassie E. Barrett
9  ("Decedent"), an employee insured under a policy of insurance ("Policy") issued by
10 Liberty Life to Decedent's employer, Liberty Mutual. The Policy was issued pursuant to
11 Liberty Mutual's life insurance plan for its employees ("Liberty Mutual Plan").

12   2.    Liberty Life has deposited the Proceeds at issue in this matter with the
13 Court, and no other Party has any out-standing counter-claims against Liberty Life.

14   3.    Under these circumstances, the Parties agree Liberty Life's continued
15 participation in the litigation is no longer warranted, and that it is appropriate for the
16 Court at this time to dismiss Liberty Life and discharge it, Liberty Mutual, and the
17 Liberty Mutual Plan of further liability related to the Proceeds and the Policy, according
18 to the terms of the Proposed Order.

19   4.    In addition, Defendant Potter has executed a waiver of his alleged
20 rights to the Proceeds in exchange for a dismissal from the pending action.

21   5.    Under these circumstances the Parties agree Defendant Potter should
22 be dismissed from this litigation.

23   6.    The Parties have stipulated to the facts and conclusions of law set
24 forth in Exhibit A hereto.

25
26
27
28

Exhibit 36, Page 6)

1

2          7.    Accordingly, the Parties request that the Court approve and enter the

3    [Proposed] Consent Order of Dismissal and Discharge.

4

5    Dated:  July 18, 2008          Respectfully submitted,

6                           JACKSON LEWIS LLP

7

8                           By:_____

9                               Frank M. Liberatore
                                Samantha N. Hoffman
10

11                          Attorneys for Defendant
                            LIBERTY LIFE ASSURANCE COMPANY
12                          OF BOSTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B, Page 62

1
2

Dated:  July 18, 2008                    HUCK BOUMA PC

3
4

By:_____

5

          Lawrence A. Stein

6

Attorneys for Plaintiff
MICHAEL HAND

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  July 18, 2008                    SUGAR, FRIEDBERG & FELSENTHAL, LLP


                                         By:_____

                                             Paula Jacobi
                                             Megan Witzel

                                         Attorneys for Defendants
                                         FLOYD OLSON and BARBARA COFFMAN

Exhibit B6 Page 64

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On July 18, 2008, I served the foregoing document described as:

PARTIES' JOINT MOTION FOR APPROVAL OF PROPOSED CONSENT ORDER OF DISMISSAL AND DISCHARGE

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

    **[XX]**  I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]  FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 18, 2008 at Newport Beach, California.

_____

DeborahWest

Exhibit ___ Page ___

SERVICE LIST

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

2    CASE NO.: **08CV0640-JAH (BLM**

1    Frank M. Liberatore (SBN 119976)
     Samantha N. Hoffman (SBN 212135)
2    JACKSON LEWIS LLP
     5000 Birch Street, Suite 4800
3    Newport Beach, California 92660
     Telephone: (949) 885-1360
4    Facsimile: (949) 885-1380
     E-Mail: LiberatF@jacksonlewis.com
5    E-Mail: HoffmanS@jacksonlewis.com

6    Attorneys for Defendant
     LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
7
     Lawrence A. Stein
8    Huck Bouma P.C.
     1755 South Napersville Road, Suite 200
9    Wheaton, IL 60187-8132

10   Attorneys for Plaintiff
     MICHAEL HAND
11
     Paula Jacobi
12   Megan Witzel
     Sugar, Friedberg & Felsenthal, LLP
13   30 N. LaSalle Street, Suite 3000
     Chicago, Illinois 60602
14
     Attorneys for Defendants
15   FLOYD OLSON and BARBARA COFFMAN

16

17              UNITED STATES DISTRICT COURT

18             SOUTHERN DISTRICT OF CALIFORNIA

19

20   MICHAEL HAND,                    )  CASE NO.: 08CV0640-JAH (BLM)
                                       )
21          Plaintiff,                 )
                                       )
22      vs.                            )  STIPULATED FINDINGS OF FACT
                                       )  AND CONCLUSIONS OF LAW IN
23   LIBERTY LIFE ASSURANCE           )  SUPPORT OF DISMISSAL AND
     COMPANY OF BOSTON, FLOYD         )  DISCHARGE OF LIBERTY LIFE
24   OLSON and BARBARA E. COFFMAN,    )  ASSURANCE COMPANY OF
                                       )  BOSTON
25          Defendants.               )
                                       )
26   _____      )

27

28

                                      1           CASE NO.: 08CV0640-JAH (BLM)
                                                                      CAPTION

Exhibit Bb, Page 67

TO THE HONORABLE COURT:

The Parties in the above captioned matter, by and through their counsel of record, stipulate to the following facts and conclusions of law.

## STIPULATED FINDINGS OF FACT

1.    Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

2.    Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage County, Illinois.

3.    Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

4.    Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.    James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.    This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.    On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan"). Thus, the Policy formed part of the Liberty Mutual Plan.

8.    Pursuant to the terms of the Policy, Liberty Life has sole discretion for

Exhibit B6, Page 66

the determination of claims under the Policy and to interpret its terms.

9. Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy. Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10. According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11. Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12. On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

13. On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14. Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15. Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16. Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

17. Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18. Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action. Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit _86_, Page _69_

Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest. The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy.

## STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit _B2_, Page _20_

1 | relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of

2 | ERISA.

3 |          25.      Dismissal of Liberty Life from this action is appropriate at this time as

4 | there are no outstanding claims against Liberty Life and as Liberty Life has no interest in

5 | matters remaining at issue in the litigation.

6 |

7 | Dated:  July 18, 2008                    Respectfully submitted,

8 |                                          JACKSON LEWIS LLP

9 |

10 |                                         By:_____

11 |                                             Frank M. Liberatore
                                                Samantha N. Hoffman
12 |
                                             Attorneys for Defendant
13 |                                         LIBERTY LIFE ASSURANCE COMPANY
                                             OF BOSTON
14 |

15 | Dated:  July 18, 2008                    HUCK BOUMA PC

16 |

17 |                                         By:_____

18 |                                             Lawrence A. Stein

19 |                                         Attorneys for Plaintiff
                                             MICHAEL HAND
20 |

21 |                                         SUGAR, FRIEDBERG & FELSENTHAL, LLP

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit B, Page 21

1

2   Dated: May ___, 2008                    By:_____

3                                              Paula Jacobi
                                               Megan Witzel
4                                              Samantha N. Hoffman

5                                           Attorneys for Defendants
                                            FLOYD OLSON and BARBARA COFFMAN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B6, Page 72

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,*
                    *FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On July 18, 2008, I served the foregoing document described as:

### STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX] BY MAIL**

    **[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on July 18, 2008 at Newport Beach, California.

_____

DeborahWest

1                    CASE NO.: **08CV0640-JAH (BLM**

1

2

SERVICE LIST

3   Michael Hand

4   207 N. Watersedge
    Unit 302

5   Glendale Heights, IL  60139

6

7   Paula K. Jacobi
    Sugar, Friedberg & Felsenthal LLP

8   30 North LaSalle Street, Suite 3000

9   Chicago, IL  60602

10

11  Edward Sedlacek
    Mark S. Bishop

12  Lawrence A. Stein
    Huck, Bouma, Martin, Jones & Bradshaw, P.C.

13  1755 South Napersville Road, Suite 200

14  Wheaton, IL  60187-8132

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "B-7"**

Exhibit 7
Weinberg Declaration

**From:**          Weinberg, Sara A. (CHI)
**Sent:**          Tuesday, May 06, 2008 3:18 PM
**To:**            SDeRousse@sff-law.com
**Subject:**       FW: Michael Hand

Shelly:

I learned in reviewing the motion that was filed yesterday that you are now handling this matter.  Below is an email that I sent to Megan Witzel yesterday.  Please review and then sign the attached documents and return them to me at your earliest convenience.  We would like to be able to file these documents before Thursday, May 8, 2008.  If you have any questions, please contact us.


Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.


**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand


Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action.  Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California.  Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge.  Attached please find the following documents:

Exhibit 𝓑𝓙 Page 𝓙𝓢

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience.  We would like to be able to file these documents before Thursday, May 8, 2008.  If you have any questions, please contact us.


Consent
Order.doc


Parties' Joint
Motion of Appro..


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**EXHIBIT "B-8"**

Exhibit 8
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Friday, May 09, 2008 3:54 PM |
| **To:** | Larry Stein; 'SDeRousse@sff-law.com' |
| **Subject:** | FW: Michael Hand |

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.


----

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand


Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

      1. Proposed Order;

2.  Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3.  Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience.  We would like to be able to file these documents before Thursday, May 8, 2008.  If you have any questions, please contact us.


Consent
Order.doc


Parties' Joint
Motion of Appro...


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

Exhibit 58, Page 78

**EXHIBIT "B-9"**

Exhibit 9
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Tuesday, May 20, 2008 5:08 PM |
| **To:** | Larry Stein; Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.) |
| **Subject:** | FW: Michael Hand |

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

  

Parties' Joint          Stipulated          Consent
Motion of Appro...ndings of Fact an     Order.doc

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com


**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand


Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.

Exhibit 34, Page 80


Consent
Order.doc


Parties' Joint
Motion of Appro..


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**EXHIBIT "B-10"**

Exhibit 10
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Monday, June 02, 2008 3:08 PM |
| **To:** | Larry Stein; Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.) |
| **Subject:** | FW: Michael Hand |

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.

        

Consent         Parties' Joint      Stipulated
Order.doc     Motion of Appro...   ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, May 20, 2008 5:08 PM
**To:** Larry Stein; Paula K. Jacobi

Exhibit B10 Page 2

**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

      

Parties' Joint          Stipulated          Consent
Motion of Appro...dings of Fact an   Order.doc

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Exhibit 10, Page 23

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.

Exhibit B10, Page 84

  

Consent
Order.doc

Parties' Joint
Motion of Appro..

Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**EXHIBIT "B-11"**

Exhibit 11
Weinberg Declaration

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Wednesday, June 11, 2008 12:41 PM |
| **To:** | 'Larry Stein'; Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.) |
| **Subject:** | FW: Michael Hand |

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

    

Consent       Parties' Joint      Stipulated
Order.pdf    Motion of Appro..  ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, June 02, 2008 3:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.


Consent
Order.doc


Parties' Joint
Motion of Appro...


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, May 20, 2008 5:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

Exhibit _(b))_, Page _2_

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

    

Parties' Joint        Stipulated         Consent
Motion of Appro...   ndings of Fact an   Order.doc

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1. Proposed Order;
2. Joint Motion for Approval of proposed consent order of dismissal and discharge; and
3. Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8, 2008. If you have any questions, please contact us.


Consent
Order.doc


Parties' Joint
Motion of Appro...


Stipulated
ndings of Fact an

Sara A. Weinberg
Attorney at Law

Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

Exhibit _B11_, Page _90_

1  Frank M. Liberatore (SBN 119976)
   Samantha N. Hoffman (SBN 212135)
2  JACKSON LEWIS LLP
   5000 Birch Street, Suite 4800
3  Newport Beach, California  92660
   Telephone:  (949) 885-1360
4  Facsimile:  (949) 885-1380
   E-Mail:  LiberatF@jacksonlewis.com
5  E-Mail:  HoffmanS@jacksonlewis.com

6  Attorneys for Defendant
   LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

7
   Lawrence A. Stein
8  Huck Bouma P.C.
   1755 South Napersville Road, Suite 200
9  Wheaton, IL  60187-8132

10 Attorneys for Plaintiff
   MICHAEL HAND
11
   Paula Jacobi
12 Megan Witzel
   Sugar, Friedberg & Felsenthal, LLP
13 30 N. LaSalle Street, Suite 3000
   Chicago, Illinois 60602
14
   Attorneys for Defendants
15 FLOYD OLSON and BARBARA COFFMAN

16

17                    UNITED STATES DISTRICT COURT

18               SOUTHERN DISTRICT OF CALIFORNIA

19

20 MICHAEL HAND,                    )  CASE NO.:  08CV0640-JAH (BLM)
                                    )
21          Plaintiff,              )
                                    )
22    vs.                           )  STIPULATED FINDINGS OF FACT
                                    )  AND CONCLUSIONS OF LAW IN
23 LIBERTY LIFE ASSURANCE           )  SUPPORT OF DISMISSAL AND
   COMPANY OF BOSTON, FLOYD         )  DISCHARGE OF LIBERTY LIFE
24 OLSON and BARBARA E. COFFMAN,    )  ASSURANCE COMPANY OF
                                    )  BOSTON
25          Defendants.             )
                                    )
26 ─────────────────────────────────)

27

28

─────────────────────────────────────────────────────
                    1          CASE NO.: **08CV0640-JAH (BLM)**
                                                    CAPTION

Exhibit *8/1*, Page *91*

TO THE HONORABLE COURT:

    The Parties in the above captioned matter, by and through their counsel of record, stipulate to the following facts and conclusions of law.

### STIPULATED FINDINGS OF FACT

    1.    Liberty Life is an insurance company incorporated under the laws of the state of Massachusetts with its principal place of business in Boston, Massachusetts.

    2.    Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage County, Illinois.

    3.    Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

    4.    Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

    5.    James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois. Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

    6.    This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

    7.    On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan"). Thus, the Policy formed part of the Liberty Mutual Plan.

    8.    Pursuant to the terms of the Policy, Liberty Life has sole discretion for

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit _B//_, Page _9a_

the determination of claims under the Policy and to interpret its terms.

9.    Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy.  Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.    According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.    Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.    On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

13.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.    Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.    Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.    Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.  Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit _B11_, Page _23_

1  Liberty Life.

2      19.    On February 22, 2008, pursuant to the Court's Order dated February

3  20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full

4  value of the Proceeds payable because of Decedent's death, plus accrued interest. The

5  Proceeds are being held by the Court in an interest-bearing account.

6      20.    The Parties, through their respective counsel, stipulate and consent to

7  the dismissal of Liberty Life from this action, with prejudice, and to the discharge of

8  Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all

9  Parties associated in any manner with the Proceeds or the Policy.

10                **STIPULATED CONCLUSIONS OF LAW**

11

12     21.    The Liberty Mutual Plan is an employee welfare benefit plan
   governed by ERISA. Accordingly, this Court has federal question jurisdiction in this

13  matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

14
15     22.    This Court also has original jurisdiction in this matter pursuant to the
   provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is

16  brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective

17  rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-

18  governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman

19  and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such,

20  each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29

21  U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for

22  the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23     23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to

24  its discretionary authority for determination of claims under the Liberty Mutual Plan.

25     24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan,

26  properly instituted this action for interpleader, declaratory judgment and for equitable

27

28

---

                                    4            CASE NO.: **08CV0640-JAH (BLM)**
                                                              CAPTION

Exhibit *B//*, Page *94*

1   relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of

2   ERISA.

3          25.    Dismissal of Liberty Life from this action is appropriate at this time as

4   there are no outstanding claims against Liberty Life and as Liberty Life has no interest in

5   matters remaining at issue in the litigation.

6

7   Dated:  June 11, 2008              Respectfully submitted,

8                                      JACKSON LEWIS LLP

9

10                                     By:_____

11                                          Frank M. Liberatore
                                            Samantha N. Hoffman
12
                                       Attorneys for Defendant
13                                     LIBERTY LIFE ASSURANCE COMPANY
                                       OF BOSTON
14

15  Dated:  June 11, 2008              HUCK BOUMA PC

16

17                                     By:_____

18                                          Lawrence A. Stein

19                                     Attorneys for Plaintiff
                                       MICHAEL HAND
20

21                                     SUGAR, FRIEDBERG & FELSENTHAL, LLP

22

23

24

25

26

27

28

---

5                          CASE NO.: **08CV0640-JAH (BLM)**
                                        CAPTION

                                Exhibit _B/_, Page_95_

1

2  Dated: May ___, 2008                    By:_____

3                                              Paula Jacobi
                                               Megan Witzel
4                                              Samantha N. Hoffman

5                                          Attorneys for Defendants
                                           FLOYD OLSON and BARBARA COFFMAN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

CASE NO.: **08CV0640-JAH (BLM)**
CAPTION

Exhibit _B11_, Page _96_

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,*
              *FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is:  5000 Birch Street, Suite 5000, Newport Beach, California 92660

On June 11, 2008, I served the foregoing document described as:

### STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX] BY MAIL**

    **[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on June 11, 2008 at Newport Beach, California.

_____

DeborahWest

---

1                                    CASE NO.: **08CV0640-JAH (BLM**

Exhibit *B11*, Page 92

1

SERVICE LIST

2

3    Michael Hand

4    207 N. Watersedge
     Unit 302

5    Glendale Heights, IL  60139

6
     Paula K. Jacobi
7    Sugar, Friedberg & Felsenthal LLP

8    30 North LaSalle Street, Suite 3000
     Chicago, IL  60602
9

10   Edward Sedlacek

11   Mark S. Bishop
     Lawrence A. Stein
12   Huck, Bouma, Martin, Jones & Bradshaw, P.C.

13   1755 South Napersville Road, Suite 200
     Wheaton, IL  60187-8132
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                     CASE NO.: **08CV0640-JAH (BLM**

Exhibit _8/1_, Page _98_

1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10
11   MICHAEL HAND,                    )  CASE NO.: 08CV0640-JAH (BLM)
                                      )
12            Plaintiff,              )
                                      )  [PROPOSED] CONSENT ORDER OF
13        vs.                         )  DISMISSAL AND DISCHARGE
                                      )  OF LIBERTY LIFE ASSURANCE
14   LIBERTY LIFE ASSURANCE           )  COMPANY OF BOSTON
     COMPANY OF BOSTON, FLOYD         )
15   OLSON and BARBARA E. COFFMAN,    )
                                      )
16            Defendants.             )
                                      )
17   _____)
18
19          Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule
20   77.2, and upon the Complaint and the other pleadings filed in this matter, the stipulations
21   of the Parties contained in the Stipulation filed concurrently herewith and also contained
22   in this Consent Order, and the Parties' Joint Motion for Approval of the Parties' Proposed
23   Consent Order of Dismissal and Discharge, the Court finds as follows:
24                      **STIPULATED FINDINGS OF FACT**
25        1.     Liberty Life is an insurance company incorporated under the laws of
26   the state of Massachusetts with its principal place of business in Boston, Massachusetts.
27        2.     Plaintiff Michael Hand ("Plaintiff" or "Hand") is a resident of DuPage
28

---

                                 1            CASE NO.: **08CV0640-JAH (BLM)**

County, Illinois.

3.    Floyd Olson ("Olson"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

4.    Barbara Coffman ("Coffman"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of the State of California.

5.    James Potter ("Potter"), who was joined as a Defendant pursuant to this Court's Order dated May 4, 2007, is a resident of Barrington, Illinois.  Potter is an attorney who claims to have an assignment and/or lien from Plaintiff of, or against, Plaintiff Hand's asserted claim to the Proceeds.

6.    This action involves competing claims for benefits and was instituted to enforce rights under a group life insurance policy ("Policy") issued by Defendant Liberty Life as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.    On January 1, 1997, Liberty Life issued group life insurance policy No. SA3-800-000001-01 ("Policy") to Liberty Mutual providing group life insurance to eligible employees of Liberty Mutual pursuant to the Liberty Mutual life insurance plan for its employees ("Liberty Mutual Plan").  Thus, the Policy formed part of the Liberty Mutual Plan.

8.    Pursuant to the terms of the Policy, Liberty Life has sole discretion for the determination of claims under the Policy and to interpret its terms.

Exhibit B//, Page 100

9.    Cassie E. Barrett ("Decedent"), who was insured under the Policy as an employee of Liberty Mutual, had $71,000.00 in basic group life insurance coverage under the Policy.  Thus, the total death benefit payable under the Policy by reason of Decedent's death is $71,000.00 (hereafter, "Proceeds"), plus accrued interest, if any.

10.    According to information provided by Decedent's employer to Liberty Life, Hand, who was Decedent's Husband, was the sole designated beneficiary for the Proceeds as of the date of Decedent's death.

11.    Hand submitted a claim for the Proceeds to Liberty Life on or about January 17, 2007.

12.    On or about January 25, 2007, Liberty Life received correspondence from Olson asserting that Coffman was solely entitled to the Proceeds.

13.    On or about February 7, 2007, Liberty Life received correspondence from Potter advising that he represented Hand regarding his claim to the Proceeds, and enclosed a purported notice of a lien upon the Proceeds by assignment from Hand.

14.    Liberty Life does not claim any interest in the Proceeds at issue in this matter.

15.    Liberty Life has incurred no independent liability to any of the adverse claimants and did not create the situation which caused the conflicting claims.

16.    Hand has answered the Counterclaim Liberty Life filed against him and has not challenged Liberty Life's posture as a disinterested stakeholder, nor has Hand asserted any counter-claims against Liberty Life.

Exhibit B, Page 10 /

17.    Olson and Coffman have answered the Cross-Claim Liberty Life filed against them and have not challenged Liberty Life's posture as a disinterested stakeholder, nor have Olson and Coffman asserted any cross-claims against Liberty Life.

18.    Potter has executed a waiver of his alleged rights to the Proceeds in exchange for a dismissal from the pending action.   Potter has not challenged Liberty Life's posture as a disinterested stakeholder, nor has he asserted any cross-claims against Liberty Life.

19.    On February 22, 2008, pursuant to the Court's Order dated February 20, 2008, Liberty Life deposited $74,077.32 in the Court's registry, representing the full value of the Proceeds payable because of Decedent's death, plus accrued interest.   The Proceeds are being held by the Court in an interest-bearing account.

20.    The Parties, through their respective counsel, stipulate and consent to the dismissal of Liberty Life from this action, with prejudice, and to the discharge of Liberty Life, Liberty Mutual and the Liberty Mutual Plan from any and all liability to all Parties associated in any manner with the Proceeds or the Policy, as ordered by the Court below.

### STIPULATED CONCLUSIONS OF LAW

21.    The Liberty Mutual Plan is an employee welfare benefit plan governed by ERISA. Accordingly, this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) of ERISA.

22.    This Court also has original jurisdiction in this matter pursuant to the

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit B 11 Page 1 0 2

provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) of ERISA because this action is brought to obtain a declaration, pursuant to 28 U.S.C. § 2201, regarding the respective rights and interests of Hand, Olson, Coffman and Potter with respect to the ERISA-governed insurance benefits provided by the Liberty Mutual Plan. Hand, Olson, Coffman and Potter claim to be the rightful beneficiary for the Proceeds at issue herein. As such, each Defendant could initiate a lawsuit against Liberty Life for relief pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Accordingly, federal question jurisdiction exists for the Court's declaratory judgment in this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

23.    Liberty Life is a fiduciary within the meaning of ERISA pursuant to its discretionary authority for determination of claims under the Liberty Mutual Plan.

24.    Liberty Life, as an ERISA fiduciary for the Liberty Mutual Plan, properly instituted this action for interpleader, declaratory judgment and for equitable relief pursuant to Rule 22, Fed.R.Civ.P., 28 U.S.C. § 2201, and 29 U.S.C. 1132(a)(3) of ERISA.

25.    Dismissal of Liberty Life from this action is appropriate at this time as there are no outstanding claims against Liberty Life and as Liberty Life has no interest in matters remaining at issue in the litigation.

26.    The Court finds that by instituting this interpleader action and by depositing the Proceeds with this Court, Liberty Life has satisfied all of its obligations, as well as the obligations of Liberty Mutual and the Liberty Mutual Plan, with respect to any claims relating to the Policy and/or the Proceeds by Hand, Olson, Coffman and Potter.

Exhibit _B/1_ Page _/0 3_

## ORDER

ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    Liberty Life, the Liberty Mutual Plan, and Liberty Mutual are fully and finally discharged from any and all liability as to any claim relating in any manner to the Proceeds and/or the Policy, including, but not limited to, attorneys' fees and costs.

2.    Hand, Olson, Coffman, Potter, and all who may claim an interest in said estate, are permanently enjoined from instituting or prosecuting any other proceeding against Liberty Life, the Liberty Mutual Plan, or Liberty Mutual that is related in any manner to the Proceeds and/or the Policy.

3.    Liberty Life is dismissed from this action.

4.    James Potter is dismissed from this action.

5.    The Parties shall bear their own costs and attorneys' fees associated with James Potter's and Liberty Life's involvement in this matter.

**IT IS SO ORDERED.**

Dated this ___ day of May, 2008

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

6                    CASE NO.: **08CV0640-JAH (BLM)**

Exhibit _BI_, Page _10 4_

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:   *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On June 11, 2008, I served the foregoing document described as:

CONSENT ORDER OF DISMISSAL AND DISCHARGE
OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX]  BY MAIL**

    **[XX]**  I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

    **[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on June 11, 2008 at Newport Beach, California.

_____
DeborahWest

1                                          CASE NO.: **08CV0640-JAH (BLM**

SERVICE LIST

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

Exhibit _BII_, Page _10 L_

Frank M. Liberatore (SBN 119976)
Samantha N. Hoffman (SBN 212135)
JACKSON LEWIS LLP
5000 Birch Street, Suite 4800
Newport Beach, California 92660
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
E-Mail: LiberatF@jacksonlewis.com
E-Mail: HoffmanS@jacksonlewis.com

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL 60187-8132

Attorneys for Plaintiff
MICHAEL HAND

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Attorneys for Defendants
FLOYD OLSON and BARBARA COFFMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL HAND,

        Plaintiff,

      vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, FLOYD
OLSON and BARBARA E. COFFMAN,

        Defendants.

CASE NO.: 08CV0640-JAH (BLM)

**PARTIES' JOINT MOTION FOR
APPROVAL OF [PROPOSED]
CONSENT ORDER OF DISMISSAL
AND DISCHARGE**

1

CASE NO.: **08CV0640-JAH (BLM)**

1         Pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule

2   77.2, the Parties hereby move the Court for approval of the Parties' [Proposed] Consent

3   Order, filed concurrently herewith, for dismissal and discharge of Defendants James

4   Potter and Liberty Life Assurance Company of Boston, incorrectly identified in the

5   caption as "Liberty Mutual" (hereafter, "Liberty Life").  In support whereof the Parties

6   would show the Court as follows:

7         1.    This is an interpleader action regarding adverse claims to certain life

8   insurance proceeds ("Proceeds") payable by reason of the death of Cassie E. Barrett

9   ("Decedent"), an employee insured under a policy of insurance ("Policy") issued by

10  Liberty Life to Decedent's employer, Liberty Mutual. The Policy was issued pursuant to

11  Liberty Mutual's life insurance plan for its employees ("Liberty Mutual Plan").

12        2.    Liberty Life has deposited the Proceeds at issue in this matter with the

13  Court, and no other Party has any out-standing counter-claims against Liberty Life.

14        3.    Under these circumstances, the Parties agree Liberty Life's continued

15  participation in the litigation is no longer warranted, and that it is appropriate for the

16  Court at this time to dismiss Liberty Life and discharge it, Liberty Mutual, and the

17  Liberty Mutual Plan of further liability related to the Proceeds and the Policy, according

18  to the terms of the Proposed Order.

19        4.    In addition, Defendant Potter has executed a waiver of his alleged

20  rights to the Proceeds in exchange for a dismissal from the pending action.

21        5.    Under these circumstances the Parties agree Defendant Potter should

22  be dismissed from this litigation.

23        6.    The Parties have stipulated to the facts and conclusions of law set

24  forth in Exhibit A hereto.

25

26

27

28

CASE NO.: **08CV0640-JAH (BLM)**

Exhibit _B11_ , Page _108_

7.    Accordingly, the Parties request that the Court approve and enter the [Proposed] Consent Order of Dismissal and Discharge.

Dated:  June 11, 2008

Respectfully submitted,

JACKSON LEWIS LLP


By:_____

Frank M. Liberatore
Samantha N. Hoffman

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON

3

CASE NO.: **08CV0640-JAH (BLM)**

1

2    Dated:  June 11, 2008                    HUCK BOUMA PC

3

4                                            By:_____

5                                                 Lawrence A. Stein

6                                            Attorneys for Plaintiff
                                             MICHAEL HAND

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     4        CASE NO.: **08CV0640-JAH (BLM)**

1  Dated:  June 11, 2008                    SUGAR, FRIEDBERG & FELSENTHAL, LLP

2

3

4                                           By:_____

5                                               Paula Jacobi
                                                Megan Witzel

6                                           Attorneys for Defendants
7                                           FLOYD OLSON and BARBARA COFFMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit _8JJ_, Page _112_

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CASE NAME:    *HAND v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FLOYD OLSON and BARBARA COFFMAN*

CASE NUMBER: 08CV0640-JAH (BLM)

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660

On June 11, 2008, I served the foregoing document described as:

PARTIES' JOINT MOTION FOR APPROVAL OF PROPOSED CONSENT ORDER OF DISMISSAL AND DISCHARGE

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

**[XX] BY MAIL**

　　**[XX]** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

　　**[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

　　Executed on June 11, 2008 at Newport Beach, California.

_____

DeborahWest

---

1                                    CASE NO.: **08CV0640-JAH (BLM**

SERVICE LIST

Paula Jacobi
Megan Witzel
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602

Lawrence A. Stein
Huck Bouma P.C.
1755 South Napersville Road, Suite 200
Wheaton, IL  60187-8132

2                          CASE NO.: **08CV0640-JAH (BLM**

**EXHIBIT "B-12"**

Exhibit 12
Weinberg Declaration

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Wednesday, June 11, 2008 6:49 PM
**To:** Weinberg, Sara A. (CHI); Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.)
**Subject:** RE: Michael Hand

Sara: I have executed and attached my signature pages. Sorry for the delay. Larry.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Wednesday, June 11, 2008 12:41 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

<<Consent Order.pdf>> <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.pdf>>  <<Stipulated Findings of Fact and Conclusions of Law.pdf>>

Exhibit ⅁⅂ Page ⅃⅂⅁

FW: Michael Hand

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, June 02, 2008 3:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.

<<Consent Order.doc>> <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>> <<Stipulated Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

FW: Michael Hand

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, May 20, 2008 5:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

<<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>>
<<Stipulated Findings of Fact and Conclusions of Law.doc>> <<Consent Order.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

Exhibit 12 Page 117

FW: Michael Hand

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)

FW: Michael Hand

**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action.  Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California.  Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge.  Attached please find the following documents:

1.    Proposed Order;

2.    Joint Motion for Approval of proposed consent order of dismissal and discharge; and

3.    Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience.  We would like to be able to file these documents before Thursday, May 8, 2008.  If you have any questions, please contact us.

<<Consent Order.doc>>    <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>>    <<Stipulated Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**EXHIBIT "B-13"**

Exhibit 13
Weinberg Declaration

FW: Michael Hand

| | |
|---|---|
| **From:** | Weinberg, Sara A. (CHI) |
| **Sent:** | Wednesday, June 18, 2008 3:23 PM |
| **To:** | Paula K. Jacobi |
| **Cc:** | Hoffman, Samantha (O.C.); Wood, Robert M. (SC); Larry Stein |
| **Subject:** | FW: Michael Hand |

Paula:

To date, we are waiting for your signature on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As you are aware, the settlement conference is scheduled for Wednesday, June 25, 2008. If we are not dismissed from the case prior to the settlement conference, we will be required to attend. Therefore, if we do not receive the signed documents by the end of business on **Thursday, June 19, 2008**, we will file a motion for dismissal and discharge of Liberty Life. Liberty Life does not ordinarily seek its fees for interpleader actions. However, if we are forced to file a motion for dismissal and discharge, we will file a motion for fees. Courts in this Circuit routinely grant such motions by a stakeholder in interpleader. See Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 427 (9th Cir. 2000); Metropolitan Life Ins. Co. v. Billini, 2007 U.S. Dist. LEXIS 89971, 8-10 (E.D. Cal. 2007); Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1095 (D. Haw. 2007); Mutual of Omaha Ins. Co. v. Estate of Arachikavitz, 2007 U.S. Dist. LEXIS 71172, 14-16 (D. Nev. 2007); Gilead Scis., Inc. v. Bio-Genetic Ventures, Inc., 2007 U.S. Dist. LEXIS 64323, 25-26 (W.D. Wash. 2007); Equitable Life Assurance Society of the United States v. DeGeorge, 2006 U.S. Dist. LEXIS 96663, 11-12 (C.D. Cal. Aug. 28, 2006). Courts have found attorneys' fees particularly appropriate in circumstances where the stakeholder's participation in the suit was unnecessarily extended because of unjustified opposition to the stakeholder's dismissal, or because of other meritless legal arguments. Metropolitan Life Ins. Co. v. Minnick, 2002 U.S. Dist. LEXIS 11148, 6-7 (W.D.N.Y. 2002) (granting attorneys' fees where defendant did not have a good faith basis for refusing to stipulate to release the plaintiff from liability once proceeds were paid into court); Metropolitan Life Ins. Co. v. Novotny, 2006 U.S. Dist. LEXIS 24626, 4-5 (D. Neb. 2006) ("[a]lthough the usual practice is to tax the costs and fees against the interpleader fund, the court may tax the losing claimant directly when her conduct justifies doing so[; i]f a defendant in an interpleader action advances arguments which have no justification in law or fact, it may sometimes be appropriate to compel that party to pay attorney fees); Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist., 2006 U.S. Dist. LEXIS 78788, 5 (S.D. Tex. 2006)(awarding fees to plaintiff that filed interpleader in good faith, where "Defendants, while filing cross-claims against each other, also filed a counter-claim against [plaintiff], which appear[ed] to have protracted [its] involvement in the proceedings").

We look forward to hearing from you.

Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

FW: Michael Hand

**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Hoffman, Samantha (O.C.)
**Sent:** Friday, June 13, 2008 4:25 PM
**To:** Paula K. Jacobi
**Cc:** Wood, Robert M. (SC); West, Deborah (O.C.); Hoffman, Samantha (O.C.); Larry Stein; Weinberg, Sara A. (CHI)
**Subject:** RE: Michael Hand

Paula – We are just waiting on your signatures. Please pdf to me so we can file the documents in advance of the settlement conference.

Thanks,

Samantha N. Hoffman
Attorney at Law
Jackson Lewis LLP
5000 Birch Street, Suite 5000
Newport Beach, CA 92660

949.885.1364 | Direct
949.885.1380 | Fax

hoffmans@jacksonlewis.com

www.jacksonlewis.com
**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Wednesday, June 11, 2008 4:49 PM
**To:** Weinberg, Sara A. (CHI); Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.)
**Subject:** RE: Michael Hand

Sara: I have executed and attached my signature pages. Sorry for the delay. Larry.

**From:** Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
**Sent:** Wednesday, June 11, 2008 12:41 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.)
**Subject:** FW: Michael Hand

FW: Michael Hand

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. Neither one of you have responded to my repeated efforts to contact you. As you know there is a settlement conference scheduled for June 25, 2008 in San Diego, CA. We expect to be dismissed from the case prior to that conference. Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you will not sign off on the attached documents. I am again attaching the documents for your convenience.

<<Consent Order.pdf>> <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.pdf>>  <<Stipulated Findings of Fact and Conclusions of Law.pdf>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, June 02, 2008 3:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order.  As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the

FW: Michael Hand

parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.

<<Consent Order.doc>> <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>> <<Stipulated Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Tuesday, May 20, 2008 5:08 PM
**To:** Larry Stein; Paula K. Jacobi
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** FW: Michael Hand

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

<<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>> <<Stipulated Findings of Fact and Conclusions of Law.doc>> <<Consent Order.doc>>

Sara A. Weinberg

FW: Michael Hand

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Friday, May 09, 2008 3:54 PM
**To:** Larry Stein; 'SDeRousse@sff-law.com'
**Subject:** FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

FW: Michael Hand

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

---

**From:** Weinberg, Sara A. (CHI)
**Sent:** Monday, May 05, 2008 2:49 PM
**To:** Larry Stein; Megan Witzel
**Cc:** Hoffman, Samantha (O.C.)
**Subject:** Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action.  Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California.  Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge.  Attached please find the following documents:

1.    Proposed Order;

2.    Joint Motion for Approval of proposed consent order of dismissal and discharge; and

3.    Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience.  We would like to be able to file these documents before Thursday, May 8, 2008.  If you have any questions, please contact us.

<<Consent Order.doc>>    <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>>    <<Stipulated Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

FW: Michael Hand

weinbers@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

**EXHIBIT "B-14"**

Exhibit 14
Weinberg Declaration

**From:** Larry Stein [mailto:lstein@HuckBouma.com]
**Sent:** Wednesday, June 18, 2008 3:27 PM
**To:** Weinberg, Sara A. (CHI)
**Cc:** pjacobi@sff-law.com; Hoffman, Samantha (O.C.); Wood, Robert M. (SC)
**Subject:** Re: FW: Michael Hand


Sara:  We just settled the case and the settlement conference will soon be stricken.  Larry.

-----Original Message-----
From: "Weinberg, Sara A. (CHI)" <WeinberS@jacksonlewis.com>
Date: Wednesday, Jun 18, 2008 3:21 pm
Subject: FW: Michael Hand
To: "Paula K. Jacobi" <pjacobi@sff-law.com>
CC: "Hoffman, Samantha (O.C.)" <HoffmanS@jacksonlewis.com>, "Wood, Robert M. (SC)"
<WoodR@jacksonlewis.com>, "Larry Stein" <lstein@HuckBouma.com>

    v\:* {behavior:url(#default#VML);} o\:* {behavior:url(#default#VML);} w\:* {behavior:url(#default#VML);}.shape
{behavior:url(#default#VML);}  FW: Michael Hand            Paula:   To date, we are waiting for your signature on
the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent
order.  As you are aware, the settlement conference is scheduled for Wednesday, June 25,2008.  If we are not
dismissed from the case prior to the settlement conference, we will be required to attend.   Therefore, if we do
not receive the signed documents by the end of business on Thursday, June 19,2008, we will file a motion for dismissal and
discharge of Liberty Life.  Liberty Life does not ordinarily seek its fees for interpleader actions.  However, if we are
forced to file a motion for dismissal and discharge, we will file a motion for fees.  Courts in this Circuit routinely grant such
motions by a stakeholder in interpleader.  See Trustees of the Directors Guild of America-Producer Pension Benefits Plans v.
Tise,234 F.3d 415, 427 (9th Cir. 2000); Metropolitan Life Ins. Co. v. Billini,2007 U.S. Dist. LEXIS 89971, 8-10 (E.D. Cal.
2007); Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1095 (D. Haw. 2007); Mutual of Omaha Ins. Co. v. Estate of

Re: FW: Michael Hand

Arachikavitz, 2007 U.S. Dist. LEXIS 71172, 14-16 (D. Nev.2007); Gilead Scis., Inc. v. Bio-Genetic Ventures, Inc., 2007 U.S. Dist. LEXIS 64323, 25-26 (W.D. Wash. 2007); Equitable Life Assurance Society of the United States v. DeGeorge, 2006 U.S. Dist. LEXIS 96663, 11-12 (C.D. Cal. Aug. 28, 2006). Courts have found attorneys' fees particularly appropriate in circumstances where the stakeholder's participation in the suit was unnecessarily extended because of unjustified opposition to the stakeholder's dismissal, or because of other meritless legal arguments. Metropolitan Life Ins. Co. v. Minnick, 2002 U.S. Dist. LEXIS 11148, 6-7 (W.D.N.Y. 2002) (granting attorneys' fees where defendant did not have a good faith basis for refusing to stipulate to release the plaintiff from liability once proceeds were paid into court); Metropolitan Life Ins. Co. v. Novotny, 2006 U.S. Dist. LEXIS 24626, 4-5 (D. Neb. 2006)("[a]lthough the usual practice is to tax the costs and fees against the interpleader fund, the court may tax the losing claimant directly when her conduct justifies doing so[; i]f a defendant in an interpleader action advances arguments which have no justification in law or fact, it may sometimes be appropriate to compel that party to pay attorney fees); Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist., 2006 U.S. Dist. LEXIS 78788,5 (S.D. Tex. 2006)(awarding fees to plaintiff that filed interpleader in good faith, where "Defendants, while filing cross-claims against each other, also filed a counter-claim against [plaintiff], which appear[ed] to have protracted [its] involvement in the proceedings").

We look forward to hearing from you.


Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.
Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.


From: Hoffman, Samantha(O.C.)
Sent: Friday, June 13, 2008 4:25 PM
To: Paula K. Jacobi
Cc: Wood, Robert M. (SC); West, Deborah (O.C.); Hoffman, Samantha(O.C.); Larry Stein; Weinberg, Sara A. (CHI)
Subject: RE: Michael Hand

Paula - We are just waiting on your signatures.  Please pdf to me so we can file the documents in advance of the settlement conference.

Thanks,

Samantha N. Hoffman
Attorney at Law
Jackson Lewis LLP
5000 Birch Street, Suite 5000
Newport Beach, CA 92660

949.885.1364 | Direct
949.885.1380 | Fax

hoffmans@jacksonlewis.com

Re: FW: Michael Hand

www.jacksonlewis.com
Representing management exclusively in workplace law and related litigation.
Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only
for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the
employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly
prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your
system.  Thank you.


From: Larry Stein [mailto:lstein@HuckBouma.com]
Sent: Wednesday, June 11, 2008 4:49 PM
To: Weinberg, Sara A. (CHI); Paula K. Jacobi
Cc: Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.)
Subject: RE: Michael Hand

Sara:  I have executed and attached my signature pages.  Sorry for the delay.  Larry.


From: Weinberg, Sara A (CHI) [mailto:WeinberS@jacksonlewis.com]
Sent: Wednesday, June 11, 2008 12:41 PM
To: Larry Stein; Paula K. Jacobi
Cc: Hoffman, Samantha (O.C.); Wood, Robert M. (SC); West, Deborah (O.C.)
Subject: FW: Michael Hand


Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, we are still waiting for responses from both
of you on the proposed joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed
consent order.  Neither one of you have responded to my repeated efforts to contact you.  As you know there is a settlement
conference scheduled for June25, 2008 in San Diego, CA.  We expect to be dismissed from the case prior to that conference.
Please either sign the attached documents and return them to me or contact me by Friday, June 13, 2008 to explain why you
will not sign off on the attached documents.  I am again attaching the documents for your convenience.

<<Consent Order.pdf>> <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge -
FINAL.pdf>>  <<Stipulated Findings of Fact and Conclusions of Law.pdf>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949| Main

312.274.6305| Direct

312.787.4995| Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Re: FW: Michael Hand

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

From: Weinberg, Sara A. (CHI)
Sent: Monday, June 02, 2008 3:08 PM
To: Larry Stein; Paula K. Jacobi
Cc: Hoffman, Samantha (O.C.)
Subject: FW: Michael Hand

Larry and Paula:

As a follow-up to the messages I left on both of your voicemails this afternoon, please let us know if you have any problems with the attached joint motion for consent order of dismissal and discharge, stipulation of facts and the proposed consent order. As Liberty has deposited all the funds, we would like to be dismissed from the case. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents (as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. I've attached another set of the documents. Please let us know by the close of business on Thursday, June 5, 2008 whether you agree to the proposed documents and/or return the documents signed so we may file them on Friday, June 6, 2008. We look forward to hearing from you.

<<Consent Order.doc>> <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>> <<Stipulated Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949| Main

312.274.6305| Direct

312.787.4995| Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

From: Weinberg, Sara A. (CHI)
Sent: Tuesday, May 20, 2008 5:08 PM
To: Larry Stein; Paula K. Jacobi
Cc: Hoffman, Samantha (O.C.)

Re: FW: Michael Hand

Subject: FW: Michael Hand

Larry and Paula:

To date, I have not received the executed stipulations that we need to file in order for Liberty to be dismissed from this case. I am again attaching the documents for your review and consideration. Please sign them and return them to me as soon as possible. We would like to file these documents before the close of business on Friday, May 23, 2008.

<<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>> <<Stipulated Findings of Fact and Conclusions of Law.doc>> <<Consent Order.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949| Main

312.274.6305| Direct

312.787.4995| Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

From: Weinberg, Sara A. (CHI)
Sent: Friday, May 09, 2008 3:54 PM
To: Larry Stein; 'SDeRousse@sff-law.com'
Subject: FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible? We would like to be able to file the documents before Tuesday, May 13, 2008. Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

Re: FW: Michael Hand

312.787.4949| Main

312.274.6305| Direct

312.787.4995| Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

From: Weinberg, Sara A. (CHI)
Sent: Monday, May 05, 2008 2:49 PM
To: Larry Stein; Megan Witzel
Cc: Hoffman, Samantha (O.C.)
Subject: Michael Hand

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed from this action. Although you both previously approved our proposed motion and consent order and dismissal, we need the parties to sign the attached documents(as opposed to electronic signatures) in order to comply with requirements for the Southern District of California. Also, we prepared a separate stipulation of facts, all of which were previously contained in the proposed consent order of dismissal and discharge. Attached please find the following documents:

1.    Proposed Order;

2.    Joint Motion for Approval of proposed consent order of dismissal and discharge; and

3.    Stipulated Findings of Fact and Conclusions of Law in support of dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest convenience. We would like to be able to file these documents before Thursday, May 8,2008. If you have any questions, please contact us.

<<Consent Order.doc>>   <<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and Discharge - FINAL.doc>>   <<Stipulated Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949| Main

312.274.6305| Direct

312.787.4995| Fax

Re: FW: Michael Hand

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

**EXHIBIT "B-15"**

Exhibit 15
Weinberg Declaration

Email to P  Jacobi 06 25 08.txt
From: Paula K. Jacobi [mailto:pjacobi@sff-law.com]
Sent: Thursday, June 19, 2008 3:44 PM
To: Weinberg, Sara A. (CHI); Shelly A. DeRousse
Cc: Hoffman, Samantha (O.C.)
Subject: RE: Michael Hand
Importance: High

Sara:

I am out of town until June 30th.

I can have my associate Shelly DeRousse stipulate to dismissal  of your client
as a party defendant.  I cannot stipulate to the facts as you wrote them in
the paragraphs regarding Potter (I have no knowledge) or regarding what
Liberty's records showed as to the beneficiary. We have the documents and
Liberty affidavit that show otherwise regarding change of the beneficiary and
that being done and received prior to Cassie's death.

If you want us to sign a simple stip to dismiss because funds deposited, we
are happy to do that.

Paula J.

# EXHIBIT "B-16"

Exhibit 16
Weinberg Declaration

```
                          Email to P  Jacobi 06 25 08.txt
From:    Weinberg, Sara A. (CHI)
Sent:    Wednesday, June 25, 2008 12:40 PM
To:      'Paula K. Jacobi'; Shelly A. DeRousse; 'Larry Stein'; 'James Potter'
Cc:      Hoffman, Samantha (O.C.); Wood, Robert M. (SC)
Subject:         RE: Michael Hand
Attachments:     080625(Hand aka BarrettII)ConsentOrdJDD.pdf; 080625(Hand aka
BarrettII)JntMtnApprvCnstOrdJDD (2).pdf; 080625(Hand aka BarrettII)Stip
FindingsFactConclsnsLaw.pdf; Release of Atty Lien - Potter.pdf
```

Paula, Shelly and Larry:

We cannot agree to the dismissal of Liberty Life without the entry of an order
discharging Liberty Life's liability as well.  In an effort to address the
issues raised by Paula to our proposed consent order of dismissal and
discharge and stipulation of facts and, we have edited the factual statements
in the stipulation to dismiss.  In addition, we have converted the consent
order of dismissal and discharge to a consent order for final judgment and
dismissal and discharge.  As you will see in the documents, we need the
details of the settlement between the claimants (paragraphs 15(a) and (b)).
Also, with respect to the factual statements regarding James Potter, attached
is a copy of his executed Release of Attorney's Lien.  In addition, we are
also asking him to sign off on the documents as well.

Please review the attached documents and provide us with either your signature
or your specific objections/proposed changes to the documents by July 7, 2008.
If we do not receive the signatures on a final document by July 11, 2008, we
will file a notice with the Court that the notice of settlement was in error
because Liberty Life was not consulted regarding the notice and the parties
have not reached a consensus regarding discharge of Liberty Life's liability.
We will also file a unilateral motion for dismissal and discharge of Liberty
Life, on the same terms proposed in the attached documents, and seek payment
of our fees because of the meritless refusal to a discharge of Liberty Life's
liability.

We look forward to hearing from you.


Sara A. Weinberg
Attorney at Law
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610

312.787.4949 | Main
312.274.6305 | Direct
312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.
Confidentiality Note:  This e-mail, and any attachment to it, contains
privileged and confidential information intended only for the use of the
individual(s) or entity named on the e-mail.  If the reader of this e-mail is
not the intended recipient, or the employee or agent responsible for
delivering it to the intended recipient, you are hereby notified that reading
it is strictly prohibited.  If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system.  Thank
you.


-----Original Message-----

Email to P  Jacobi 06 25 08.txt
From: Paula K. Jacobi [mailto:pjacobi@sff-law.com]
Sent: Thursday, June 19, 2008 3:44 PM
To: Weinberg, Sara A. (CHI); Shelly A. DeRousse
Cc: Hoffman, Samantha (O.C.)
Subject: RE: Michael Hand
Importance: High

Sara:

I am out of town until June 30th.

I can have my associate Shelly DeRousse stipulate to dismissal  of your client
as a party defendant.  I cannot stipulate to the facts as you wrote them in
the paragraphs regarding Potter (I have no knowledge) or regarding what
Liberty's records showed as to the beneficiary. We have the documents and
Liberty affidavit that show otherwise regarding change of the beneficiary and
that being done and received prior to Cassie's death.

If you want us to sign a simple stip to dismiss because funds deposited, we
are happy to do that.

Paula J.

_____

From: Weinberg, Sara A. (CHI) [mailto:WeinberS@jacksonlewis.com]
Sent: Tue 5/20/2008 5:08 PM
To: Larry Stein; Paula K. Jacobi
Cc: Hoffman, Samantha (O.C.)
Subject: FW: Michael Hand


Larry and Paula:

To date, I have not received the executed stipulations that we need to file in
order for Liberty to be dismissed from this case.  I am again attaching the
documents for your review and consideration.  Please sign them and return them
to me as soon as possible.  We would like to file these documents before the
close of business on Friday, May 23, 2008.

<<Parties' Joint Motion of Approval of Proposed Consent Order of Dismissal and
Discharge - FINAL.doc>> <<Stipulated Findings of Fact and Conclusions of
Law.doc>> <<Consent Order.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

Page 2

Exhibit _BL_ Page _132_

Email to P Jacobi 06 25 08.txt
www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

---

From: Weinberg, Sara A. (CHI)
Sent: Friday, May 09, 2008 3:54 PM
To: Larry Stein; 'SDeRousse@sff-law.com'
Subject: FW: Michael Hand

Larry and Shelly:

Can you both please sign the documents I forward to you earlier this week and return them to me as soon as possible?  We would like to be able to file the documents before Tuesday, May 13, 2008.  Let me thank you in advance for your anticipated cooperation.

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

---

From: Weinberg, Sara A. (CHI)
Sent: Monday, May 05, 2008 2:49 PM
To: Larry Stein; Megan Witzel
Cc: Hoffman, Samantha (O.C.)
Subject: Michael Hand

Page 3

Email to P  Jacobi 06 25 08.txt

Larry and Megan:

As you are aware, we intend to file the appropriate paperwork to be dismissed
from this action.  Although you both previously approved our proposed motion
and consent order and dismissal, we need the parties to sign the attached
documents (as opposed to electronic signatures) in order to comply with
requirements for the Southern District of California.  Also, we prepared a
separate stipulation of facts, all of which were previously contained in the
proposed consent order of dismissal and discharge.  Attached please find the
following documents:

1.      Proposed Order;

2.      Joint Motion for Approval of proposed consent order of dismissal and
discharge; and

3.      Stipulated Findings of Fact and Conclusions of Law in support of
dismissal and discharge of Liberty Life.

Please sign the attached documents and return them to me at your earliest
convenience.  We would like to be able to file these documents before
Thursday, May 8, 2008.  If you have any questions, please contact us.

<<Consent Order.doc>>     <<Parties' Joint Motion of Approval of Proposed
Consent Order of Dismissal and Discharge - FINAL.doc>>     <<Stipulated
Findings of Fact and Conclusions of Law.doc>>

Sara A. Weinberg

Attorney at Law

Jackson Lewis LLP

320 West Ohio Street, Suite 500

Chicago, Illinois 60610

312.787.4949 | Main

312.274.6305 | Direct

312.787.4995 | Fax

weinbers@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation.

Confidentiality Note:  This e-mail, and any attachment to it, contains
privileged and confidential information intended only for the use of the
individual(s) or entity named on the e-mail.  If the reader of this e-mail is
not the intended recipient, or the employee or agent responsible for
delivering it to the intended recipient, you are hereby notified that reading
it is strictly prohibited.  If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system.  Thank
you.

**EXHIBIT "B-17"**

## RELEASE OF ATTORNEY'S LIEN

KNOW ALL MEN BY THESE PRESENTS, that **JAMES POTTER** of the State of Illinois, being of full age, for the sole consideration of TEN AND NO/100 DOLLARS ($10.00), to me paid by and on behalf of **MICHAEL HAND** and **LIBERTY MUTUAL**, the receipt whereof is hereby acknowledged, do hereby release, acquit, and discharge said party or parties and all other persons or corporations of and from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses, and compensation on account of, or in any way growing out of my representation of **MICHAEL HAND** regarding the proceeds of a Life Insurance policy # SA3-800-000001-01 issued July 1, 1997 with LIBERTY MUTUAL and further release any lien I have or may had had on the proceeds of said policy.

SIGNED AND SEALED this 29th day of April, 2008

_____

JAMES POTTER

James Potter, Ltd.
200 Applebee St, Suite 201
Barrington, IL 60010
(847) 381-3587

Exhibit B17, Page 139